UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| TARASIK ABDELL, JOSEPH AMATO, GARY ASHBECK, ELLEN BARFIELD, DAVID BARROWS, MICHAEL BECKER, DIANE BEENY, JOHN BEHLING, RUTH BENN, BENJAMIN BERNARD, ARUN BHALLA, KATHLEEN BURICK, DANIEL BURNS, LINNEA CAPPS, THOMAS CATCHPOLE, JOAN CAVANAGH, MARC F. CHURCH, JEFFERY J. COHEN, MARK COLVILLE, WILLIAM CONWELL, COLLEEN COOK, SUSAN CRANE, RICHARD CSONTOS, POLLY A. DAVIES, FELTON DAVIS, PATRICIA DEBRUHL, PETER DE MOTT, DEWAYNE DICKERSON, MATTHEW DIETZEN, WALTER DITMAN, LOIS A. DOGGETT, JASON DORAIS, SUSAN D'ORNELLAS, ALEXANDER HOLLEY DRUMMOND, STEVEN EKBERG, CALLA EVANS, ADAM FEINSTEIN, JAMES FLYNN, HOWARD J. GALE, STEPHEN GAMBOA, GABRIEL GASTER, TOBIAH GASTER, EDWARD GIBBONS, ZOE GINSBURG, JOHN THEODORE GLICK, THOMAS GOEKLER, CHARLES GOLDBERG, OREN GOLDENBERG, DAVID GORDON, KATHRYN GORDON, BARRETT Z. GROSS, RICHARD HARDIE, ED HEDEMANN, KATHLEEN D. HERNANDEZ, ROGER HILL, EDWARD HOTCHKISS, RYAN D. HOTTLE, JANET S. HOWE, BENJAMIN HUNT, ROCHELLE IANNUCCI, THOMAS IVORS, MELISSA JAMESON, JENNIFER JANNEY, DWIGHT JENKINS, MICHAEL JOSEPH, PEPPER JUDD, SARAH KANOUSE, JAY KANTOR, BRIAN KAVANAGH, KIMBERLY KERN, EDWARD F. KINANE, JOSHUA KNAPP, MATTHEW KOCEK, KATHARINE KRASSAN, LAURA KRESSLY, ANDREW LAKEN, TESSA M. LALONDE, JARED LANCTOT, JOHN LARSON, RICHARD LARSON, MICHAEL R. LEVINSON, STEVEN LIPTAY, JONOTHAN LOGAN, MARIELLE LOVECCHIO, JAY MARX, RYAN MCGEE, BARBARA ANN MEISINGER, TRISTAN MIGLIORE, JOHN M. MILLER, ZACHARY C. MILLER, ROBERT V. MINERVINI, CHRIS G. MURRAY, MARK NECHAY, BLOSSOM NICINSKI, JAMES NOONAN, | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>05 Civ.<br><br>**ECF CASE** |

1

ANTHONY O'LEARY, DANIEL O'REILLY-ROWE, MICHAEL OWEN, MICHAEL PALMER, CHRISTINE PARDEW, LAWRENCE PARIS, DANIEL M. PARROTT, NATHANIEL PARRY, JEFFREY A. PATERSON, SHANNON PETRELLO, STEPHEN PETRICK, KATHERINE POE, LAURA RAYMOND, EDWIN REED-SANCHEZ, BRUCE RENWICK, ADAM RICHINS, SHANA RIGBY, DEBORAH RIVERBEND, RAYMOND ROBINSON, LAMBERT ROCHFORT, RONALD E. ROSENBERG, DEVON RUECKNER, RONALD W. SAN MARCHI, FRANK SANCHEZ III, MATTHEW SCHENNING, STEVEN SCOFIELD, ANAIS SENSIBA, GORDON WILLIAM SENSIBA, ROBERT J. SIEGEL, SELMA SPRITZER, ANDREW ST. LAURENT, MORA MI-OK STEPHENS, WILLIAM STEYERT JR., THERESA SWINK, HANNAH TAYLOR, SARAH TEPSIC, EMILY JO TESTA, JOHN TRINKL, ANN TRUDELL, CHRISTY ANN TURNER, JOHANNA VALENTE, PATRICK VOLPE, ZACHARY VREELAND, FRANTZ WALKER, JAMES J. WHITE, PATRICIA WIELAND, JAMES WILLIAMSON, JAMES WILSON, TERAN WILSON, JENNIFER WONG, MATTHEW WRIGHT, RAISSA WU and THOMAS ZAMBECK,

                           Plaintiffs,

    -versus-

THE CITY OF NEW YORK; MICHAEL BLOOMBERG, Mayor of the City of New York, RAYMOND KELLY, Commissioner of the New York City Police Department, TERRENCE MONAHAN, Assistant Chief of the New York City Police Department, and JOHN and JANE DOES,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PRELIMINARY STATEMENT

1.    This is an action to vindicate the civil rights of individuals who engaged in peaceful and lawful protest during the Republican National Convention and were arrested as a result of a New

2

York City Police Department ("NYPD") policy and practice of indiscriminately arresting groups of people who were peacefully assembled on City sidewalks and who either were participating in or were in the vicinity of demonstrations.

2.     During the Republican National Convention ("the Convention"), which was held in New York City between August 30, 2004 and September 2, 2004, the NYPD arrested more than 1,800 people in connection with peaceful protests held throughout the City. The great majority of those charges have now been dismissed. Because the NYPD adopted mass-arrest tactics during the duration of the Convention—including through the use of mesh nets to enclose groups of people on sidewalks—rather than making arrests after a determination of individualized probable cause, the NYPD ended up arresting many people who were engaged in lawful protest activity or who were not even demonstrators.

3.     The plaintiffs, who were arrested on Tuesday, August 31, 2004, in the vicinity of the World Trade Center site, were victims of those tactics. The false arrests followed negotiations between protest organizers and NYPD officials, who authorized a peaceful march from the area near the PATH train station entrance, across Church Street, and on the sidewalk along Fulton Street, toward Broadway, heading toward the Convention site. Plaintiffs began to march under police supervision, but the front of the march only traveled about half a block down the Fulton Street sidewalk. The group was then stopped and, without any warning, were surrounded by police officers, who enclosed them in orange mesh nets. Throughout the brief march up the Fulton Street sidewalk, plaintiffs followed all directions and instructions given by police officers. At no time were plaintiffs advised to disperse, advised that their conduct might be considered illegal, or advised that their presence or conduct would subject them to arrest.

4.     Plaintiffs were among 227 persons who were then placed under arrest, handcuffed, and taken to a former bus depot known as Pier 57, which the NYPD had converted into an arrest holding facility for protestors arrested during the Republican National Convention.

5.   The floor of Pier 57 was still covered with the grease, grime, and toxic chemicals resulting from its use as a bus depot. Because there were few benches on which detainees could sit or lie, plaintiffs were forced to stand during most of the many hours they were held at Pier 57 or to lie on the noxious floor.

6.   Plaintiffs were finally taken on Wednesday, September 1, 2004 to the New York City criminal courts for processing. Eventually—and in many instances only as a result of court orders—people were released, with some having spent almost two days in police custody.

7.   On October 6, 2004, the Manhattan District Attorney's office announced that it would dismiss all of the 227 prosecutions arising out of the August 31 arrests on Fulton Street.

8.   THE CITY OF NEW YORK's policies and practices of (1) making mass arrests of persons lawfully participating in or observing demonstrations and (2) detaining those arrested on minor offenses for prolonged periods of time in unhealthy conditions violated the federal and state constitutions and New York statutory and common law.

## JURISDICTION AND VENUE

9.   This civil rights action is authorized by 42 U.S.C. § 1983. An award of costs and attorneys fees is authorized pursuant to 42 U.S.C. § 1988. The court has subject matter jurisdiction over the plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4).

10.   Venue is proper pursuant to 28 U.S.C. § 1391(b) in that plaintiffs' claims arise in the Southern District of New York.

11.   This court has supplemental jurisdiction over all state constitutional and state law claims pursuant to 28 U.S.C. § 1367(a).

## NOTICES OF CLAIM

12.   Plaintiffs TARASIK ABDELL, JOSEPH AMATO, ELLEN BARFIELD, DAVID BARROWS, DIANE BEENY, BENJAMIN BERNARD, KATHLEEN BURICK, DANIEL BURNS, THOMAS CATCHPOLE, MARC F. CHURCH, COLLEEN COOK, POLLY A. DAVIES, FELTON DAVIS, PATRICIA DEBRUHL, PETER DE MOTT, MATTHEW

4

DIETZEN, WALTER DITMAN, SUSAN D'ORNELLAS, ALEXANDER HOLLEY DRUMMOND, ADAM FEINSTEIN, JAMES FLYNN, HOWARD GALE, TOBIAH GASTER, JOHN THEODORE GLICK, DAVID GORDON, BARRETT Z. GROSS, KATHLEEN D. HERNANDEZ, JANET S. HOWE, BENJAMIN HUNT, THOMAS IVORS, JENNIFER JANNEY, DWIGHT JENKINS, JOSHUA KNAPP, JONOTHAN LOGAN, MARIELLE LOVECCHIO, RYAN MCGEE, ZACHARY C. MILLER, CHRIS G. MURRAY, JAMES NOONAN, CHRISTINE PARDEW, DANIEL M. PARROTT, KATHERINE POE, LAURA RAYMOND, EDWIN REED-SANCHEZ, BRUCE RENWICK, ANAIS SENSIBA, GORDON WILLIAM SENSIBA, ROBERT J. SIEGEL, MORA MI-OK STEPHENS, WILLIAM STEYERT JR., EMILY JO TESTA, JOHN TRINKL, ANN TRUDELL, CHRISTY ANN TURNER, PATRICK VOLPE, FRANTZ WALKER, PATRICIA WIELAND, JAMES WILLIAMSON, JAMES WILSON, TERAN WILSON and RAISSA WU filed Notices of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

13.    Plaintiffs TARASIK ABDELL, JOSEPH AMATO, GARY ASHBECK, ELLEN BARFIELD, DAVID BARROWS, MICHAEL BECKER, DIANE BEENY, JOHN BEHLING, RUTH BENN, BENJAMIN BERNARD, ARUN BHALLA, KATHLEEN BURICK, DANIEL BURNS, LINNEA CAPPS, THOMAS CATCHPOLE, JOAN CAVANAGH, MARC F. CHURCH, JEFFERY J. COHEN, MARK COLVILLE, WILLIAM CONWELL, COLLEEN COOK, SUSAN CRANE, RICHARD CSONTOS, POLLY A. DAVIES, FELTON DAVIS, PATRICIA DEBRUHL, PETER DE MOTT, DEWAYNE DICKERSON, MATTHEW DIETZEN, WALTER DITMAN, LOIS A. DOGGETT, JASON DORAIS, SUSAN D'ORNELLAS, ALEXANDER HOLLEY DRUMMOND, STEVEN EKBERG, CALLA EVANS, ADAM FEINSTEIN, JAMES FLYNN, HOWARD GALE, STEPHEN GAMBOA, GABRIEL GASTER,

5

TOBIAH GASTER, EDWARD GIBBONS, ZOE GINSBURG, JOHN THEODORE GLICK, THOMAS GOEKLER, CHARLES GOLDBERG, OREN GOLDENBERG, DAVID GORDON, KATHRYN GORDON, BARRETT Z. GROSS, RICHARD HARDIE, ED HEDEMANN, KATHLEEN D. HERNANDEZ, ROGER HILL, EDWARD HOTCHKISS, RYAN D. HOTTLE, JANET S. HOWE, BENJAMIN HUNT, ROCHELLE IANNUCCI, THOMAS IVORS, MELISSA JAMESON, JENNIFER JANNEY, DWIGHT JENKINS, MICHAEL JOSEPH, PEPPER JUDD, SARAH KANOUSE, JAY KANTOR, BRIAN KAVANAGH, KIMBERLY KERN, EDWARD F. KINANE, JOSHUA KNAPP, MATTHEW KOCEK, KATHARINE KRASSAN, LAURA KRESSLY, ANDREW LAKEN, TESSA M. LALONDE, JARED LANCTOT, JOHN LARSON, RICHARD LARSON, MICHAEL R. LEVINSON, STEVEN LIPTAY, JONOTHAN LOGAN, MARIELLE LOVECCHIO, JAY MARX, RYAN MCGEE, BARBARA ANN MEISINGER, TRISTAN MIGLIORE, JOHN M. MILLER, ZACHARY C. MILLER, ROBERT V. MINERVINI, CHRIS G. MURRAY, MARK NECHAY, BLOSSOM NICINSKI, JAMES NOONAN, ANTHONY O'LEARY, DANIEL O'REILLY-ROWE, MICHAEL OWEN, MICHAEL PALMER, CHRISTINE PARDEW, LAWRENCE PARIS, DANIEL M. PARROTT, NATHANIEL PARRY, JEFFREY A. PATERSON, SHANNON PETRELLO, STEPHEN PETRICK, KATHERINE POE, LAURA RAYMOND, EDWIN REED-SANCHEZ, BRUCE RENWICK, ADAM RICHINS, SHANA RIGBY, DEBORAH RIVERBEND, RAYMOND ROBINSON, LAMBERT ROCHFORT, RONALD E. ROSENBERG, DEVON RUECKNER, RONALD W. SAN MARCHI, FRANK SANCHEZ III, MATTHEW SCHENNING, STEVEN SCOFIELD, ANAIS SENSIBA, GORDON WILLIAM SENSIBA, ROBERT J. SIEGEL, SELMA SPRITZER, ANDREW ST. LAURENT, MORA MI-OK STEPHENS, WILLIAM STEYERT JR., THERESA SWINK, HANNAH TAYLOR, SARAH TEPSIC, EMILY JO TESTA, JOHN TRINKL, ANN TRUDELL, CHRISTY ANN TURNER, JOHANNA VALENTE, PATRICK VOLPE, ZACHARY VREELAND, FRANTZ WALKER, JAMES J. WHITE, PATRICIA WIELAND, JAMES WILLIAMSON, JAMES WILSON, TERAN WILSON, JENNIFER WONG,

MATTHEW WRIGHT, RAISSA WU and THOMAS ZAMBECK were unlawfully arrested on August 31, 2004 and were thereafter unlawfully detained for approximately 14 to 50 hours. Plaintiffs were citizens or residents of the United States or were otherwise lawfully in the United States at the time of the events complained of herein.

14.  Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

15.  Defendants MICHAEL BLOOMBERG, RAYMOND KELLY, TERENCE MONAHAN and JOHN and JANE DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The defendants were at all relevant times acting under color of state law in the course and scope of their duties and functions as officers, agents, servants and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## FACTS

16.  The Republican National Convention was held in New York City from August 30, 2004 to September 2, 2004. Hundreds of thousands of people participated in peaceful demonstrations in New York City during those days.

17.  THE CITY OF NEW YORK began planning for the Convention more than a year in advance. On information and belief, the City planned to make mass arrests during the Convention without determinations of individualized probable cause, and then to hold those arrested for prolonged periods of time to prevent them from participating in other protest activity.

18.  There were approximately 1,800 Convention-related arrests, many of them mass arrests of people lawfully on public sidewalks or streets. In many instances, the police effected those arrests

by deploying long orange mesh nets to enclose large numbers of law-abiding demonstrators and innocent bystanders alike.

### The Arrests at the World Trade Center Site

19. On Tuesday, August 31, 2004, the War Resisters League and the School of the Americas Watch organized a demonstration against the policies of the Bush administration. The demonstration was supposed to begin at the World Trade Center site and proceed to near Madison Square Garden.

20. At about 3:00 p.m., people began gathering near the World Trade Center site on Church Street, near the intersection of Fulton Street. Plaintiff HEDEMANN, an organizer with the War Resisters League, negotiated with the police department to allow the march. Plaintiff HEDEMANN told *The New York Times* that "the commanders assured him the march could proceed—east on Fulton Street and up Broadway to the Garden—as long as participants walked two abreast, in order to keep sidewalks clear, and did not block traffic at intersections."

21. At approximately 4:00 p.m., the march began. There were approximately 800 to 1,000 people assembled at this time. Those at the front of the march, observing the traffic signal and in cooperation with the police, crossed Church Street and proceeded eastward up Fulton Street on the sidewalk. The march was orderly and calm. Almost immediately after the marchers crossed Church Street, and before they had gone even a full block, police halted the march.

22. Without any warning, police officers surrounded over 200 people with orange mesh nets, and arrested them all, even though they had remained on the public sidewalk, were not blocking the sidewalk, and complied with police instructions.

23. Those arrested were never told to disperse, were given no opportunity to disperse, and were never told that their conduct might be considered illegal, or advised that their presence or conduct would subject them to arrest..

24. The persons arrested included people who were participating in the demonstration, others

who were there merely by chance, some who were observers, and some who were taking photographs.

25.     Upon information and belief, defendant MONAHAN ordered this mass arrest in accordance with the mass arrest tactics developed and adopted by policymaking officials of the New York City Police Department and THE CITY OF NEW YORK.

**The Detentions at Pier 57**

26.     The over 200 people arrested on the Fulton Street sidewalk were transported to a facility known as Pier 57.  Pier 57, located on the Hudson River at 11th Avenue and 15th Street in Manhattan, was formerly a Metropolitan Transit Authority bus depot.

27.     According to published reports, three environmental inspections of Pier 57 in 2001 and early 2004 uncovered safety hazards including easily disturbed asbestos particles, lack of adequate fire protection systems, and floors covered with black oily soot.  Those conditions had not been corrected by the time of plaintiffs' detention at Pier 57.

28.     Upon arrival at Pier 57, detainees, including the plaintiffs, were searched, had their property taken, and were placed in one of the holding cells.  Detainees could not sit on the floor without becoming covered in the filth.  There were generally not enough benches for the number of arrestees in each cell.  Many arrestees got rashes or blisters from the substance on the floor.  The air quality was also poor, and many arrestees developed coughs or had difficulty breathing.  At night, the facility became cold, and the detainees, who were dressed for a hot summer day in New York, were not provided with any blankets, nor was there any heat.  The arrestees were provided with food at sporadic times while at Pier 57, although some went many hours before receiving anything to eat.

29.     Upon information and belief, there was no fingerprinting equipment at Pier 57, and the only processing that took place there was an inventory of personal belongings.  Upon information and belief, the criminal courts were available to process those being held at Pier 57, and the State of New York was processing fingerprints in a timely manner.  Nonetheless, the NYPD, without

justification, detained people at Pier 57 for lengthy periods of time without making any meaningful effort to process them so they could be released. As a result of this, many people, including the plaintiffs, remained in police custody for unnecessarily lengthy periods of time.

30. Upon information and belief, the conditions of plaintiffs' detention, and its duration, were the result of policies and practices developed by policymakers of the New York City Police Department and THE CITY OF NEW YORK.

31. From Pier 57, the detainees were transferred to Central Booking at 100 Centre Street for processing. There the detainees were photographed and fingerprinted. The detainees were held for additional time at Central Booking before being either arraigned in front of a judge or given a Desk Appearance Ticket and released from Central Booking. The duration of detention for the plaintiffs ranged from approximately 14 to 50 hours. Upon information and belief, those arrested on Fulton Street were charged with only violations such as disorderly conduct or parading without a permit.

32. On October 6, 2004, the Manhattan District Attorney's office announced that it would dismiss all of the 227 prosecutions arising out of the August 31, 2004 arrests on Fulton Street.

33. The actions described above were taken under color of law and as a result of policies and practices adopted and implemented by THE CITY OF NEW YORK.

## JURY DEMAND

34. Plaintiffs demand a jury trial on each and every one of their claims.

## FIRST CAUSE OF ACTION:
### VIOLATION OF UNITED STATES AND NEW YORK CONSTITUTIONS ARISING FROM PLAINTIFFS' ARREST

35. The arrest of plaintiffs violated their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 8 and Article I, Section 12 of the New York State Constitution.

36.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, and were otherwise damaged and injured.

### SECOND CAUSE OF ACTION:
### VIOLATION OF UNITED STATES AND NEW YORK CONSTITUTIONS ARISING FROM PLAINTIFFS' DETENTION

37.     The detention of plaintiffs violated their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 8 and Article I, Section 12 of the New York State Constitution.

38.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

### THIRD CAUSE OF ACTION:
### FALSE ARREST AND FALSE IMPRISONMENT

39.     Defendants falsely arrested and imprisoned plaintiffs, or caused them to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

**WHEREFORE**, plaintiffs request the following relief jointly and severally against all of the defendants:

a. Compensatory damages to all plaintiffs;

b. Punitive damages to all plaintiffs;

c. Pre- and post-judgment costs, interest and attorney's fees;

d. Such other and further relief as this court may deem just and proper.

Respectfully submitted,

NORMAN FREDERICK BEST (NB 1968)
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 671-0122

ALAN LEVINE (AL 5297)
99 Hudson Street, 14th Floor
New York, New York 10013
(212) 739-7506

MICHAEL L. SPIEGEL (MS 0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-4271

MARTIN R. STOLAR (MS 1576)
351 Broadway
New York, New York 10013
(212) 219-1919

Counsel for Plaintiffs

By: _____
    Michael L. Spiegel (MS 0856)

Dated: September 29, 2005
       New York, New York