UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TARASIK ABDELL, et al.,

                          Plaintiffs,

             -versus-                            **05 Civ. 8453 (KMK)(JCF)**

THE CITY OF NEW YORK; MICHAEL
BLOOMBERG, Mayor of the City of New York,
RAYMOND KELLY, Commissioner of the New
York City Police Department, TERRENCE
MONAHAN, Assistant Chief of the New York City
Police Department, and JOHN and JANE DOES,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - x

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT ADDING THOMAS GALATI AS A DEFENDANT

MICHAEL L. SPIEGEL  [MS-0856]
Attorney for Plaintiffs
111 Broadway, Suite 1305
New York, New York  10006
(212) 587-8558

March 17, 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TARASIK ABDELL, et al.,

                          Plaintiffs,

               -versus-                          **05 Civ. 8453 (KMK)(JCF)**

THE CITY OF NEW YORK; MICHAEL
BLOOMBERG, Mayor of the City of New York,
RAYMOND KELLY, Commissioner of the New
York City Police Department, TERENCE
MONAHAN, Assistant Chief of the New York City
Police Department, and JOHN and JANE DOES,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT
ADDING THOMAS GALATI AS A DEFENDANT**

## I.  INTRODUCTION

The original Complaint in this civil rights action was filed on September 30, 2005 (the

Complaint is attached as Exhibit A).  It concerns the mass arrest of the 147 plaintiffs on the

Fulton Street sidewalk, between Church Street and Broadway, New York City, on August 31,

2004, during the Republican National Convention.

The Complaint identified individual defendants Mayor Michael Bloomberg; Police

Commissioner Raymond Kelly; Assistant Police Chief Terence Monahan; and John and Jane

Doe defendants.  The Complaint stated, at paragraph 25, that "[u]pon information and belief,

defendant Monahan ordered this mass arrest...."

During the deposition of Inspector Thomas Galati on November 29, 2005, he testified as

2

follows:

> Q:      Who made the decision that people would be arrested?
> A.      I would say it was a command decision made by myself along with Chief Monahan.
> . . .
> Q.      Did you have a conversation with Chief Monahan at that point in which the two of you agreed that the people in violation would be placed under arrest?
> A.      Yes

Galati 11/29/05 deposition at 123-124.  Because Galati did not actually make the announcement to the group of people that they would be placed under arrest, it was Monahan who did, plaintiffs did not know until Galati's deposition that he had been a joint participant in the decision to place plaintiffs under arrest.

Plaintiff now requests leave to file an Amended Complaint, adding Galati as a defendant. Assistant Corporation Counsel Jeffrey A. Dougherty, counsel for the defendants, stated during a telephone conversation with the undersigned that he does not object to adding Galati with respect to federal claims, but does object to naming Galati as a defendant with respect to state law claims, on state statute of limitations grounds.  Therefore, this memorandum of law is addressed exclusively to that objection.

## II.  ARGUMENT

A.  INTRODUCTION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."  Amendments as a general matter are favored in order "to facilitate a proper decision on the merits."  Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103 (1957); Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962).  See also, S.S.

<u>Silberblatt, Inc. v. East Harlem Pilot Block</u>, 608 F. 2d 28 (2d Cir. 1979); <u>Ruderman v. Police</u>

<u>Dep't of the City of New York</u>, 857 F. Supp. 326 (S.D.N.Y. 1994); <u>Fariello v. Campbell</u>, 860 F.

Supp. 54 (E.D.N.Y. 1994); <u>Thomas v. New York City</u>, 814 F. Supp. 1139 (E.D.N.Y. 1993).

Leave to amend a complaint falls within the sound discretion of the trial court.  <u>Zenith Radio</u>

<u>Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971).

The courts have articulated four primary reasons why a court would not otherwise permit

an amendment to a complaint under Rule 15.  These include undue delay, bad faith, prejudice to

the opposing party, and futility of the amendment.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. at 182, 83 S.

Ct. 227 at 230; <u>Fustok v. Conticommodity Service, Inc.</u>, 101 F.R.D. 601, 603 (S.D.N.Y. 1984).

None of these factors are present in the instant case, and the Court should therefore grant

plaintiff's motion to amend the complaint.

B.  <u>ADDITION OF GALATI AS A NAMED DEFENDANT ON STATE LAW CLAIMS</u>

In this case, justice so requires that the plaintiffs be permitted to amend their complaint to

name Galati as a defendant with respect to both the First Cause of Action concerning federal

claims (on consent of the defendants) and the Third Cause of Action, alleging state law claims of

false arrest and imprisonment, pursuant to the "relation back" provisions of F.R.Civ.P. 15(c).

Rule 15(c)(3) permits the relation back of the naming of a party if Rule 15(c)(2)[1] is

satisfied, and

> within 120 days of filing the original complaint, the new defendant (1) had
> received such notice of the action that he will not be prejudiced in maintaining his

---

[1] The state law claim being asserted against Galati clearly satisfies F.R.Civ.P. 15(c)(2), which permits the relation back of an amendment to the date of an original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

defense on the merits, F.R.Civ.P. 15(c)(3)(A), and (2) knew or should have known that, but for a mistake concerning the identity of the proper party the action would have been brought against him, F.R.Civ.P. 15(c)(3)(B). See Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996); Scott v. Coughlin, 944 F. Supp. 266, 270 (SDNY 1996); Candelaria v. Coughlin, 1997 U.S. Dist. LEXIS 4513 at *15, 1997 WL 1717256 *5 (SDNY 1997).

Byrd v. Abate, 964 F. Supp. 140, 144-145 (SDNY 1997).

In this case the original Complaint was filed on September 30, 2005. Sixty-one days later, on November 29, 2005, Inspector Galati testified at a consolidated RNC-case deposition, at which he gave the above-quoted testimony. It is beyond question that he had notice of the action within 120 days of the filing of the Complaint. It is also beyond question that he "knew or should have known" that but for plaintiffs' lack of knowledge of his participation in the arrest decision, the action would have been brought against him.

Rule 15(c)(1) provides an alternate basis for granting plaintiffs' motion, allowing relation back when it "is permitted by the law that provides the statute of limitations applicable to the action." Plaintiff seeks to name Galati as a defendant with respect to a New York state law claim. New York's Court of Appeals has made clear that, on the facts of this case, New York law would permit relation back. See Buran v. Coupal, 87 N.Y.2d 173, 177-182 (1995).

## CONCLUSION

For the above stated reasons it is respectfully requested that this Honorable Court grant the plaintiffs' Motion for Leave to File an Amended Complaint Adding Thomas Galati as a Defendant.

Dated:          New York, New York
                March 17, 2006

                                    _____s/_____

5

MICHAEL L. SPIEGEL  [MS-0856]
111 Broadway, Suite 1305
New York, New York  10006
(212) 587-8558
Attorney for Plaintiffs