# MEMO ENDORSED

Law Office of
**ALAN LEVINE**

99 Hudson Street, 14th Floor
New York, New York 10013

Tel: (212) 739-7506
Fax: (212) 431-4276

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/06
```

March 28, 2006

**BY TELEFAX**

Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

> Re: Abdell, et al. v. City of New York, et al.
> 05 Civ. 8453 (KMK)(JCF)

Dear Judge Francis:

I am co-counsel for plaintiffs in this RNC case and write concerning the City's request that plaintiffs produce records of any psychotherapy treatment during the past ten years. The request is premised on the allegation in the complaint that the plaintiffs suffered emotional distress as a result of their detention.

As you know, Judge Karas has held in one RNC case, *MacNamara v. City of New York*, 04 Civ. 9216 (KMK)(JCF), that, given a comparable allegation in the complaint, psychotherapy records must be produced (albeit with an opportunity for plaintiffs to produce the records *in camera* for a determination of their relevance). In another RNC case, *Hershey-Wilson v. City of New York*, 05 Civ. 7026 (KMK)(JCF), the plaintiff has filed Rule 72 objections to an order of this Court compelling production of such records.

Four of the plaintiffs in *Abdell*, Christy Turner, Benjamin Bernard, Michael Joseph, and Robert J. Siegel, have advised counsel that they will not produce records of psychotherapy treatment unrelated to the incident alleged in the complaint, even for inspection *in camera*. The four plaintiffs do not intend to offer evidence on this issue through a treating psychotherapist or expert. The emotional distress they experienced could not be characterized as a diagnosable psychological injury or mental condition, and was limited in time to their arrest and detention and a brief period thereafter. They have been advised by counsel that their claims of emotional distress may nonetheless be dismissed if they fail

to comply with an order to produce the records. They respond that they are prepared to suffer dismissal of their emotional distress claims rather than produce the records.

Given the ruling in *MacNamara*, we understand that you would issue an order compelling production of the documents, and given your February 7, 2006, memo endorsement in *Crotty v. The City of New York*, 05 CV 7577 (KMK)(JCF) and *Scharf v. The City of New York*, 05 CV 10012 (KMK)(JCF)(copy attached), we understand that you will then consider issuing an order dismissing the above-named plaintiffs' claims for emotional distress.

We believe an order compelling production is unnecessary, given our clients' intention to refuse to produce the records. If you believe an order to dismiss their emotional distress claims is appropriate, given that refusal, we ask that you issue that order as promptly as possible. We intend to file Rule 72 objections on this issue, and are hopeful that those objections can be considered by Judge Karas at the same time that he hears argument on the same issue in *Hershey-Wilson*. That argument is scheduled for April 20, 2006.

Respectfully submitted,

Alan Levine

cc: Jeffrey A. Dougherty
Assistant Corporation Counsel

4/7/06

Application denied. While I appreciate plaintiffs' desire to expedite a determination, the record is simply incomplete in the absence of an adjudicated motion to compel or motion to dismiss for failure to respond to discovery.

SO ORDERED,

James C. Francis IV
USMJ

2