UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARASIK ABDELL, ET AL.,

                              Plaintiffs,                    Case No. 05-CV-8453 (KMK) (JCF)

        -v-                                                  <u>OPINION AND ORDER</u>

CITY OF NEW YORK, ET AL.,

                              Defendants.

<u>Appearances:</u>

Michael L. Spiegel, Esq.
New York, NY
*Counsel for Plaintiffs*

James Mirro, Esq.
Jeffrey Anthony Dougherty, Esq.
New York City Law Department
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

        This case is before the Court on Plaintiffs' request to file a Motion to Amend their

Complaint.  The Parties argued the merits of Plaintiffs' potential motion at a pre-motion

conference on April 20, 2006 and at a follow-up conference on June 6, 2006.  The Court

therefore construes Plaintiffs' request for a pre-motion conference as a Motion to Amend.[1]

        Plaintiffs move to add Inspector Thomas Galati as a Defendant.  They assert both state

---

[1]Plaintiffs filed their Motion to Amend on March 17, 2006.  The Court denied the Motion without prejudice for failure to comply with the Court's individual practices and the Local Rules of this District.  The Court scheduled a pre-motion conference and requested a letter response from Defendants in preparation for the pre-motion conference.  (Order, March 21, 2006).  After the April 20, 2006 pre-motion conference, the Parties submitted additional letters to the Court.

and federal law claims against him.  Defendants concede that there is no bar to adding Galati as a

Defendant on Plaintiffs' federal claims.  Defendants argue, however, that Plaintiffs cannot add

Galati as a Defendant because the statute of limitations period has expired and neither Fed. R.

Civ. P. 15(c)(3) nor the New York state relation back doctrine applies.

For the reasons stated below, the Motion is denied.

## I.  Background

This case involves one hundred forty-seven Plaintiffs who were arrested on August 31,

2004 during the Republican National Convention ("RNC").  The Complaint was filed on

September 30, 2005 and it identified three Defendants by name – Mayor Michael Bloomberg,

Police Commissioner Raymond Kelly, and Assistant Police Chief Terence Monahan.  The

Complaint also named John and Jane Doe Defendants.

The Complaint stated that "[u]pon information and belief, defendant Monahan ordered

this mass arrest . . . ."  (Compl. ¶ 25)  Plaintiffs were initially informed by Galati that their protest

march would be permitted so long as they obeyed all traffic laws.  Shortly thereafter, however,

Monahan announced that the Plaintiffs were under arrest.  Because Monahan announced that the

Plaintiffs were under arrest in apparent contradiction of Galati's earlier pronouncement, Plaintiffs

believed Monahan alone made the decision to place them under arrest.

However, during his deposition on November 29, 2005, Galati testified that he and

Monahan had a conversation and agreed together to order the arrest of Plaintiffs.  Counsel for

Plaintiffs was present at Galati's deposition but apparently did not recognize the importance of

Galati's statement at that time.  It was not until approximately three months later, when counsel

for Plaintiffs was reviewing the deposition transcript, that he realized that Galati admitted that he

2

participated in the decision to arrest the Plaintiffs.

## II.  Discussion

### A.  Standard

Plaintiffs argue that the Court may apply either Federal Civil Procedure Rule 15(c)(3) or the New York relation back doctrine to allow amendment of the Complaint.  Federal Civil Procedure Rule 15 permits a plaintiff to amend his complaint by leave of court after a responsive pleading is served.  Fed. R. Civ. P. 15(a).  "[L]eave shall be freely given when justice so requires."  *Id.*  An amendment relates back to the time of the original filing if (1) it "is permitted by the law that provides the statute of limitations applicable to the action," or (2) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(1)-(2).  Where either condition is met, an amendment that changes the name of a party or adds a party relates back to the date of the original pleading when (1) the party has received notice of the action within one hundred-twenty days of the filing of the complaint so that he will not be prejudiced in his defense, and (2) the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."  Fed. R. Civ. P. 15(c)(3).

The New York relation-back doctrine tracks the federal rule.  *See Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 508 (E.D.N.Y. 2001) ("New York's relation-back doctrine incorporates a standard similar to Rule 15 . . . ."); *Buran v. Coupal*, 661 N.E.2d 978, 982 (N.Y. 1995.  In *Brock v. Bua*, 443 N.Y.S.2d 407, 412 (App. Div. 1981), the court articulated a three-prong test for determining when an amended complaint adding a new party relates back to

the filing of the original complaint.  One component of the test was whether the plaintiff had

made an "excusable mistake" in initially failing to name the new party.  *Id.* at 412.  In *Buran*,

however, the New York Court of Appeals later clarified the "mistake" component of the three-

prong *Brock* test by removing the "excusable" requirement.  661 N.E.2d at 982; *see also*

*Blakeslee v. Royal Ins. Co.*, No. 93 Civ. 1633, 1998 WL 209623, at *6 (S.D.N.Y. Apr. 29, 1998)

("'[E]xcusability' is no longer an element of New York's relation back test."); *De Sanna v.*

*Rockefeller Ctr., Inc.*, 780 N.Y.S.2d 651, 653 (App. Div. 2004) ("[W]e need no longer consider

whether the mistake was excusable.").  The *Buran* court interpreted "excusable mistake" to mean

any mistake except for a calculated decision "not to assert a claim against a party known to be

potentially liable."  661 N.E.2d at 983.  New York courts applying *Buran* have also found that a

mistake of law "is not the type of mistake contemplated by the relation-back doctrine."  *Somer &*

*Wand, P.C. v. Rotondi*, 674 N.Y.S.2d 770, 771-72 (App. Div. 1998) (denying plaintiff's

application to add new counterclaim defendants where plaintiff knew of the proposed

defendants' identities but chose not to initially counterclaim against them because it thought a

different statute applied); *see also Doe v. HMO-CNY*, 785 N.Y.S.2d 813, 817 (App. Div. 2004)

(rejecting mistake of law as sufficient to qualify under relation back doctrine).

        Thus, under New York law, an amended complaint relates back to the original complaint

where:  "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new

party is united in interest with the original defendant, and by reason of that relationship can be

charged with such notice of the institution of the action that the new party will not be prejudiced

in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3)

the new party knew or should have known that, but for a mistake by the plaintiff as to the identity

of the proper parties, the action would have been brought against that party as well." *Losner v. Cashline, L.P.*, 757 N.Y.S.2d 91, 93 (App. Div. 2003) (citing, *inter alia*, *Buran*, 661 N.E.2d at 982).

Under federal law, "if the claim arises under state law, or if the court borrows a state statute of limitations, relation back is to be determined by whichever procedural rule gives the most favorable result to the plaintiff." *Smith v. Rochester Tel. Bus. Mktg. Corp.*, 786 F. Supp. 293, 309 (W.D.N.Y. 1992) (citing Fed. R. Civ. P. 15 advisory committee's note on 1989 proposed amendments to Rule), *aff'd*, 40 F.3d 1236 (2d Cir. 1994); *see also Lieber v. Vill. of Spring Valley*, 40 F. Supp. 2d 525, 532 (S.D.N.Y. 1999) ("[I]f a state's rules regarding relation back are less rigorous than the federal rules, state principles apply."); *Blakeslee*, 1998 WL 209623, at *5 (applying more generous New York relation back rule); Fed. R. Civ. P. 15 advisory committee's note on 1991 Amendment ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").  The Court therefore will assess Plaintiffs' Motion to Amend their Complaint under both federal and state relation back principles and apply the more generous of the two.

### B.  Statute of Limitations

Under New York Municipal Law section 50(e), a plaintiff is required to serve notice of a tort against a public officer within ninety days of the accrual of the claim.  False arrest and false imprisonment have a one-year statute of limitations under New York law.  *See* N.Y. C.P.L.R. § 215;  *Charnis v. Shohet*, 757 N.Y.S.2d 671, 673 (App. Term 2002).  A claim for false arrest and imprisonment accrues on the date of release from custody.  *See Ragland v. N.Y. City Hous.*

*Auth.*, 613 N.Y.S.2d 937, 939 (App. Div. 1994); *Charnis*, 757 N.Y.S.2d at 673.  Plaintiffs'

claims accrued on September 1, 2004, when they were released from police custody.  (Compl. ¶

6)  Therefore, the statute of limitations ran one year and ninety days later on November 29, 2005.

    C.  Relation Back

    Defendants argue that neither Fed. R. Civ. P. 15(c) nor the New York relation back

doctrine saves Plaintiffs' untimely state law claims against Galati.  Under federal and state law,

Plaintiffs must demonstrate that the claim arose out of the conduct set forth in the original

Complaint.  It cannot be disputed that the state law claims at issue against Galati arose out of the

same events as the claims in the original Complaint – Plaintiffs claim that Galati and Monahan

ordered their arrest on August 31, 2004.  Under state law, Plaintiffs must also demonstrate that

Galati is "united in interest" with the original Defendants.  It cannot be disputed that Galati and

the originally named Defendants are united in interest – they are all high-ranking City officials

who allegedly participated in the decision to arrest Plaintiffs on August 31, 2004.  *See Losner*,

757 N.Y.S.2d at 93 ("Parties are united in interest only where the interest in the subject matter of

the action is such that their defenses will be the same and they will either stand or fall together

with respect to the plaintiff's claim."); *see also De Sanna*, 780 N.Y.S.2d at 653 (finding parties

united in interest where one party had apparent authority to act on behalf of another party, and a

third party was potentially vicariously liable for actions of all parties).

    Under federal law, Plaintiffs must also demonstrate that Galati "received notice of the

action within one hundred-twenty days of the filing of the complaint."  Fed. R. Civ. P. 15(c)(3).

Indeed, the "linchpin" of the relation back doctrine is "notice to the defendant within the

applicable limitations period."  *Buran*, 661 N.E.2d at 983; *see also Hemmings v. St. Marks Hous.*

6

*Assoc.*, 642 N.Y.S.2d 1018, 1021-22 (Sup. Ct. 1996) ("[T]he overriding concern is whether a party that is sought to be added had timely notice of the underlying dispute which forms the basis of the claim the plaintiff seeks to interpose in the amended pleading." (citations omitted)).  Galati had notice of the underlying dispute that forms the basis for the state law claims which Plaintiffs seek to bring against him now.  He was deposed on November 29, 2005 in a joint deposition taken by counsel for plaintiffs in the more than six dozen cases arising out of the 2004 Republican National Convention because he is a named defendant in some of these RNC lawsuits.  (Mem. of Law in Supp. of Mot. for Leave to File an Am. Compl. Adding Thomas Galati as Def. 2 ("Pls.' Mem."))  Counsel for Plaintiffs in this case also was present at the deposition.

Moreover, "[u]nder the constructive notice doctrine, 'the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney[s] knew the additional defendants would be added to the existing suit.'"  *Muhammad v. Pico*, No. 02 Civ. 1052, 2003 WL 21792158, at *20 (S.D.N.Y. Aug. 5, 2003) (quotation omitted); *see also Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 139 (E.D.N.Y. 1998).  "The inquiry is not, however, whether defense counsel had actual knowledge but whether he 'knew or should have known' that the additional defendants would be added within the statute of limitations period."  *Campbell v. Coughlin*, No. 88 Civ. 0697, 1994 WL 114831, at *2 (S.D.N.Y. Mar. 31, 1994); *see also Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989) (finding lack of notice where "there is no indication that counsel knew or should have known that the defendants in each group would be named as co-defendants in the other action"); *Samuels v. Dalsheim*, No. 81 Civ. 7050, 1995

WL 1081308, at *14 (S.D.N.Y. Aug. 22, 1995), *adopted by* 1995 WL 555682 (S.D.N.Y. Sept. 19, 1995). In *Muhammad*, the person that plaintiff wanted to add as a defendant was an employee of the Department of Correctional Services ("DOCS") entitled to representation by the Attorney General who was representing all of the other defendants in the action. The original complaint included allegations against an unnamed counselor. The court in *Muhammad* found that the new defendant was on constructive notice because the Attorney General had defended the other defendants and had notice that a claim could be brought against the unnamed counselor. 2003 WL 21792158, at *20-21. Here, not only is Corporation Counsel representing other City defendants sued in this case and in the other RNC cases, but Corporation Counsel is representing Galati on the federal claims in this case and on state claims of false imprisonment in the related RNC cases. *See, e.g.*, *Bell v. City of New York*, No. 05-CV-3705 (S.D.N.Y. filed Apr. 11, 2005); *Starin v. City of New York*, No. 05-CV-5152 (S.D.N.Y. filed May 31, 2005). Furthermore, the Complaint identifies clearly the reason why Monahan is included as a Defendant in this case. Corporation Counsel, who is representing Monahan, likely knew, or should have known, that Galati also played a role in the alleged events surrounding the arrest of Plaintiffs on August 31, 2004. Indeed, plaintiffs in related lawsuits have sued Galati for their arrests. Thus, there is no serious claim that Galati would be prejudiced in his defense if Plaintiffs were permitted to amend the Complaint – he is already preparing to defend himself in the related cases as well as the federal claim in this case that is based on the same core factual allegations.

Therefore, the sole remaining issue under federal and state law is whether Galati "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought" against him as well. Fed. R. Civ. P. 15(c)(3); *see also Buran*,

661 N.E.2d at 982 (removing the excusability requirement from the mistake prong). The key term in that phrase is "mistake," and it is to the interpretation of "mistake" that the Court now turns.

In the Second Circuit, it is well settled under Rule 15 that "lack of knowledge does not constitute a 'mistake' for relation back purposes." *Hickey v. City of New York*, No. 01 Civ. 6506, 2004 WL 736896, at *3 (S.D.N.Y. Apr. 5, 2004) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1996), *modified*, 74 F.3d 1366 (2d Cir. 1996)). An amended complaint adding new defendants therefore does not relate back "if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow*, 66 F.3d at 470; *see also Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (affirming district court's dismissal of suit as time-barred where *pro se* plaintiff failed to amend complaint to specifically name any defendants within the statute of limitations period); *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) (dismissing plaintiff's amended complaint against individual defendants because plaintiff knew their identities when she filed her original complaint, so her failure to name them was a choice, not a mistake). In *Hickey*, the plaintiffs wanted to amend their complaint to add new defendants. Plaintiffs asserted they had not initially included the additional defendants because they did not know their "roles and involvement" in the case. *Hickey*, 2004 WL 736896, at *3. The court denied their motion, finding that the plaintiffs' lack of knowledge of the proposed defendants' potential liability did not satisfy the mistake requirement of Rule 15(c)(3). *Id.* at *3.

Plaintiffs attempt to distinguish their situation by arguing that they did not discover until after they filed their Complaint that Galati had contributed to the arrest decision. Therefore,

9

according to Plaintiffs, they did not know that Galati must be named as a defendant at the time they filed their Complaint. This is just another way of saying that Plaintiffs lacked knowledge regarding Galati's potential liability. Therefore, there has been no mistake under Federal Rule of Civil Procedure 15(c)(3), as interpreted by *Barrow* and *Hickey*, and Plaintiffs' state law claims against Galati do not relate back.

New York relation back doctrine, however, is more generous than federal relation back doctrine. New York law recognizes that "the relation back doctrine is aimed at liberalizing strict formalistic requirements while respecting the important policies inherent in the statute of limitation." *Hemmings*, 642 N.Y.S.2d at 1019-20. Under New York law, when a plaintiff seeks to amend a complaint to add a party entirely foreign to the action after the statute of limitations has run, the plaintiff must satisfy the three-part test endorsed in *Buran*, 661 N.E.2d at 978, 982, including that the plaintiff's failure to name the new party in the original complaint was the result of a "mistake." "[P]ermitting an amendment adding a party to relate back to the date the action was commenced against a party united in interest is consistent with the policy considerations underlying the statute of limitations." *Hemmings*, 642 N.Y.S.2d at 1021.

As noted above, the first two prongs of the *Buran* test are met here. First, the claims against Galati arise out of the same conduct or occurrence as Plaintiffs' timely claims. Second, Galati is united in interest with the other Defendants named in the original Complaint. *See De Sanna*, 780 N.Y.S.2d at 652 ("A unity of interest has been found to exist where 'the defenses available . . . will be identical . . . .'"); *cf. Doe*, 784 N.Y.S.2d at 817 (finding proposed defendant not united in interest with original defendant where they were "separate, independent entities under separate and discrete contracts" and plaintiff failed to show that one was vicariously liable

10

for the other).  Galati and Monahan are senior officials in the New York City Police Department and, according to Galati's deposition testimony, agreed to arrest Plaintiffs.

It is on the third prong where Plaintiffs stumble.  Plaintiffs did not know that Galati participated in ordering their arrest until he said so at his deposition on November 29, 2005. Therefore, Plaintiffs named only Monahan as responsible for the actual arrest decision.  There is no indication or allegation that Plaintiffs intentionally omitted Galati from their original Complaint or that they did so to gain a tactical advantage.  *See Beck v. Consol. Rail Corp.*, 394 F. Supp. 2d 632, 640 (S.D.N.Y. 2005) (finding absence of bad faith dispositive in determination of whether plaintiff committed a mistake for relation back purposes); *Brown v. Aurora Systms., Inc.*, 723 N.Y.S.2d 793, 794 (App. Div. 2001) ("[F]ailure to include [successor entity] as a defendant was a mistake and not . . . the result of a strategy to obtain a tactical advantage."), *amended on reargument by* 738 N.Y.S.2d 256 (App. Div. 2001); *Londino Stone Co. v. A&T Iron Works, Inc.*, 670 N.Y.S.2d 479, 480 (App. Div. 1998) (finding mistake where defendant would have named proposed counterclaim defendant if it had known of counterclaim defendant's relationship with plaintiff).  In fact, Plaintiffs were commendably careful only to name those police officers who they believed actually played a role in their arrest and avoided the all-too familiar scatter-shot approach to pleading.  In analogous circumstances, courts have permitted an amendment to relate back.  *See Walker v. Agro*, No. 96 Civ. 5414, 2000 WL 744536, at *4 (E.D.N.Y. May 19, 2000) (permitting relation back where plaintiff became aware at the original defendant's deposition, after the statute of limitations had expired, that the proposed party had been involved in the alleged scheme to defraud her); *Blakeslee*, 1998 WL 209623, at *4-5 (permitting relation back of third-party claim where defendant did not receive a signed copy of the document establishing the

11

third party's potential liability until after the statute of limitations had expired); *Monir v.*

*Khandakar*, 818 N.Y.S.2d 224, 226 (App. Div. 2006) (permitting relation back where plaintiff

lacked knowledge that a corporation existed as a potential party until defendant's deposition one-

and-a-half years after commencing the action); *Londino Stone Co.*, 670 N.Y.S.2d at 480

(permitting relation back of counterclaim where defendant did not learn of relationship between

plaintiff and proposed party until plaintiff's deposition five years after defendant answered); *but*

*see Sloane v. Town of Greenburgh*, No. 01 Civ. 11551, 2005 WL 1837441, at *3 (S.D.N.Y. July

27, 2005) (noting that New York and Federal law employ same standard regarding "mistake").

     The facts in the case at bar, however, are distinguishable from cases where relation back

was permitted.  Here, Plaintiffs' counsel participated in a deposition of Galati on November 29,

2005, during which Galati stated that he and Monahan had together decided to order the arrest of

Plaintiffs.  Therefore, Plaintiffs easily could have learned of Galati's potential liability on the day

before the statute of limitations ran.  Plaintiffs did not request an extension of time from the

Court in which to amend their Complaint.  Plaintiffs counsel explains his failure to request an

extension by stating that he either did not hear or did not appreciate the significance of Galati's

statement at the time.  It was not until approximately three months later when Plaintiffs' counsel

reviewed the transcript from Galati's deposition that he realized Galati had participated in the

arrest decision.  The Court has no reason to doubt Plaintiff's counsel's representation.

Nonetheless, that does not mean that Plaintiffs have satisfied the third prong of the *Buran* test.

     By the time of Galati's deposition, other cases had been filed against him arising out of

the same events, alerting Plaintiffs to the possibility that Galati could be liable.  Indeed,

Plaintiffs' counsel attended Galati's deposition presumably because he believed Galati's

testimony would be relevant to his clients' claims.  At the deposition, Plaintiffs' counsel had the

opportunity to question Galati and to observe questioning by counsel in related cases.  Galati

made an allegedly illuminating statement at the deposition, with Plaintiffs' counsel present.

Plaintiffs' counsel subsequently obtained the transcript for the deposition.  Yet, Plaintiffs did not

file this Motion until March 17, 2006 – four months after Galati's deposition.  Plaintiffs' counsel

offers no explanation for why this lapse in time should be considered a mistake under the law.

Where a plaintiff fails to timely sue a potentially liable party despite incriminating disclosures

made within the statute of limitations, the Court cannot find that a mistake was made for relation

back purposes.  *See Sloane*, 2005 WL 1837441, at *5 ("The Court will not find that a plaintiff

made a mistake when he/she . . . fails to timely request records which could have identified the

proper parties."); *Geraci v. Levada*, 12 Misc.3d 1174 (Table), Index No. 02-8143, 2006 WL

1789084, at * 3 (N.Y. Sup. Ct. May 1, 2006) (finding no mistake where plaintiff had the

opportunity to establish notice at deposition and failed to do so); *Tucker v. Lorieo*, 738 N.Y.S.2d

33, 36 (App. Div. 2002) (finding no mistake where failure to identify defendant was due to

plaintiff's failure to timely request documents).  Here, Plaintiffs counsel either should have

realized the significance of Galati's statement at the time it was made or should have promptly

reviewed the deposition transcript.  However, because this was not done, Plaintiffs forfeited their

opportunity to include Galati in the state law causes of action.  *See Hampton Bays Connections,*

*Inc. v. Duffy*, 212 F.R.D. 119, 125-26 (E.D.N.Y. 2003) ("Nowhere in the record does it indicate

that the plaintiffs made diligent efforts to identify the Town Board members.  In addition, the

plaintiffs fail to sufficiently demonstrate that the defendants deliberately concealed the names of

the Town Board members or made repeated refusals to comply with discovery.  Moreover, given

that the plaintiffs are attempting to add the individual Town Board members based on the identities they learned from the deposition of [another] Town Board member . . . [taken] within the three year statute of limitations – the plaintiffs cannot now argue that the identities of the Town Board members were unknown to them until after the statute of limitations had expired."); *see also Tucker*, 738 N.Y.S.2d at 35-36 (finding no mistake where plaintiff did not request relevant records for ten months and did not move to amend caption for one year after commencement of the suit).

The Court recognizes that Plaintiffs were prudent by selectively naming the Defendants they did in their first Complaint and by not adopting a kitchen-sink approach to including Defendants.  However, given the circumstances of Plaintiffs' passive diligence in ascertaining Galati's role in this case, Plaintiffs' request to add him after the statute of limitations has run must be rejected.

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Amend the Complaint to add state law claims against Thomas Galati is DENIED. The Clerk of Court is directed to construe Document No. 18 as a Motion and to terminate it.

SO ORDERED.

Dated:        September  ll  , 2006
               New York, New York

                                            KENNETH M. KARAS
                                            UNITED STATES DISTRICT JUDGE

Service List:

Michael L. Spiegel, Esq.
111 Broadway, Suite 1305
New York, NY 10006
Fax: (212) 571 7767

Alan Levine, Esq.
99 Hudson Street
14th Floor
New York, NY 10013

Norman Frederick Eugen Best
Law Office of Susan Douglas Taylor
575 Madison Avenue
10th Floor
New York, NY 10022
*Counsel for Plaintiffs*

Jeffrey Anthony Dougherty, Esq.
James Mirro, Esq.
NYC Law Department
100 Church Street
New York, NY 10007
Fax: (212)-788-9776
*Counsel for Defendants*