UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

TARASIK ABDELL, et al.,

                    plaintiffs,

        -against-

THE CITY OF NEW YORK; MICHAEL
BLOOMBERG, Mayor of the City of New York,
RAYMOND KELLY, Commissioner of the New York
City Police Department, TERRENCE MONAHAN,
Assistant Chief of the New York City Police
Department, THOMAS GALATI, and JOHN and
JANE DOES,

                    **Defendants.**

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT**

**05 CV 8453 (KMK) (JCF)**

        Defendants the City of New York, Michael Bloomberg, Raymond Kelly and Terrence Monahan (collectively "Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiffs' Amended Complaint ("Amended Complaint"), respectfully allege as follows:

### AS TO "PRELIMINARY STATEMENT"

        1.    Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.    Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint, except admit that the Republican National Convention (the "RNC") was held in New York City in late August and early September 2004.

3. Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint, except admit that certain individuals arrested on August 31, 2004 were transported to Pier 57.

5. Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Amended Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Amended Complaint.

## AS TO "JURISDICTION AND VENUE"

9. Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

10. Defendants deny the allegations set forth in Paragraph 10 of the Amended Complaint, except admit that plaintiffs purport to base venue as stated therein.

11. Defendants deny the allegations set forth in Paragraph 11 of the Amended Complaint, except admit that plaintiffs purport to invoke the Court's supplemental jurisdiction as stated therein.

### AS TO "NOTICES OF CLAIM"

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint.

### AS TO "PARTIES"

13. Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint, except admit that defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

### AS TO "PARTIES"

15. Defendants deny the allegations set forth in Paragraph 15 of the Amended Complaint, except admit that: (a) defendant Michael Bloomberg is Mayor of the City of New York; (b) defendant Police Raymond Kelly is Commissioner of the New York City Police Department ("NYPD"); (c) defendant Terence Monahan is a Chief with the NYPD; and (d) defendant Thomas Galati is an Inspector with the NYPD.

## AS TO "FACTS"

16.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint, except admit that the RNC was held in New York City in late August and early September 2004.

17.   Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint, except admit that the City of New York planned for the RNC.

18.   Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

## AS TO "THE ARRESTS AT THE WORLD TRADE CENTER SITE"

19.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Amended Complaint.

20.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint, except admit that on August 31, 2004, members of the NYPD communicated with plaintiff Hedemann before the march began.

21.   Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22.   Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint, except admit that certain individuals were arrested on August 31, 2004.

25. Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

## AS TO "THE DETENTIONS AT PIER 57"

26. Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint, except admit that certain individuals arrested on August 31, 2004 were transported to Pier 57.

27. Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint, except admit that detainees at Pier 57 were transported to Central Booking at 100 Centre Street.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

### AS TO "JURY DEMAND"

34. Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint, except admit that plaintiffs seek a jury trial.

### AS TO "FIRST CAUSE OF ACTION"

35. Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint.

### AS TO "SECOND CAUSE OF ACTION"

37. Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

## AS TO "THIRD CAUSE OF ACTION"

39. Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

41. The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

42. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

43. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others, and was not the proximate result of any act of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

44. The actions of any police officers involved were justified by probable cause.

**FIFTH AFFIRMATIVE DEFENSE**

45. At all times relevant to the acts alleged in the Amended Complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**SIXTH AFFIRMATIVE DEFENSE**

46. At all times relevant to the acts alleged in the Amended Complaint, plaintiffs were not engaged in any form of speech, which is protected by the First Amendment.

**SEVENTH AFFIRMATIVE DEFENSE**

47. Punitive damages cannot be recovered as against defendant City of New York or the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

**EIGHTH AFFIRMATIVE DEFENSE**

48. At all times relevant to the acts alleged in the Amended Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

**NINTH AFFIRMATIVE DEFENSE**

49. Plaintiffs have not complied with the conditions precedent to suit.

**TENTH AFFIRMATIVE DEFENSE**

50. Plaintiffs provoked the incidents of which they complain.

### ELEVENTH AFFIRMATIVE DEFENSE

51. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### TWELFTH AFFIRMATIVE DEFENSE

52. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

53. Plaintiffs consented to the acts about which they complain.

### FOURTEENTH AFFIRMATIVE DEFENSE

54. Plaintiffs failed to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

55. Any force used by Defendants was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### SIXTEENTH AFFIRMATIVE DEFENSE

56. Plaintiffs' claims are barred in part by the applicable statute of limitations.

**WHEREFORE,** Defendants request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 16, 2006

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 3-126
                                    New York, New York 10007
                                    212-788-8342

By: _____/s/_____
        Jeffrey A. Dougherty (JD 5224)
        Assistant Corporation Counsel
        Special Federal Litigation Division

**Index Number 05 CV 8453 (KMK)(JCF)**

| |
|---|
| **UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK** |
| **TARASIK ABDELL, et al.,**<br><br>                              **plaintiffs,**<br><br>                **-against-**<br><br>**CITY OF NEW YORK, et al.,**<br><br>                              **Defendants..** |
| **ANSWER TO AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br>*Of Counsel: Jeffrey A. Dougherty*<br><br>*Tel: (212) 788-8342*<br>*NYCLIS No. 05 SF 022702* |
| *Due and timely service by ECF is hereby admitted.*<br><br>*New York, New York  October 16, 2006*<br><br>*Jeffrey A. Dougherty, Esq.*<br><br>*Attorney for Defendants* |