UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TARASIK ABDELL, et al.,

         Plaintiffs,      05 Civ. 8453 (KMK) (JCF)

    -against-

THE CITY OF NEW YORK, et al.,

         Defendants.

-----------------------------------------------------------X

**PLAINTIFFS' OBJECTIONS, PURSUANT TO F.R.CIV.P. 72, TO MAGISTRATE
JUDGE FRANCIS' NOVEMBER 16, 2006, ORDER DISMISSING
FOUR PLAINTIFFS' CLAIMS FOR MENTAL AND EMOTIONAL INJURY**

    Plaintiffs were among 227 people arrested at a peaceful protest near the site of the World

Trade Center during the Republican National Convention.  They have brought actions pursuant

to 42 U.S.C. § 1983, alleging that their First, Fourth and Fourteenth Amendment rights were

violated.

**PROCEDURAL HISTORY**

    On September 12, 2006, Assistant Corporation Counsel Jeffrey A. Dougherty wrote

Magistrate Judge James C. Francis, IV, seeking an order to compel certain plaintiffs to respond

to interrogatories and to provide releases concerning "counseling, therapy, psychological

treatment or psychiatric treatment within the past 10 years."  9/12/06 letter, attached as Exhibit

A.

    On October 23, 2006, plaintiffs' counsel, Alan Levine, Esq., opposed the defendants'

application.  Plaintiffs advised the Magistrate Judge that plaintiffs Benjamin Bernard, Michael

Joseph, Robert J. Siegel, and Christy Turner

would not produce such records, even if the consequence were the dismissal of their claims for emotional distress. None of the four sought treatment in connection with their arrests during the RNC and so any treatment records they might have are wholly unrelated to the events at issue here. Given that (1) these plaintiffs do not intend to offer evidence on this issue through a treating psychotherapist or expert, (2) the emotional distress they experienced could not be characterized as a diagnosable psychological injury or mental condition, and (3) their emotional distress was limited to the time of their arrest and detention and a brief period thereafter, we believe that they should not be compelled to produce these records. We recognize, however, that this Court has ruled in other RNC cases that such records must be produced, even under the circumstances applicable to these four plaintiffs, and that Judge Karas has upheld those rulings. Nevertheless, we ask that the Court consider the issue anew in this case.

10/23/06 letter, attached as Exhibit B.

On November 13, 2006, defendants filed a reply letter, attached as Exhibit C. On November 16, 2006, Magistrate Judge Francis issued an Order dismissing with prejudice the four plaintiffs' claims for "mental and emotional injury." The Order is attached as Exhibit D.

## STANDARD OF REVIEW

Because the sanction imposed by the Magistrate Judge was dispositive of the four plaintiffs' mental and emotional distress claims, this Court must make a *de novo* determination of the issue. F.R.Civ.P. 72(b).

When a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether the decision is dispositive. 14 *Moore's Federal Practice* § 72.02[7][b] (2005); *accord* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3068.2 (2005) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions.") ... if a magistrate judge finds that a dispositive sanction is appropriate, Rule 72(b) governs. *See, e.g.*, Zises v. Dept. of Social Services, 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

Steele v. Costco Wholesale Corp., 2005 U.S. Dist. LEXIS 8348 at *5 (E.D.N.Y. May 6, 2005).

2

## ARGUMENT

This case comes before the Court in a unique posture thus far in the RNC litigation concerning this issue. Magistrate Judge Francis has dismissed with prejudice the four plaintiffs mental and emotional distress damages claims. Notwithstanding the dismissal of those claims, plaintiffs believe that the holding in Kerman v. The City of New York, 374 F.3d 93, 125 (2d Cir. 2004), requires that plaintiffs would still be entitled to testify at trial about the emotional distress and humiliation that they suffered during their incarceration. Because plaintiffs believe that the decision in Kerman requires a holding that their refusal to produce the requested provider names and treatment records does not waive the psychotherapist-patient privilege, we urge that the Court deny defendants' request for the plaintiffs' treatment records and re-instate plaintiffs' emotional damages claims. At the least, we ask that the Court affirm that, regardless of whether the claim is struck, the plaintiffs will not be barred from testifying about their emotional reactions to the circumstances of their arrest and the conditions of their confinement.

First, the four plaintiffs stress that all of the records at issue here pre-date plaintiffs' arrests; therefore, none of the records reflect any statements by plaintiffs concerning their experiences during the RNC, since none of the four plaintiffs were seeing a therapist at the time of the RNC. Second, plaintiffs do not claim any actual psychological injury or diagnosable mental condition; their mental suffering and emotional distress was of limited duration, primarily occurring during the time of their arrest and incarceration. Third, the plaintiffs will not offer any evidence at trial from a treating mental health provider or an expert.

In our view, the reasoning in Kerman leads to the conclusion that a plaintiff need not produce treatment records in the circumstances presented here. Kerman held that, upon proof of

3

a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." Kerman, 374 F.3d at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" Id. at 125. What that means is that in every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not.* Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it.

Magistrate Judge Dolinger's opinion in Greenberg v. Smolka, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006), discusses the variety of judicial responses to the issue, depending upon the specific posture of the case and the court. Greenberg applies "an appropriate balancing of the interest of the patient in confidentiality and the interest of defendants in access to information that is both pertinent to the claims at issue and helpful to defendants in defending against plaintiff's demands for relief." Id. at *31. Given the nature of plaintiffs' "demands for relief" here, *i.e.*, compensation for the mental suffering inherent in plaintiffs' false arrest and imprisonment claim, Kerman at 131, the mere bringing of the claim should not imply a waiver of the psychotherapist-patient privilege.[1]

_____

[1]We will not burden the Court with re-argument of case law extensively presented by other counsel in the RNC cases which makes it clear that the district court decisions in the Southern District of New York remain in the minority concerning the breadth of waiver inherent

If this Court were to affirm Magistrate Judge Francis' decision dismissing plaintiffs' mental and emotional distress damages claims, plaintiffs would respectfully request certification of the issue to the Second Circuit. The case for certification is a strong one since, even if plaintiffs were to prevail at trial, they would be entitled to appeal the elimination from their case of that part of their damage claims. If the appeals court then ruled in their favor on the waiver issue, plaintiffs would be entitled to a new trial. In light of the fact that the Court of Appeals will likely hear the issue now before this Court – either before trial or after – it would serve judicial economy and the efficient adjudication of the many RNC cases in which this issue has arisen, to have the Court of Appeals resolve the issue *before* trial.

Dated: November 20, 2006
     New York, New York

                       Respectfully submitted,

                       MICHAEL L. SPIEGEL, Esq. [MS-0856]
                       111 Broadway, Suite 1305
                       New York, NY 10006
                       (212)587-8558

                       ALAN LEVINE, Esq.
                       c/o PRLDEF
                       99 Hudson Street - 14th Floor
                       New York, New York  10013
                       (212) 739-7506

---

in alleging minimal emotional distress injuries in a false arrest and imprisonment case.

5