# EXHIBIT A
**To Plaintiff's Objections**



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY HAND DELIVERY**

September 12, 2006

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

Re:  **Abdell, et al, v. City of New York, et al., 05 CV 8453 (KMK) (JCF)**

Dear Judge Francis:

I write in reference to the above referenced action, which is an RNC case consolidated before Your Honor for discovery. In this case, plaintiffs David Barrows, Benjamin Bernard, Colleen Cook, Matthew Dietzen, Calla Evans, Adam Feinstein, Barrett Gross, Kathleen Hernandez, Alexander Holley Drummond, Benjamin Hunt, Jennifer Janney, Michael Joseph, Pepper Judd, Sarah Kanouse, Jay Kantor, Andrew Laken, Tessa LaLonde, Jonothan Logan, Ryan McGee, Barbara Ann Meisinger, Tristan Migliore, Mark Nechay, Daniel O'Reilly-Rowe, Katherine Poe, Shannon Petrello[1], Steven Scofield, Robert J. Siegel, Sarah Tepsic, Ann Trudell, Christy Ann Turner and Zachary Vreeland (collectively Plaintiffs) allege emotional distress and psychological injuries and seek related damages. (See selections of Plaintiffs' Complaint attached as Ex. A at ¶¶ 36, 38 and 40; see also Plaintiffs' responses to Interrogatory No. 5 attached as Ex. B). In connection with properly defending this action defendants seek discovery of Plaintiffs' psychological history.

In response to defendants' interrogatories and document requests, Plaintiffs objected to providing any information regarding their psychological histories. (See Ex. B, Plaintiffs' responses to Interrogatories No. 7-9). Specifically, Plaintiffs' interrogatory responses indicate

---

[1] Plaintiff Shannon Petrello has provided a single release for "the Counseling Center-SIUC." However, her discovery responses remain deficient because she has not formally supplemented her responses to interrogatories 7-9 or provided any additional responsive releases.

Hon. James C. Francis IV
September 12, 2006
Page 2 of 2

they either refuse to provide proper interrogatory responses and releases or alternatively are waiting until the "conclusion of the litigation on this issue." Accordingly, in the hopes of obtaining conclusive responses in advance of scheduling Plaintiffs' depositions, defendants contacted Plaintiffs and requested that they remedy these discovery deficiencies.

As Your Honor is aware, this Court has repeatedly ruled that defendants are entitled to discovery of a plaintiff's psychological history when a plaintiff alleges psychological harm. See e.g., Judge Karas' August 29, 2005 rulings in Macnamara, et al. v. City of N.Y., et al. 04-CV-9216; Your Honor's February 2, 2006 order in Hershey-Wilson v. City of N.Y.,et al. 05-CV-7026, affirmed May 1, 2006; Your Honor's May 16, 2006 memorandum order in Jarick v. City of N.Y., et al. 05-CV-7626; and Your Honor's June 29, 2006 Order in Concepcion v. City of New York, et al. 05-CV-8501.

Despite this Court's clear and consistent rulings on these issues, which defendants have discussed with Plaintiffs, Plaintiffs remain uncooperative and refuse to respond to interrogatories 7-9 to the extent they seek Plaintiffs' mental health treatment information. Specifically, these interrogatories request Plaintiffs to identify providers that rendered them counseling and psychiatric services and/or provided medications and prescription drugs to plaintiff within the past 10 years. Plaintiffs have also refused to provide medical release related to any such providers.

Accordingly, defendants respectfully request that Plaintiffs be compelled to: (1) fully respond to Interrogatories Nos. 7-9 by identifying all providers that have rendered them counseling, therapy, psychological treatment or psychiatric treatment within the past 10 years; (2) provide defendants with properly executed releases for all newly identified providers; and (3) provide defendants with properly executed releases for all pharmacies or providers of prescription drugs that Plaintiffs have used in connection with treating any emotional or psychological issues within the past 10 years.

Very truly yours,

Jeffrey A. Dougherty

cc:    Michael L. Spiegel, Esq. (by Hand Delivery)

# EXHIBIT A
**For September 12, 2006 letter**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**05 CV  8453**

TARASIK ABDELL, JOSEPH AMATO, GARY
ASHBECK, ELLEN BARFIELD, DAVID
BARROWS, MICHAEL BECKER, DIANE BEENY,
JOHN BEHLING, RUTH BENN, BENJAMIN
BERNARD, ARUN BHALLA, KATHLEEN
BURICK, DANIEL BURNS, LINNEA CAPPS,
THOMAS CATCHPOLE, JOAN CAVANAGH,
MARC F. CHURCH, JEFFERY J. COHEN, MARK
COLVILLE, WILLIAM CONWELL, COLLEEN
COOK, SUSAN CRANE, RICHARD CSONTOS,
POLLY A. DAVIES, FELTON DAVIS, PATRICIA
DEBRUHL, PETER DE MOTT, DEWAYNE
DICKERSON, MATTHEW DIETZEN, WALTER
DITMAN, LOIS A. DOGGETT, JASON DORAIS,
SUSAN D'ORNELLAS, ALEXANDER HOLLEY
DRUMMOND, STEVEN EKBERG, CALLA
EVANS, ADAM FEINSTEIN, JAMES FLYNN,
HOWARD J. GALE, STEPHEN GAMBOA,
GABRIEL GASTER, TOBIAH GASTER,
EDWARD GIBBONS, ZOE GINSBURG, JOHN
THEODORE GLICK, THOMAS GOEKLER,
CHARLES GOLDBERG, OREN GOLDENBERG,
DAVID GORDON, KATHRYN GORDON,
BARRETT Z. GROSS, RICHARD HARDIE, ED
HEDEMANN, KATHLEEN D. HERNANDEZ,
ROGER HILL, EDWARD HOTCHKISS, RYAN D.
HOTTLE, JANET S. HOWE, BENJAMIN HUNT,
ROCHELLE IANNUCCI, THOMAS IVORS,
MELISSA JAMESON, JENNIFER JANNEY,
DWIGHT JENKINS, MICHAEL JOSEPH, PEPPER
JUDD, SARAH KANOUSE, JAY KANTOR, BRIAN
KAVANAGH, KIMBERLY KERN, EDWARD F.
KINANE, JOSHUA KNAPP, MATTHEW KOCEK,
KATHARINE KRASSAN, LAURA KRESSLY,
ANDREW LAKEN, TESSA M. LALONDE, JARED
LANCTOT, JOHN LARSON, RICHARD LARSON,
MICHAEL R. LEVINSON, STEVEN LIPTAY,
JONOTHAN LOGAN, MARIELLE LOVECCHIO,
JAY MARX, RYAN MCGEE, BARBARA ANN
MEISINGER, TRISTAN MIGLIORE, JOHN M.
MILLER, ZACHARY C. MILLER, ROBERT V.
MINERVINI, CHRIS G. MURRAY, MARK
NECHAY, BLOSSOM NICINSKI, JAMES NOONAN,

**COMPLAINT**

**JURY TRIAL DEMANDED**

05 Civ.

**ECF CASE**



RECEIVED
SEP 3 0 2005
U.S.D.C. S....Y
CASHIERS

ANTHONY O'LEARY, DANIEL O'REILLY-ROWE,
MICHAEL OWEN, MICHAEL PALMER,
CHRISTINE PARDEW, LAWRENCE PARIS,
DANIEL M. PARROTT, NATHANIEL PARRY,
JEFFREY A. PATERSON, SHANNON PETRELLO,
STEPHEN PETRICK, KATHERINE POE, LAURA
RAYMOND, EDWIN REED-SANCHEZ, BRUCE
RENWICK, ADAM RICHINS, SHANA RIGBY,
DEBORAH RIVERBEND, RAYMOND ROBINSON,
LAMBERT ROCHFORT, RONALD E. ROSENBERG,
DEVON RUECKNER, RONALD W. SAN MARCHI,
FRANK SANCHEZ III, MATTHEW SCHENNING,
STEVEN SCOFIELD, ANAIS SENSIBA, GORDON
WILLIAM SENSIBA, ROBERT J. SIEGEL, SELMA
SPRITZER, ANDREW ST. LAURENT, MORA
MI-OK STEPHENS, WILLIAM STEYERT JR.,
THERESA SWINK, HANNAH TAYLOR, SARAH
TEPSIC, EMILY JO TESTA, JOHN TRINKL, ANN
TRUDELL, CHRISTY ANN TURNER, JOHANNA
VALENTE, PATRICK VOLPE, ZACHARY
VREELAND, FRANTZ WALKER, JAMES J. WHITE,
PATRICIA WIELAND, JAMES WILLIAMSON,
JAMES WILSON, TERAN WILSON, JENNIFER
WONG, MATTHEW WRIGHT, RAISSA WU and
THOMAS ZAMBECK,

                                        Plaintiffs,

            -versus-

THE CITY OF NEW YORK; MICHAEL
BLOOMBERG, Mayor of the City of New York,
RAYMOND KELLY, Commissioner of the New
York City Police Department, TERRENCE
MONAHAN, Assistant Chief of the New York City
Police Department, and JOHN and JANE DOES,

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PRELIMINARY STATEMENT

1.     This is an action to vindicate the civil rights of individuals who engaged in peaceful and

lawful protest during the Republican National Convention and were arrested as a result of a New

2

justification, detained people at Pier 57 for lengthy periods of time without making any meaningful effort to process them so they could be released. As a result of this, many people, including the plaintiffs, remained in police custody for unnecessarily lengthy periods of time.

30.     Upon information and belief, the conditions of plaintiffs' detention, and its duration, were the result of policies and practices developed by policymakers of the New York City Police Department and THE CITY OF NEW YORK.

31.     From Pier 57, the detainees were transferred to Central Booking at 100 Centre Street for processing. There the detainees were photographed and fingerprinted. The detainees were held for additional time at Central Booking before being either arraigned in front of a judge or given a Desk Appearance Ticket and released from Central Booking. The duration of detention for the plaintiffs ranged from approximately 14 to 50 hours. Upon information and belief, those arrested on Fulton Street were charged with only violations such as disorderly conduct or parading without a permit.

32.     On October 6, 2004, the Manhattan District Attorney's office announced that it would dismiss all of the 227 prosecutions arising out of the August 31, 2004 arrests on Fulton Street.

33.     The actions described above were taken under color of law and as a result of policies and practices adopted and implemented by THE CITY OF NEW YORK.


## JURY DEMAND

34.     Plaintiffs demand a jury trial on each and every one of their claims.


## FIRST CAUSE OF ACTION:
## VIOLATION OF UNITED STATES AND NEW YORK CONSTITUTIONS ARISING FROM PLAINTIFFS' ARREST

35. The arrest of plaintiffs violated their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 8 and Article I, Section 12 of the New York State Constitution.

36.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, and were otherwise damaged and injured.

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNITED STATES AND NEW YORK CONSTITUTIONS ARISING FROM PLAINTIFFS' DETENTION

37.    The detention of plaintiffs violated their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Section 8 and Article I, Section 12 of the New York State Constitution.

38.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## THIRD CAUSE OF ACTION:
## FALSE ARREST AND FALSE IMPRISONMENT

39.    Defendants falsely arrested and imprisoned plaintiffs, or caused them to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, plaintiffs request the following relief jointly and severally against all of the defendants:

a. Compensatory damages to all plaintiffs;

b. Punitive damages to all plaintiffs;

c. Pre- and post-judgment costs, interest and attorney's fees;

d. Such other and further relief as this court may deem just and proper.

Respectfully submitted,

NORMAN FREDERICK BEST (NB 1968)
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 671-0122

ALAN LEVINE (AL 5297)
99 Hudson Street, 14th Floor
New York, New York 10013
(212) 739-7506

MICHAEL L. SPIEGEL (MS 0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-4271

MARTIN R. STOLAR (MS 1576)
351 Broadway
New York, New York 10013
(212) 219-1919

Counsel for Plaintiffs

By:  _M. Spiegel_
    Michael L. Spiegel (MS 0856)

Dated:  September 29, 2005
        New York, New York

# EXHIBIT B
**For September 12, 2006 letter**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

TARASIK ABDELL, et al.,                              )
                                                     )
                              Plaintiffs,            )
                                                     )
           -against-                                 )        **05 CV 8453 (KMK) (JCF)**
                                                     )
THE CITY OF NEW YORK, et al.,                        )
                                                     )
                              Defendants.            )

-------------------------------------------------------------X

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern and Eastern Districts of New York, plaintiff David Barrows responds and objects to Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff herein as follows:

### GENERAL OBJECTIONS

1.       By responding to any request or by producing any document, plaintiff does not waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action.

2.       Plaintiff objects to Defendants' First Set of Interrogatories and Request for Production of Documents to plaintiff to the extent that they demand documents and/or information which are protected by the attorney-client privilege, work-product privilege, First Amendment privilege, or any other applicable privilege or immunity. Privileged documents will not be produced.

3.       Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a

Objection and Response to Interrogatory 4.

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and is obtainable by a less burdensome means. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiff is continuing to evaluate the computation of damages.

Interrogatory 5.     Identify all injuries claimed by Plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to Plaintiff, including the provider's name, address and dates of treatment. If no treatment was provided for any claimed injury, so state.

Objection and Response to Interrogatory 5.

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiff sustained no physical or psychological injuries as a result of the incident, but plaintiff did experience physical discomfort, including but not limited to intense pain in his eyes, and emotional distress, for which he received no treatment.

Interrogatory 6.     Identify all economic injuries claimed by Plaintiff as a result of the Incident including, but not limited to, expenditures for medical, psychiatric, or psychological

treatment; lost income; property damages; and attorneys fees. Identify the specific amounts claimed. If no economic injury or damage is claimed, so state.

<u>Objection and Response to Interrogatory 6.</u>

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiff claims no economic injury or damage.

<u>Interrogatory 7.</u>    Identify all of Plaintiff's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

<u>Objection and Response to Interrogatory 7.</u>

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

<u>Interrogatory 8.</u>    Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years. Include the name, address, and telephone number of the provider, the condition(s) for which Plaintiff was treated by that provider, and the date(s) of treatment.

<u>Objection and Response to Interrogatory 8.</u>

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, would cause embarrassment, annoyance and an invasion of ' privacy, is obtainable by a less burdensome means, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiff has not received any medical treatment for any injury resulting from the Incident, and with regard to whether or not plaintiff has received mental health treatment during the last ten years, plaintiff is awaiting the conclusion of litigation on that issue and will respond, if necessary, upon the conclusion of said litigation.

<u>Interrogatory 9.</u>    Identify all pharmacies or other providers of prescription drugs who provided prescription drugs for the benefit of Plaintiff at any time in the past ten (10) years, identifying the name, address and telephone number of the provider, the dates when such drugs were provided to Plaintiff, and the condition(s) for which they were provided.

<u>Objection and Response to Interrogatory 9.</u>

Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

<u>Interrogatory 10.</u>    State whether Plaintiff applied for worker's compensation within the past ten (10) years, and, if so, identify each employer who provided the worker's compensation to Plaintiff.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TARASIK ABDELL, et al.,                          )
                                                 )
                          Plaintiffs,            )
                                                 )
        -against-                                )        05 CV 8453 (KMK) (JCF)
                                                 )
THE CITY OF NEW YORK, et al.,                    )
                                                 )
                          Defendants.           )

------------------------------------------------------------X

**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil

Rules for the Southern and Eastern Districts of New York, plaintiffs Michael Becker, Diane Beeny,

John Behling, Benjamin Bernard, Kathleen Burick, Jeffery Cohen, James Flynn, Edward Gibbons,

John Theodore Glick, Oren Goldenberg, David Gordon, Katharine Krassan, Jay Marx, John M.

Miller, Zachary Miller, Michael Palmer, Christine Pardew, Bruce Renwick, Raymond Robinson,

John Trinkl, James Williamson, Teran Wilson, James White and Raissa Wu (collectively,

"plaintiffs") respond and object to Defendants' First Set of Interrogatories and Request for

Production of Documents to Plaintiffs herein as follows:

<u>**GENERAL OBJECTIONS**</u>

1.      By responding to any request or by producing any document, plaintiffs do not waive

any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence

in any subsequent proceeding, including the trial of this or any other action.

2.      Plaintiffs object to Defendants' First Set of Interrogatories and Request for Production

of Documents to plaintiffs to the extent that they demand documents and/or information which are

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 4.    Provide a computation of each category of damages claimed by Plaintiff identifying the specific amount(s) claimed for each category.

Objection and Response to Interrogatory 4.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and is obtainable by a less burdensome means. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs are continuing to evaluate the computation of damages.

Interrogatory 5.    Identify all injuries claimed by Plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to Plaintiff, including the provider's name, address and dates of treatment. If no treatment was provided for any claimed injury, so state.

Objection and Response to Interrogatory 5.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs sustained no physical or

4

psychological injuries as a result of the incident, but plaintiffs did experience physical discomfort and emotional distress, for which they received no treatment; plaintiff Michael Becker suffered injuries to his wrists, for which he received no treatment; plaintiff Jeffery Cohen lost feeling in his hand for almost ten months and experienced psychological injury, for which he received no treatment; plaintiff Diane Beeny developed two sores, one on her face and one on her leg, for which she received no treatment; plaintiff Raissa Wu experienced abdomen and back tenderness and a rash and inflamation, for which she received no treatment, and plaintiff Raissa Wu developed a urinary tract infection, for which she received treatment; plaintiff Raymond Robinson sustained psychological injury, for which he received treatment; and plaintiff Zachary Miller's sustained an injury to his leg for which he received treatment by a volunteer medic outside 100 Centre Street immediately upon his release.

Interrogatory 6.        Identify all economic injuries claimed by Plaintiff as a result of the Incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damages; and attorneys fees. Identify the specific amounts claimed. If no economic injury or damage is claimed, so state.

Objection and Response to Interrogatory 6.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs claim no economic injury or damage; except plaintiff Katharine Krassan spent about $50 on gas and parking to come to New

5

York City for a criminal court appearance; plaintiff Michael Palmer spent $223.20 on a plane ticket to return to New York for a court date and to retrieve his property, see an American Express statement Bates No. 372; and plaintiffs Raymond Robinson and Teran Wilson are continuing to evaluate their economic injuries.

Interrogatory 7.        Identify all of Plaintiffs' employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

Objection and Response to Interrogatory 7.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 8.        Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years. Include the name, address, and telephone number of the provider, the condition(s) for which Plaintiff was treated by that provider, and the date(s) of treatment.

Objection and Response to Interrogatory 8.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, would cause embarrassment, annoyance and an invasion of plaintiffs' privacy, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond

the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs have not received any medical treatment for any injury resulting from the Incident, except as to plaintiffs Zachary Miller and Raissa Wu, see Objection and Response to Interrogatory 5; plaintiffs have not been treated by a mental health provider during the last ten years; except plaintiff Raymond Robinson received treatment for a psychological injury that resulted from the Incident; and plaintiff Benjamin Bernard states that he has been treated by a mental health provider within the last ten years and that he declines to provide the defendants with releases for the records pertaining to such treatment.

Interrogatory 9.        Identify all pharmacies or other providers of prescription drugs who provided prescription drugs for the benefit of Plaintiff at any time in the past ten (10) years, identifying the name, address and telephone number of the provider, the dates when such drugs were provided to Plaintiff, and the condition(s) for which they were provided.

Objection and Response to Interrogatory 9.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 10.        State whether Plaintiff applied for worker's compensation within the past ten (10) years, and, if so, identify each employer who provided the worker's compensation to Plaintiff.

Objection and Response to Interrogatory 10.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TARASIK ABDELL, et al.,                          )
                                                 )
                          Plaintiffs,            )
                                                 )
       -against-                                 )        05 CV 8453 (KMK) (JCF)
                                                 )
THE CITY OF NEW YORK, et al.,                    )
                                                 )
                          Defendants.            )
------------------------------------------------------------X

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern and Eastern Districts of New York, plaintiffs Joan Cavanagh, Colleen Cook, Jason Dorais, Calla Evans, Stephen Gamboa, Charles Goldberg, Barrett Gross, Kathleen Hernandez, Edward Hotchkiss, Janet Howe, Pepper Judd, Joshua Knapp, Andrew Laken, Tessa LaLonde, Jared Lanctot, Ryan McGee, Mark Nechay, Katherine Poe, Deborah Riverbend, Ronald E. Rosenberg, Frank Sanchez III, and Zachary Vreeland (collectively, "plaintiffs") respond and object to Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiffs herein as follows:

### GENERAL OBJECTIONS

1.      By responding to any request or by producing any document, plaintiffs do not waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action.

2.      Plaintiffs object to Defendants' First Set of Interrogatories and Request for Production of Documents to plaintiffs to the extent that they demand documents and/or information which are

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 4.        Provide a computation of each category of damages claimed by Plaintiff identifying the specific amount(s) claimed for each category.

Objection and Response to Interrogatory 4.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and is obtainable by a less burdensome means. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs are continuing to evaluate the computation of damages.

Interrogatory 5.        Identify all injuries claimed by Plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to Plaintiff, including the provider's name, address and dates of treatment. If no treatment was provided for any claimed injury, so state.

Objection and Response to Interrogatory 5.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs sustained no physical or

4

psychological injuries as a result of the incident, but plaintiffs did experience physical discomfort and emotional distress, for with they received no treatment; except plaintiff Janet Howe developed a cough which lasted for several weeks, experienced a burning sensation on the skin of her face, and sustained soreness to her wrists, for which she did not receive treatment; plaintiff Colleen Cook developed a rash while incarcerated, for which she was treated by a doctor in jail and a medic outside of jail, and plaintiff Colleen Cook experienced pain in her eyes while incarcerated as well as burning and sensitivity in her lungs after her release, for which she did not receive treatment; plaintiff Charles Goldberg developed a rash, for which he did not receive treatment; plaintiff Ryan McGee sustained injuries to her eyes and skin, for which she was treated by medical personnel; and plaintiff Kathleen Hernandez experienced pain in her shoulder and respiratory problems, for which she did not receive treatment.

Interrogatory 6.    Identify all economic injuries claimed by Plaintiff as a result of the Incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damages; and attorneys fees. Identify the specific amounts claimed. If no economic injury or damage is claimed, so state.

Objection and Response to Interrogatory 6.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs claim no economic injury or damage; except plaintiff Barrett Gross lost sunglasses worth $145 and the use of baseball tickets

worth $160; plaintiff Joshua Knapp's clothing, which he estimates to have been worth about $65, was ruined, and plaintiff Joshua Knapp spent about $25 to cancel a flight to New York City that he booked for a criminal court date before learning that the case had been dismissed, see document Bates No. 412; plaintiff Jared Lanctot estimates that he spent about $150 on transportation to and within New York City for a criminal court date; and plaintiff Kathleen Hernandez estimates that she spent about $400 on transportation to and within New York City for a criminal court date.

Interrogatory 7.    Identify all of Plaintiffs' employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

Objection and Response to Interrogatory 7.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 8.    Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years.  Include the name, address, and telephone number of the provider, the condition(s) for which Plaintiff was treated by that provider, and the date(s) of treatment.

Objection and Response to Interrogatory 8.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, would cause embarrassment, annoyance and an invasion of plaintiffs'

6

privacy, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs have not received any medical treatment for any injury resulting from the Incident, except as to plaintiffs Colleen Cook and Ryan McGee, see Objection and Response to Interrogatory 5; with regard to whether or not plaintiffs have received mental health treatment during the last ten years, plaintiffs Joan Cavanagh, Jason Dorais, Stephen Gamboa, Charles Goldberg, Edward Hotchkiss, Janet Howe, Joshua Knapp, Jared Lanctot, Ronald Rosenberg and Frank Sanchez III have not received such treatment and plaintiffs Colleen Cook, Barrett Gross, Kathleen Hernandez, Calla Evans, Pepper Judd, Andrew Laken, Tessa LaLonde, Ryan McGee, Mark Nechay, Katherine Poe, and Zachary Vreeland are awaiting the conclusion of litigation on that issue and will respond, if necessary, upon the conclusion of said litigation.

Interrogatory 9.        Identify all pharmacies or other providers of prescription drugs who provided prescription drugs for the benefit of Plaintiff at any time in the past ten (10) years, identifying the name, address and telephone number of the provider, the dates when such drugs were provided to Plaintiff, and the condition(s) for which they were provided.

Objection and Response to Interrogatory 9.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TARASIK ABDELL, et al.,                          )
                                                 )
                        Plaintiffs,              )
                                                 )
        -against-                                )          **05 CV 8453 (KMK) (JCF)**
                                                 )
THE CITY OF NEW YORK, et al.,                    )
                                                 )
                        Defendants.              )
-----------------------------------------------------------X

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern and Eastern Districts of New York, plaintiffs Matthew Dietzen, Jennifer Janney, Benjamin Hunt, John Larson, Shannon Petrello and Mora Mi-Ok Stephens (collectively, "plaintiffs") respond and object to Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiffs, and plaintiffs Susan D'Ornellas, Dwight Jenkins, Jared Lanctot and Jeff Paterson supplement their responses to Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiffs, herein as follows:

### **GENERAL OBJECTIONS**

1.      By responding to any request or by producing any document, plaintiffs do not waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action.

2.      Plaintiffs object to Defendants' First Set of Interrogatories and Request for Production of Documents to plaintiffs to the extent that they demand documents and/or information which are protected by the attorney-client privilege, work-product privilege, First Amendment privilege, or any

defendants' knowledge, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 4.        Provide a computation of each category of damages claimed by Plaintiff identifying the specific amount(s) claimed for each category.

Objection and Response to Interrogatory 4.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and is obtainable by a less burdensome means. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs are continuing to evaluate the computation of damages.

Interrogatory 5.        Identify all injuries claimed by Plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any.  For each such treatment received, identify the provider who rendered the treatment to Plaintiff, including the provider's name, address and dates of treatment.  If no treatment was provided for any claimed injury, so state.

Objection and Response to Interrogatory 5.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs sustained no physical or psychological injuries as a result of the incident, but plaintiffs did experience physical discomfort and emotional distress, for with they received no treatment; except plaintiff Mora Mi-Ok Stephens

4

developed severe headaches and minor abrasions on her wrists for which she received treatment

while she was detained, a urinary tract infection for which she received treatment, and a hacking

cough that lasted over six months, for which she did not receive treatment.

    <u>Interrogatory 6.</u>        Identify all economic injuries claimed by Plaintiff as a result of the

Incident including, but not limited to, expenditures for medical, psychiatric, or psychological

treatment; lost income; property damages; and attorneys fees. Identify the specific amounts claimed.

If no economic injury or damage is claimed, so state.

<u>Objection and Response to Interrogatory 6.</u>

    Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad,

assumes facts not established, is obtainable by a less burdensome means, is information within

defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible

evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in

any way limiting these objections or the general objections, plaintiffs claim no economic injury or

damage, except plaintiff Jennifer Janney's camera battery was broken and cost about $150 to replace,

and plaintiff Jennifer Janney spent $121.70 on a plane ticket to come to New York City for her

criminal case, see document Bates No. 477, and about $150 to stay in a hotel during that visit;

plaintiff Mora Mi-Ok Stephens spent about $867.46 on medical treatment from St. Luke's-Roosevelt

Hospital, see documents Bates No. 471 to 473; plaintiff Mora Mi-Ok Stephens spent $4,520.64 to

buy a video camera to replace one that was taken and held by the police, see document Bates Nos.

474 to 476; and plaintiff Shannon Petrello estimates that she incurred about $100 in expenses

because she stayed in New York City longer than expected and had to split paying for gas on the

drive home with one other person instead of four other people, about $200 to $250 for a plane ticket

to New York City for a criminal court date, and about $80 to $100 in other transportation expenses related to her criminal court date.

Interrogatory 7.    Identify all of Plaintiffs' employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

Objection and Response to Interrogatory 7.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 8.    Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years. Include the name, address, and telephone number of the provider, the condition(s) for which Plaintiff was treated by that provider, and the date(s) of treatment.

Objection and Response to Interrogatory 8.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, would cause embarrassment, annoyance and an invasion of plaintiffs' privacy, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs have not received any medical treatment for any injury

6

resulting from the Incident, except as to plaintiff Mora Mi-Ok Stephens, see Objection and Response to Interrogatory 5; with regard to whether or not plaintiffs have received mental health treatment during the last ten years, plaintiffs John Larson and Mora Mi-Ok Stephens have not received such treatment and plaintiffs Matthew Dietzen, Jennifer Janney, Benjamin Hunt and Shannon Petrello are awaiting the conclusion of litigation on that issue and will respond, if necessary, upon the conclusion of said litigation.

Interrogatory 9.        Identify all pharmacies or other providers of prescription drugs who provided prescription drugs for the benefit of Plaintiff at any time in the past ten (10) years, identifying the name, address and telephone number of the provider, the dates when such drugs were provided to Plaintiff, and the condition(s) for which they were provided.

Objection and Response to Interrogatory 9.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 10.        State whether Plaintiff applied for worker's compensation within the past ten (10) years, and, if so, identify each employer who provided the worker's compensation to Plaintiff.

Objection and Response to Interrogatory 10.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TARASIK ABDELL, et al.,                                    )
                                                            )
                          Plaintiffs,                       )
                                                            )
          -against-                                         )          05 CV 8453 (KMK) (JCF)
                                                            )
THE CITY OF NEW YORK, et al.,                               )
                                                            )
                          Defendants.                       )

------------------------------------------------------------X

### PLAINTiFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, and the Local Civil

Rules for the Southern and Eastern Districts of New York, plaintiffs Arun Bhalla, Marc F. Church,

William Conwell, Susan D'Ornellas, Alexander Holley Drummond, Adam Feinstein, Tobiah Gaster,

Richard Hardie, Thomas Ivors, Dwight Jenkins, Michael Joseph, Sarah Kanouse, Jay Kantor,

Matthew Kocek, Jonothan Logan, Marielle Lovecchio, Barbara Ann Meisinger, Tristan Migliore,

Daniel O'Reilly-Rowe, Daniel Parrott, Lambert Rochfort, Steven Scofield, Robert J. Siegel, Andrew

St. Laurent, Theresa Swink, Sarah Tepsic, Ann Trudell, Christy Ann Turner, Frantz Walker, Jennifer

Wong, and Matthew Wright (collectively, "plaintiffs") respond and object to Defendants' First Set

of Interrogatories and Request for Production of Documents to Plaintiffs herein as follows:

### GENERAL OBJECTIONS

1.      By responding to any request or by producing any document, plaintiffs do not waive

any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence

in any subsequent proceeding, including the trial of this or any other action.

2.      Plaintiffs object to Defendants' First Set of Interrogatories and Request for Production

Objection and Response to Interrogatory 3.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 4.    Provide a computation of each category of damages claimed by Plaintiff identifying the specific amount(s) claimed for each category.

Objection and Response to Interrogatory 4.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, and is obtainable by a less burdensome means. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs are continuing to evaluate the computation of damages.

Interrogatory 5.    Identify all injuries claimed by Plaintiff as a result of the Incident and the medical, psychiatric, psychological, and other treatment provided, if any. For each such treatment received, identify the provider who rendered the treatment to Plaintiff, including the provider's name, address and dates of treatment. If no treatment was provided for any claimed injury, so state.

Objection and Response to Interrogatory 5.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in

any way limiting these objections or the general objections, plaintiffs sustained no physical or psychological injuries as a result of the incident, but plaintiffs did experience physical discomfort and emotional distress, for which they received no treatment; except plaintiff Susan D'Ornellas sustained physical injury to her wrists and arms for which she received treatment, see photographs Bates Nos. 159 to 161, as well as psychological injuries for which she received treatment; plaintiff Jay Kantor experienced withdrawal symptoms from not taking a medication that was to be taken every four hours for which he received no treatment; plaintiff Marielle Lovecchio developed a rash on her back, for which she received treatment; plaintiff Ann Trudell sustained psychological injuries for which she received no treatment; plaintiff James Wilson experienced respiratory problems and psychological injuries, for which he received treatment; and plaintiff Michael Joseph sustained wrist injuries for which he received treatment.

Interrogatory 6.    Identify all economic injuries claimed by Plaintiff as a result of the Incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damages; and attorneys fees. Identify the specific amounts claimed. If no economic injury or damage is claimed, so state.

Objection and Response to Interrogatory 6.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs claim no economic injury or damage; except plaintiff William Conwell paid someone $40 to have his camera retrieved from the

NYPD, see email messages Bates Nos. 299 to 300; plaintiff Tobiah Gaster missed his ride back to Chicago and purchased a plane ticket to Chicago which he estimates to have cost about $200; plaintiff Sarah Kanouse, who had planned to drive home from New York in a full day, began the drive in the evening after her release and estimates that she spent $15 to stay in a hotel room that night; plaintiff Jay Kantor lost a digital camera, which he estimates to be worth about $90, see Bates Nos. 289 to 290; plaintiff Jonothan Logan spent about $50 on train tickets to get to and from New York City in order to recover property that was taken from him at the time of his arrest; plaintiff Matthew Kocek lost his umbrella, which he estimates to be worth about $10; and plaintiff Ann Trudell spent about $30 to $35 on tolls, parking and gas to return to New York City to retrieve her belongings from police custody.

Interrogatory 7.    Identify all of Plaintiffs' employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.

Objection and Response to Interrogatory 7.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 8.    Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years. Include the name, address, and

telephone number of the provider, the condition(s) for which Plaintiff was treated by that provider, and the date(s) of treatment.

Objection and Response to Interrogatory 8.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, would cause embarrassment, annoyance and an invasion of plaintiffs' privacy, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3. Notwithstanding and without waiving or in any way limiting these objections or the general objections, plaintiffs have not received any medical treatment for any injury resulting from the Incident, except as to plaintiffs Susan D'Ornellas, Michael Joseph, Marielle Lovecchio and James Wilson, see Objection and Response to Interrogatory 5; with regard to whether or not plaintiffs have received mental health treatment during the last ten years, plaintiffs Arun Bhalla, Marc F. Church, William Conwell, Tobiah Gaster, Richard Hardie, Thomas Ivors, Dwight Jenkins, Matthew Kocek, Marielle Lovecchio, Daniel Parrott, Lambert Rochfort, Andrew St. Laurent, Theresa Swink, Frantz Walker, Jennifer Wong and Matthew Wright have not received such treatment and plaintiffs Alexander Holley Drummond, Adam Feinstein, Sarah Kanouse, Jay Kantor, Jonothan Logan, Barbara Ann Meisinger, Migliore, Daniel O'Reilly-Rowe, Steven Scofield, Sarah Tepsic and Ann Trudell are awaiting the conclusion of litigation on that issue and will respond, if necessary, upon the conclusion of said litigation; plaintiffs Michael Joseph, Robert J. Siegel and Christy Ann Turner state that they have been treated by a mental health provider within the last ten years and that they decline to provide the defendants with releases for the records pertaining to such treatment;

7

plaintiffs Susan D'Ornellas and James Wilson have been treated by a mental health provider during the last ten years and will provide a release for the records from such treatment.

Interrogatory 9.    Identify all pharmacies or other providers of prescription drugs who provided prescription drugs for the benefit of Plaintiff at any time in the past ten (10) years, identifying the name, address and telephone number of the provider, the dates when such drugs were provided to Plaintiff, and the condition(s) for which they were provided.

Objection and Response to Interrogatory 9.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 10.    State whether Plaintiff applied for worker's compensation within the past ten (10) years, and, if so, identify each employer who provided the worker's compensation to Plaintiff.

Objection and Response to Interrogatory 10.

Plaintiffs object to this interrogatory on the grounds that it is vague, ambiguous, overbroad, assumes facts not established, is obtainable by a less burdensome means, is information within defendants' knowledge, is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of Local Rule 33.3.

Interrogatory 11.    State whether Plaintiff applied for Social Security disability benefits with the past ten (10) years, and if so, identify each state, city, or other jurisdiction that provided social security disability benefits to Plaintiff.