# EXHIBIT B

**To Plaintiff's Objections**

Law Office of
## ALAN LEVINE

99 Hudson Street, 14th Floor
New York, New York 10013

Tel: (212) 739-7506
Fax: (212) 431-4276

October 23, 2006

**BY TELEFAX**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

Re:   Abdell, *et al.* v. City of New York, *et al.*
      05 Civ. 8453 (KMK)(JCF)

Dear Judge Francis:

I write in response to the September 12, 2006 letter from Assistant Corporation Counsel Jeffrey Dougherty requesting an order compelling certain named plaintiffs to identify all treatment providers for the past ten years in connection with their damage claims for emotional distress. Defendants also seek releases from every named provider.

I advised the court in a letter dated March 27, 2006 that four plaintiffs, Christy Turner, Benjamin Bernard, Michael Joseph, and Robert J. Siegel, would not produce such records, even if the consequence were the dismissal of their claims for emotional distress. None of the four sought treatment in connection with their arrests during the RNC and so any treatment records they might have are wholly unrelated to the events at issue here. Given that (1) these plaintiffs do not intend to offer evidence on this issue through a treating psychotherapist or expert, (2) the emotional distress they experienced could not be characterized as a diagnosable psychological injury or mental condition, and (3) their emotional distress was limited to the time of their arrest and detention and a brief period thereafter, we believe that they should not be compelled to produce these records. We recognize, however, that this Court has ruled in other RNC cases that such records must be produced, even under the circumstances applicable to these four plaintiffs, and that Judge Karas has upheld those rulings. Nevertheless, we ask that the Court consider the issue anew in this case.

In our view, under the reasoning of the Second Circuit in *Kerman v. The City of New York*, 374 F.3d 93 (2d Cir. 2004), a case that we believe has not previously been cited to Your Honor in the RNC cases, a plaintiff need not produce treatment records in the circumstances present here. *Kerman* held that, upon proof of a false imprisonment, a plaintiff was entitled to

general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." *ibid.* at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" *Ibid.* at 125, quoting McCormick, *supra*, § 107 at 376. What that means is that in every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not.*

Under the logic of defendants' position, the mere allegation of *any* emotional distress deriving from a plaintiff's false imprisonment – whether or not the distress is the ordinary, time-limited mental suffering that would predictably accompany a period of unlawful confinement, and whether or not the plaintiff intends to rely on her own, or any other, psychotherapist in support of her allegation – waives the patient-psychotherapist privilege. But that result is plainly inconsistent with the holding in *Kerman.* If, under *Kerman,* a plaintiff need not plead the ordinary emotional distress that accompanies a false arrest and imprisonment in order to recover for it, then it surely cannot be that she waives the privilege by choosing to recite in the complaint that she suffered that distress.[1]

Because the four named plaintiffs believe that the decision in *Kerman* requires a holding that their refusal to produce the requested provider names and treatment records does not waive the psychotherapist-patient privilege, we urge that the Court deny defendants' request for their treatment providers' names and their treatment records.

The other plaintiffs listed in Mr. Dougherty's letter have also expressed a reluctance to produce the requested names records.[2] While they have not said what they would do if they were

---

[1]In his recent decision in *Greenberg v. Smolka*, 03 Civ. 8572 (RWS) (MHD) (April 25, 2006), Magistrate Judge Dolinger adopted the logic of *Kerman* – without citing to the opinion itself – in holding that treatment records need not be produced in circumstances such as those present here. In *Greenberg* – a suit arising out of alleged police misconduct – the plaintiff alleged the kind of ordinary, time-limited emotional distress "that any healthy person might feel as a result of" such police behavior. *Ibid.* at 20. As with the plaintiffs here,

> she suffered only the sort of distress that could reasonably be attributable to the incident, and she disclaims any more aggravated harm. . . . She . . . indicates that the distress lasted only a matter of weeks and did not lead to the creation or aggravation of any psychological dysfunction or illness. . . . She also commits not to calling her therapist or any other mental health experts as witnesses at trial.

*Ibid.* at 20. Under those circumstances, the plaintiff had not waived the psychotherapist-patient privilege and was not required to produce her treatment records.

[2]Plaintiff Shannon Petrello is the exception; she has provided a release for her mental health records and will provide the requested responses to relevant interrogatories.

faced with the dismissal of their emotional distress claims, we ask that a ruling on the defendants' request concerning the treatment records of these plaintiffs be held in abeyance pending resolution of the issues addressed in this letter. In that regard, defendants raise the need for these records in connection with depositions of the plaintiffs. None of the other 117 plaintiffs have yet been deposed. Those depositions can proceed in the meantime.

Yours sincerely,

Alan Levine

cc: Jeffrey Daugherty, Esq. (By Telefax)