# EXHIBIT C
## To Plaintiff's Objections



THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY FACSIMILE**

November 13, 2006

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

    Re:    <u>Abdell v. City of New York, et al.</u>, 05 CV 8453 (KMK) (JCF)

Dear Judge Francis:

    I write in reply to plaintiffs David Barrows, Benjamin Bernard, Colleen Cook, Matthew Dietzen, Calla Evans, Adam Feinstein, Barrett Gross, Kathleen Hernandez, Alexander Holley Drummond, Benjamin Hunt, Jennifer Janney, Michael Joseph, Pepper Judd, Sarah Kanouse, Jay Kantor, Andrew Laken, Tessa LaLonde, Jonothan Logan, Ryan McGee, Barbara Ann Meisinger, Tristan Migliore, Mark Nechay, Daniel O'Reilly-Rowe, Katherine Poe, Shannon Petrello[1], Steven Scofield, Robert J. Siegel, Sarah Tepsic, Ann Trudell, Christy Ann Turner and Zachary Vreeland (collectively "Plaintiffs") October 23, 2006 letter opposing defendants' September 12, 2006 application to compel discovery of their psychological history. Defendants respectfully request that the Court grant their application.

<u>Plaintiffs Must Provide Releases for Their Psychiatric Providers</u>

    Compelling Plaintiffs to execute releases is the only way defendants can obtain a complete and uncompromised picture of Plaintiffs' psychological histories, which is necessary so that Plaintiffs can be deposed concerning the emotional impact of sources of distress other than their arrests. This information, which goes directly to the legal issues of causation and damages,

---

[1]  As of the date of this reply, Plaintiff Shannon Petrello's discovery responses remain deficient because she has not formally supplemented her responses to interrogatories 7-9 or provided any additional responsive releases.

Hon. James C. Francis IV
November 13, 2006
Page 2 of 3

is central to this case and all of the RNC cases. This Court has repeatedly ruled that defendants are entitled to full disclosure of a plaintiff's psychological history when she alleges emotional injuries because she has waived the psychotherapist patient privilege. See e.g., Judge Karas' August 29, 2005 rulings in Macnamara, et al. v. City of N.Y., et al.; Your Honor's February 2, 2006 order in Hershey-Wilson v. City of N.Y.,et al., affirmed May 1, 2006; Your Honor's May 16, 2006 memorandum order in Jarick v. City of N.Y., et al. and Your Honor's October 23, 2006 order in Concepcion v. City of New York, 05-CV-8501[2] Accordingly, Plaintiffs should be compelled to execute authorizations for the release of their psychological records because Plaintiffs' have alleged they suffered emotional injuries as a result of their arrests and detentions and seek compensation for those injuries.

Plaintiffs' argument in their October 23, 2006 letter that Kerman v. City of New York 374 F.3d 93 (2d Cir. 2004) stands for the principle that there is an emotional injury component to all false arrest claims based on a loss of liberty claim actually *strengthens* defendants' position that discovery of plaintiffs' psychiatric histories is relevant and critical in preparing their defense of this action. That is, discovery of plaintiff's psychological history is also relevant to the separate allegation of loss of liberty. This principle has also been recognized by Magistrate Go of the Eastern District of New York in Anderson v. City of New York, 05-CV-4422 (ERK) (MDG) (April 28, 2006) (a copy of Magistrate Go's Memorandum Order is attached as Ex. 1).

---

[2] Judge Karas held that "to the extent you are going to ask a jury to award damages from the anxiety as a form of psychological trauma [resulting from an arrest and detention], potentially a very serious form of psychological trauma. . . that puts into play any sort of psychological history that would explain what it is that might cause [a plaintiff's] anxiety." See Transcript of Aug. 29, 2005 Judge Karas' discovery rulings in Macnamara, et al. v. City of N.Y., et al. Judge Karas added that "when you talk about general psychological damages, the history becomes relevant, and [the psychotherapist-patient privilege] is waived." See id. Judge Karas' and Your Honor's rulings are supported by a long line of authority in this district and the Second Circuit. See Jaffe v. Redmond, 518 U.S. 1, 15 n. 14 (1996) ("like other testimonial privileges, the patient may of course waive the protection [of the psychotherapist-patient privilege]"); n. 19 ("there are situations in which the [psychotherapist-patient] privilege must give way"); Oliphant v. Dept. of Trans., 05-CV-0618, 2006 WL 522126 *2 (2d Cir. Mar 3, 2006) (recognizing waiver of psychotherapist-patient privilege where plaintiff alleges emotional distress); Karl v. Asarco Inc., 98-CV-7535, 1998 U.S. App. LEXIS 32696, *4 (2d Cir Dec. 31, 1998) (affirming district court's order permitting discovery into [psychological] history because plaintiff waived his privilege by putting mental state into issue); Montgomery v. N.Y.S. Office of Mental Health, 00-CV-4189, 2002 U.S. Dist. LEXIS 5607, *1-4 (S.D.N.Y. Apr. 3, 2002) (claim for emotional distress waives psychotherapist-patient privilege); Murray v. Bd. of Edu., 199 F.R.D. 154-155 (S.D.N.Y. 2001) (emotional distress claim waived psychotherapist-patient privilege); McKenna v. Cruz, 98-CV-1853, 1998 U.S. Dist. LEXIS 18293, *6 (S.D.N.Y. Nov. 19, 1998) ("the majority of post-Jaffee cases hold that any claim for emotional or psychological injury waives the psychotherapist-patient privilege"); Sidor v. Reno, 95-CV-9588, 1998 U.S. Dist. LEXIS 4593, *2-3 (S.D.N.Y. Apr. 7, 1998) (finding waiver of psychotherapist-patient privilege based on *inter alia* plaintiff's seeking damages for emotional pain and suffering); Kerman v. City of N.Y., 96-CV-7865, 1997 U.S. Dist. 16841, *9, 11 (S.D.N.Y. Oct. 24, 1997) (finding waiver of psychotherapist-patient privilege by allegations of continued emotional damages).

Hon. James C. Francis IV
November 13, 2006
Page 3 of 3

Moreover, the issues before the Second Circuit in <u>Kerman</u> were neither the scope of discovery nor the waiver of the psychotherapist-patient privilege.[3]

Additionally, because Plaintiffs have separately and distinctly pled "emotional distress," "psychological injury," and "great humiliation" in every cause of action in their Amended Complaint and in their interrogatory responses this discovery is clearly necessary and relevant. See selections of Plaintiffs' Amended Complaint attached as Ex. A to defendants' September 12, 2006 Letter Application; see also Plaintiffs' responses to Interrogatory No. 5 attached as Ex. B to defendants' September 12, 2006 Letter Application. Tellingly, Plaintiffs' opposition letter completely fails to address this crucial fact and instead attempts to divert the Court's attention from these unmistakable claims for emotional distress by reference to a logically inconsistent argument based on <u>Kerman</u>. Because Plaintiffs' pleadings and interrogatory responses unequivocally amount to allegations of emotional distress they must be compelled to provide defendants with relevant discovery regarding their psychological history.

The other case Plaintiffs cite in their opposition papers is equally unpersuasive and is not binding authority on this Court. Plaintiffs' reliance on Magistrate Judge Dolinger's decision in <u>Greenberg v. Smolka</u>, 03-CV-8572 (RWS) (MHD) (S.D.N.Y. April 25, 2006) is displaced because that decision is not controlling, is not persuasive, relies heavily on authorities from outside the Southern District, and is contrary to prior authority from this district as well as other New York district courts. Notably, this Court has continually rejected other plaintiffs' reliance on <u>Greenberg</u>. <u>See e.g.</u>, <u>Hershey-Wilson</u> and <u>Concepcion</u>.

In conclusion, defendants respectfully request that Plaintiffs be compelled to: (1) fully respond to Interrogatories Nos. 7-9 by identifying all providers that have rendered them counseling, therapy, psychological treatment or psychiatric treatment within the past 10 years; (2) provide defendants with properly executed releases for all providers identified; and (3) provide defendants with properly executed releases for all pharmacies or providers of prescription drugs that Plaintiffs have used in connection with treating any emotional or psychological issues within the past 10 years.

Very truly yours,

Jeffrey A. Dougherty

cc:   Michael L. Spiegel, Esq. (by Facsimile)
      Alan Levine, Esq. (by Facsimile)

---

[3] Notably, defendants have repeatedly cited the district court's decision in <u>Kerman</u>, which supports defendants' argument here. See <u>Kerman v. City of N.Y.</u>, 96-CV-7865, 1997 U.S Dist. 16841, *9, 11 (S.D.N.Y. Oct. 24, 1997) (finding waiver of psychotherapist-patient privilege by allegations of continued emotional damages).

3

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

LISA ANDERSON,

               Plaintiff,

            - against -

CITY OF NEW YORK, et al.,

               Defendants.

- - - - - - - - - - - - - - - - -X

ORDER

CV 2005-4422 (ERK)(MDG)

    By letter dated April 12, 2006 (ct doc. 13), defendants move to compel releases for plaintiff's medical records. As discussed on the record at a hearing on April 27, 2006, this Court finds that plaintiff has placed her mental condition at issue in this litigation and consequently has waived her right to prevent the disclosure of her mental health records. See Manessis v. New York City Dep't of Transp., No. 02 CIV. 359, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002). Although plaintiff has withdrawn her claim for emotional damages, plaintiff can nonetheless provide evidence of her emotional distress through her testimony regarding her claims for damages for loss of liberty and for humiliation resulting from a strip search. Thus, she has opened the door to discovery regarding her mental and emotional state. See Cuoco v. U.S. Bureau of Prisons, 98 Civ. 9009, 2003 WL 1618530, at *3 (S.D.N.Y. March 27, 2003) (permitting discovery to ascertain whether plaintiff's distress was caused by other

circumstances because plaintiff can testify about her emotional injuries without a psychotherapist); Montgomery v. New York State Office of Mental Health, No. 00 Civ. 4189, 2002 WL 500357, at *2 (S.D.N.Y. April 3, 2002) (noting that even if plaintiff did not seek damages for emotional distress, "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration").

Further, although the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), 42 U.S.C. §§ 1320 et seq., and the regulations promulgated thereunder require health care providers to protect the confidentiality of patient records, the regulations expressly provide that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order..." 45 C.F.R. § 164.512(e)(1). Thus, this Court may order disclosure of such records. See National Abortion Federation v. Ashcroft, No. 03 Civ. 87695 (RCC), 2004 WL 555701, at *2-*3 (S.D.N.Y. March 19, 2004) (discussing statutory and regulatory framework); Bayne v. Provost, 359 F. Supp. 2d 234, 237 (N.D.N.Y. 2005) (discussing 45 C.F.R. § 164.512).

## CONCLUSION

Defendants' motion to compel the production of plaintiff's psychiatric, psychological, counseling and mental health records, in addition to social security disability and Medicaid/Medicare records, is granted. Plaintiff, all mental health care providers, and holders of the aforesaid records for the period from January 1, 2000 to the present must promptly provide to defendant all records concerning plaintiff for that time period.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 28, 2006

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE