UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JULIA R. COHEN,
KYLA HANNAH HERSHEY-WILSON,
TARASIK ABDELL, et al.,

05 CV 6780 (KMK)(JCF)
05 CV 7026 (KMK)(JCF)
05 CV 8453 (KMK)(JCF)

**Plaintiffs,**

-versus-

THE CITY OF NEW YORK, et al.

**Defendants.**

------------------------------------------------------------x

## DECLARATION OF JAMES MIRRO

James Mirro, a member of the bar of this Court, submits this declaration under penalty of perjury.

1. I am a Special Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York. I represent the defendants in these actions. I submit this declaration in opposition to the appeals of the plaintiffs in these actions.

2. Plaintiffs have brought these actions pursuant to 42 U.S.C. §1983 alleging, *inter alia*, that they were falsely arrested and wrongfully detained around the time of the Republican National Convention in New York City in late August and early September 2004 (the "RNC"). Plaintiffs claim that, as a consequence of their arrests and detentions, they have suffered various injuries and damages.

3. Among the injuries and damages alleged by Plaintiffs are emotional distress, mental anguish, psychological trauma, fear, humiliation, embarrassment and anxiety (together "emotional distress"). (See Cohen Complaint at ¶ 54; Hershey-Wilson Complaint at ¶ 71; Abdell Complaint at ¶¶ 36, 38, 40; attached as Exhibits "A," "B" and "C" hereto).

4. Plaintiffs seek from defendants substantial money damages to compensate them for their alleged injuries and damages. Nevertheless, as set forth more fully below, each of these six Plaintiffs repeatedly has refused to produce the discovery necessary (mental health treatment information and releases for related medical records) for defendants to examine them and otherwise to defend themselves against these claims.

### Hershey-Wilson

5. In the case of Hershey-Wilson, despite Plaintiff's knowledge of the Court's prior ruling on the discovery of mental health information in the related RNC case of MacNamara, Plaintiff has steadfastly refused to cooperate in defendants' efforts to discover that

information. Plaintiff has, in fact, litigated and re-litigated this issue before Magistrate Francis and Your Honor for nearly a full year. The Court consistently has rejected Plaintiff's arguments. Nevertheless, Plaintiff has refused to comply with all of the orders issued by Your Honor and Magistrate Francis directing Plaintiff to produce the discovery.

6. On February 13, 2006, Magistrate Francis ordered plaintiff Hershey-Wilson "to [fully identify] all hospitals, doctors, psychiatrists, psychologists, social workers and other counselors who have treated her within the past 10 years for any mental, psychological or emotional issues; and to provide all medical and pharmaceutical releases for those providers." (See Order of February 13, 2006 attached as Exh. "D" ).

7. Plaintiff appealed that Order. On April 20, 2006, after a lengthy oral argument, Your Honor affirmed Magistrate Francis' Order on the record and issued a separate order directing Plaintiff to provide the discovery. (See Transcript of April 20, 2006 Hearing ("HW Transcript") and Order of April 20, 2006 attached as Exhs. "E" and "F" ).

8. Plaintiff then filed a motion for reconsideration with Your Honor under Local Rule 6.3 and sought certification to the Second Circuit. On September 20, 2006, Your Honor issued an opinion that denied both elements of that relief. (See Order of September 20, 2006 attached as Exh. "G").

9. In late August 2006, in a continuing effort to coax Plaintiff into compliance with her discovery obligations, defendants gave notice to Plaintiff's counsel that Plaintiff's failure to comply with the Court's orders could result in a motion by defendants to dismiss the case in its entirety. At counsel's insistence, defendants supplied Plaintiff with case law authorities from both the Southern and Eastern Districts of New York. (See Email of Jeffrey Mirro dated August 30, 2006 attached as Exh. "H").

10. Nevertheless, on October 9, 2006, plaintiff Hershey-Wilson advised Your Honor that she intended not to comply with the Court's discovery orders. In her counsel's words, "After reviewing the Court's September 20, 2006 Order and discussing such with the Plaintiff and the various options associated therewith, my client has indicated that she is not prepared to authorize the production of the records to anyone, including herself." (See Plaintiff's October 9, 2006 letter to Your Honor attached as Exh. "I").

11. In that letter, Plaintiff declared that she was "prepared to withdraw" her emotional distress claims "in lieu of" producing the records to defendants. Id. At the same time, however, Plaintiff informed the Court that she intended to preserve her appeal with respect to this issue. Id. This confusing sequence of declarations was compounded when plaintiff advised defendants that she still intended to offer evidence at trial of the emotional distress that she allegedly suffered as a consequence of her arrest and detention.

12. Thereafter, on October 30, 2006, defendants moved the Court for an order precluding Plaintiff "from testifying or arguing emotional distress damages at trial" for her failure to comply with the Court's orders and for her failure to cooperate in discovery. (See Defendants' Letter of October 30, 2006 to Magistrate Francis attached as Exh. "J").

13.  In her response to Magistrate Francis of October 31, 2006, plaintiff demanded that "the only appropriate sanction is the dismissal of the [emotional distress] claims," upon which Plaintiff insisted "without qualification or expansion." (See Plaintiffs' Letter of October 31, 2006 to Magistrate Francis (at ¶ 2) attached as Exh. "K").

14.  She added that "to the extent that there is an issue about evidence to be presented at trial – that is, what the Plaintiff and her counsel can present and argue during the trial – such is better left to the trial Judge." Id.

15.  On November 13, 2006, at Plaintiff's request, Magistrate Francis dismissed Plaintiff's claims of mental and emotional injury pursuant to Rule 37(b)(2). (See Order of November 13, 2006 attached as Exh. "L").

16.  At a conference with Magistrate Francis shortly before the Court issued that Order, Magistrate Francis advised the parties that the Court would not entertain defendants' motion for an order precluding evidence on the issue of Plaintiff's emotional distress because Magistrate Francis believed that to be the province of Your Honor. Plaintiff Hershey-Wilson now appeals the Court's Order of November 13, 2006.

### Cohen

17.  Before commencing the present action, plaintiff Cohen was one of 24 named plaintiffs in the related MacNamara "class" action. On or about May 20, 2005, defendants served plaintiffs in MacNamara, including plaintiff Cohen, with interrogatories and document requests including requests for the names of (and releases for) medical and mental health providers. On July 5, 2005, plaintiff Cohen's then-counsel stipulated that "plaintiffs' responses to the City's interrogatories and document requests . . . along with all executed releases, shall be served upon the City . . . no later than July 18, 2005." Your Honor "so ordered" that stipulation on July 19, 2005.

18.  Plaintiff Cohen, however, never responded to any of defendants' discovery requests in MacNamara. Instead, on July 25, 2005, shortly after defendants noticed her deposition, she voluntarily dismissed her claims in that action. On July 28, 2005, plaintiff Cohen filed and served her current complaint. Her current complaint alleges that she suffered "anxiety, humiliation, embarrassment, mental anguish, emotional distress, and psychological trauma, the valuation of which is substantial and includes, in terms of damages, both compensatory and punitive damages." (See Cohen Complaint ¶ 54 attached as Exh. "A").

19.  During her 50(h) hearing, she testified that she became "very depressed and upset and fearful." In response to an interrogatory served on October 28, 2005, Plaintiff repeated that she "suffered emotional and mental anguish" as a result of her arrest and detention. (See Response to Interrogatory #2 attached as Exh. "N").

20.  She added that "Because of her position as an attorney, such distress and anguish and anxiety, associated with her arrest, the preferral of charges, and the detention, was intensified." Id.

3

21.     In this second action, Plaintiff Cohen again has refused to cooperate in discovery. Despite knowledge of the Court's prior orders in the RNC cases (including Your Honor's order in MacNamara and the series of orders entered by the Court in her legal counsel's companion case of Hershey-Wilson), she has failed to produce a wide range of information in this case including appropriate interrogatory responses and releases for medical and pharmacy records. On March 23, 2006, defendants advised plaintiff in writing that her discovery responses were wholly inadequate and that proper responses would be required. (See Defendants' Letter of March 23, 2006 attached as Exh. "M").

22.     Among the information that she has refused to produce is her mental health information. In their interrogatories, defendants asked Plaintiff to identify "all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years." Plaintiff's response, in its entirety, was that "Plaintiff objects to the Discovery Request herein." (See Response to Interrogatory # 5 attached as Exh. "N").

23.     Plaintiff also refused to provide any releases for mental health treatment records. In her letter to Magistrate Francis of October 27, 2006, plaintiff declared flatly that she would refuse to comply with any order of the Court compelling production of her counseling records and, as Plaintiff Hershey-Wilson had done, Plaintiff Cohen assented to the dismissal of her emotional distress claims: "If the Court will insist on the production of the records or an authorization to defendants' counsel, I am authorized to inform the Court that the plaintiff will not comply with any such order thereby implicating sanction by dismissal of the emotional injury damage claims." See Exhibits to Plaintiff Cohen's Brief.

24.     In response, on November 6, 2006, defendants sought the dismissal of Plaintiff Cohen's complaint in its entirety for her extended and continued failure to cooperate in discovery. (See Defendants' Letter of November 6, 2006 attached as Exh. "O").

25.     Plaintiff's counsel expressed bewilderment at the range of defaults attributed to her client (as to which she and her counsel had been on notice for over seven months). (See Plaintiffs' Letter of November 7, 2006 attached to Plaintiff Cohen's Brief).

26.     At a subsequent conference, Judge Francis suggested to Plaintiff's counsel that Plaintiff submit her counseling records for an in camera review rather than suffer a dismissal. Plaintiff rejected that offer. On November 15 and 16, after Defendants learned that Plaintiff refused to produce the records even to Magistrate Francis for in camera review, Defendants again sought dismissal of Plaintiff's claims. (See Defendants' Letters of November 15-16, 2006 attached as Exhs. "P" and "Q").

27.     On November 17, 2006, Magistrate Francis dismissed Plaintiff Cohen's emotional distress claims. In support of his Order, Magistrate Francis cited *five* prior orders issued by the Court in the related RNC cases in which "this issue has been fully litigated and decided." On the basis of representations from Plaintiff's counsel that she would cooperate in providing the remaining discovery, the Court did not address Plaintiff's other defaults. At the same time, Magistrate Francis expressly left open the possibility of further relief "in the event

4

some further dispute arises" in connection with Plaintiff's remaining defaults. (See Order of November 17, 2006 attached as Exh. "R").

28. At a conference with Magistrate Francis shortly before that November 17 Order was issued, Magistrate Francis advised the parties that it would not entertain defendants' motion for an order precluding evidence on the issue of Plaintiff's emotional distress because Magistrate Francis believed that to be the province of Your Honor. Plaintiff Cohen now appeals the Court's Order of November 17, 2006.

29. As of this writing, Plaintiff Cohen has not served any amended discovery responses, including sworn interrogatories identifying medical providers, among other things, and has failed to produce authorization(s) for pharmaceutical records concerning medications that she claims to have taken around the time of her arrest (for a condition for which she seeks recovery from defendants in this action).

### Abdell

30. Plaintiffs in Abdell have closely followed the Court's rulings concerning the discovery of mental health information. In fact, the Abdell plaintiffs unsuccessfully attempted to interject themselves into the appeal in Hershey-Wilson in March of 2006. Your Honor rejected that effort. (See Order of March 23, 2006 attached as Exh. "S").

31. Several days later, on March 28, 2006, four Abdell Plaintiffs advised Magistrate Francis that they (like Plaintiffs Cohen and Hershey-Wilson) would willfully violate any order requiring them to provide discovery related to their emotional distress claims. They also refused to provide the records for in camera inspection by Magistrate Francis. According to their counsel, "[Plaintiffs] respond that they are prepared to suffer dismissal of their emotional distress claims rather than produce the records." (At page 2). Indeed, they sought an expedited dismissal of their emotional distress claims, apparently to circumvent Your Honor's March 23, 2006 Order. Magistrate Francis rejected their application. (See Order of April 7, 2006 attached as Exh. "T").

32. On September 12, 2006, defendants moved to compel proper interrogatory responses and releases pertaining to Plaintiffs' mental health information. (See Defendants' Letter of September 12, 2006 attached as Exh. "U").

33. In response, four Abdell Plaintiffs again indicated that they would willfully violate any order compelling them to provide mental health discovery and invited dismissal of their emotional distress claims. (See Plaintiffs' Letter of October 23, 2006 attached as Exh. "V").

34. Defendants replied on November 13, 2006. (See Defendants' Letter of November 13, 2006 attached as Exh. "W").

35. On November 16, 2006, the Court granted defendants' motion to compel mental health discovery and dismissed the claims of the four Plaintiffs who indicated that they

5

would not comply with the Court's Order. (See Order of November 16, 2006 attached as Exh. "X"). Those four Abdell Plaintiffs now appeal the Court's Order.

36. The Transcript of August 29, 2005 Hearing ("MacNamara Transcript") is attached as Exh. "Y."

37. The decision in Anderson v. The City of New York, et al., 2005 CV 4422 (ERK) (MDG) (E.D.N.Y. April 28, 2006) is attached as Exh. "Z."

38. The Proposed Order is attached as Exh. "AA."

39. The foregoing exhibits are true and accurate copies (in whole or in part) to the best of my knowledge.

DATED:   New York, New York
         January 12, 2006

_____
James Mirro

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused to be served the attached Declaration of James Mirro, with Exhibits "A" throught "AA," and the attached memorandum of law, by email on the following counsel of record:

Alan Levine
Counsel for Plaintiffs in Abdell

James I. Meyerson
Counsel for Plaintiff Cohen and Hershey-Wilson

DATED:   New York, New York
January 17, 2007

_____
James Mirro