UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| JULIA R. COHEN, | 05 CV 6780 (KMK)(JCF) |
| KYLA HANNAH HERSHEY-WILSON, | 05 CV 7026 (KMK)(JCF) |
| TARASIK ABDELL, et al., | 05 CV 8453 (KMK)(JCF) |

Plaintiffs,

-versus-

THE CITY OF NEW YORK, et al.

Defendants.

-----------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTIONS FOR RELIEF, PURSUANT TO FED. R. CIV. P. 72,
FROM ORDERS OF MAGISTRATE JUDGE JAMES C. FRANCIS IV
COMPELLING MENTAL HEALTH DISCOVERY AND DISMISSING
PLAINTIFFS' CLAIMS  FOR EMOTIONAL DISTRESS DAMAGES
<u>FOR FAILURE TO COOPERATE IN DISCOVERY</u>**

**MICHAEL A. CARDOZO**
**Corporation Counsel of the City of New York**
*Attorneys For Defendants*

**James Mirro (JM 2265)**
**Jeffrey A. Dougherty (JD 5224)**
**Special Assistant Corporation Counsel**
**Special Federal Litigation**
**100 Church Street, Room 3-130**
**New York, New York 10007**
**212.788.8026 (ph)**
**212.788.9776 (fax)**

January 12, 2007

## TABLE OF CONTENTS

Preliminary Statement ........................................................... 1

Background ........................................................................ 3

    Hershey-Wilson ............................................................. 3

    Cohen ........................................................................ 6

    Abdell ........................................................................ 9

Argument ......................................................................... 10

    I.  The Court Should Affirm Magistrate Francis' Orders ................ 10

        A.  The Court Should Review Each Of Magistrate
            Francis' Orders Pursuant To The "Clearly Erroneous
            Or Contrary To Law" Standard ................................ 10

        B.  Magistrate Francis' Orders Compelling Mental Health
            Discovery Are Consistent With Applicable Law ............. 13

        C.  The Court Properly Dismissed Plaintiffs' Emotional
            Distress Claims – And The Court Should Dismiss
            Plaintiffs' Remaining Claims -- As A Sanction for
            Plaintiffs' Discovery Abuses ..................................... 17

        (1)  All Six Plaintiffs Have Willfully Refused
             To Comply With Court Orders ................................ 18

        (2)  These Six Plaintiffs' Appeals Are Frivolous .................. 20

        (3)  Plaintiffs Concede That Emotional Distress
             Damages Are "Intrinsic" To  Their False Arrest
             Claims – But Continue To Refuse Defendants
             Discovery Of These Issues ....................................... 21

        (4)  Evidence Of Emotional Distress Should Be Precluded ...... 23

    II.  The Court Should Not Certify An Appeal ........................... 24

Conclusion ....................................................................... 25

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to the motions of plaintiffs Julia R. Cohen (in the Cohen matter), Kyla Hannah Hershey-Wilson (in Hershey-Wilson) and plaintiffs Benjamin Bernard, Michael Joseph, Robert J. Siegel and Christy Turner (in Abdell) (collectively "Plaintiffs" and "Plaintiffs' Briefs").[1]  Plaintiffs' motions seek relief, pursuant to Federal Rule of Civil Procedure 72, from three separate orders of Magistrate Francis dismissing Plaintiffs' claims for emotional distress based upon their refusal to provide mental health discovery.  Magistrate Francis' orders came after numerous prior orders in the consolidated RNC litigations in which both Your Honor and Magistrate Francis articulated clearly and repeatedly the law governing plaintiffs' obligations to produce pertinent discovery when plaintiffs seek recovery for emotional distress damages.[2]

The crux of Plaintiffs' argument on this appeal is that, contrary to all prior orders of Your Honor and Magistrate Francis, Plaintiffs should not be required to disclose their mental health histories although Plaintiffs' complaints expressly seek recovery for emotional distress damages.  Plaintiffs ask the Court to "reconsider" its long-settled rulings on these legal issues. Plaintiffs, however, make the same arguments that the Court already has considered and rejected on several prior occasions.  In fact, Plaintiffs appear to make no arguments at all that the Court

---

[1] These are six of 500+ plaintiffs pressing claims against defendants based upon their alleged false arrests and detentions during the Republican National Convention in New York City in late August and early September 2004.

[2] Your Honor first issued an order to that effect in the consolidated RNC cases over 16 months ago, on August 29, 2005, in the related case of MacNamara v. The City of New York, et al. Since then, the following orders, all to the same effect, have been issued in the consolidated RNC cases: Hershey-Wilson (Meyerson) (JCF Order of February 14, 2006); Hershey-Wilson (KMK Order of April 20, 2006); Jarick (Rothman) (JCF Order of May 18, 2006); Concepcion (Wohlforth) (JCF Order of June 29, 2006); Hershey-Wilson (KMK Order of September 20, 2006); Concepcion (JCF Order of September 25, 2006); Concepcion (JCF Order of October 24, 2006); Hershey-Wilson (JCF Order of November 13, 2006); Abdell (Levine) (JCF Order of November 17, 2006); Cohen (Meyerson) (JCF Order of November 20, 2006); Concepcion (JCF Order of November 27, 2006).

has not already rejected. Nor do Plaintiffs supply any legal authorities that the Court has not already considered. For these reasons, and because the Plaintiffs' arguments are contrary to a long line of authorities within the Second Circuit, Plaintiffs' arguments should be rejected and Magistrate Francis' orders affirmed.

As set forth more fully below, moreover, Plaintiffs have litigated and re-litigated these issues and have willfully refused to comply with a long line of the Court's orders. Now, Plaintiffs have brought these three appeals that, on their face, are frivolous. Although Plaintiffs *assented*, for instance, to the dismissal of their emotional distress claims (in fact, insisted upon it in several instances, as set forth below), Plaintiffs appeal Magistrate Francis' orders as if they are *aggrieved* parties. At the same time, Plaintiffs apparently do not argue that the sanctions imposed upon them are actually improper. They argue, instead, that Magistrate Francis' sanctions will have no effect upon Plaintiffs' plans to introduce evidence of emotional distress at trial (and, of course, object again to the underlying discovery orders). In short, Plaintiffs continue to press for the use of that evidence without permitting defendants to take discovery of their mental health information.

For all of these reasons, defendants now request that the Court (1) deny Plaintiffs' motions, (2) affirm each of Magistrate Francis' orders and (3) enter an order dismissing all of these six Plaintiffs' remaining claims as a further sanction for their willful refusals to comply with the Court's orders and for these frivolous appeals that re-hash arguments already rejected by the Court on several prior occasions or, in the alternative, enter an order precluding Plaintiffs from offering evidence or argument at trial touching on these issues.

## BACKGROUND

Plaintiffs have brought these actions pursuant to 42 U.S.C. §1983 alleging, *inter alia*, that they were falsely arrested and wrongfully detained around the time of the Republican National Convention in New York City in late August and early September 2004 (the "RNC"). Plaintiffs claim that, as a consequence of their arrests and detentions, they have suffered various injuries and damages. Declaration of James Mirro ("Mirro Dec.") at ¶ 2.

Among the injuries and damages alleged by Plaintiffs are emotional distress, mental anguish, psychological trauma, fear, humiliation, embarrassment and anxiety (together "emotional distress"). (See Cohen Complaint at ¶ 54; Hershey-Wilson Complaint at ¶ 71; Abdell Complaint at ¶¶ 36, 38, 40; attached as Exhibits "A," "B" and "C" to Mirro Dec.). Plaintiffs seek from defendants substantial money damages to compensate them for their alleged injuries and damages. Nevertheless, as set forth more fully below, each of these six Plaintiffs repeatedly has refused to produce the discovery necessary (mental health treatment information and releases for related medical records) for defendants to examine them and otherwise to defend themselves against these claims. Mirro Dec. at ¶¶ 3-4.

### Hershey-Wilson

In the case of Hershey-Wilson, despite Plaintiff's knowledge of the Court's prior ruling on the discovery of mental health information in the related RNC case of MacNamara, Plaintiff has steadfastly refused to cooperate in defendants' efforts to discover that information.[3] Plaintiff has, in fact, litigated and re-litigated this issue before Magistrate Francis and Your Honor for nearly a full year. The Court consistently has rejected Plaintiff's arguments.

---

[3] Plaintiff's counsel, James I. Meyerson, is "of counsel" in the MacNamara action. Defendants brought Your Honor's rulings in MacNamara to Mr. Meyerson's attention repeatedly in an effort to persuade him to comply with them.

Nevertheless, Plaintiff has refused to comply with all of the orders issued by Your Honor and Magistrate Francis directing Plaintiff to produce the discovery. Mirro Dec. ¶ 5.

On February 13, 2006, Magistrate Francis ordered plaintiff Hershey-Wilson "to [fully identify] all hospitals, doctors, psychiatrists, psychologists, social workers and other counselors who have treated her within the past 10 years for any mental, psychological or emotional issues; and to provide all medical and pharmaceutical releases for those providers." (See Order of February 13, 2006 attached to Mirro Dec. as Exh. "D" ). Plaintiff appealed that Order. On April 20, 2006, after a lengthy oral argument, Your Honor affirmed Magistrate Francis' Order on the record and issued a separate order directing Plaintiff to provide the discovery. (See Transcript of April 20, 2006 Hearing ("HW Transcript") and Order of April 20, 2006 attached to Mirro Dec. as Exhs. "E" and "F" ). Plaintiff then filed a motion for reconsideration with Your Honor under Local Rule 6.3 and sought certification to the Second Circuit. On September 20, 2006, Your Honor issued an opinion that denied both elements of that relief. (See Order of September 20, 2006 attached to Mirro Dec. as Exh. "G").

In late August 2006, in a continuing effort to coax Plaintiff into compliance with her discovery obligations, defendants gave notice to Plaintiff's counsel that Plaintiff's failure to comply with the Court's orders could result in a motion by defendants to dismiss the case in its entirety. At counsel's insistence, defendants supplied Plaintiff with case law authorities from both the Southern and Eastern Districts of New York. (See Email of Jeffrey Dougherty dated August 30, 2006 attached to Mirro Dec. as Exh. "H").

Nevertheless, on October 9, 2006, plaintiff Hershey-Wilson advised Your Honor that she intended not to comply with the Court's discovery orders. In her counsel's words, "After reviewing the Court's September 20, 2006 Order and discussing such with the Plaintiff and the various options associated therewith, my client has indicated that she is not prepared to

4

authorize the production of the records to anyone, including herself." (See Plaintiff's October 9, 2006 letter to Your Honor attached to Mirro Dec. as Exh. "I"). In that letter, Plaintiff declared that she was "prepared to withdraw" her emotional distress claims "in lieu of" producing the records to defendants. Id. At the same time, however, Plaintiff informed the Court that she intended to preserve her appeal with respect to this issue. Id. This confusing sequence of declarations was compounded when plaintiff advised defendants that she still intended to offer evidence at trial of the emotional distress that she allegedly suffered as a consequence of her arrest and detention. Mirro Dec. at ¶¶ 10-11.

Thereafter, on October 30, 2006, defendants moved the Court for an order precluding Plaintiff "from testifying or arguing emotional distress damages at trial" for her failure to comply with the Court's orders and for her failure to cooperate in discovery. (See Defendants' Letter of October 30, 2006 to Magistrate Francis attached to Mirro Dec. as Exh. "J"). In her response to Magistrate Francis of October 31, 2006, plaintiff demanded that "the only appropriate sanction is the dismissal of the [emotional distress] claims," upon which Plaintiff insisted "without qualification or expansion." (See Plaintiffs' Letter of October 31, 2006 to Magistrate Francis (at ¶ 2) attached to Mirro Dec. as Exh. "K"). She added that "to the extent that there is an issue about evidence to be presented at trial -- that is, what the Plaintiff and her counsel can present and argue during the trial – such is better left to the trial Judge." Id.

On November 13, 2006, at Plaintiff's request, Magistrate Francis dismissed Plaintiff's claims of mental and emotional injury pursuant to Rule 37(b)(2). (See Order of November 13, 2006 attached to Mirro Dec. as Exh. "L" ). At a conference with Magistrate Francis shortly before the Court issued that Order, Magistrate Francis advised the parties that the Court would not entertain defendants' motion for an order precluding evidence on the issue of Plaintiff's emotional distress because Magistrate Francis believed that to be the province of Your

Honor.  Plaintiff Hershey-Wilson now appeals the Court's Order of November 13, 2006.  Mirro Dec. at ¶¶ 15-16.

## Cohen

Before commencing the present action, plaintiff Cohen was one of 24 named plaintiffs in the related MacNamara "class" action.  On or about May 20, 2005, defendants served plaintiffs in MacNamara, including plaintiff Cohen, with interrogatories and document requests including requests for the names of (and releases for) medical and mental health providers.  On July 5, 2005, plaintiff Cohen's then-counsel stipulated that "plaintiffs' responses to the City's interrogatories and document requests . . . along with all executed releases, shall be served upon the City . . . no later than July 18, 2005."  Your Honor "so ordered" that stipulation on July 19, 2005.  Mirro Dec. at ¶ 17.

Plaintiff Cohen, however, never responded to any of defendants' discovery requests in MacNamara.  Instead, on July 25, 2005, shortly after defendants noticed her deposition, she voluntarily dismissed her claims in that action.  On July 28, 2005, plaintiff Cohen filed and served her current complaint.  Her current complaint alleges that she suffered "anxiety, humiliation, embarrassment, mental anguish, emotional distress, and psychological trauma, the valuation of which is substantial and includes, in terms of damages, both compensatory and punitive damages."  (See Cohen Complaint ¶ 54 attached to Mirro Dec. as Exh. "A").[4]

In this second action, Plaintiff Cohen again has refused to cooperate in discovery.  Despite knowledge of the Court's prior orders in the RNC cases (including Your Honor's order

---

[4] During her 50(h) hearing, she testified that she became "very depressed and upset and fearful."  Mirro Dec. at. ¶ 19. In response to an interrogatory served on October 28, 2005, Plaintiff repeated that she "suffered emotional and mental anguish" as a result of her arrest and detention.  (See Response to Interrogatory #2 attached to Mirro Dec. as Exh. "N").  She added that "Because of her position as an attorney, such distress and anguish and anxiety, associated with her arrest, the preferral of charges, and the detention, was intensified."  Id.

in MacNamara and the series of orders entered by the Court in her legal counsel's companion

case of Hershey-Wilson), she has failed to produce a wide range of information in this case

including appropriate interrogatory responses and releases for medical and pharmacy records.

On March 23, 2006, defendants advised plaintiff in writing that her discovery responses were

wholly inadequate and that proper responses would be required. (See Defendants' Letter of

March 23, 2006 attached to Mirro Dec. as Exh. "M").

 Among the information that she has refused to produce is her mental health

information.  In their interrogatories, defendants asked Plaintiff to identify "all medical providers

including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and

other counseling services, who have rendered treatment to the Plaintiff within the past ten (10)

years." Plaintiff's response, in its entirety, was that "Plaintiff objects to the Discovery Request

herein." (See Response to Interrogatory # 5 attached to Mirro Dec. as Exh. "N" ). Plaintiff also

refused to provide any releases for mental health treatment records.

 In her letter to Magistrate Francis of October 27, 2006, plaintiff declared flatly

that she would refuse to comply with any order of the Court compelling production of her

counseling records and, as Plaintiff Hershey-Wilson had done, Plaintiff Cohen assented to the

dismissal of her emotional distress claims: "If the Court will insist on the production of the

records or an authorization to defendants' counsel, I am authorized to inform the Court that the

plaintiff will not comply with any such order thereby implicating sanction by dismissal of the

emotional injury damage claims." See Exhibits to Plaintiff Cohen's Brief.

 In response, on November 6, 2006, defendants sought the dismissal of Plaintiff

Cohen's complaint in its entirety for her extended and continued failure to cooperate in

discovery. (See Defendants' Letter of November 6, 2006 attached to Mirro Dec. as Exh. "O").

Plaintiff's counsel expressed bewilderment at the range of defaults attributed to her client (as to

which she and her counsel had been on notice for over seven months). (See Plaintiffs' Letter of November 7, 2006 attached to Plaintiff Cohen's Brief). At a subsequent conference, Judge Francis suggested to Plaintiff's counsel that Plaintiff submit her counseling records for an in camera review rather than suffer a dismissal. Plaintiff rejected that offer. On November 15 and 16, after Defendants learned that Plaintiff refused to produce the records even to Magistrate Francis for in camera review, Defendants again sought dismissal of Plaintiff's claims. (See Defendants' Letters of November 15-16, 2006 attached to Mirro Dec. as Exhs. "P" and "Q").

On November 17, 2006, Magistrate Francis dismissed Plaintiff Cohen's emotional distress claims. In support of his Order, Magistrate Francis cited *five* prior orders issued by the Court in the related RNC cases in which "this issue has been fully litigated and decided." On the basis of representations from Plaintiff's counsel that she would cooperate in providing the remaining discovery, the Court did not address Plaintiff's other defaults. At the same time, Magistrate Francis expressly left open the possibility of further relief "in the event some further dispute arises" in connection with Plaintiff's remaining defaults. (See Order of November 17, 2006 attached to Mirro Dec. as Exh. "R"). [5] At a conference with Magistrate Francis shortly before that November 17 Order was issued, Magistrate Francis advised the parties that the Court would not entertain defendants' motion for an order precluding evidence on the issue of Plaintiff's emotional distress because Magistrate Francis believed that to be the province of Your Honor. Plaintiff Cohen now appeals the Court's Order of November 17, 2006. Mirro Dec. at ¶ 27.

---

[5] As of this writing, Plaintiff Cohen has not served any amended discovery responses, including sworn interrogatories identifying medical providers, among other things, and has failed to produce authorization(s) for
Continued...

**Abdell**

Plaintiffs in Abdell have closely followed the Court's rulings concerning the discovery of mental health information. In fact, the Abdell plaintiffs unsuccessfully attempted to interject themselves into the appeal in Hershey-Wilson in March of 2006. Your Honor rejected that effort. (See Order of March 23, 2006 attached to Mirro Dec. as Exh. "S").

Several days later, on March 28, 2006, four Abdell Plaintiffs advised Magistrate Francis that they (like Plaintiffs Cohen and Hershey-Wilson) would willfully violate any order requiring them to provide discovery related to their emotional distress claims. They also refused to provide the records for in camera inspection by Magistrate Francis. According to their counsel, "[Plaintiffs] respond that they are prepared to suffer dismissal of their emotional distress claims rather than produce the records." (At page 2). Indeed, they sought an expedited dismissal of their emotional distress claims, apparently to circumvent Your Honor's March 23, 2006 Order. Magistrate Francis rejected their application. (See Order of April 7, 2006 attached to Mirro Dec. as Ex. "T").

On September 12, 2006, defendants moved to compel proper interrogatory responses and releases pertaining to Plaintiffs' mental health information. (See Defendants' Letter of September 12, 2006 attached to Mirro Dec. as "U"). In response, four Abdell Plaintiffs again indicated that they would willfully violate any order compelling them to provide mental health discovery and invited dismissal of their emotional distress claims. (See Plaintiffs' Letter of October 23, 2006 attached to Mirro Dec. as "V"). Defendants replied on November 13, 2006. (See Defendants' Letter of November 13, 2006 attached to Mirro Dec. as Exh. "W"). On

---

pharmaceutical records concerning medications that she claims to have taken around the time of her arrest (for a condition for which she seeks recovery from defendants in this action). Mirro Dec. at ¶ 29.

November 16, 2006, the Court granted defendants' motion to compel mental health discovery and dismissed the claims of the four Plaintiffs who indicated that they would not comply with the Court's Order.  (See Order of November 16, 2006 attached to Mirro Dec. as Exh. "X").  Those four Abdell Plaintiffs now appeal the Court's Order.

## ARGUMENT

## I.

### THE COURT SHOULD AFFIRM MAGISTRATE FRANCIS' ORDERS

#### A.

##### The Court Should Review Each Of Magistrate Francis' Orders Pursuant To The "Clearly Erroneous Or Contrary To Law" Standard

Rule 72 of the Federal Rules of Civil Procedure provides the governing standard of review applicable to these appeals.  The Rule provides that, as to *non-dispositive* matters, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Rule 72(a).  As to *dispositive* matters, "[t]he district judge [shall] make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made[.]"  Rule 72(b); see also Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1).

"Case dispositive" sanctions, such as striking pleadings with prejudice, require *de novo* review."  Thomas E. Hoar, Inc. v. Sara Lee Corporation, 900 F.2d 522, 525 (2d Cir. 1990).  On the other hand, "[m]atters concerning discovery generally are considered 'nondispositive' of the litigation."  Hoar, 900 F.2d at 525; Lyondell-Citgo Refining, LP v. Petroleos De Venezuela, S.A., et al., 2005 WL 551092, * 1 (S.D.N.Y. 2005) (Motley, J.) (same); Rates Technology v. Cablevision Systems Corporation, 2006 WL 3050879, *2 (E.D.N.Y. 2006) (Hurley, J.) (same).

10

"A finding is 'clearly erroneous' if the reviewing court is "left with the definite and firm conviction that a mistake has been committed.'" <u>Lyondell</u>, 2005 WL 551092 at *1 (quoting <u>Easley v. Cromartie</u>, 532 U.S. 234, 242 (2001)). "Pursuant to this highly deferential standard of review, a magistrate judge is 'afforded broad discretion in resolving discovery disputes and reversal is appropriate only if [his or her] discretion is abused.'" <u>Id.</u> "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." <u>Tribune Co. v. Purcigliotti</u>, 1998 WL 175933, * 1 (S.D.N.Y. 1998) (Preska, J.).

"The term '*de novo* determination' has 'an accepted meaning in the law. It means an independent determination of a controversy that accords no deference to any prior resolution of the same controversy.'" <u>Greene v. WCI Holdings Corporation, et al.</u> 956 F. Supp. 509, 514 (S.D.N.Y. 1997) (Edelstein, J.) (quoting <u>United States v. Raddatz</u>, 447 U.S. 667, 690, 100 S.Ct. 2406, 2419 (1980)), <u>aff'd</u>, 136 F.3d 313 (2d Cir. 1998). "Therefore, *de novo* review 'means reconsideration afresh by the district judge in this sense: no presumption of validity applies to the magistrate's findings or recommendations.'" <u>Greene</u>, 956 F. Supp. at 514 (quoting Moore's Federal Practice).

In addition, "'the district judge retains the power to engage in a *sua sponte* review of any portion of the magistrate's report and recommendation, regardless of the absence of objections.'" <u>Greene</u>, 956 F. Supp. at 514 (quoting Moore's Federal Practice). "Such *sua sponte* review 'may be under a *de novo* standard, or any lesser standard of review.'" <u>Id.</u> In making its review, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id.</u>; <u>see also</u> Rule 72(b).

On each of these three appeals, plaintiffs' objections go to matters that are exclusively non-dispositive. In <u>Abdell</u>, for instance, the first paragraph of Magistrate Francis'

11

Order compels discovery from plaintiffs. An order compelling discovery is not "dispositive." See Hoar, 900 F.2d at 525. In Hershey-Wilson, Cohen and Abdell, Magistrate Francis' Orders dismissed plaintiffs' "claims for mental and emotional injury." See Orders. Despite the language of the Magistrate's Orders, however, those Orders *are not* dispositive of any cause of action, much less "case dispositive." See Hoar, 900 F.2d at 525.

In fact, none of the complaints in these three cases has pled any separate cause of action based upon emotional distress. Rather, all of them plead emotional distress (however articulated) as an element of damages. (See Cohen Complaint at ¶ 54; Hershey-Wilson Complaint at ¶ 71; Abdell Complaint at ¶¶ 36, 38, 40). Indeed, Plaintiffs' objections concede the point when they argue that these "general damages" are integral to their false arrest claims, which remain pending. Accordingly, both branches of Magistrate Francis' Orders are subject to review under the "clearly erroneous or contrary to law" standard.

Plaintiffs' arguments to the contrary are meritless. The sole cases they cite in support of application of the *de novo* standard are Zises v. Department of Social Services, 112 F.R.D. 223 (E.D.N.Y. 1986) (Nickerson, J.) and Steele v. Costco Wholesale Corporation, 2005 U.S. Dist. LEXIS 8348 (E.D.N.Y. 2005) (Gershon, J.) (See Brief of Abdell Plaintiffs at 2). Zises applied the *de novo* standard, but Zises involved an objection to the *dismissal of a complaint in its entirety* for plaintiff's failure to comply with her discovery obligations, not to the dismissal of an element of damages. The Court in Steele expressly rejected the plaintiff's argument that it should apply the *de novo* standard and instead applied the "clearly erroneous" standard.[6]

---

[6] Plaintiffs' misleading citation to authorities such as Steele illustrates the frivolous approach that plaintiffs have taken in the relitigation of these issues.

12

B.    **Magistrate Francis' Orders Compelling Mental Health
Discovery Are Consistent With Applicable Law**

On these appeals, the crux of Plaintiffs' objections is that Magistrate Francis erred in compelling the Plaintiffs' mental health discovery.[7] Put another way, Plaintiffs ask the Court again to reconsider an issue that it has thoroughly considered on several prior occasions. In the words of Plaintiff Hershey-Wilson, "Plaintiff urges the Court to further reconsider the implications of the Court's prior rulings and, upon reflection, reverse course." (See Brief of Hershey-Wilson at 8). Magistrate Francis' Orders, however, are entirely consistent with applicable law and Plaintiffs offer no new authorities in support of their arguments.

In the RNC Cases, Your Honor first addressed the issue of the discoverability of mental health information on August 29, 2005 in the case of MacNamara v. The City of New York, et al., 04 CV 9216. In that case, Your Honor ordered plaintiffs to produce the information because they sought damages for emotional distress and, therefore, had waived the psychotherapist-patient privilege. Your Honor held that "to the extent that you are going to ask a jury to award damages from the anxiety as a form of psychological trauma [resulting from an arrest and detention], potentially a very serious form of psychological trauma . . . that puts into play any sort of psychological history that would explain what it is that might cause [a plaintiff's] anxiety and what kind of damages he or she is entitled to[.]" (See Transcript of August 29, 2005 Hearing ("MacNamara Transcript") at 10-13 (attached to Mirro Dec. as Exh. "Y")). Your Honor added that "when you talk about general psychological damages, the history becomes relevant, and [the privilege] is waived." Id. at 13.

---

[7]  In their Briefs, Plaintiffs make no argument, and cite no authority, to the effect that the sanction imposed by Magistrate Francis in these three cases was not warranted (except insofar as that sanction was based upon Plaintiffs' obligation to produce mental health discovery). (See Briefs of Hershey-Wilson, Cohen and Abdell Plaintiffs).

Eight months later, in one of the cases now on appeal, Your Honor addressed these issues a second time. On April 20, 2006, on Plaintiff's first appeal in the case of <u>Hershey-Wilson</u>, Your Honor ordered Plaintiff "to turn over all records to Defendants from hospitals, doctors, psychiatrists, psychologists, social workers, and other counselors who have treated Plaintiff within the past ten years for any mental, psychological, or emotional issues." (<u>See</u> Order of April 20, 2006; Transcript of April 20, 2006 Argument attached to Mirro Dec. as Exhs. "E" and "F").[8]  Your Honor subsequently denied Plaintiff <u>Hershey-Wilson's</u> request for reconsideration. (<u>See</u> Order of September 20, 2006 attached to Mirro Dec. as Exh. "G").[9]

Your Honor's orders are supported by a long line of authority in the Southern District, in the Second Circuit and in the Supreme Court. <u>See Jaffee v. Redmond</u>, 518 U.S. 1, 15 n. 14 (1996) ("like other testimonial privileges, the patient may of course waive the protection [of the psychotherapist-patient privilege]"); n. 19 ("there are situations in which the [psychotherapist-patient] privilege must give way");[10] <u>Montgomery v. New York State Office of Mental Health</u>, 2002 WL 500357 (S.D.N.Y. 2002) (Martin, J.) (claim for emotional distress waives psychotherapist-patient privilege); <u>Murray v. Board of Education</u>, 199 F.R.D. 154-155 (S.D.N.Y. 2001) (Leisure, J.) (emotional distress claim waived psychotherapist-patient

---

[8]  On that occasion, moreover, out of an abundance of caution Your Honor affirmed Magistrate Francis "even [under] the <i>de novo</i> standard." (<u>See</u> HW Transcript at 32:4).

[9]  Since the Court's April 20, 2006 Order, the following orders, all to the same effect, have been issued in the consolidated RNC cases: <u>Jarick</u>, 05-CV-7626 (JCF Order of May 18, 2006); <u>Concepcion</u>, 05-CV-8501 (JCF Order of June 29, 2006); <u>Concepcion</u> (JCF Order of September 25, 2006); <u>Concepcion</u> (JCF Order of October 24, 2006); <u>Hershey-Wilson</u> (JCF Order of November 13, 2006); <u>Abdell</u>, 05-CV-8453 (JCF Order of November 17, 2006); <u>Cohen</u>, 05-CV-6780 (JCF Order of November 20, 2006); and <u>Concepcion</u> (JCF Order of November 27, 2006).

[10]  <u>See also Oliphant v. Dept. of Trans.</u>, 2006 WL 522126 *2 (2d Cir. 2006) (recognizing waiver of psychotherapist-patient privilege where plaintiff alleges emotional distress); <u>Karl v. Asarco Inc.</u>, 1998 U.S. App. LEXIS 32696, *4 (2d Cir Dec. 31, 1998) (affirming district court's order permitting discovery into [psychological] history because plaintiff waived his privilege by putting mental state into issue), which are both unpublished and should not be considered precedential authority under Second Circuit rules.

privilege); McKenna v. Cruz, 1998 WL 809533 (S.D.N.Y. 1998) (Pitman, M.J.) ("the majority of
post-Jaffee cases hold that any claim for emotional or psychological injury waives the
psychotherapist-patient privilege"); Sidor v. Reno, 1998 WL 164823 (S.D.N.Y. 1998)
(Buchwald, M.J.) (finding waiver of psychotherapist-patient privilege based on *inter alia*
plaintiff's seeking damages for emotional pain and suffering); Kerman v. The City of New York,
1997 WL 666261 (S.D.N.Y. 1997) (McKenna, J.) (finding waiver of psychotherapist-patient
privilege by allegations of continued emotional damages).

      All of the arguments that these six Plaintiffs now make, moreover, and the
handful of legal authorities that they cite, already have been considered and rejected by Your
Honor.  Plaintiffs argue, for instance, that they have not waived the psychotherapist-patient
privilege, and that defendants are therefore not entitled to discover their mental health
information, because the damages they seek are merely "garden variety" emotional distress
damages.  See Brief of Cohen at 6; Brief of Hershey-Wilson at 7.  Your Honor expressly
considered and rejected that argument both in MacNamara and in the first appeal of Hershey-
Wilson.  (See MacNamara Transcript at 12:14-13 and HW Transcript at 12:18; 27-32 attached to
Mirro Dec. as Exhs. "E" and "Y").  See also Montgomery, 2002 WL 500357 (S.D.N.Y. 2002)
(rejecting plaintiff's argument that "a claim of mere garden-variety emotional distress damages
does not waive the privilege" and dismissing action for failure to permit examination on
"childhood" issues); McKenna, 1998 WL 809533 (S.D.N.Y. 1998) (rejecting plaintiff's
argument that "the privilege is not waived where only 'garden-variety' or 'boilerplate' emotional
distress damages are being sought"); Sidor, 1998 WL 164823 (S.D.N.Y. 1998) (rejecting garden-
variety distinction).

      Plaintiffs also argue, based on their interpretation of Kerman v. The City of New
York, 374 F.3d 93 (2d Cir. 2004), that they should not be required to produce mental health

information in discovery apparently because emotional distress damages are an element of the general damages that they seek based upon their false arrest claims.  See Brief of Abdell Plaintiffs at 3-4; Brief of Cohen at 8; Brief of Hershey-Wilson at n.2.  Thus Plaintiffs reprise the argument made in the first appeal in Hershey-Wilson, when Plaintiff argued that "[i]t is believed that the Circuit has not ruled on this matter although, in [Kerman], it is believed that the Circuit has indicated an inclination toward the position being advocated by the Plaintiff herein . . . ."

Your Honor expressly considered and rejected that argument in Hershey-Wilson. (See Order of September 20, 2006 at n.2 attached to Mirro Dec. as Exh. "G").  In the Court's written opinion, Your Honor observed that "there is nothing in Kerman which would suggest [an inclination by the Second Circuit to adopt Plaintiff's position]."  Your Honor added that "[t]he passage to which Plaintiff refers is a discussion about damage awards for a loss of liberty claim, not the scope of discovery, and is not applicable to the issue in this case."  Id.  Nor have Plaintiffs in these three appeals cited even a single case that interprets Kerman as they now ask the Court to interpret Kerman.

In any event, nothing in Kerman even suggests that defendants should not be entitled to examine a plaintiff with respect to alternative causes of emotional distress and damages allegedly arising from her false arrest claim.  See Kerman, 374 F.3d at 130-31 (plaintiff is entitled to general damages for "any mental suffering or humiliation sustained *in consequence of the arrest or restraint*") (emphasis added); see also Anderson v. The City of New York, et al., 2005 CV 4422 (ERK) (MDG) (E.D.N.Y. April 28, 2006) (ordering discovery regarding plaintiff's "mental and emotional state" where plaintiff had "loss of liberty" claim even though plaintiff had withdrawn her claim for emotional damages) (attached to Mirro Dec. as Exh. "Z").  Indeed, such a procedure very likely would amount to a violation of defendants' own due process and other constitutional rights.

Nor does the cited passage in <u>Kerman</u> address cases, such as those now before the Court, where plaintiffs expressly seek recovery in their complaints for emotional distress damages.[11]  In cases such as these, where plaintiffs have willfully elected (through their pleading) to place their mental health into issue, there can be no doubt that that election results in a waiver of any applicable privilege.

Plaintiffs cite several other lower court opinions that are neither binding nor persuasive, including Magistrate Dolinger's opinion in <u>Greenberg v. Smolka</u>, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006) (RWS) (MHD).  <u>See</u> Brief of <u>Abdell</u> Plaintiffs at 4.  Your Honor already has considered and rejected those authorities, chiefly because they are "neither controlling case law nor a change in the law" and are inconsistent with Your Honor's own prior decisions.  (<u>See</u> Order of September 20, 2006 at 2 attached to Mirro Dec. as Exh. "G").

Accordingly, defendants are entitled to mental health discovery of plaintiffs consistent with the long line of authorities cited above.

**C.      The Court Properly Dismissed Plaintiffs'
Emotional Distress Claims – And The Court
Should Dismiss Plaintiffs' Remaining Claims --
As A Sanction for Plaintiffs' Discovery Abuses**

"The discovery provisions of the Federal Rules of Civil Procedure are 'designed to achieve disclosure of all the evidence relevant to the merits of a controversy."  <u>Daval Steel Products v. M/V Fakredine</u>, 951 F.2d 1357, 1365 (2d Cir. 1991).  "It is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time consuming and

---

[11]  <u>See</u> <u>Cohen</u> Complaint at ¶ 54 ("Plaintiff suffered loss of liberty, restraint, anxiety, humiliation, embarrassment, mental anguish, emotional distress, and psychological trauma, the valuation of which is substantial"); <u>Hershey-Wilson</u> Complaint at ¶ 71 ("Plaintiff suffered . . . mental anguish, emotional distress, and psychological trauma, fear and humiliation and embarrassment.  She also suffered the loss of her liberty and anxiety and distress and anguish and fear associated therewith"); <u>Abdell</u> Complaint at ¶¶ 36, 38, 40 ("plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation. . . .").

costly process of court intervention." Id. "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." Id. Citing the United States Supreme Court, the Second Circuit observed that the "availability of severe sanctions [is] necessary both to penalize recalcitrant parties and [to] deter others from similar conduct." Id. "Compliance with discovery orders [is] 'necessary to the integrity of our judicial process.'" Id. In Zises v. Department of Social Services, 112 F.R.D. 223, 226 (E.D.N.Y. 1986) (Nickerson, J.), the Court held that "dismissal is available to the district court both to penalize a party whose conduct is egregious and to deter those who might be tempted to engage in similar conduct." Id. "Dismissal also serves to prevent undue delays in the disposition of pending cases and to avoid congestion in the court's calendars." Id.

### (1) All Six Plaintiffs Have Willfully Refused To Comply With Court Orders

As is evident from the detailed procedural history set forth in the Background section above, all six of the Plaintiffs now taking these appeals have *willfully elected not to comply* with Magistrate Francis' various discovery orders concerning their mental health discovery. In addition, Plaintiff Hershey-Wilson has refused to comply with Your Honor's dual orders to the same effect. Plaintiff Cohen and the four Abdell Plaintiffs have refused to comply with the series of orders concerning mental health discovery that were issued by Your Honor and Magistrate Francis in these consolidated RNC Cases (albeit not direct orders issued in their individual cases).

Defendants, who are unable to craft any viable defense to Plaintiffs' emotional distress claims without the benefit of Plaintiffs' mental health information, have been seriously prejudiced as a result. Defendants also have been prejudiced through the extraordinary delay

that these Plaintiffs have caused in their respective cases by relitigating these issues. Defendants note that, if plaintiffs in all of the consolidated RNC Cases are permitted to litigate and re-litigate these issues as freely as these Plaintiffs have, the road to trial of the RNC cases will be far longer, more costly and more difficult than necessary.

Accordingly, Magistrate Francis' orders dismissing these Plaintiffs' emotional distress claims is completely justified. Indeed, under Rule 37(b)(2) and 41(b), Plaintiffs' *willful refusals* to comply with the Court's orders are sufficient to warrant the most severe sanctions available to the Court. See, e.g., Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2), and will only be reversed if its decision constitutes an abuse of discretion"). "[D]ismissal as a sanction is appropriate only when noncompliance with the discovery order is due to 'willfulness, bad faith, or any fault' on the part of the disobedient party." Zises v. Department of Social Services, 112 F.R.D. 223, 226-27 (E.D.N.Y. 1986) (Nickerson, J.) (dismissing complaint for failure to produce discovery and noting that "this was the second time in the litigation that plaintiff had withdrawn a claim rather than comply with a court order to produce documents"); Montgomery v. New York State Office of Mental Health, 2002 WL 500357 (S.D.N.Y. 2002) (Martin, J.) (dismissing complaint for failure to produce mental health discovery and observing that "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration"); Davidson v. Dean, 204 F.R.D. 251, 255-259 (S.D.N.Y. 2001) (Marrero, J.) (dismissing complaint for failure to produce mental health discovery); In re Rezulin Products Liability Litigation, 223 F.R.D. 109, 111, 113-14 (S.D.N.Y. 2004) (Kaplan, J.) (dismissing complaints with prejudice where material deficiencies in plaintiffs' discovery prejudiced defendants by "depriv[ing] them of the information necessary to move the cases forward"), reconsideration denied in all material respects, 2004 WL 1700618; In

19

re Agent Orange Product Liability Litigation, 611 F. Supp. 1290, 1294 (E.D.N.Y. 1985) (Weinstein, C.J.) (dismissing plaintiff's action and reasoning that "plaintiff, having placed the origin of his illness in issue, may not now refuse to cooperate with defendants in discovery concerning the crucial question of causation"), aff'd, 818 F.2d 210, 212 (2d Cir. 1987).

### (2)  These Six Plaintiffs' Appeals Are Frivolous

In these cases, moreover, the most severe sanctions are warranted for still other reasons.  Despite the Court's orders dismissing their emotional distress claims after a very protracted period of litigation and re-litigation of these issues (with the resulting delay and prejudice to defendants), all of the Plaintiffs now take the remarkable position that they intend to offer evidence and argument at trial on their alleged emotional distress.  This position is remarkable for several reasons.  First, all of these six plaintiffs had *assented* to the dismissal of their emotional distress claims before Magistrate Francis.  Plaintiff Hershey-Wilson, for instance, in her letter of October 9, 2006, declared that she was "prepared to withdraw" her emotional distress claims "in lieu of" producing the records to defendants.

In her letter to Magistrate Francis of November 7, 2006, Plaintiff Cohen declared "Let me be clear. . . . the only sanction which the Plaintiff is willing at this point to subject herself to [is] the dismissal of the Plaintiff's . . . emotional reaction injury damage claim associated with her arrest, incarceration and prosecution [the period of time of her detention and the pendency of her criminal court proceeding]."  Likewise, according to their counsel's letter of March 28, 2006, when the four Abdell plaintiffs were advised by their counsel that their claims would be dismissed if they did not comply with the Court's orders, "[Plaintiffs] respond[ed] that they are prepared to suffer dismissal of their emotional distress claims rather than produce the records."  (At page 2).

Having assented to the dismissal of their emotional distress damages claims –
undoubtedly a calculation made by Plaintiffs to avoid more significant sanctions -- defendants
submit that Plaintiffs' current appeals are without any good faith basis. Plaintiffs cannot in good
faith take an appeal of a decision to which they assented. In any event, Plaintiffs apparently do
not argue that the relatively modest sanctions imposed upon them by Magistrate Francis are
actually improper -- they argue only that those sanctions have no effect on Plaintiffs' plans to
introduce evidence of emotional distress at trial (and that they disagree with the discovery orders
and directions that preceded the sanctions orders themselves). In short, Plaintiffs' appeals are
frivolous. See Rule 26(g), Federal Rules Civil Procedure.

### (3) Plaintiffs Concede That Emotional Distress Damages Are "Intrinsic" To Their False Arrest Claims – But Continue To Refuse Defendants Discovery Of These Issues

Plaintiffs argue that "[n]otwithstanding the dismissal of [their emotional distress]
claims, plaintiffs believe that the holding in Kerman requires that plaintiffs would still be entitled
to testify at trial about the emotional distress and humiliation that they suffered during their
incarceration." Brief of Abdell Plaintiffs at 3-4. Plaintiffs' position apparently is that emotional
distress is an element of the general damages to which they would be entitled were they to
prevail on their "loss of liberty" claims, notwithstanding the dismissal of separately pleaded
emotional distress damages. In the words of Plaintiff Cohen, "[t]he Plaintiff's emotional
reaction injury qua mental suffering injury claims are, at the bottom line, *part and parcel of, and
intrinsic to, her arrest and the loss of liberty* associated therewith. . . . Otherwise put, *the
emotional reaction injury qua mental suffering claims are intrinsic to her arrest, her loss of
liberty . . . .*" Brief of Cohen at 5-6 (emphasis added).

Were plaintiffs willing to permit defendants discovery of their mental health
information, then they might, as Plaintiffs suggest, be entitled to introduce evidence of their

emotional distress as an element of their "loss of liberty" claims (had those damages not already been dismissed). In these cases, however, plaintiffs have steadfastly refused to permit discovery of this information, to which defendants are entitled. See Anderson v. The City of New York, et al., 2005 CV 4422 (ERK) (MDG) (E.D.N.Y. April 28, 2006) (ordering discovery regarding plaintiff's "mental and emotional state" where plaintiff had "loss of liberty" claim even though plaintiff had withdrawn her claim for emotional damages) (attached to Mirro Dec. as Exh. "Z"). Given that plaintiffs now concede that emotional distress damages are "intrinsic" to the fundamental claim of all Plaintiffs in these cases – their "loss of liberty" claim – it follows that Plaintiffs' steadfast refusal to provide discovery on this issue calls for the dismissal of all of Plaintiffs' "loss of liberty" claims. See Montgomery v. New York State Office of Mental Health, 2002 WL 500357 (S.D.N.Y. 2002) (Martin, J.) (dismissing complaint for failure to produce mental health discovery and observing that "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration").

For these reasons, defendants now request that the Court dismiss these six Plaintiffs' complaints in their entirety. On the record of these cases, as summarized above, this sanction is the least sanction that will have any meaningful impact on the conduct of Plaintiffs in these RNC litigations. Dismissal of plaintiff's emotional distress claims alone will have little, if any, effect for two reasons. First, these six Plaintiffs already have abandoned those claims for all intents and purposes. Second, Plaintiffs insist that they are entitled to introduce the very same evidence at trial pursuant to their "loss of liberty" claims notwithstanding the sanctions imposed by Magistrate Francis.

Nor are additional discovery orders warranted given the long history of the litigation over these issues. See In re Rezulin Products Liability Litigation, 223 F.R.D. 109, 117 (S.D.N.Y. 2004) (Kaplan, J.) ("[a]dditional discovery orders . . . would only multiply discovery-

compliance proceedings – in circumstances where the likelihood of their efficacy is slim – at a time when the Court's resources should be devoted to the vast majority of these consolidated cases which have not been stalled by recalcitrant plaintiffs"); Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (Marrero, J.) ("[i]n the absence of any excuse or justification, imposing a lesser sanction and thereby permitting Nieves to maintain this action despite flagrant disregard for discovery orders, would not serve Rule 37's goal of precluding disobedient parties from obtaining a benefit from disobedience.").

### (4) Evidence Of Emotional Distress Should Be Precluded

At a bare minimum, defendants submit that the Court should enter an order precluding Plaintiffs from offering any evidence on emotional distress at any trial in these cases. The Court has ample authority and, on the present record, ample factual basis on which to do so. See Fed. R. Civ. P 37(b)(2); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357 (2d Cir. 1991) (precluding evidence); Momentum Luggage v. Jansport, 2001 WL 91707 (S.D.N.Y. 2001) (Cote, J.) (precluding evidence and holding that "Jansport has been prejudiced by the significant burden the plaintiff has placed on it through its failure to participate in discovery in good faith"); Techky v. City of New York, 2000 WL 48862 (S.D.N.Y. 2000) (Baer, J.) (precluding evidence at trial where plaintiff failed to produce releases for medical records on a timely basis and failed to identify medical providers in response to interrogatories); New Pacific Overseas Group v. Excal International Development Corporation, 2000 WL 377513 (S.D.N.Y. 2000) (Cote, J.) ("preclusionary orders ensure that a party will not be able to profit from its own failure to comply").

Notwithstanding Plaintiffs' arguments, it is essential that defendants know, while these cases remain in discovery and before defendants have completed depositions of plaintiffs and other witnesses, whether the issue of emotional distress is in or out these cases. Defendants

respectfully submit a form of order for consideration by the Court should the Court decline to order the dismissal of the complaints in their entirety, which defendants submit is the only just remedy at this difficult juncture.  (See Proposed Order attached to Mirro Dec. as Exh. "AA").

## II.

### THE COURT SHOULD NOT
### CERTIFY AN APPEAL

The Court should deny Plaintiffs' request to certify these issues to the Second Circuit.  Your Honor already has considered and rejected Plaintiffs' arguments seeking certification of these issues.  See Hershey-Wilson v. The City of New York, 2006 WL 2714709, *2 (S.D.N.Y. 2006) (Karas, J.).  Plaintiffs' arguments are little more than objections to discovery orders.  Your Honor has held that "[d]iscovery orders generally are not appealable."  Id.

Permitting appeal of these questions will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  "An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'"  In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y.1998) (quoting 16 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 3930 (2d ed.1996)).

Certification of these issues will do neither and Plaintiffs, who do not even discuss the applicable legal standards, do not argue otherwise.  In fact, certification of these issues will only further delay the resolution of these cases.  Plaintiffs fail to explain how the orders at issue on these appeals are any different than the multitude of orders routinely issued by the Court that are similarly not appealable.  These issues do not present "controlling questions of law" nor involve "substantial ground for difference of opinion."  Accordingly, certification should be denied.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Court issue an order dismissing these six Plaintiffs' complaints with prejudice.


Dated: New York, New York
         January 12, 2007


                                   Respectfully submitted,
                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the  City of New York
                                   Attorneys for Defendants
                                   100 Church Street, Room 3-130
                                   New York, New York 10007
                                   212.788.8026 (ph)

                         By:    _____
                                   James Mirro (JM 2265)
                                   Jeffrey A. Dougherty (JD 5224)
                                   Special Assistant Corporation Counsel
                                   Special Federal Litigation Division