Exhibit H

**Dougherty, Jeffrey**

| | |
|---|---|
| From: | Dougherty, Jeffrey |
| Sent: | Wednesday, August 30, 2006 3:56 PM |
| To: | James Meyerson |
| Subject: | RE: Hershey-Wilson v. City of NY |

Jim:

Wow! You really misconstrued what I was attempting to accomplish with that email. I just thought it would be premature and convoluted to get into citing or distinguishing these cases in any potential applications to Francis regarding the scheduling of depositions. Which I hope now, are unnecessary. Very simple reasoning actually, no clandestine motives.

Anyway -- if you are that interested in these cases for other reasons, such as advising your client on the impact of refusing to comply with court orders, then by all means review them.

See, e.g., In re Rezulin Products Liability Litigation, 223 F.R.D. 109, 111, 113-14 (S.D.N.Y. 2004) (dismissing complaints with prejudice where material deficiencies in plaintiffs' discovery prejudiced defendants by "depriv[ing] them of the information necessary to move the cases forward"), reconsideration denied in all material respects, 2004 WL 1700618; In re Agent Orange Product Liability Litigation, 611 F. Supp. 1290, 1294 (E.D.N.Y. 1985) (dismissing plaintiff's action and reasoning that "plaintiff, having placed the origin of his illness in issue, may not now refuse to cooperate with defendants in discovery concerning the crucial question of causation"), aff'd, 818 F.2d 210, 212 (2d Cir. 1987).

Thank you.

-Jeff D.

-----Original Message-----
From: James Meyerson [mailto:jimeyerson@yahoo.com]
Sent: Wednesday, August 30, 2006 3:44 PM
To: Dougherty, Jeffrey
Subject: Re: Hershey-Wilson v. City of NY

Dear Jeffrey Dougherty:

     Thanks for your clarification and I look forward to your advisement, next week, as to when Bologna will be scheduled. I spoke with Fred Weiler about such today. I also await your advisement, next week, about
the scheduling of Crimmins.  I appreciate your
advisement as to the date of the next conference.
Because of a scheduling conflict, I will not be able to attend that conference.

     Finally, what's the big deal. Share the cases with me which you propose would compel the dismissal of the case if Ms. Hershey-Wilson declined to produce any records which she was directed to produce [or authorizations associated therewith]. Come on, this is not trhat kind of game and, to the extent that you and yours litigate such, what point? If there is something which you believe suggests that, if my client does what we have discussed is an option, the case will be dismissed, I would be interested in knowing from you, in the context of the coopertaive adversarial relationship, what case or two cases you have that suggests the same. Again, you are much too young in your professional career to learn to litigate that way. Try the old fashioned way where the game does not become the end in and of itself but a means to achieving justice? yeah, justice? I mean, what's in the tactic. Share the information as I would do if you proposed something I was endeavoring to point out that, to do such, would have an adverse impact on you.
Again, I don't believe that Karas would ever dismiss the case if the option, which we discussed, was pursued. But I can be wrong as you can be wrong and we ought to try and see whether that option and the fight is worth it to you and/or to my client.

Thank you so much for all of your attention, kindness, understanding, consideration, patience, indulgence, efforts, advisement, acknowledgement, and confirmation herein.

Sincerely yours,

James I. Meyerson

--- "Dougherty, Jeffrey" <jDougher@law.nyc.gov> wrote:

> Mr. Meyerson:
>
> The next RNC status conference is 9/15/06 at 11:30 AM.  Additionally,
> I wanted to clarify defendants position on Officer Cai's deposition.
> At this time we are not objecting to producing him.  Instead I only
> intended to advise you as to the order in which we will be producing
> the witnesses you wish to depose.  We will initially produce Bologna,
> followed by Crimmins and then we will produce Officer Cai.  I
> discussed the rationale with you in our recent telephone conversation.
> If you desire further clarification please advise.  Finally, I believe
> it is premature to cite authority on the dismissal of actions for
> failure to comply with Court orders in light of my clarification
> regarding the order of production of witnesses.  Should this issue go
> to the mat I will be happy to share any relevant cases with you.
> Thank you.
>
>
> Jeffrey A. Dougherty, Esq.
> Special Assistant Corporation Counsel
> Office of the Corporation Counsel
> Special Federal Litigation Division
> 100 Church Street, Room 3-126
> New York, New York 10007
> 212-788-8342
> 212-788-9776 (Fax)
>
> Confidentiality Notice: This e-mail communication and any attachments
> may contain confidential and privileged information for the use of the
> designated recipients named above. If you are not the intended
> recipient, you are hereby notified that you have received this
> communication in error and that any review, disclosure, dissemination,
> distribution or copying of it or its contents is prohibited. If you
> have received this communication in error, please notify me
> immediately by replying to this message and deleting it from your
> computer. Thank you.
>
>
>

---

Do You Yahoo!?
Tired of spam?  Yahoo! Mail has the best spam protection around http://mail.yahoo.com

Exhibit I

James I. Meyerson
396 Broadway-Suite #601
New York, New York 10013
[212] 226-3310
[212] 219-9412/FAX
ATTORNEY AT LAW

October 9, 2006

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

RE: Kyla Hannah Hershey-Wilson vs The City of New
    York, etc., et al./05 Civ 7026/KMK/JCF/SDNY

Dear Judge Karas:

    After reviewing the Court's September 20, 2006 Order and
discussing such with the Plaintiff and the various options
associated therewith, my client has indicated that she is not
prepared to authorize the production of the records to anyone,
including herself [she has never seen the records and does not
know what is contained in the records].

    That being stated however and in lieu of producing the
records, the Plaintiff has authorized me to advise the Court
that she is prepared to withdraw the emotional injury damage
claims she has asserted with respect to the substantive claims
encompassed in the litigation. In doing so, of course, the
Plaintiff does the same without prejudice to addressing, on any
subsequent appeal [if any], the ruling[s] which Court has made
with respect to the production of the mental health and family
counseling records related to the Plaintiff for services
rendered to her while she was in high school, the result of
which Order[s] has propelled the Plaintiff, now, to withdraw the
claims for the narrowly defined emotional injury damages which
the Plaintiff has outlined and defined previously in the course
of the arguments made to the Court over the production of the
mental health records at issue herein.

If the Court feels that a conference is desirable to address the matter, I am available to appear.  Otherwise, I would ask that the Court endorse this letter authorizing the withdrawal of the emotional injury damage claims and denying the Defendants' counsel access to the previously ordered records at issue herein; and/or that the Court issue an Order and directive encompassing the positions set forth herein.

Thank you so much for all of your attention, kindness, understanding, consideration, patience, indulgence, efforts, advisement, acknowledgement, and confirmation herein.

Sincerely yours,
/s/James I. Meyerson
James I. Meyerson
JIM
copy:
The Honorable James F. Francis, IV    [via fax @ (212) 805-7930]
Jeffrey Dougherty, Esq.               [via fax @ (212) 788-9776]
Ms. Kyla Hannah Hershey-Wilson

Exhibit J



THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY FACSIMILE**

October 30, 2006

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

Re:    *Hershey-Wilson v. City of New York, et al.* **05 CV 7026 (KMK)(JCF)**

Dear Judge Francis:

Defendants write in response to Mr. Meyerson's letter dated October 26, 2006 in which plaintiff Kyla Hannah Hershey-Wilson ("Plaintiff") requested that the Court issue an order dismissing Plaintiff's emotional distress claims and forego the November 9, 2006 meeting with all parties. Defendants believe that the terms of the dismissal of Plaintiff's emotional distress claims should preclude Plaintiff from testifying or arguing emotional distress damages at trial. Defendants request that the November 9, 2006 meeting remain on the calendar as scheduled so that this issue can be addressed. Thank you.

Very truly yours,

Jeffrey A. Dougherty

cc:    James I. Meyerson, Esq. (by Facsimile)

Exhibit K

James I. Meyerson
396 Broadway-Suite #601
New York, New York 10013
[212] 226-3310
[212] 219-9412/FAX
ATTORNEY AT LAW

FAX/TWO [2] PAGES @ [212] 805-7930
October 31, 2006

The Honorable James C. Francis, IV
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 100007

RE: Kyla Hannah Hershey-Wilson vs The City of New
York, etc., et al./05 Civ 7026/ (KMK)(JCF)/SDNY

Dear Magistrate Judge Francis:

I am in receipt of a copy of the City's fax transmitted
October 30, 2006 letter. While I have no problems discussing the
matter at the conference on November 9, 2006, it remains my
position that the only appropriate sanction is the dismissal of
the claims.  To the extent that there is an issue about evidence
to be presented at trial—that is what the Plaintiff and her
counsel can present and argue during the trial, such is better
left to the trial Judge at the time of trial and an in limine
motion associated with the presentation of evidence and argument
in this respect.

At this point and in light of the refusal of the Plaintiff
to provide the authorizations for the Plaintiff's pre RNC arrest
incident mental health service records previously ordered by the
Court to be produced during discovery, this Court should, as the
appropriate sanction, simply dismiss the emotional reaction
injury damage claims to which the Plaintiff has made reference
in her Complaint and as subsequently described in the written
submissions before the Court with respect to the contest over
production of the pre-RNC arrest incident mental health service
records. Such is what your Honor did, without qualification or
expansion, in the Concepcion litigation and nothing more is now
required in this litigation.

Thank you so much for all of your attention, kindness, understanding, consideration, patience, indulgence, efforts, advisement, acknowledgement, and confirmation herein.

Sincerely yours,

James I. Meyerson

JIM
copy:
Jeffrey Dougherty, Esq.        [via fax @ (212) 788-9776]

2

# hp LaserJet *3380*

Law Offices of Claudia Slovinsky
212-219-9412
Oct-31-2006   9:54AM



---

## Fax Call Report

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 997 | 10/31/2006 | 9:53:54AM | Send | 12128057930 | 0:42 | 2 | OK |

---

James E. Meyerson
ATTORNEY AT LAW
396 Broadway-Suite 601
New York, New York 10013
(212) 226-3310
(212) 219-9412/FAX

FAX/TWO (2) PAGES @ (212) 805-7930

October 31, 2006

The Honorable James C. Francis, IV
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Kyla Hannah Hersey-Wilson vs the City of New
York, etc.; et al.;/05 Civ 7026/ (RJS) (JCF)/JENT

Dear Magistrate Judge Francis:

I am in receipt of a copy of the City's fax transmitted
October 30, 2006 letter. While I have no problems discussing the
matter at the conference on November 9, 2006, it remains my
position that the only appropriate sanction is the dismissal of
the claim. To the extent that there is an issue about evidence
to be presented at trial—that is what the plaintiff and her
counsel can present and argue during the trial, such is better
left to the trial Judge at the time of trial and an in limine
motion associated with the presentation of evidence and argument
in this respect.

At this point and in light of the refusal of the plaintiff
to provide the authorizations for the plaintiff's pre MMC street
incident mental health service records previously ordered by the
Court to be produced during discovery, this Court should, as the
appropriate sanction, simply dismiss the emotional reaction
injury damage claims to which the plaintiff has made reference
in her complaint and as subsequently described in the written
submissions before the Court with respect to the contest over
production of the pre-MMC street incident mental health service
records. Such is what your Honor did, without qualification or
expansion, in the Concepcion litigation and nothing more is now
required in this litigation.

Exhibit L

```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
KYLA HANNAH HERSHEY-WILSON,          : 05 Civ. 7026 (KMK) (JCF)
                                     :
              Plaintiff,             :        O R D E R
                                     :
        - against -                  :
                                     :
THE CITY OF NEW YORK, et al.,        :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/13/06_

Plaintiff having been ordered to produce medical and psychological records in connection with her claims of mental and emotional distress, and plaintiff having declined to do so, it is hereby ORDERED that, as an appropriate sanction pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for violation of a discovery order, plaintiff's claims of mental and emotional injury are hereby dismissed.

SO ORDERED.

_James C. Francis IV_
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          November 13, 2006

Copies mailed this date:

James I. Meyerson, Esq
396 Broadway, Suite 601
New York, New York 10013

Jeffrey A. Dougherty, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

1

Exhibit M



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES MIRRO**
*Special Assistant Corporation Counsel*
*phone (212) 788-8026    fax (212) 788-9776*

March 23, 2006

***BY FAX***

James I. Meyerson, Esq.
396 Broadway – Suite 601
New York, New York 10013

>   Re:   ***Cohen v. The City of New York, et al.***
>          ***USDC SDNY 05 CV 6780 (KMK) (JCF)***
>
>          ***Kornicke v. The City of New York, et al.***
>          ***USDC SDNY 05 CV 7025 (KMK) (JCF)***

Dear Jim:

This confirms our conversation yesterday, in which I advised you that plaintiff Julia Cohen's discovery responses in this case are insufficient. We need more complete responses before proceeding with Ms. Cohen's deposition. Despite your assurances that the responses are complete when considered in light of her 50(h) testimony, that testimony does not provide the missing information. In fact, that testimony only underscores the serious deficiencies in her written discovery responses.

This also confirms that you agreed yesterday to dismiss Chris Kornicke's case. As you know, we were scheduled to go forward with plaintiff Kornicke's deposition on March 2, 2006. Shortly before that deposition, at your request, I agreed to adjourn that deposition. I did so amicably and without any fuss whatsoever. I would appreciate a return of that kind of courtesy rather than more invective of the kind that I heard on the phone yesterday.

## *Julia Cohen's Medical Issues*

As you know, in her complaint, plaintiff Cohen claims to have "suffered injuries and damages, which were the proximate result of, her probable cause lacking, intentional, malicious, arrest, preferral of charges and prosecution. . . ." Complaint ¶ 47 (sic). Plaintiff claims to have suffered "anxiety, humiliation, embarrassment, mental anguish, emotional distress, and psychological trauma, the valuation of which is substantial and includes, in terms of damages, both compensatory and punitive damages." Complaint ¶ 54. She further alleges that she suffered from "the denial of adequate medical treatment." Complaint ¶ 57.

When I spoke with you by phone yesterday, I noted that, in their interrogatories, defendants had asked plaintiff to identify her medical providers. Plaintiff's response, in its entirety, is that "Plaintiff objects to the Discovery Request herein." Response to Interrogatory # 5. Defendants asked plaintiff to identify all pharmacies or other providers of prescription drugs who provided drugs for the benefit of plaintiff. Plaintiff's response is that "Plaintiff objects to the Discovery Request herein." Response to Interrogatory # 6. Defendants asked plaintiff whether plaintiff has made a claim with any insurance carrier for physical, mental or emotional injuries. Plaintiff's response is that "The Plaintiff objects to the Discovery Request herein." Interrogatory Response # 10. Plaintiff similarly has objected to providing _any_ medical records or medical releases of any kind. Response to Document Request ## 3, 14, 23.

These responses are completely inadequate. You said that plaintiff's interrogatory responses and document responses should be read along with her 50(h) hearing testimony. During her 50(h) hearing, plaintiff testified that she "was under doctor's care when [she] was arrested and [she] had follow-ups as a result of an exacerbation of a condition that I had when I was arrested." (50(h) at 25:17). That condition was a "bronchial infection." (50(h) at 25:22). She later identified the doctor who treated her as Dr. Markowitz. (50(h) at 26:9 and errata sheet). She claimed additional injuries involving her "shoulders and my wrist and my feet." (50(h) at 26:22). In addition, she testified that she became "very depressed and upset and fearful." (50(h) at 26:24). She testified that she had pre-existing shoulder and foot injuries for which she had received treatment. (50(h) at 28:18, 29:13). She also testified that she was on two forms of medication during the 24 hours before her arrest (50(h) at 6:10), one of which was for her pre-existing bronchial infection. (50(h) at 6:17).

As you know, Defendants are entitled to examine plaintiff with respect to any medical conditions that she has put into issue in this action. You are, of course, aware of Judge Karas' August 29, 2005 rulings in MacNamara and of Judge Francis' ruling in Hershey-Wilson and the related briefing in that case that demonstrates the overwhelming weight of legal authority – particularly in the Southern District of New York -- on which Judge Karas' and Judge Francis' rulings rest. If the reason that your client has not produced a shred of medical information is that she intends to withdraw her medical and emotional distress claims in their entirety, then you ought to advise me of that fact and we will enter into a written agreement. I can then proceed to prepare to depose her on the issues remaining. I have no interest in preparing to examine your client on the broad range of medical and emotional issues that she has put into issue only to learn at the deposition that she does not intend to pursue any of them. This is a waste of my time, yours and hers.

### _Julia Cohen's Additional Defaults_

- Plaintiff was asked by defendants to identify any testimony or statements given by plaintiff regarding the incident about which she complains. She admitted that "Plaintiff did provide an Affidavit about the length of her detention in the post arrest State court habeas corpus proceeding," but she has refused to provide a copy of it. Response to Interrogatory # 16.

- Plaintiff similarly has refused to answer Interrogatories calling for the most mundane information, such as her employment history (#4) and her educational

2

history (#14).

- Defendants asked plaintiff to identify documents that are in the possession, custody or control of plaintiff that relate to the particular subjects of this case. Plaintiff responded that she was providing "copies of video tapes, some of which the City already possesses and some of which the City does not possess," but in fact plaintiff has not provided any video tapes. Response to Interrogatory #17. In addition, you have not provided a copy of the "dvd of some relevant videographed images" to which you refer in one of your letters to me.

- In her 50(h), she testified that she photographed officers during her bike protest, but she has produced no such photographs. (50(h) at 10:15).

- In her 50(h), she testified that she "was on her cellular phone reporting the fact that arrests were being made" immediately before she was arrested, but she has not produced her cell phone records. (50(h) at 11:7). Please produce unredacted copies her cell phone records for the two weeks preceding and following her arrest.

- Defendants asked plaintiff to identify any web sites, newspapers or other sources she consulted in the four weeks preceding the Convention that discussed or provided information concerning protests, marches, rallies or other Convention-related activities. Plaintiff's response is that "The Plaintiff objects to the Discovery Request herein." Response to Interrogatory #19.

- Plaintiff was asked to produce any diaries, calendars or emails, among other things, that reflect any plans to attend rallies, marches or protests, or to participate in civil disobedience, in the weeks before and after the Convention. Plaintiff simply has objected. Response to Document Request ## 9, 10, 11.

We are entitled to answers to these questions and to plaintiff's sworn affirmation that her answers are complete and accurate. If I have overlooked information that you have previously provided that is responsive to these requests, please advise me. If Julia Cohen intends to dismiss all or part of her action that puts into issue the foregoing information, and that is the reason that you have not responded, then please advise me and I will draft an appropriate stipulation.

Otherwise, I will expect answers to these requests before taking Julia Cohen's deposition. If plaintiff does not intend to comply, then please advise me at once, so I may ask Judge Francis to enter an appropriate order. Thanks for your cooperation.

Very truly yours,

James Mirro

3

Exhibit N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X


JULIA R. COHEN,

                    PLAINTIFF,

          vs                                    05 Civ 6780(KMK)(JCF)

THE CITY OF NEW YORK, etc.,et al.,

                    DEFENDANTS.

------------------------------------X

PLAINTIFF COHEN'S RESPONSES TO THE DEFENDANTS' FIRST SET OF
INNTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF JULIA R. COHEN


     Now comes the Plaintiff Julia R. Cohen, by and through her

attorney James I. Meyerson, Esq., 396 Broadway-Suite # 601, New

York, New York 10013 [212] 226-3310, and hereby and herein

responds to the Defendants' Initial Discovery Requests. In

responding, the Plaintiff reserves all of her rights and

objections [general and specific] and, by responding, the

Plaintiff does not waive any rights or objections [general and

specific].

INTERROGATORIES

1.  Identify all persons who witnessed, were present at, or have knowledge of the incident, including the home and business addresses and telephone numbers of each witness. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

[i] the Plaintiff; [ii] the Defendant parties; [iii] others arrested at the time and place of the Plaintiff's arrest; [iii] individuals in the New York County District Attorney's Office; [iv] Elizabeth Fink, Esq.; [v] unidentified New York City Police Officers; [vi] Paul Higgins; [vii] Gideon Oliver; [viii] other individuals arrested at the time and place of the Plaintiff's arrest; [ix] unidentified by-standers. See: Plaintiff's Rule 26 Voluntary Disclosures and documents associated therewith and inter-related thereto.

2.  Identify all injuries claimed by Plaintiff as a result of the incident and the medical, psychiatric, psychological, and other treatment provided.  For any treatment received, identify the provider who treated Plaintiff, including the provider's name, address, telephone number and dates of treatment.  If no injury is claimed, please so state.  If no treatment was received, please so state.

The Plaintiff did not suffer lost wages or any monies for psychiatric, mental health care or other medical services and treatment related to injuries arising out of the incident which gives rise to this litigation since the Plaintiff received no mental health care treatment or service or medical treatment for any injuries which she claims to have suffered as a consequence of the incident. The Plaintiff did not incur any attorney's fees related to the within matter. The Plaintiff was injured by the fact of the violation of her constitutional and civil rights [First and Fourth Amendments] and by the loss of her liberty associated therewith; and the Plaintiff suffered emotional and mental anguish associated therewith. Because of her position as an attorney, such distress and anguish and anxiety, associated with her arrest, the preferral of charges, and the detention, was intensified. See: Plaintiff's Rule 26 Voluntary Disclosures and documents associated therewith and inter-related thereto.

3.   Identify all economic injuries claimed by Plaintiff as a result of the incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property damage; and any other economic injury.  Identify the specific amounts claimed.  If no economic injury or damage is claimed, please so state.

See: Response to Discovery Request # 2 herein. See also: Plaintiff's Rule 26 Voluntary Disclosures and documents associated therewith and inter-related thereto.

4.  Identify all of Plaintiff's employers for the past ten (10) years, including the name, telephone number and address of each employer and the dates of each employment.  If there were periods of unemployment, please so state.

Plaintiff objects to this Request. See: Plaintiff's Rule 26 Voluntary Disclosures and documents associated therewith and inter-related thereto including the Plaintiff's 50[h] hearing testimonies transcript as part thereof.

5.  Identify all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years. Include the name, address, and telephone number of the provider, the condition(s) for which Plaintiff was treated by that provider, and the date(s) of treatment.

Plaintiff objects to the Discovery Request herein.

6.  Identify all pharmacies or other providers of prescription drugs who provided prescription drugs for the benefit of Plaintiff at any time in the past ten (10) years, identifying the name, address and telephone number of the

VERIFICTAION

Julia Cohen, being first duly sworn, deposes and says:

1. I have read the foregoing Responses which were prepared by my attorney, James I. Meyerson; and I have provided my counsel information.

2. The information contained in the Responses is accurate and true of my own knowledge and belief. The Responses are also prepared and set forth upon advice of my attorney.

Respectfully submitted,

JULIA COHEN

Sworn to and subscribed before me this ___ day of November, 2005.

_____
NOTARY PUBLIC

My Commission Expires: 7/12/2007

ADRIENNE WARDEN
Notary Public, State of New York
No. 01WA6027786
Qualified in New York County
Commission Expires 7/12 20 07

19

Exhibit O



THE CITY OF NEW YORK

**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

JAMES MIRRO
*Special Assistant Corporation Counsel*
*phone (212) 788-8026    fax (212) 788-9776*

November 6, 2006

***BY FAX & BY HAND***

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

Re:    ***Cohen v. The City of New York, et al.***
        ***USDC SDNY 05 CV 6780 (KMK) (JCF)***

Dear Judge Francis:

I write in response to James I. Meyerson's letter to you dated October 27, 2006 ("Plaintiff's Letter"). For the reasons that follow, defendants request that the Court dismiss this action in its entirety based upon plaintiff's long-standing refusal to comply with defendants' discovery requests.

***Plaintiff Cohen's Previous Refusals To Respond To Discovery***

Before commencing the present action, plaintiff was one of 24 named plaintiffs in the related MacNamara "class" action. On or about May 20, 2005, defendants served plaintiffs in MacNamara, including plaintiff Cohen, with interrogatories and document requests including requests for the names of (and releases for) medical and mental health providers. In anticipation of timely responses to those requests, on June 15, 2005 defendants noticed plaintiff Cohen's deposition.

On July 5, 2005, plaintiff Cohen's then-counsel stipulated that "plaintiffs' responses to the City's interrogatories and document requests . . . along with all executed releases, shall be served upon the City . . . no later than July 18, 2005." Judge Karas ordered the same with respect to all plaintiffs in MacNamara on July 19, 2005. Plaintiff Cohen never responded to any of defendants' discovery requests in MacNamara. Instead, on July 25, 2005, she stipulated to dismiss her claims voluntarily in that action.

### *Plaintiff Cohen's Current Claims*

On July 28, 2005, plaintiff filed and served this action. In her complaint, plaintiff claims to have "suffered injuries and damages, which were the proximate result of, her probable cause lacking, intentional, malicious, arrest, preferral of charges and prosecution. . . ." Complaint ¶ 47 (sic) (Exhibit "A" hereto).

During her 50(h) hearing, which was conducted on June 29, 2005, plaintiff testified that she "was under doctor's care when [she] was arrested and [she] had follow-ups as a result of an exacerbation of a condition that I had when I was arrested." (50(h) at 25:17). That condition was a *"bronchial infection."* (50(h) at 25:22). She later identified the doctor who treated her as Dr. Markowitz. (50(h) at 26:9 and errata sheet). She also testified that she was on two forms of medication during the 24 hours before her arrest (50(h) at 6:10), one of which was for her bronchial infection. (50(h) at 6:17).

In addition, plaintiff testified that she had injuries involving her *"shoulders [and] wrist [and] feet."* (50(h) at 26:22). She testified, further, that she had pre-existing shoulder and foot injuries for which she had received treatment. (50(h) at 28:18, 29:13).

Plaintiff also claims to have suffered *"anxiety, humiliation, embarrassment, mental anguish, emotional distress, and psychological trauma, the valuation of which is substantial and includes, in terms of damages, both compensatory and punitive damages."* Complaint ¶ 54 (emphasis added) (Exhibit "A" hereto). During her 50(h) hearing, she testified that she became "very depressed and upset and fearful." (50(h) at 26:24). In response to an interrogatory, plaintiff repeated that she "suffered emotional and mental anguish" as a result of her arrest and detention. Response to Interrogatory #2 (Exhibit "B" hereto).[1] Plaintiff added that "Because of her position as an attorney, such distress and anguish and anxiety, associated with her arrest, the preferral of charges, and the detention, was intensified." Id. (emphasis added).

Plaintiff further alleges in her Complaint that she suffered from "the denial of adequate medical treatment." Complaint ¶ 57.

### *Plaintiff Cohen's Refusal To Produce Relevant Information*

In their interrogatories, defendants asked plaintiff to identify "all medical providers including, but not limited to, doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services, who have rendered treatment to the Plaintiff within the past ten (10) years." Plaintiff's response, in its entirety, is that "Plaintiff objects to the Discovery Request herein." Response to Interrogatory # 5 (Exhibit "B" hereto).

Defendants asked plaintiff to identify "all pharmacies or other providers of prescription drugs" to plaintiff for any related conditions. Plaintiff's response is that "Plaintiff objects to the Discovery Request herein." Response to Interrogatory # 6 (Exhibit "B" hereto).

---

[1] Defendants served plaintiff Cohen with interrogatories and document requests in this action on October 28, 2005..

Defendants asked plaintiff "whether plaintiff has made a claim with any insurance carrier for . . . mental or emotional injuries within the past ten (10) years and, if so, identify each claim by date, injury and insurance carrier." Plaintiff's response is that "The Plaintiff objects to the Discovery Request herein." Response to Interrogatory # 10 (Exhibit "B" hereto).

Plaintiff similarly has objected to providing any medical or counseling records, or medical or counseling releases, of any kind (except that she has provided a release for the records of Dr. Markowitz). Responses to Document Requests ## 3, 14, 23 (Exhibit "B" hereto).

Defendants asked plaintiff to identify any testimony or statements given by plaintiff regarding the incident about which she complains. She admitted that "Plaintiff did provide an Affidavit about the length of her detention in the post arrest State court habeas corpus proceeding." Nevertheless, she has not produced a copy of it. Response to Interrogatory # 16 (Exhibit "B" hereto).

Defendants asked plaintiff to produce any diaries, calendars or emails, among other things, that reflect any plans to attend rallies, marches or protests, or to participate in civil disobedience, in the weeks before and after the Convention. Plaintiff simply has objected. Response to Document Requests ## 9, 10, 11 (Exhibit "B" hereto).

### *Plaintiff Has Been On Notice Of These Deficiencies For Over Seven Months*

On March 23, 2006, defendants advised plaintiff in writing that her discovery responses were wholly inadequate and that proper responses would be required (Exhibit "C" hereto). Proper responses never have been provided. Nor has plaintiff agreed – despite defendants' express written invitation in the letter of March 23 -- to withdraw her physical and emotional damage claims as an alternative to producing the necessary medical records.

In her letter to the Court of October 27, 2006, plaintiff ignores most of defendants' demands. With respect to the one category of records that plaintiff does address -- her counseling records – she declares flatly that she will refuse to comply with any order of the Court compelling their production: "If the Court will insist on the production of the records or an authorization to defendants' counsel, I am authorized to inform the Court that the plaintiff will not comply with any such order thereby implicating sanction by dismissal of the emotional injury damage claims." Plaintiffs' Letter at 5 ¶ 2.

"The plaintiff's position is that no pre-RNC arrest incident mental health service records, however broadly or narrowly defined, have any bearing on the narrowly defined emotional reaction injury claims in this litigation [as described] since they are legally irrelevant and cannot provide any conceivable information relevant to this litigation and the damage claims encompassed therein." Plaintiffs' Letter at 4 ¶ 1 (emphasis added). Plaintiffs' position directly contradicts the Court's numerous prior rulings on this issue in the Consolidated RNC Cases. See MacNamara (KMK Hearing Transcript of August 29, 2005); Hershey-Wilson (Meyerson) (JCF Order of February 14, 2006); Hershey-Wilson (Meyerson) (KMK Order of April 20, 2006); Jarick (JCF Order of May 18, 2006); Concepcion (JCF Order of June 29, 2006); Hershey-Wilson (Meyerson) (KMK Order of September 20, 2006); Concepcion (JCF Order of September 25, 2006); Concepcion (JCF Order of October 24, 2006).

Based upon plaintiffs' representations that she will *not comply* with the Court's anticipated order -- and the prejudice that plaintiff already has caused to defendants by her repeated failures to produce the necessary discovery information to defendants over a period of many months -- defendants request that the Court dismiss this action in its entirety. <u>See</u> Rules 37(a), (b) and 41(b) of the Federal Rules of Civil Procedure.[2] Such a ruling, coming after both Your Honor and Judge Karas patiently have rejected counsel's arguments on this same issue on numerous prior occasions, will serve the vital interest of reminding counsel that they *must comply* with the Court's orders in these Consolidated RNC Cases -- and that litigation over the issue of mental health records in particular must come to an end.

Alternatively, defendants request that the Court enter an order (a) dismissing all of plaintiff's claims based upon physical and emotional injuries and damages (including the alleged failure to provide medical treatment while in custody) and (b) compelling complete and proper responses to all of defendants' remaining interrogatories and document requests. At the Court's request, defendants will provide a form of order consistent with the Court's rulings.

Very truly yours,

James Mirro

cc:    James I. Meyerson, Esq. (by fax)

Enclosures (by hand only)

---

[2] <u>See also</u> <u>In re Rezulin Products Liability Litigation</u>, 223 F.R.D. 109, 111, 113-14 (S.D.N.Y. 2004) (Kaplan, J.) (dismissing with prejudice the complaints of numerous plaintiffs for failure to provide medical information and authorizations, which the court held were material deficiencies that had prejudiced defendants by "depriv[ing] them of the information necessary to move the cases forward"), *reconsideration denied in all material respects*, 2004 WL 1700618; <u>In re Agent Orange Product Liability Litigation</u>, 611 F. Supp. 1290, 1294 (E.D.N.Y. 1985) (Weinstein, C.J.) (dismissing plaintiff's action and reasoning that "plaintiff, having placed the origin of his illness in issue, may not now refuse to cooperate with defendants in discovery concerning the crucial question of causation"), <u>aff'd</u>, 818 F.2d 210, 212 (2nd Cir. 1987). In <u>Rezulin</u>, focusing on the importance of authorizations, the Court observed that "the lack of authorizations has prevented the defendants from conducting essential discovery of doctors, employers and insurers and from conducting meaningful depositions of these plaintiffs." 223 F.R.D. at 113.

4

Exhibit P



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**JAMES MIRRO**
*Special Assistant Corporation Counsel*
*phone (212) 788-8026   fax (212) 788-9776*

November 15, 2006

***BY FAX***

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

     Re:    ***Cohen v. The City of New York, et al.***
             ***USDC SDNY 05 CV 6780 (KMK) (JCF)***

Dear Judge Francis:

      On November 6, 2006, I wrote the Court seeking dismissal of plaintiff's claims for failure to produce a variety documents and for failure to answer interrogatories (another copy of that letter is attached as Exhibit "A" hereto).[1]  At the conference with the Court on November 9, 2006, Your Honor suggested that the parties talk further about the discovery not produced to defendants to date.  Since then, plaintiff's counsel has advised me that he will properly respond to the interrogatories and document requests in question, provided that his client refuses to produce her mental health records even for the Court's review in camera (Exhibit "B" hereto). Accordingly, defendants renew their request that the Court enter an order dismissing all of plaintiff's claims against all defendants for mental anguish and emotional distress allegedly suffered by her as a result of the incidents about which she complains in this action, including any claim for any intentional or negligent infliction of emotional distress and any claim for damages based upon mental anguish or emotional distress (however articulated).

                Very truly yours,

                James Mirro

cc:    James I. Meyerson, Esq. (by fax)
       Enclosures

---

[1] Should the Court need another copy of the exhibits to the November 6, 2006 letter, please advise me.

Exhibit Q



THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JAMES MIRRO
*Special Assistant Corporation Counsel*
*phone (212) 788-8026    fax (212) 788-9776*

November 16, 2006

***BY FAX***

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

Re:    ***Cohen v. The City of New York, et al.***
        ***USDC SDNY 05 CV 6780 (KMK) (JCF)***

Dear Judge Francis:

    I write briefly to respond to several points made by plaintiff in her letter of this morning with respect to her counseling records. First, the Court previously has considered and rejected the argument made by plaintiff's counsel. In the case of <u>Alden v. Time Warner, Inc.</u>, 1995 WL 679238 (S.D.N.Y. 1995) (Francis, J.), Your Honor held that records of a marriage counselor were relevant to emotional distress damages and ordered those records produced. "Marital difficulties significant enough to prompt counseling are likely to have been an independent cause of emotional distress." <u>Id.</u> at *2. "Moreover, if any counseling sessions postdated [the incident about which plaintiff has sued], it is probable that [plaintiff] discussed this source of stress with the counselor." <u>Id.</u> The same holds true in this case, in which plaintiff has represented that her counseling "extended over a period of perhaps ten years." <u>See</u> October 27, 2006 Letter to Your Honor from James I. Meyerson at 3 ¶ 3 (also attached to plaintiff's letter of this morning). Accordingly, defendants respectfully submit that their motion should be granted.

Very truly yours,

James Mirro

cc:    James I. Meyerson, Esq. (by fax)

Exhibit R

UNITED STATES DISTRICT COURT        (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
JULIA R. COHEN,             : 05 Civ. 6780 (KMK) (JCF)
                           :
          Plaintiff,      :    O R D E R
                           :
     - against -         :
                           :
THE CITY OF NEW YORK, a municipal :
entity, NEW YORK CITY POLICE    :
OFFICERS STEVEN CHOINSKI, Shield :
# 28673, and "JOHN DOES" and "SALLY:
ROWES," individually and in their :
official capacities, JOSEPH     :
ESPOSITO, individually and in his :
official capacity as Chief of the :
New York City Police Department,  :
RAYMOND KELLY, individually and in :
his capacity as New York City    :
Police Commissioner, BRUCE SMOLKA, :
individually and in his official  :
capacity as an Assistant Chief in :
the New York City Police Department:
and in Patrol Borough Manhattan   :
South,                     :
                           :
         Defendants.     :
- - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____        │
│ DATE FILED: 11/17/06        │
└─────────────────────────────┘
```

    Defendants having moved to dismiss the complaint for failure of plaintiff to provide information requested in discovery, or, in the alternative, to dismiss plaintiff's claims based on physical and emotional injuries while compelling production of discovery responses relevant to her other claims, it is hereby ORDERED as follows:

    1.   Plaintiff has declined to produce her "couple's counseling" records or to provide them for in camera review for a determination of their relevance to her claims of mental and emotional distress.  This issue has been fully litigated and

decided in the following related cases: <u>MacNamara</u>, 04 Civ. 1926 (Ruling dated Aug. 29, 2005); <u>Hershey-Wilson</u>, 05 Civ 7026 (Order dated Feb. 2, 2006); <u>Jarick</u>, 05 Civ. 7626 (Order dated May 16, 2006); <u>Concepcion</u>, 05 Civ. 8501 (Order dated Oct. 23, 2006); and <u>Abdell</u>, 05 Civ. 8453 (Order dated Nov. 16, 2006). Accordingly, plaintiff's claims based on mental and emotional injury are dismissed.

2. Plaintiff has represented that she will produce the information sought by defendants in connection with the balance of her claims. Defendants' request for an order compelling production is therefore denied without prejudice to renewal in the event some further dispute arises.

SO ORDERED.

James C. Francis IV
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          November 17, 2006

Copies mailed this date:

James I. Meyerson, Esq.
396 Broadway - Suite # 601
New York, New york 10013

James Mirro, Esq.
Special Assistant Corporation Counsel
100 Church Street
New York, New York 10007

2

Exhibit S

# MEMO ENDORSED

**Law Office of**
## ALAN LEVINE

99 Hudson Street, 14th Floor
New York, New York 10013

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/06
```

Tel: (212) 739-7506
Fax: (212) 431-4276

March 14, 2006

Hon. Kenneth M. Karas
United States District Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

Re:    *Tarasik Abdell, et al. v. The City of New York, et al.,* 05 CV 8453

Dear Judge Karas:

I am an attorney for plaintiffs in the above-entitled action, which is one of the consolidated RNC cases. In one of those cases, *Kyla Hannah Hershey-Wilson v. City of New York,* 05 Civ. 7026, plaintiff has filed a motion pursuant to Rule 72, Fed.R.Civ.Proc., seeking review of a ruling by Magistrate Judge Francis concerning the production of psychotherapy records. Because the same issue will arise in *Abdell,* and because it presents an issue of great importance to the *Abdell* plaintiffs, I request permission to file a Memorandum of Law in support of the *Hershey-Wilson* motion. Assuming the request is granted, we would ask that the date for filing our Memorandum be scheduled to coincide with the date set for plaintiff to file her reply papers. We understand that those papers are currently due on March 24, 2006.

Counsel for the *Hershey-Wilson* plaintiff consents to this application. The City has refused to give its consent.

Respectfully submitted,

*Alan Levine*    LSD

Alan Levine

cc:    Jeffrey Dougherty
       Assistant Corporation Counsel

Denied.

1

SO ORDERED

KENNETH M. KARAS U.S.D.J.

3/23/06

Exhibit T

03/28/2006 15:30 FAX                                                              ☒002

# MEMO ENDORSED

Law Office of
## ALAN LEVINE

99 Hudson Street, 14ᵗʰ Floor                                    Tel: (212) 739-7506
New York, New York 10013                                       Fax: (212) 431-4276

┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____       │            March 28, 2006
│ DATE FILED: 4/7/06           │
└─────────────────────────────┘

**BY TELEFAX**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

                  Re:    Abdell, et al. v. City of New York, et al.
                         05 Civ. 8453 (KMK)(JCF)

Dear Judge Francis:

    I am co-counsel for plaintiffs in this RNC case and write concerning the City's request that
plaintiffs produce records of any psychotherapy treatment during the past ten years. The request is
premised on the allegation in the complaint that the plaintiffs suffered emotional distress as a result of
their detention.

    As you know, Judge Karas has held in one RNC case, *MacNamara v. City of New York*, 04
Civ. 9216 (KMK)(JCF), that, given a comparable allegation in the complaint, psychotherapy records
must be produced (albeit with an opportunity for plaintiffs to produce the records *in camera* for a
determination of their relevance). In another RNC case, *Hershey-Wilson v. City of New York*, 05
Civ. 7026 (KMK)(JCF), the plaintiff has filed Rule 72 objections to an order of this Court compelling
production of such records.

    Four of the plaintiffs in *Abdell*, Christy Turner, Benjamin Bernard, Michael Joseph, and Robert
J. Siegel, have advised counsel that they will not produce records of psychotherapy treatment
unrelated to the incident alleged in the complaint, even for inspection *in camera*. The four plaintiffs do
not intend to offer evidence on this issue through a treating psychotherapist or expert. The emotional
distress they experienced could not be characterized as a diagnosable psychological injury or mental
condition, and was limited in time to their arrest and detention and a brief period thereafter. They have
been advised by counsel that their claims of emotional distress may nonetheless be dismissed if they fail

1

03/2?/2006  15:30 FAX                                                      ☐003

to comply with an order to produce the records.  They respond that they are prepared to suffer dismissal of their emotional distress claims rather than produce the records.

Given the ruling in *MacNamara*, we understand that you would issue an order compelling production of the documents, and given your February 7, 2006, memo endorsement in *Crotty v. The City of New York*, 05 CV 7577 (KMK)(JCF) and *Scharf v. The City of New York*, 05 CV 10012 (KMK)(JCF)(copy attached), we understand that you will then consider issuing an order dismissing the above-named plaintiffs' claims for emotional distress.

We believe an order compelling production is unnecessary, given our clients' intention to refuse to produce the records.  If you believe an order to dismiss their emotional distress claims is appropriate, given that refusal, we ask that you issue that order as promptly as possible.  We intend to file Rule 72 objections on this issue, and are hopeful that those objections can be considered by Judge Karas at the same time that he hears argument on the same issue in *Hershey-Wilson*.  That argument is scheduled for April 20, 2006.

Respectfully submitted,

Alan Levine

cc:    Jeffrey A. Dougherty
       Assistant Corporation Counsel                              4/7/06

*Application denied. While I appreciate plaintiffs' desire to expedite a determination, one record is simply incomplete in the absence of an adjudicated motion to compel or motion to dismiss for failure to respond to discovery.*

*SO ORDERED,*

*James C. Francis IV*

*USMJ*

2