Exhibit U



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY HAND DELIVERY**

September 12, 2006

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

Re:    **Abdell, et al, v. City of New York, et al.**, 05 CV 8453 (KMK) (JCF)

Dear Judge Francis:

I write in reference to the above referenced action, which is an RNC case consolidated before Your Honor for discovery. In this case, plaintiffs David Barrows, Benjamin Bernard, Colleen Cook, Matthew Dietzen, Calla Evans, Adam Feinstein, Barrett Gross, Kathleen Hernandez, Alexander Holley Drummond, Benjamin Hunt, Jennifer Janney, Michael Joseph, Pepper Judd, Sarah Kanouse, Jay Kantor, Andrew Laken, Tessa LaLonde, Jonothan Logan, Ryan McGee, Barbara Ann Meisinger, Tristan Migliore, Mark Nechay, Daniel O'Reilly-Rowe, Katherine Poe, Shannon Petrello[1], Steven Scofield, Robert J. Siegel, Sarah Tepsic, Ann Trudell, Christy Ann Turner and Zachary Vreeland (collectively Plaintiffs) allege emotional distress and psychological injuries and seek related damages. (See selections of Plaintiffs' Complaint attached as Ex. A at ¶¶ 36, 38 and 40; see also Plaintiffs' responses to Interrogatory No. 5 attached as Ex. B). In connection with properly defending this action defendants seek discovery of Plaintiffs' psychological history.

In response to defendants' interrogatories and document requests, Plaintiffs objected to providing any information regarding their psychological histories. (See Ex. B, Plaintiffs' responses to Interrogatories No. 7-9). Specifically, Plaintiffs' interrogatory responses indicate

---

[1] Plaintiff Shannon Petrello has provided a single release for "the Counseling Center-SIUC." However, her discovery responses remain deficient because she has not formally supplemented her responses to interrogatories 7-9 or provided any additional responsive releases.

Hon. James C. Francis IV
September 12, 2006
Page 2 of 2

they either refuse to provide proper interrogatory responses and releases or alternatively are waiting until the "conclusion of the litigation on this issue." Accordingly, in the hopes of obtaining conclusive responses in advance of scheduling Plaintiffs' depositions, defendants contacted Plaintiffs and requested that they remedy these discovery deficiencies.

As Your Honor is aware, this Court has repeatedly ruled that defendants are entitled to discovery of a plaintiff's psychological history when a plaintiff alleges psychological harm. See e.g., Judge Karas' August 29, 2005 rulings in Macnamara, et al. v. City of N.Y., et al. 04-CV-9216; Your Honor's February 2, 2006 order in Hershey-Wilson v. City of N.Y.,et al. 05-CV-7026, affirmed May 1, 2006; Your Honor's May 16, 2006 memorandum order in Jarick v. City of N.Y., et al. 05-CV-7626; and Your Honor's June 29, 2006 Order in Concepcion v. City of New York, et al. 05-CV-8501.

Despite this Court's clear and consistent rulings on these issues, which defendants have discussed with Plaintiffs, Plaintiffs remain uncooperative and refuse to respond to interrogatories 7-9 to the extent they seek Plaintiffs' mental health treatment information. Specifically, these interrogatories request Plaintiffs to identify providers that rendered them counseling and psychiatric services and/or provided medications and prescription drugs to plaintiff within the past 10 years. Plaintiffs have also refused to provide medical release related to any such providers.

Accordingly, defendants respectfully request that Plaintiffs be compelled to: (1) fully respond to Interrogatories Nos. 7-9 by identifying all providers that have rendered them counseling, therapy, psychological treatment or psychiatric treatment within the past 10 years; (2) provide defendants with properly executed releases for all newly identified providers; and (3) provide defendants with properly executed releases for all pharmacies or providers of prescription drugs that Plaintiffs have used in connection with treating any emotional or psychological issues within the past 10 years.

Very truly yours,

Jeffrey A. Dougherty

cc:    Michael L. Spiegel, Esq. (by Hand Delivery)

Exhibit V

Law Office of
# ALAN LEVINE

99 Hudson Street, 14th Floor                          Tel: (212) 739-7506
New York, New York 10013                              Fax: (212) 431-4276

October 23, 2006

**BY TELEFAX**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

Re:    Abdell, et al. v. City of New York, et al.
       05 Civ. 8453 (KMK)(JCF)

Dear Judge Francis:

I write in response to the September 12, 2006 letter from Assistant Corporation Counsel Jeffrey Dougherty requesting an order compelling certain named plaintiffs to identify all treatment providers for the past ten years in connection with their damage claims for emotional distress. Defendants also seek releases from every named provider.

I advised the court in a letter dated March 27, 2006 that four plaintiffs, Christy Turner, Benjamin Bernard, Michael Joseph, and Robert J. Siegel, would not produce such records, even if the consequence were the dismissal of their claims for emotional distress. None of the four sought treatment in connection with their arrests during the RNC and so any treatment records they might have are wholly unrelated to the events at issue here. Given that (1) these plaintiffs do not intend to offer evidence on this issue through a treating psychotherapist or expert, (2) the emotional distress they experienced could not be characterized as a diagnosable psychological injury or mental condition, and (3) their emotional distress was limited to the time of their arrest and detention and a brief period thereafter, we believe that they should not be compelled to produce these records. We recognize, however, that this Court has ruled in other RNC cases that such records must be produced, even under the circumstances applicable to these four plaintiffs, and that Judge Karas has upheld those rulings. Nevertheless, we ask that the Court consider the issue anew in this case.

In our view, under the reasoning of the Second Circuit in *Kerman v. The City of New York*, 374 F.3d 93 (2d Cir. 2004), a case that we believe has not previously been cited to Your Honor in the RNC cases, a plaintiff need not produce treatment records in the circumstances present here. *Kerman* held that, upon proof of a false imprisonment, a plaintiff was entitled to

general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." *Ibid.* at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" *Ibid.* at 125, quoting McCormick, *supra*, § 107 at 376. What that means is that in every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not.*

Under the logic of defendants' position, the mere allegation of *any* emotional distress deriving from a plaintiff's false imprisonment – whether or not the distress is the ordinary, time-limited mental suffering that would predictably accompany a period of unlawful confinement, and whether or not the plaintiff intends to rely on her own, or any other, psychotherapist in support of her allegation – waives the patient-psychotherapist privilege. But that result is plainly inconsistent with the holding in *Kerman.* If, under *Kerman,* a plaintiff need not plead the ordinary emotional distress that accompanies a false arrest and imprisonment in order to recover for it, then it surely cannot be that she waives the privilege by choosing to recite in the complaint that she suffered that distress.[1]

Because the four named plaintiffs believe that the decision in *Kerman* requires a holding that their refusal to produce the requested provider names and treatment records does not waive the psychotherapist-patient privilege, we urge that the Court deny defendants' request for their treatment providers' names and their treatment records.

The other plaintiffs listed in Mr. Dougherty's letter have also expressed a reluctance to produce the requested names records.[2] While they have not said what they would do if they were

---

[1] In his recent decision in *Greenberg v. Smolka,* 03 Civ. 8572 (RWS) (MHD) (April 25, 2006), Magistrate Judge Dolinger adopted the logic of *Kerman* – without citing to the opinion itself – in holding that treatment records need not be produced in circumstances such as those present here. In *Greenberg* – a suit arising out of alleged police misconduct – the plaintiff alleged the kind of ordinary, time-limited emotional distress "that any healthy person might feel as a result of" such police behavior. *Ibid.* at 20. As with the plaintiffs here,

> she suffered only the sort of distress that could reasonably be attributable to the incident, and she disclaims any more aggravated harm. . . . She . . . indicates that the distress lasted only a matter of weeks and did not lead to the creation or aggravation of any psychological dysfunction or illness. . . . She also commits not to calling her therapist or any other mental health experts as witnesses at trial.

*Ibid.* at 20. Under those circumstances, the plaintiff had not waived the psychotherapist-patient privilege and was not required to produce her treatment records.

[2] Plaintiff Shannon Petrello is the exception; she has provided a release for her mental health records and will provide the requested responses to relevant interrogatories.

faced with the dismissal of their emotional distress claims, we ask that a ruling on the defendants' request concerning the treatment records of these plaintiffs be held in abeyance pending resolution of the issues addressed in this letter. In that regard, defendants raise the need for these records in connection with depositions of the plaintiffs. None of the other 117 plaintiffs have yet been deposed. Those depositions can proceed in the meantime.

Yours sincerely,

Alan Levine

cc: Jeffrey Daugherty, Esq. (By Telefax)

Exhibit W



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY FACSIMILE**                                    November 13, 2006

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

        Re:    Abdell v. City of New York, et al., 05 CV 8453 (KMK) (JCF)

Dear Judge Francis:

        I write in reply to plaintiffs David Barrows, Benjamin Bernard, Colleen Cook, Matthew
Dietzen, Calla Evans, Adam Feinstein, Barrett Gross, Kathleen Hernandez, Alexander Holley
Drummond, Benjamin Hunt, Jennifer Janney, Michael Joseph, Pepper Judd, Sarah Kanouse, Jay
Kantor, Andrew Laken, Tessa LaLonde, Jonothan Logan, Ryan McGee, Barbara Ann Meisinger,
Tristan Migliore, Mark Nechay, Daniel O'Reilly-Rowe, Katherine Poe, Shannon Petrello[1],
Steven Scofield, Robert J. Siegel, Sarah Tepsic, Ann Trudell, Christy Ann Turner and Zachary
Vreeland (collectively "Plaintiffs'") October 23, 2006 letter opposing defendants' September
12, 2006 application to compel discovery of their psychological history. Defendants respectfully
request that the Court grant their application.

Plaintiffs Must Provide Releases for Their Psychiatric Providers

        Compelling Plaintiffs to execute releases is the only way defendants can obtain a
complete and uncompromised picture of Plaintiffs' psychological histories, which is necessary so
that Plaintiffs can be deposed concerning the emotional impact of sources of distress other than
their arrests. This information, which goes directly to the legal issues of causation and damages,

---

[1]  As of the date of this reply, Plaintiff Shannon Petrello's discovery responses remain deficient because she has
not formally supplemented her responses to interrogatories 7-9 or provided any additional responsive releases.

Hon. James C. Francis IV
November 13, 2006
Page 2 of 3

is central to this case and all of the RNC cases. This Court has repeatedly ruled that defendants are entitled to full disclosure of a plaintiff's psychological history when she alleges emotional injuries because she has waived the psychotherapist patient privilege. See e.g., Judge Karas' August 29, 2005 rulings in Macnamara, et al. v. City of N.Y., et al.; Your Honor's February 2, 2006 order in Hershey-Wilson v. City of N.Y., et al., affirmed May 1, 2006; Your Honor's May 16, 2006 memorandum order in Jarick v. City of N.Y., et al. and Your Honor's October 23, 2006 order in Concepcion v. City of New York, 05-CV-8501[2] Accordingly, Plaintiffs should be compelled to execute authorizations for the release of their psychological records because Plaintiffs' have alleged they suffered emotional injuries as a result of their arrests and detentions and seek compensation for those injuries.

Plaintiffs' argument in their October 23, 2006 letter that Kerman v. City of New York 374 F.3d 93 (2d Cir. 2004) stands for the principle that there is an emotional injury component to all false arrest claims based on a loss of liberty claim actually *strengthens* defendants' position that discovery of plaintiffs' psychiatric histories is relevant and critical in preparing their defense of this action. That is, discovery of plaintiff's psychological history is also relevant to the separate allegation of loss of liberty. This principle has also been recognized by Magistrate Go of the Eastern District of New York in Anderson v. City of New York, 05-CV-4422 (ERK) (MDG) (April 28, 2006) (a copy of Magistrate Go's Memorandum Order is attached as Ex. 1).

---

[2]   Judge Karas held that "to the extent you are going to ask a jury to award damages from the anxiety as a form of psychological trauma [resulting from an arrest and detention], potentially a very serious form of psychological trauma. . . that puts into play any sort of psychological history that would explain what it is that might cause [a plaintiff's] anxiety." See Transcript of Aug. 29, 2005 Judge Karas' discovery rulings in Macnamara, et al. v. City of N.Y., et al. Judge Karas added that "when you talk about general psychological damages, the history becomes relevant, and [the psychotherapist patient privilege] is waived." See id. Judge Karas' and Your Honor's rulings are supported by a long line of authority in this district and the Second Circuit. See Jaffe v. Redmond, 518 U.S. 1, 15 n. 14 (1996) ("like other testimonial privileges, the patient may of course waive the protection [of the psychotherapist-patient privilege]"); n. 19 ("there are situations in which the [psychotherapist-patient] privilege must give way"); Oliphant v. Dept. of Trans., 05-CV-0618, 2006 WL 522126 *2 (2d Cir. Mar 3, 2006) (recognizing waiver of psychotherapist-patient privilege where plaintiff alleges emotional distress); Karl v. Asarco Inc., 98-CV-7535, 1998 U.S. App. LEXIS 32696, *4 (2d Cir Dec. 31, 1998) (affirming district court's order permitting discovery into [psychological] history because plaintiff waived his privilege by putting mental state into issue); Montgomery v. N.Y.S. Office of Mental Health, 00-CV-4189, 2002 U.S. Dist. LEXIS 5607, *1-4 (S.D.N.Y. Apr. 3, 2002) (claim for emotional distress waives psychotherapist-patient privilege); Murray v. Bd. of Edu., 199 F.R.D. 154-155 (S.D.N.Y. 2001) (emotional distress claim waived psychotherapist-patient privilege); McKenzie v. Cruz, 98-CV-1853, 1998 U.S. Dist. LEXIS 18293, *6 (S.D.N.Y. Nov. 19, 1998) ("the majority of post-Jaffe cases hold that any claim for emotional or psychological injury waives the psychotherapist-patient privilege"); Sidor v. Reno, 95-CV-9588, 1998 U.S. Dist. LEXIS 4593, *2-3 (S.D.N.Y. Apr. 7, 1998) (finding waiver of psychotherapist-patient privilege based on *inter alia* plaintiff's seeking damages for emotional pain and suffering); Kerman v. City of N.Y., 96-CV-7865, 1997 U.S. Dist. 16841, *9, 11 (S.D.N.Y. Oct. 24, 1997) (finding waiver of psychotherapist-patient privilege by allegations of continued emotional damages).

Hon. James C. Francis IV
November 13, 2006
Page 3 of 3

Moreover, the issues before the Second Circuit in Kerman were neither the scope of discovery nor the waiver of the psychotherapist-patient privilege.[3]

Additionally, because Plaintiffs have separately and distinctly pled "emotional distress," "psychological injury," and "great humiliation" in every cause of action in their Amended Complaint and in their interrogatory responses this discovery is clearly necessary and relevant. See selections of Plaintiffs' Amended Complaint attached as Ex. A to defendants' September 12, 2006 Letter Application; see also Plaintiffs' responses to Interrogatory No. 5 attached as Ex. B to defendants' September 12, 2006 Letter Application. Tellingly, Plaintiffs' opposition letter completely fails to address this crucial fact and instead attempts to divert the Court's attention from these unmistakable claims for emotional distress by reference to a logically inconsistent argument based on Kerman. Because Plaintiffs' pleadings and interrogatory responses unequivocally amount to allegations of emotional distress they must be compelled to provide defendants with relevant discovery regarding their psychological history.

The other case Plaintiffs cite in their opposition papers is equally unpersuasive and is not binding authority on this Court. Plaintiffs' reliance on Magistrate Judge Dolinger's decision in Greenberg v. Smolka, 03-CV-8572 (RWS) (MHD) (S.D.N.Y. April 25, 2006) is displaced because that decision is not controlling, is not persuasive, relies heavily on authorities from outside the Southern District, and is contrary to prior authority from this district as well as other New York district courts. Notably, this Court has continually rejected other plaintiffs' reliance on Greenberg. See e.g., Hershey-Wilson and Concepcion.

In conclusion, defendants respectfully request that Plaintiffs be compelled to: (1) fully respond to Interrogatories Nos. 7-9 by identifying all providers that have rendered them counseling, therapy, psychological treatment or psychiatric treatment within the past 10 years; (2) provide defendants with properly executed releases for all providers identified; and (3) provide defendants with properly executed releases for all pharmacies or providers of prescription drugs that Plaintiffs have used in connection with treating any emotional or psychological issues within the past 10 years.

Very truly yours,

Jeffrey A. Dougherty

cc:    Michael L. Spiegel, Esq. (by Facsimile)
       Alan Levine, Esq. (by Facsimile)

---

[3]    Notably, defendants have repeatedly cited the district court's decision in Kerman, which supports defendants' argument here. See Kerman v. City of N.Y., 96-CV-7865, 1997 U.S. Dist. 16841, *9, 11 (S.D.N.Y. Oct. 24, 1997) (finding waiver of psychotherapist-patient privilege by allegations of continued emotional damages).

Exhibit X

UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -: 05 Civ. 8453 (KMK) (JCF)
TARASIK ABDELL, et al.,                       :
                                              :
              Plaintiffs,                     :        O R D E R
      - against -                             :
                                              :
THE CITY OF NEW YORK, et al.,                 :
                                              :
              Defendants.                     :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 11/16/06 |

Defendants having moved to compel plaintiffs David Barrows,
Benjamin Bernard, Colleen Cook, Matthew Dietzen, Calla Evans, Adam
Feinstein, Barrett Gross, Kathleen Hernandez, Alexander Holley
Drummond, Benjamin Hunt, Jennifer Janney, Michael Joseph, Pepper
Judd, Sarah Kanouse, Jay Kantor, Andrew Laken, Tessa LaLonde,
Jonothan Logan, Ryan McGee, Barbara Ann Meisinger, Tristan
Migliore, Mark Nechay, Daniel O'Reilly-Rowe, Katherine Poe, Shannon
Petrello, Steven Scofield, Robert J. Siegel, Sarah Tepsic, Ann
Trudell, Christy Ann Turner, and Zachary Vreeland to (1) identify
all providers who have provided them with psychological or
psychiatric counseling or treatment, (2) provide releases with
respect to records maintained by these providers, and (3) provide
releases for all pharmacies that have filled prescriptions for
drugs used by the plaintiffs in connection with any psychological
or emotional conditions, it is hereby ORDERED as follows:

      1.   Plaintiffs shall provide the requested information by
November 30, 2006.  This issue has been fully litigated and decided
in the following related cases: MacNamara, 04 Civ. 9126 (Ruling

1

dated Aug. 29, 2005); <u>Hershey-Wilson</u>, 05 Civ. 7026 (Order dated Feb. 2, 2006); <u>Jarick</u>, 05 Civ. 7626 (Order dated May 16, 2006); and <u>Concepcion</u>, 05 Civ. 8501 (Order dated Oct. 23, 2006).

2.  Plaintiffs Benjamin Bernard, Michael Joseph, Robert J. Siegel, and Christy Turner have represented that they will not disclose such information.  Accordingly, their claims for mental and emotional injury are dismissed with prejudice.

SO ORDERED.

_JAMES C. FRANCIS IV_
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          November 16, 2006

Copies mailed this date:

Alan Levine, Esq.
99 Hudson Street, 14th Floor
New York, New York 10013

Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

2

Exhibit Y

1

58tkmacc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   DEIRDRE MACNAMARA, et al.,

4              Plaintiffs,

5              v.                          04 Civ. 9216

6   CITY OF NEW YORK, et al.,

7              Defendants.

8   ------------------------------x

9                                   New York, N.Y.
                                    August 29, 2005
10                                  10:00 a.m.

11  Before:

12                   HON. KENNETH M. KARAS,

13                                       District Judge

14                          APPEARANCES

15  MOORE & GOODMAN (by telephone)
         Attorneys for plaintiff
16  BY:  DAVID MILTON

17  MICHAEL CARDOZO
         Corporation Counsel for the City of New York
18  BY:  JAMES MIRRO (by telephone)
         FRED WHILER
19       Assistant Corporation Counsel

20

21

22

23

24

25

58tkmacc

1    directed to turn it over, so be it.  We have no objection.

2            THE COURT:  Look, it is certainly not the epicenter of

3    the case, I will give you that.  But the burden that Mr. Mirro

4    must meet is fairly low, as you know.  I think it is

5    discoverable under Rule 26 so I think it should be turned over.

6            With respect to the question of medical records and

7    medical history, both physical and psychological, it seems to

8    me that -- and even in the cases I read before I got

9    Mr. Mirro's August 26 letter -- to the extent that your

10   allegations, Mr. Milton, are very general and your claims of

11   injury are very general, why isn't it commensurate with that

12   that there is a greater need on behalf of defendants to find

13   out the medical history, both psychological and physical, of

14   your client?  If you had claimed, for example, that he broke

15   his leg, whether or not he had a toothache 10 years ago it

16   seems to be would be irrelevant.  Failing that, it seems

17   because it is a very general and broad statement -- and the

18   Northern District case that you described by Judge Pauley as

19   being the minority view, where the garden variety type of claim

20   really does not allow a plaintiff in that situation to restrict

21   access to medical history information.  Do you have any greater

22   sense of what it is your client actually suffered from so maybe

23   there is a way to narrow this?

24           MR. MILTON:  Yes, there is, your Honor.  In response

25   to the interrogatories of all 24 plaintiffs, one of the

58tkmacc

1    questions was please describe in detail all categories of

2    damages and all physical, emotional and psychological injuries,

3    and we in response to those detail specifically what injuries

4    emotional and physical our clients are alleging.  So there is a

5    more specific basis than the complaint.

6            In response to that, for example, no one is claiming,

7    say, dental injuries, and we didn't turn over dental records,

8    or gynecological, totally unrelated medical records.

9    Concerning the psychological records, I note again just looking

10   at this this morning, the cases cited for this principle of

11   putting medical and psychological issues in question, both were

12   pre-Jaffe v. Redmond, a Supreme Court case from 1996

13   recognizing the psychotherapist-patient privilege.  In that

14   they also, I think, addressed the issue of putting things in

15   issue and said there is not to be a balancing test and that the

16   interest in recognizing the privilege would not be served if

17   subsequently there would be a judicial determination, well,

18   this is relevant, this isn't relevant.

19           MR. MIRRO:  Can I address that, your Honor?

20           THE COURT:  I have a couple questions for Mr. Milton

21   first.  I am looking at response interrogatory No. 4, and this

22   is plaintiff William Steyert, Jr., responses, response No. 4,

23   and you said they were all the same.  The interrogatory states

24   identify all injuries claimed by plaintiff as a result of the

25   incident and the medical, psychiatric, psychological and other

58tkmacc

1    treatment provided, if any.  Response, worry and anxiety as a

2    result of my false and unjust arrest.  The conditions at Pier

3    57 caused anxiety for mental condition and health.

4         So dental situations, you are right, become

5    irrelevant, arthroscopic surgery is irrelevant, you name it.

6    But psychological, this is still fairly generic and I am

7    wondering why psychological history wouldn't be relevant to

8    this claim.

9         MR. MILTON:  Right, and I think it is precisely

10   because it is generic that the records aren't relevant.  If we

11   claim, for example, and I believe that with one of our

12   plaintiffs -- if we claim, for example, that someone is now

13   suffering from claustrophobia, and a more diagnosable specific

14   medical injury as opposed to what we are calling garden-variety

15   distress, to the extent someone has a more specific injury,

16   yes, it is relevant, but anxiety, worry, to me how we intend

17   that, it is upsetting to be arrested for what we claim is

18   obviously without justification, and then to be held for two

19   days for, essentially, like, a ticket, in the conditions as we

20   allege them.  It sort of adds insult to injury to then have to

21   disclose your entire family history and whatever else might be

22   the subject of your therapy when this is a sort of stand-alone

23   upsetting incident, and we are not claiming anything more and

24   we will stipulate that we are not claiming for those plaintiffs

25   anything more than what these cases call garden variety

58tkmacc

1    emotional distress.

2            THE COURT:  I do have to say, I think you have to be

3    careful how you phrase what I am saying.  I don't doubt for a

4    minute that being arrested at all is a very anxious moment and

5    can cause a tremendous amount of anxiety and distress, let

6    alone the ticket and being detained for two days.  I am not

7    trying to diminish what it is that your client is claiming.  My

8    point is, to the extent that you are going to ask a jury to

9    award damages from the anxiety as a form of psychological

10   trauma, potentially a very serious form of psychological

11   trauma, it seems to me that puts into play any sort of

12   psychological history that would explain what it is that might

13   cause anxiety in your client and what kind of damages he or she

14   is entitled to as a result of the anxiety that presumably you

15   would have shown unfairly resulted from what you would say is

16   an unlawful arrest.

17           So I just think that the cases that I have read, and

18   it is not a question of balancing, it is a question of whether

19   the privilege has been waived, that when you talk about general

20   psychological damages, the history becomes relevant, and it

21   seems that the cases say it is waived.

22           Mr. Mirro.

23           MR. MIRRO:  Thank you, your Honor.  I think we are on

24   the same page.  I think I would have said the same things that

25   you just said, your Honor, which I am happy about.  Let me just

Exhibit Z

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

LISA ANDERSON,

     Plaintiff,

   - against -

CITY OF NEW YORK, et al.,

     Defendants .

- - - - - - - - - - - - - - - - - -X

      ORDER

   CV 2005-4422 (ERK)(MDG)

   By letter dated April 12, 2006 (ct doc. 13), defendants move
to compel releases for plaintiff's medical records. As discussed
on the record at a hearing on April 27, 2006, this Court finds
that plaintiff has placed her mental condition at issue in this
litigation and consequently has waived her right to prevent the
disclosure of her mental health records. See Manessis v. New
York City Dep't of Transp., No. 02 CIV. 359, 2002 WL 31115032, at
*2 (S.D.N.Y. Sept. 24, 2002). Although plaintiff has withdrawn
her claim for emotional damages, plaintiff can nonetheless
provide evidence of her emotional distress through her testimony
regarding her claims for damages for loss of liberty and for
humiliation resulting from a strip search. Thus, she has opened
the door to discovery regarding her mental and emotional state.
See Cuoco v. U.S. Bureau of Prisons, 98 Civ. 9009, 2003 WL
1618530, at *3 (S.D.N.Y. March 27, 2003) (permitting discovery to
ascertain whether plaintiff's distress was caused by other

circumstances because plaintiff can testify about her emotional injuries without a psychotherapist); <u>Montgomery v. New York State Office of Mental Health</u>, No. 00 Civ. 4139, 2002 WL 500357, at *2 (S.D.N.Y. April 3, 2002) (noting that even if plaintiff did not seek damages for emotional distress, "it would be impossible to remove the issue of plaintiff's mental state from the jury's consideration").

Further, although the Health Insurance Portability and Accountability Act of 1966 ("HIPAA"), 42 U.S.C. §§ 1320 <u>et seq.</u>, and the regulations promulgated thereunder require health care providers to protect the confidentiality of patient records, the regulations expressly provide that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order..." 45 C.F.R. § 164.512(e)(1). Thus, this Court may order disclosure of such records. <u>See</u> <u>National Abortion Federation v. Ashcroft</u>, No. 03 Civ. 87695 (RCC), 2004 WL 555701, at *2-*3 (S.D.N.Y. March 19, 2004) (discussing statutory and regulatory framework); <u>Bayne v. Provost</u>, 359 F. Supp. 2d 234, 237 (N.D.N.Y. 2005) (discussing 45 C.F.R. § 164.512).

## CONCLUSION

Defendants' motion to compel the production of plaintiff's psychiatric, psychological, counseling and mental health records, in addition to social security disability and Medicaid/Medicare records, is granted. Plaintiff, all mental health care providers, and holders of the aforesaid records for the period from January 1, 2000 to the present must promptly provide to defendant all records concerning plaintiff for that time period.

**SO ORDERED.**

Dated:     Brooklyn, New York
           April 28, 2006

                          /s/ _____
                          MARILYN D. GO
                          UNITED STATES MAGISTRATE JUDGE

Exhibit AA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JULIA R. COHEN

                              Plaintiff,

         -versus-                                          05 CV 6780 (KMK)(JCF)

THE CITY OF NEW YORK, et al.

                              Defendants.

-------------------------------------------------------------------- x

## ORDER OF DISMISSAL

It is hereby ordered that:

(1) Plaintiff's claims against all defendants for mental anguish and emotional distress allegedly suffered by her as a result of the incidents about which she complains in this action, including any claim for any intentional or negligent infliction of emotional distress and any claim for damages based upon mental anguish or emotional distress (however articulated) are dismissed with prejudice;

(2) Plaintiff shall not offer any testimony or other evidence through any witness, at trial or otherwise, concerning her alleged mental anguish or emotional distress (however articulated); and her counsel shall not solicit such testimony from any witness, or offer such testimony or other evidence, at trial or otherwise, concerning the foregoing issues;

(3) Plaintiff's counsel shall be precluded from making any reference at trial to plaintiff's alleged mental anguish or emotional distress (however articulated) during any argument to the jury, to the Court or otherwise; and

(4) The jury shall be instructed that Plaintiff is not entitled to any damages for emotional distress.

                              **SO ORDERED**

                              _____
                              Kenneth M. Karas
                              United States District Judge

                              Dated: