Law Office of
## ALAN LEVINE
99 Hudson Street, 14th Floor
New York, New York 10013
Tel: (212) 739-7506
Fax: (212) 431-4276

January 19, 2007

Hon. Kenneth M. Karas
United States District Judge
United States District Court
500 Pearl Street, Room 920
New York, NY 10007-1312

      Re:    *Schiller v. City of New York*, 04 CV 7922 (KMK) (JCF)
                *Dinler v. City of New York*, 04 CV 7921 (KMK) (JCF)
                *Abdell v. City of New York*, 04 CV 8453 (KMK) (JCF)

Dear Judge Karas:

      I am co-counsel for plaintiffs in one of the above-captioned RNC cases, *Abdell v. City of New York*, 05 Civ. 8453 (KMK)(JCF), and write this letter in opposition to the City's Rule 72 Motion objecting to a December 7, 2006 Order of Magistrate Judge Francis ("Order"). The proceeding before Judge Francis sought documents from Ed Hedemann, one of the *Abdell* plaintiffs, and non-parties Frida Berrigan and the War Resisters League ("WRL"). This letter is submitted on behalf of Mr. Hedemann.

      The plaintiffs in each of the above-captioned cases were arrested in the area of Church and Fulton Streets on August 31, 2004 as they began a march up the sidewalk of Fulton Street towards the site of the Republican National Convention. The WRL was one of the organizations that planned the march. Mr. Hedemann is a member of the WRL and attended some of the planning meetings. In response to a document request, Mr. Hedemann has produced redacted minutes of those meetings.

      Ms. Berrigan and the WRL are represented by the law firm of Beldock Levine and Hoffman, which has submitted a Memorandum of Law in opposition to the Rule 72 Motion. The opinion of Judge Francis, and the important First Amendment issues implicated by the City's document requests, are fully discussed in the WRL/Berrigan Memorandum of Law. We

incorporate that discussion by reference. We briefly summarize the relevant constitutional analysis.

The City does not quarrel with Judge Francis' holding that organizations, like individuals, enjoy First Amendment protection, and that a government request that will result in the disclosure of the organization's members or its internal political discussions may significantly encroach upon freedom of speech and assembly. *NAACP v. Alabama*, 357 U.S. 449 (1958); *New York State National Organization for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989). Order at 8-10. Nor does the City quarrel with Judge Francis' conclusion that, given the history of the WRL, disclosure of its members' names and internal debates is likely to cause its members to suffer significant political and economic consequences. Order at 10-13. The affidavits submitted to Judge Francis by Hedemann, Berrigan, and David McReynolds depict a history of controversial organizational activity in this country that is, in all material respects, the equivalent of the NAACP's organizational activity in Alabama. As the court noted in *Anderson v. Hale,* 2001 U.S. Dist. LEXIS 6127, at *16-17 (N.D.Ill. 2001), the organizations whose members have enjoyed protection under *NAACP* have "espoused dissident beliefs and publicly identified members were exposed to some kind of manifestation of hostility due to their beliefs." The affidavits submitted to Judge Francis make it clear that the WRL is just such an organization.

Given the impairment of First Amendment rights that would result from disclosure of the information sought by the City, "the burden shifts to the party seeking disclosure to show a compelling need for the information. *New York State National Organization for Women v. Terry*, 886 F.2d 1339, 1355 (2d Cir. 1989)." Order at 10. Judge Francis properly found that the City's justification for seeking the information did not satisfy that burden.

The City seeks the names of certain persons who attended WRL meetings prior to the August 31 march and all documents related to whatever efforts were made by the WRL to secure a permit for the August 31 march. The City argues that those requests bear upon the issue of the plaintiffs' intent in participating in the march, which, the City argues, "goes to the heart of plaintiffs' claims." Memorandum of Law in Support of Defendants' Motion for Relief Pursuant to F.R.C.P. 72 ("Defendants' Memorandum") at 6. Judge Francis found the information sought by the City insufficiently relevant to the plaintiffs' claims to overcome the WRL's and Hedemann's First Amendment rights to non-disclosure.

<u>The Names.</u>  The City seeks the names of WRL members who are plaintiffs in any of the RNC cases and the names of WRL members who were arrested at the Church/Fulton Streets march but may not be plaintiffs. As to the first group, the City argues that their intent in participating in the RNC demonstrations is central to plaintiffs' false arrest claims. They draw support for this argument from Judge Francis' statement that "whether or not those who took part in the march intended to violate the law is relevant to the issue of whether the NYPD had

probable cause" to arrest the plaintiffs. Order at 16.[*] Judge Francis held that the City could satisfy its need for information concerning plaintiffs' intent through questioning in depositions, but that the added information concerning WRL membership was of "minimal relevance," and not "'crucial to the [City's] case.'" Order at 14, citing *Anderson v. Hale, supra,* at *4. Nothing submitted in the City's papers to this Court warrants any different conclusion. The City has the names of the more than two hundred persons who were arrested at the march and is free to inquire about the circumstances leading up to their arrests and the facts surrounding the arrests themselves. But, as Judge Francis found, the minimal relevance of the further inquiry, that is, whether or not they attended WRL meetings, is insufficient to overcome the strong First Amendment presumption against disclosure of that information.

As for the second group, namely, WRL members who were arrested but who are not plaintiffs, the City argued before Judge Francis, and again here, that their WRL membership was relevant to plaintiffs' purported claim under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) that, during the RNC, the City "implemented a policy of indiscriminate 'sweep arrests.'" Order at 15-16. The logic of that argument was not "immediately apparent" to Judge Francis, but, in any event, he held that the "marginal value of statements by non-party arrestees regarding their intent to violate the law cannot overcome the associational rights of the WRL and its members." Order at 15. The City makes the same argument here – Defendants' Memorandum at 7 – but says nothing to call into question the correctness of Judge Francis' ruling.

The Documents. The City also seeks documents relating to any efforts made by WRL to secure a permit from the City for the march. In response to the defendants' document request, Hedemann provided a number of WRL flyers and public announcements, including, as Judge Francis noted, a press release issued by the WRL on August 30, 2004 indicating that no permits were sought for any of the August 31, 2004 protests. Order at 18. As Judge Francis suggested, it is unlikely, given the substance of the press release, that any documents responsive to this request exist. In any case, Judge Francis held that the information sought would be irrelevant to the only issue pertinent to plaintiffs' claims, namely, whether or not "the plaintiffs were aware that no permit was obtained." Order at 18-19. Communications with the City concerning the permit "would reveal nothing about whether the plaintiffs knew that the march in which they participated was not authorized by the city." Order at 19. In pressing that claim before this Court, the City asserts, without explanation, that "[d]ocuments relating to WRL's efforts to obtain a permit may well answer that question." Defendants' Memorandum at 8. Absent any explanation from defendants as to how that would be so, Judge Francis' suggestion to the contrary is surely right.

---

[*] While that statement would appear to be inconsistent with the Supreme Court's holding in *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004), that the existence of probable cause for an arrest depends upon "the facts known to the arresting officer at the time of the arrest," Judge Francis clearly had in mind that the inquiry of plaintiffs would be generally relevant to their credibility regarding the circumstances of their arrest and not to the existence of probable cause.

For the reasons discussed, the defendants' Rule 72 Motion should be denied.

                                        Respectfully submitted,

                                               /s/

                                        Alan Levine

cc:    Fred Weiler, Esq.
        Vera Scanlon, Esq.
        All RNC Counsel (By email)