UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

**TARASIK ABDELL, et al.,**                              05 CV 8453 (KMK)(JCF)

              **Plaintiffs,**
    -versus-

**THE CITY OF NEW YORK, et al.**

              **Defendants.**
------------------------------------------------------------x

**ALL CONSOLIDATED RNC CASES**                          (KMK) (JCF)

------------------------------------------------------------x


## DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER REQUIRING THE DESTRUCTION OF ITS LITIGATION FILES


MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Special Federal Litigation Division
Attorney for Defendants
100 Church Street, Room 3-126
New York, New York 10007
212-788-8342


Of Counsel
Jeffrey A. Dougherty

January 29, 2007

## **PRELIMINARY STATEMENT**

Defendant City of New York ("City") and the individual defendants (collectively the "Defendants") respectfully submit these objections pursuant to Federal Rule of Civil Procedure 72 to Magistrate Judge James C. Francis IV's (the Magistrate Judge's) order requiring the destruction of various records from the Defendants' litigation files (the "Destruction Order")[1]. There are over 500 plaintiffs in nearly 90 consolidated RNC cases. In two of those cases plaintiffs have moved to required Defendants to destroy various records in its files once a plaintiff settles his/her claims. The Magistrate Judge granted plaintiffs' request and entered the Destruction Order in all consolidated RNC actions. Defendants request that the Court reverse the Destruction Order because it is contrary to law and clearly erroneous for the following reasons.

First, the Destruction Order fails to account for the power of the Comptroller of the City of New York to audit the City's litigation files under the New York City Charter. The Destruction Order compromises the integrity of the City's litigation files by requiring it to destroy the very documents it used in evaluating the expenditure of public funds for the settlement of civil litigation claims. Second, the Destruction Order removes from Defendants' possession documents relating to a settling plaintiff that are still relevant to that pending action and other RNC cases. Third, the Destruction Order erroneously requires the destruction of litigation records that Defendants received as a result of plaintiffs filing a public lawsuits and thereby waiving confidentiality and privacy claims over their personal records. Fourth, the

---

[1] For purposes of Defendants objections the term Destruction Order also contemplates defendants returning the documents to a settling plaintiff's counsel.

Destruction Order would require the City to destroy its work product because the City has used selections of the settling plaintiff's records in its submissions to the Court and/or in otherwise defending these cases. Finally, many of the settlements in the RNC litigation have been achieved through timely acceptance of Rule 68 Offers of Judgment or an agreement to settle a plaintiff's claims pursuant to the explicit terms of the City's Rule 68 offer. Because the Rule 68 offers sent to the RNC Plaintiffs did not contemplate the destruction of any documents in the City's litigation files, the Destruction Order eviscerates the basic contract principals of offer and acceptance by adding new terms that were never agreed to by the settling parties. Accordingly, the Destruction Order should be reversed and the Court should enter an order that Defendants are able to retain all documents in their litigation files and are neither required to destroy nor return them.

## STATEMENT OF FACTS

During the pendency of the RNC litigation the City has made various Rule 68 Offers of Judgment, which purposefully did not contemplate the destruction or return of any documents relating to plaintiffs. See Ex. A.[2] Thereafter, numerous RNC Plaintiffs accepted the Rule 68 Offers of Judgment by filing Notices of Acceptance of Rule 68 Offers of Judgment or entering into agreements with Defendants to settle their claims pursuant to the exact terms of the City's Rule 68 offers. See Ex. B. The parties then negotiated the terms of the Stipulations and Orders of Settlement and Discontinuance, which also explicitly excluded any term requiring Defendants to destroy or return any documents to a settling plaintiff. However, prior to signing the

---

[2] All references to "Ex. ___" refer to the exhibits attached to the Declaration of Jeffery A. Dougherty dated January 29, 2007.

2

Stipulation of Settlement, the settling plaintiffs also requested that Defendants destroy or return four types of plaintiffs' records: (1) medical and psychiatric records; (2) correspondence supplying Defendants with plaintiffs' social security numbers; (3) plaintiff's RAP sheets obtained pursuant to Defendants' subpoena to the Division of Criminal Justice Services in Albany, New York; and (4) miscellaneous documentation of a settling plaintiff's alleged economic damages, such as receipts for travel expenses, airfare, lost wages, etc. (collectively "Settling Plaintiff's Records"). See Exs. C-D. Defendants refused to destroy these documents or any documents in the City's litigation files.

**Procedural History**

The parties presented their positions at a November 9, 2006 court conference before the Magistrate Judge. See Ex. C. On December 4, 2006, both Defendants and plaintiffs wrote the Court. See Exs. D-E. On December 6, 2006, Defendants submitted a reply to plaintiffs' December 4 letter. See Ex. F. Thereafter, the Court issued an order on December 7, 2006 requiring Defendants to destroy the Settling Plaintiff's Records as long as they represented that they would not testify in any RNC consolidated action. See Ex. G.

On December 18, 2006 Defendants wrote the Court to request that it reconsider the December 7 order because, *inter alia*, it failed to consider the possibility that a settling plaintiff may be subpoenaed to testify in the Abdell case or in another RNC case, thus, rendering any representation that a settling plaintiff would not testify as null. See Ex. H. On December 21, 2006 the Court revised the December 7 order by providing Defendants the alternative of returning the Settling Plaintiff's Records to plaintiff's counsel at the time of settlement rather than destroying them. See Ex. I. On January 8, 2007 Defendants requested that the Court

3

reconsider its revised order and enter an order that Defendants are not required to destroy any records in the City's litigation files. See Ex. J. On January 12, 2007 the Court entered an order denying Defendants' request for reconsideration. See Ex. K.[3]

For the reasons set forth herein, Defendants object to the Magistrate Judge's decision and respectfully request that the Court reverse the Destruction Order and enter an order that Defendants are able to retain all documents in their litigation files and are neither required to destroy nor return them.

## ARGUMENT

**THE COURT SHOULD REVERSE THE DESTRUCTION ORDER BECAUSE IT IS CLEARLY ERRONEOUS AND CONTRARY TO LAW.**

**A.    The Applicable Standard of Review.**

This Court should reverse the Destruction Order because it is clearly erroneous and contrary to law. Rule 72(a) of the Federal Rules of Civil Procedure, and the Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A), establish the standard of review of a magistrate's discovery order. The statutes and case law state that as to non-dispositive matters, a district court shall only reverse a magistrate judge's order where it has been shown that the order is clearly erroneous or contrary to law. See e.g., Fed. R. Civ. P. 72(a); 28 U.S.C. §§ 636(b)(1)(A);

---

[3]    This motion was initially litigated in Abdell v. City of N.Y., 05-CV-8453, a single action with 148 plaintiffs that has been consolidated with the other RNC cases. The Magistrate Judge entered the January 12, 2007 order in all RNC consolidated actions but as of the date of this filing it has only been docketed under Schiller v. City of N.Y., 04-CV-7922.

Lyondell-Citgo Ref., LP v. Petroles De Venezuela, S.A., 02-CV-0795, 2005 U.S. Dist. LEXIS 3635, *3-5 (S.D.N.Y. Mar. 9, 2005).

An order is contrary to law when it fails to apply or misapplies relevant statues, case law, or rules of procedure. Tribune Co. v. Purcigliotti, 93-CV-7222, 1998 U.S. Dist. LEXIS 5115, *12. The Supreme Court has held that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." See Lyondell-Citgo Ref. 02-CV-0795, 2005 U.S. Dist. LEXIS 3635, *4 (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal citation omitted). Pursuant to this standard of review, a magistrate judge is afforded broad discretion in resolving discovery disputes and reversal is appropriate only if his or her discretion is abused. See id. In the instant matter, the Magistrate Judge has abused his discretion because the Destruction Order is both contrary to law and clearly erroneous.

**B.     The Destruction Order Compromises the Integrity of an Audit by the Comptroller.**

The Destruction Order compromises the ability of the Comptroller to audit the New York City Law Department's (the Law Department's) litigation files. Section 93 of the New York City Charter provides that the Comptroller "shall have [the] power to audit and investigate all matters relating to or affecting the finances of the city, including without limitation the performance of contracts and the receipt and expenditure of city funds, and take the testimony under oath of such persons as the comptroller may deem necessary." NYC Charter § 93(b).

Further, the City Charter provides that the Comptroller shall have the power to audit the Law Department.[4]

In the Law Department's evaluation of whether to settle claims in the RNC cases, it relies on all the documents associated with plaintiff's claims, including documentation of their alleged physical, psychiatric and economic damages. Similarly, the Law Department also typically considers a plaintiff's prior criminal history or RAP sheet in evaluating the settlement value of a Section 1983 case. In essence, the entire file serves as the basis to make a Rule 68 Offer of Judgment, settle a claim or continue to litigate. Most importantly, because the funds paid to a settling plaintiff are public funds, the Law Department needs the complete file to respond to any potential audit by the Comptroller. The Destruction Order's requirement of destruction or release of records from Defendants' files compromises the integrity of those files. Defendants must be able to justify the bases for the settlement of these actions or any portion thereof. Documents revealing a settling plaintiff's medical records, RAP sheet, and an itemization of their alleged economic loss are necessary indicators of the rationale Defendants' employed in evaluating the settlement of these actions. Thus, because the Destruction Order eviscerates the Law Department's ability to respond to an audit under the New York City Charter and document fully its expenditure of public monies, it is contrary to law and must be reversed.

---

[4] The New York City Charter provides that the Comptroller shall have the power to audit "all agencies, as defined in subdivision two of section eleven hundred fifty, *and* all agencies, the majority of whose members are appointed by city officials." See NYC Charter § 93(c). (emphasis added). According to the definitions section of the NYC Charter, the term "'agency' shall mean a city, county, borough, or other office, position, administration, department, division, bureau, board or commission, or a corporation, institution or agency of government, the expenses of which are paid in whole or in part from the city treasury." NYC Charter § 1150(2). Thus, the Law Department is considered an "agency" for purposes of the New York City Charter because its expenses are paid from the city treasury and the Corporation Counsel is the head of an executive department appointed by the City's chief executive. See id.; see also NYC Charter § 395 citing Barry v. City of N. Y., 175 Misc. 712, 25 N. Y. S. 2d 27 (N.Y. Sup. Ct. 1941); aff'd without opinion, 261 App. Div. 957, 27 N. Y. S. 2d 425 (1st Dept. 1941).

**C.     The Destruction Order Destroys Relevant Information Necessary to Defend the Consolidated RNC Litigation.**

The Settling Plaintiff's Records remain relevant to the active RNC litigation the City is defending and Defendants must be afforded the ability to rely on this evidence in defending the remaining claims. For example, because various active RNC cases allege a <u>Monell</u> claim that the City exposed RNC plaintiffs to toxins at Pier 57 the medical records of a settling plaintiff may be useful to show that he/she neither suffered any exposure to toxins at Pier 57 nor ever made a complaint about toxic exposure to the physicians that treated them subsequent to their release from Pier 57. In addition, the medical records, including psychological and pharmacological records of a settling plaintiff are also relevant if a settling plaintiff is called as a witness in the <u>Abdell</u> case, which has over 100 active plaintiffs and/or any of the consolidated RNC cases. For example, evidence of a witnesses' history of substance abuse or a history of auditory and visual hallucinations would be clearly relevant in considering his/her credibility and ability to accurately recall the events in issue.

It is apparent that the Magistrate Judge has recognized the validity of Defendants' argument that these records remain relevant in the <u>Abdell</u> case and all RNC cases and will be relevant to the direct or cross examination of a settling plaintiff who is called as a witness. Indeed, the Magistrate Judge revised his initial order in response to Defendants' request for reconsideration, where Defendants pointed out that a settling plaintiff may be subpoenaed to testify by either plaintiffs or defendants. <u>See</u> Ex. I. To account for that possibility, the Court modified its order and permitted Defendants to return a settling plaintiff's records to their counsel for safekeeping (but not retain the records themselves). <u>See id.</u> This revision, however, failed to fully contemplate the continued relevance of these records and Defendants' need for them in defending the <u>Abdell</u> case and the <u>Monell</u> claims in all RNC cases. Similarly, the

Destruction Order fails to contemplate that the records may be relevant in the City's determination of whether or not it wants to call a settling plaintiff as a defense witness. Thus, because the Destruction Order removes relevant documents from the City's possession and inhibits its ability to fully defend the RNC cases it must be reversed.

**D. The Destruction Order is Clearly Erroneous Because the Settling Plaintiffs Waived any Confidentiality or Privacy of their Records.**

This Court has recognized that by virtue of filing their lawsuits the RNC Plaintiffs have waived the privacy and confidentiality over certain documents, which may otherwise be private or not discoverable. Specifically, this Court has recognized that by making claims for emotional distress a plaintiff waives the confidentiality and privilege protecting their psychological records.[5] This Court has also recognized the relevance of documents relating to a plaintiff's arrest history and required the production of these documents, thus recognizing a waiver of any claim of privacy or confidentiality.[6] Because plaintiffs have waived any confidentiality they should not be entitled to the return of these documents. Significantly, the City does not intend to disclose a settling plaintiff's records beyond the need required in utilizing them in connection with the defense of the Abdell case or the other RNC cases. The Destruction Order is

---

[5] See e.g., Your Honor's August 29, 2005 rulings in Macnamara, et al. v. City of N.Y., et al, 04-CV-9216; Magistrate Francis' February 2, 2006 order in Hershey-Wilson v. City of N.Y.,et al., 05-CV-7026, affirmed following Rule 72 appeal May 1, 2006, reconsideration denied September 20, 2006; Magistrate Francis May 16, 2006 memorandum order in Jarick v. City of N.Y., et al., 05-CV-7626; and Magistrate Francis October 23, 2006 order in Concepcion v. City of New York, 05-CV-8501. See also Jaffe v. Redmond, 518 U.S. 1, 15 n. 14 (1996) ("like other testimonial privileges, the patient may of course waive the protection [of the psychotherapist-patient privilege]"); n. 19 ("there are situations in which the [psychotherapist-patient] privilege must give way"); Oliphant v. Dept. of Trans., 05-CV-0618, 2006 WL 522126 *2 (2d Cir. Mar 3, 2006) (recognizing waiver of psychotherapist-patient privilege where plaintiff alleges emotional distress).

[6] See e.g., the Court's January 19, 2006 decision in Phillips v. City of New York, 05-CV-7624, and its December 7, 2006 decision in Schiller v. City of New York, 04-CV-7922 recognizing the relevance of evidence of a plaintiff's previous arrests despite plaintiff's arguments that this information was private and confidential.

8

inconsistent with the Court's prior findings regarding the waiver of the confidentiality and privacy of these same records and as such is clearly erroneous.

E. **The Destruction Order May Require the Destruction of the City's Work Product.**

The Destruction Order should also be reversed because it may require Defendants to either destroy the City's work product or deliver it to plaintiff's counsel. On its face, the Destruction Order requires destruction of portions of Defendants' Court submissions. By way of example, settling plaintiff Jarick v. City of New York, 05-CV-7626, improperly refused to provide discovery relating to her mental health history. In moving to compel production of unredacted copies of these records, Defendants attached (as an exhibit) various pages of plaintiff Jarick's medical records in their submission to Court. In drafting that submission, Defendants also made hand written notes on copies of plaintiff Jarick's medical records, which it wishes to maintain in its files. Defendants should not be forced to destroy documents filed with the Court or its work-product.

F. **The Destruction Order Violates General Contract Principles Because it is Contrary to the City's Offer of Settlement.**

The Destruction Order fails to consider the basic contract principles of offer and acceptance which were relied upon by the parties in reaching the settlement of these claims. All of the Settling Plaintiff's Records at issue are records of those plaintiffs whom have either timely accepted the City's Rule 68 Offer of Judgment or agreed to settle their claims on those exact terms. The Rule 68 Offers made no provision for the destruction or return of any documents relating to plaintiffs. See Ex. A. The settling plaintiffs accepted that offer knowing that no document destruction would be included in the settlement because the Rule 68 Offer specifically provided that any "judgment shall contain the terms and conditions set forth herein." See id.; see

9

also Ex. B. The Destruction Order functions to add a term to the Rule 68/settlement that the parties have not agreed to and thereby invalidating the basic contract principals of offer and acceptance. Thus, the Destruction Order is contrary to law. Accordingly, the Destruction Order should be reversed and the Court should enter an order that Defendants are able to retain all documents in their litigation files and are neither required to destroy nor return them.

## CONCLUSION

For the foregoing reasons, Defendants object to the Magistrate Judge's decision and respectfully request that the Court reverse the Destruction Order and enter an order that Defendants are able to retain all documents in their litigation files and are neither required to destroy nor return them.

Dated: New York, New York
       January 29, 2007

                                      Respectfully submitted,

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the City of New York
                                      Attorney for Defendants
                                      100 Church Street, Room 3-126
                                      New York, New York 10007
                                      212-788-8342

                                      By: _____/s/_____
                                          Jeffrey A. Dougherty (JD 5224)
                                          Special Assistant Corporation Counsel
                                          Special Federal Litigation Division