

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JEFFREY A. DOUGHERTY<br>*Special Assistant Corporation Counsel*<br>Room 3-126<br>Telephone: (212) 788-8342<br>Facsimile: (212) 788-9776<br>jdougher@law.nyc.gov |

**BY FACSIMILE**                                                                December 4, 2006

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

   Re:   <u>Abdell, et al. v. City of New York, et al.</u>, 05 CV 8453 (KMK) (JCF)
          <u>Adams, et al. v. City of New York, et al,</u>, 05-CV-9484 (KMK)(JCF)

Dear Judge Francis:

   I write on behalf of defendants in the above captioned actions regarding the issue of destruction of certain documents, as requested by plaintiffs, following the settlement of their claims. As discussed at the November 9, 2006 conference, various plaintiffs in <u>Abdell</u> and <u>Adams</u> have accepted Rule 68 Offers of Judgment and the issue of document destruction remains the final obstacle preventing the resolution of these individual plaintiff's claims. There are four types of documents at issue:

1. <u>Plaintiffs' Medical, Psychiatric and Pharmacological Records</u> – these records are obtained through direct contact with the non-party medical provider after plaintiff executes a HIPAA release;

2. <u>Correspondence to Defendants Containing Plaintiffs' Social Security Number</u> – pursuant to Your Honor's order plaintiffs have issued correspondence to defendants containing plaintiffs' social security numbers;

3. <u>Plaintiffs' RAP Sheets</u> – these are <u>not</u> plaintiffs' records. They are obtained by a subpoena directed to DCJS in Albany. When available, defendants provided DCJS with plaintiffs' social security numbers in the underlying subpoena; and

4. <u>Miscellaneous Documents/Economic Damages</u> –some plaintiffs who allege economic damages have provided discovery to support their claims. By way of example, these documents include receipts for travel, hotels, gasoline, airfare and other fees allegedly accrued as a result of defendants conduct and incurred in connection with plaintiffs returned to New York for criminal court hearings.

Defendants oppose the entry of *any* order requiring the destruction of documents. First, the destruction of documents is an unnecessary burden to take on during this continuing, large scale and complex litigation. Second, an individual plaintiff may settle his/her claim but these documents continue to be needed for a variety of reasons. For example, the settling plaintiff may still be called as a witness in these actions (or any other RNC case) so these documents are relevant for cross examination. Third, these documents are similarly relevant to defend various <u>Monell</u> claims raised in these cases and other RNC consolidated actions, such as claims of exposure to hazardous conditions. Finally, these litigation records and may be relevant if any of the RNC plaintiffs bring subsequent actions against the City.

Accordingly, defendants submit that the entry of any order regarding the destruction of RNC documents is premature at this time. In the event the Court believes such an order is warranted, defendants respectfully request the order provide that the documents will be destroyed upon the resolution of any appeal in the last RNC consolidated action pending on the docket before Your Honor and Judge Kenneth M. Karas.

Very truly yours,

Jeffrey A. Dougherty

cc: Michael L. Spiegel, Esq. (by Facsimile)