THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

December 4, 2006

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

> Re:     Abdell, et al. v. City of New York, et al., 05 Civ. 8453 (KMK)(JCF)
>          Adams, et al. v. City of New York, et al., 05 Civ. 9484 (KMK)(JCF)

Dear Judge Francis:

I write in response to the letter of today's date from Assistant Corporation Counsel Jeffrey A. Dougherty concerning the destruction of plaintiffs' personal documents, which are generally described in Mr. Dougherty's letter.

The one descriptive exception plaintiffs take to Mr. Dougherty's characterization of the records at issue would be to replace "Psychiatric ... Records," in his first numbered paragraph, with the broader category, "mental health treatment records." With respect to those records, including pharmacological records for mental health medications, the plaintiffs continue to maintain that there is no possible use for those records once an individual plaintiff's case ends (as a number of plaintiffs' cases are ending by means of settlement). Mental health records relate only to damages for that individual plaintiff (in contrast, medical records might be relevant to other plaintiffs' claims of dermatological and respiratory problems which were widely reported). But there is no class claim, or Monell claim, which relates to the mental or psychological issues revealed by an individual's mental health records. On the other hand, these records contain the most sensitive and private information. Weighing the defendants' need to preserve those records during the course of the litigation with plaintiffs' privacy concerns, plaintiffs respectfully aver that those records should be destroyed at the conclusion of the individual plaintiff's case.

The same reasoning applies to personal documents relating to economic damages, such as credit card records, receipts, etc. There is no conceivable use that these documents could have in litigating other plaintiffs' cases, so they should be destroyed.

Finally, with respect to rap sheets, Mr. Dougherty's letter fails to note that they were obtained by requiring plaintiffs to give social security numbers so that they could be easily

subpoenaed.  See attached Order filed January 19, 2006.  The same Order, at numbered paragraph 2, states, "Any notes taken concerning the rap sheets and the copies of the rap sheets themselves shall be destroyed at the conclusion of the litigation."

Respectfully submitted,

Michael L. Spiegel
[MS-0856]

MLS:ms

cc: A.C.C. Jeffrey A. Dougherty (by fax)

UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -:
JEFFREY PHILLIPS, et al.,                 :   05 Civ. 7624 (KMK) (JCF)
                                          :
                 Plaintiffs,              :
                                          :
      - against -                         :
                                          :
THE CITY OF NEW YORK, et al.,             :
                                          :
                 Defendants.              :
- - - - - - - - - - - - - - - - - - - - -:

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____          │
│ DATE FILED: 1/19/06          │
└─────────────────────────────┘
```

A pretrial conference having been held on January 18, 2006, it
is hereby ORDERED as follows:

1.  Plaintiffs' application to limit disclosure of their "rap
sheets" to those portions relating to events on dates on or before
the Republican National Convention is denied.  Subsequent arrests
and convictions are relevant at least to the issue of ongoing
mental and emotional distress.

2.  Plaintiffs' rap sheets shall be reviewed on an attorneys'-
eyes-only basis and shall be utilized only for purposes of the
instant litigation.  Any notes taken concerning the rap sheets and
the copies of the rap sheets themselves shall be destroyed at the
conclusion of the litigation.

3.  The Clerk of Court shall ensure that the only persons who
gain access to any plaintiff's rap sheet while it is maintained in
the Clerk's Office are the attorney for the plaintiff or a
paralegal working on behalf of that attorney or an attorney for
defendants or a paralegal working on behalf of that attorney.  The

Clerk shall verify the identification of any such person seeking access to a rap sheet.

4. Defendants' counsel shall not be permitted access to any rap sheet prior to January 26, 2006.

5. Defendants' counsel may obtain from plaintiffs their social security numbers solely for the purposes of obtaining rap sheets or medical records. The social security numbers shall be maintained on an attorneys'-eyes-only basis.

6. This Order shall be applicable to all of the RNC cases consolidated for discovery. Defendants' counsel shall serve it electronically on each plaintiff's counsel.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          January 18, 2006

Copies mailed this date:

Jeffrey A. Rothman, Esq.
575 Madison Avenue, Suite 1006
New York, New York 10022

Peter G. Farrell, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007