

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JEFFREY A. DOUGHERTY<br>*Special Assistant Corporation Counsel*<br>Room 3-126<br>Telephone: (212) 788-8342<br>Facsimile: (212) 788-9776<br>jdougher@law.nyc.gov |

**BY FACSIMILE**

December 6, 2006

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

> Re: **Abdell, et al. v. City of New York, et al., 05 CV 8453 (KMK) (JCF)**
> **Adams, et al. v. City of New York, et al., 05-CV-9484 (KMK)(JCF)**

Dear Judge Francis:

      I write in reply to Michael Spiegel's December 4, 2006 letter regarding the issue of the piecemeal destruction of certain litigation documents. Defendants reiterate that they oppose the destruction of any records in their files at any time, and at a minimum oppose destruction of any records before the conclusion of the RNC consolidated litigation. As to Mr. Spiegel's suggestion for piecemeal destruction, some now and some later, that request is unnecessarily burdensome, time consuming and detracts from defendants' ability to focus on the defense of plaintiffs' active claims. If the Court orders any document destruction, that destruction should occur at the end of the consolidated RNC litigation.

      The medical records, including psychological and pharmacological records of a settling plaintiff are relevant if that individual is called as a witness in either these actions or any of the other consolidated RNC cases. For example, evidence of a witnesses' history of substance abuse or a history of auditory and visual hallucinations would be clearly relevant in considering his/her credibility and ability to accurately recall the events in issue. Second, plaintiffs' assertion in their December 4, 2006 letter that there is no class claim, or <u>Monell</u> claim relating to psychological damages is wholly inconsistent with the complaints in these cases, which weave allegations of emotional distress and psychological injuries into every single cause of action they plead. Third, considering discovery is still underway in these actions it is possible that all medical records may be relevant to issues, which may develop at a later date.

Similarly, evidence relating to economic damages is relevant for all of these reasons. For example, evidence relating to travel and lodging costs incurred by one plaintiff in connection with criminal court appearances may be useful to rebut evidence proffered by a similarly situated plaintiff proffering evidence of higher or premium travel and lodging costs.

Finally, plaintiffs' statement that social security numbers are required to obtain RAP sheets is inaccurate. While a social security number is helpful in obtaining a RAP sheet it is not essential. RAP sheets may also be obtained by providing DCJS with a NYSID number and a date of birth. Moreover, plaintiffs' reference to the Phillips case is misplaced. This order, which requires destruction of RAP sheets "at the *conclusion* of the litigation" cannot be read to place a burden on defendants for the piecemeal destruction of documents following the resolution of an individual plaintiff's claims in multi-party complex litigation.

Defendants reiterate their objection to the destruction of *any* of these litigation documents because they are relevant for all of the reasons articulated above and in defendants' December 4, 2006 letter. However, in the event Your Honor chooses to grant plaintiffs the relief of document destruction, defendants oppose any requirement of piecemeal destruction while the RNC consolidated litigation is still pending. An order requiring defendants to engage in the piecemeal destruction of documents would be unnecessarily burdensome and time consuming and detract from their ability to focus on the defense of plaintiffs' active claims.

Very truly yours,

*Jeffrey A. Dougherty* (signature)

Jeffrey A. Dougherty

cc:    Michael L. Spiegel, Esq. (by Facsimile)