

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY FACSIMILE**

January 8, 2007

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

**Re:** ***All RNC Consolidated Actions (KMK) (JCF)***

Dear Judge Francis:

I write in response to Your Honor's December 7, 2006 order, as revised on December 21, 2006, requiring defendants to destroy certain litigation documents from its files following the settlement of plaintiffs' claims in the RNC consolidated actions (hereinafter "the Order"). Copies of the Order are attached as Ex. A. While we appreciate Your Honor's efforts in resolving this dispute, due to the importance of the issue and in an effort to avoid further litigation, defendants request that the Court reconsider its decision. For the reasons set forth below, defendants reiterate their opposition to the destruction of these records at any time.

First, as stated at the conference before Your Honor, destruction of records from defendants' files compromises the integrity of that file. Importantly, because the Corporation Counsel is a public law office and it is held accountable for the expenditure of public funds, engaging in document destruction would divest defendants of a complete file associated with the expenditure of those funds. Defendants must be able to justify the bases for the settlement of these actions or any portion thereof. Documents revealing a settling plaintiff's medical records, RAP sheet, and an itemization of their alleged economic loss are necessary indicators of the rationale defendants' employed in evaluating the settlement value of these actions.

Second, on its face, the Order requires destruction of portions of defendants' Court submissions. By way of example, settling plaintiff Heike Jarick improperly refused to provide discovery relating to her mental health history. In moving to compel production of unredacted copies of these records, defendants attached (as an exhibit) various pages of plaintiff Jarick's

medical records in their submission to Court. Defendants obviously should not be forced to destroy documents filed with the Court.

Third, by filing their lawsuit the settling plaintiffs have waived any privacy rights over these records. Plaintiffs have not cited any rule, statue, case or other authority to support their position that defendants should destroy these records. Moreover, defendants will maintain the confidentiality of these records and they will not disclose them publicly. Accordingly, there is no basis for the destruction of evidence relating to their public civil actions.

Fourth, a settling plaintiff's records may be needed to defend against the other non-settling plaintiffs. For example, Abdell and Adams have 148 and 96 plaintiffs respectively and they are claiming exposure to toxic substances at Pier 57. The settling plaintiffs may be called to show that they did not suffer any adverse consequences while at Pier 57.

Fifth, requiring defendants to return a settling plaintiff's documents to their counsel for safekeeping would be incredibly burdensome and would present major logistical hurdles when defendants require the return of records. Moreover, the records could be lost once out of defendants possession. Defendants submit that it is likely that this procedure would ultimately generate additional and unnecessary litigation.

Accordingly, defendants request that the Court reconsider its rulings and order that defendants are not required to destroy any documents in their files.

Very truly yours,

Jeffrey A. Dougherty

Jeffrey A. Dougherty

cc: All RNC Counsel (as a PDF via Email)

# Exhibit A

THE LAW OFFICES OF
MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 12/7/06

November 7, 2006

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

04 CIV 7922 LEAD CASE

Re: Abdell, *et al.* v. City of New York, *et al.*, 05 Civ. 8453 (KMK)(JCF)
Adams, *et al.* v. City of New York, *et al.*, 05 Civ. 9484 (KMK)(JCF)

DOCKET IN BOTH CASES

Dear Judge Francis:

I write to request that Your Honor hold a brief conference with counsel for the parties in the above RNC cases at the conclusion of the scheduled conference on November 9, 2006. A conference is necessary to resolve a dispute concerning plaintiffs' request that private personal records of plaintiffs who are settling their cases be destroyed.

Defendants served Rule 68 Offers of Judgment on March 6, 2006. A total of 29 plaintiffs in the above-referenced cases either formally accepted the offer, or settled their cases on the same terms after expiration of the offer. Over the next six months, counsel for the parties negotiated the terms of Stipulations and Orders of Settlement and Discontinuance ("Stipulations"), rather than file the offers and acceptances and litigate the attorneys' fees portion of the offer.

Plaintiffs proposed that the Stipulations contain a paragraph obligating the City to destroy the private personal records of the settling plaintiffs, but subsequently agreed to accept a letter from counsel for defendants stating the same thing. Plaintiffs have now executed the Stipulations, and have been prepared to provide them to the City upon receipt of the proposed letter. On November 3, 2006, A.C.C. Dougherty informed me – for the first time – that the City would not provide such a letter.

The records at issue are as follows: social security numbers provided by plaintiffs pursuant to the Court's January 19, 2006, Order; any records obtained from third parties through releases or by subpoena (*e.g.*, medical and mental health records, and "rap sheets" from DCJS); and any private documents produced by plaintiffs in discovery (*e.g.*, credit card statements or

travel documents produced in support of economic damages).

Plaintiffs respectfully request that this Court conduct a conference to consider an Order directing defendants to destroy the above-described records of the plaintiffs who desire to settle their claims.

Respectfully submitted,

M. Spiegel

Michael L. Spiegel
[MS-0856]

MLS:ms

cc: A.C.C. Jeffrey A. Dougherty (by fax)

12/7/06

Defendants' counsel shall destroy the private information indicated above for any settling plaintiff who represents that he or she will not testify for other plaintiffs in the related cases or, in the absence of such a representation, at the conclusion of the RNC consolidated litigation.

SO ORDERED.

James C. Francis IV
USMJ

MEMO ENDORSED



MEMO ENDORSED

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/06

December 18, 2006

**BY FACSIMILE**

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

04 CIV 7922 (KMK) (JCF)

Re: *Abdell, et al. v. City of New York, et al.*, 05 CV 8453 (KMK) (JCF)
*Adams, et al. v. City of New York, et al.*, 05-CV-9484 (KMK)(JCF)

*DOCKET IN ALL RNC CASES

Dear Judge Francis:

I write in response to Your Honor's December 7, 2006 order regarding the destruction of certain litigation documents following the resolution of plaintiffs' claims in the above captioned actions. Defendants request that the Court reconsider an administrative component of this order. As Your Honor is aware, *Adams* and *Abdell* are multi-plaintiff actions in which only a limited number of plaintiffs will be settling their claims. Under the December 7 Order defendants would be required to destroy the settling plaintiffs' litigation records if they "represent[] that he or she will not testify in the related cases."

Defendants respectfully submit that this relief does not take into account the possibility, that, despite any good faith representations by the settling plaintiffs, these individuals may still be <u>compelled</u> to testify in any of the other RNC cases if they are subpoenaed by plaintiffs' in a related RNC case. In the event one of these individuals is subpoenaed, defendants would need their complete files for cross examination.[1] Additionally, defendants may need to call a settling plaintiff at trial. Thus, defendants reiterate their opposition to the piecemeal destruction of these documents while the RNC consolidated litigation is still pending.

---

[1] By way of example, plaintiffs' March 28, 2005 mandatory disclosures in *Dinler v. City of NY*, identify various plaintiffs from other RNC consolidated actions including plaintiffs from the *Adams*, *Bastidas*, and *Macnamara* actions.

Defendants respectfully request that Your Honor reconsider the December 7 Order so it provides that the timing of the destruction of the documents take place upon the resolution of any appeal in the last RNC consolidated action pending on the docket before Your Honor and Judge Kenneth M. Karas.

Very truly yours,

Jeffrey A. Dougherty

Jeffrey A. Dougherty

cc: Michael L. Spiegel, Esq. (by Facsimile)

12/21/06

As an alternative to destroying the confidential records of a settling plaintiff at the time of settlement, defendants may return them to counsel for that plaintiff, to be maintained by that attorney until the completion of all RNC cases.

SO ORDERED.

James C. Francis IV

USMJ



Dec 18 2006 12:12pm P003/003 Fax: