```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/07
```

**MEMO ENDORSED**

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY FACSIMILE**

January 8, 2007

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

*04 CIV 7922 (KMK) (JCF)*
*LEAD CASE*

Re:    *All RNC Consolidated Actions (KMK) (JCF)*

Dear Judge Francis:

I write in response to Your Honor's December 7, 2006 order, as revised on December 21, 2006, requiring defendants to destroy certain litigation documents from its files following the settlement of plaintiffs' claims in the RNC consolidated actions (hereinafter "the Order"). Copies of the Order are attached as Ex. A. While we appreciate Your Honor's efforts in resolving this dispute, due to the importance of the issue and in an effort to avoid further litigation, defendants request that the Court reconsider its decision. For the reasons set forth below, defendants reiterate their opposition to the destruction of these records at any time.

First, as stated at the conference before Your Honor, destruction of records from defendants' files compromises the integrity of that file. Importantly, because the Corporation Counsel is a public law office and it is held accountable for the expenditure of public funds, engaging in document destruction would divest defendants of a complete file associated with the expenditure of those funds. Defendants must be able to justify the bases for the settlement of these actions or any portion thereof. Documents revealing a settling plaintiff's medical records, RAP sheet, and an itemization of their alleged economic loss are necessary indicators of the rationale defendants' employed in evaluating the settlement value of these actions.

Second, on its face, the Order requires destruction of portions of defendants' Court submissions. By way of example, settling plaintiff Heike Jarick improperly refused to provide discovery relating to her mental health history. In moving to compel production of unredacted copies of these records, defendants attached (as an exhibit) various pages of plaintiff Jarick's

medical records in their submission to Court. Defendants obviously should not be forced to destroy documents filed with the Court.

Third, by filing their lawsuit the settling plaintiffs have waived any privacy rights over these records. Plaintiffs have not cited any rule, statue, case or other authority to support their position that defendants should destroy these records. Moreover, defendants will maintain the confidentiality of these records and they will not disclose them publicly. Accordingly, there is no basis for the destruction of evidence relating to their public civil actions.

Fourth, a settling plaintiff's records may be needed to defend against the other non-settling plaintiffs. For example, Abdell and Adams have 148 and 96 plaintiffs respectively and they are claiming exposure to toxic substances at Pier 57. The settling plaintiffs may be called to show that they did not suffer any adverse consequences while at Pier 57.

Fifth, requiring defendants to return a settling plaintiff's documents to their counsel for safekeeping would be incredibly burdensome and would present major logistical hurdles when defendants require the return of records. Moreover, the records could be lost once out of defendants possession. Defendants submit that it is likely that this procedure would ultimately generate additional and unnecessary litigation.

Accordingly, defendants request that the Court reconsider its rulings and order that defendants are not required to destroy any documents in their files.

Very truly yours,

*Jeffrey A. Dougherty*

Jeffrey A. Dougherty

cc:    All RNC Counsel (as a PDF via Email)

1/12/07
Application denied.
SO ORDERED.
James C. Francis IV
USMJ

2