**DOC # 151**

**MEMO ENDORSED**



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JAMES MIRRO
*Special Assistant Corporation Counsel*
phone (212) 788-6026  fax (212) 788-9776

January 17, 2007

Docket in
04 CIV 7922
and
05 CIV 8453

**BY FAX**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

Re: **Consolidated RNC Cases**

Dear Judge Francis:

I write to request that Your Honor's order regarding "Missing Documents," dated December 21, 2006 (the "December 21 Order") apply to both defendants and plaintiffs. A copy of the December 21 Order is attached hereto. Although the order addresses an issue ("missing documents") that may arise for both plaintiffs and defendants, the order currently applies only to defendants. While defendants opposed entry of that Order for the reasons set forth in defendants' letter of December 15, 2006, in light of its entry, and in the interests of justice, defendants respectfully request that the Court enter an order making all of the provisions of the December 21 Order applicable to plaintiffs and defendants alike in all of the consolidated RNC Cases.

Very truly yours,

James Mirro

cc: RNC Distribution List (by email)

1/25/07
Application denied. Determining why the document of an individual plaintiff is unavailable simply requires questioning that person. Determining the fate of a document within a bureaucracy is more arduous, thus necessitating the December 21 Order.

SO ORDERED.
James C. Francis IV
USMJ

**\* DOCKET IN ALL RNC CASES**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TARASIK ABDELL, et al.

                Plaintiffs,

  -versus-

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------x

04 CIV 7922 (KMK)(JCF)

~~PROPOSED~~ ORDER
RE. MISSING DOCUMENTS

05 CV 8453 (KMK)(JCF)

If the defendants are unable to produce a specific document of a type which they have agreed to produce, or have been ordered to produce, counsel for defendants shall provide a written statement concerning inability to produce the document ("Statement"). The Statement shall set forth the following:

1. The specific chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, defendants shall provide the customary chain of custody for a document of its type.

2. The name of the person, and their title, who has made a search for the document.

3. A statement of the specific efforts made by that person to locate the document, and the locations searched.

4. A statement upon actual knowledge, or information and belief, concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

The Statement shall be signed by an attorney for defendants and served upon plaintiff's counsel within the time set for production of the document.

Defendants shall be precluded from offering any document referenced In a Statement, or

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/06

~~any testimony concerning the existence of such a document~~ (absent good cause) at trial unless plaintiff's counsel consents thereto. If the defendants discover the location of the document after submission of a Statement concerning the document, they shall produce the document to plaintiff's counsel, but such production shall not alter the preclusive effect of a Statement concerning the document.

*James C. Francis IV*
Hon. James C. Francis IV
U.S.M.J.             12/21/06

2