UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TARASIK ABDELL, et al.,

                              Plaintiffs,          05 Civ. 8453 (KMK) (JCF)

                -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.

------------------------------------------------------------X

CONSOLIDATED RNC CASES          (KMK)(JCF)
------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' RULE 72 OBJECTIONS TO MAGISTRATE JUDGE FRANCIS' ORDER REQUIRING THE DESTRUCTION, OR TRANSFER TO PLAINTIFFS' COUNSEL, OF PERSONAL <u>RECORDS OF SETTLING PLAINTIFFS</u>**

                                                            MICHAEL L. SPIEGEL
                                                            Attorney for Plaintiffs
                                                          111 Broadway, Suite 1305
                                                              New York, NY 10006
                                                                  (212) 587-8558

                                                                ALAN LEVINE
                                                              Attorney for Plaintiffs
                                                        99 Hudson Street, 14th Floor
                                                               New York, NY 10013
                                                                  (212) 739-7506

February 12, 2007

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' RULE 72 OBJECTIONS TO MAGISTRATE FRANCIS' ORDER
REQUIRING THE DESTRUCTION, OR TRANSFER TO PLAINTIFFS' COUNSEL,
OF PERSONAL RECORDS OF SETTLING PLAINTIFFS**

## PRELIMINARY STATEMENT

We begin with a word about the title of defendants' Memorandum of Law, which references an alleged "order requiring the destruction of its litigation files." This wholly mischaracterizes Magistrate Judge Francis' December 7, 2006, and December 21, 2006, Memo Endorsed Orders. First, Judge Francis never issued any order with regard to the City's "litigation files." He simply issued orders with regard to certain confidential records that settling plaintiffs had produced in discovery for the limited purpose of this litigation.

Second, the order, as it now stands, does not require the destruction of any records. The initial version of Magistrate Judge Francis' order required the destruction of the records (either now, or at the conclusion of all RNC litigation, depending upon a representation from the plaintiff concerning whether he or she would testify on behalf of a remaining plaintiff). When the City objected, the Order was amended to provide that the records could be returned to the plaintiffs' attorneys for safekeeping during the course of the litigation. Magistrate Judge Francis' two Memo Endorsed Orders are attached as Exhibits A and B.

Finally, Magistrate Judge Francis' Orders are well within his authority to manage pre-trial discovery in this litigation.

## STATEMENT OF FACTS

The records at issue were produced to defendants under a standing confidentiality order that personal records of plaintiffs are produced on an "attorneys'-eyes-only" basis, and only for

1

use in this litigation. Magistrate Judge Francis' original Order was entered on January 19, 2006, with respect to plaintiffs' rap sheets and social security numbers (attached as Exhibit C). The "attorneys'-eyes-only" rule was later expanded to include all discovery responses by plaintiffs in an oral ruling from the bench by Magistrate Judge Francis at a conference with all RNC counsel on April 7. 2006. Therefore, only attorneys in this litigation (and their staffs) may review the records at issue in this Rule 72 motion.

Although there was no order explicitly referring to the destruction, or return to plaintiffs, of those records at the conclusion of the litigation, Magistrate Judge Francis' orders are clearly consistent with the contemplation of that confidentiality order. If the review of the records was restricted to defendants' counsel, and use of the records by the City was restricted to this litigation, it is unimaginable that defendants have a serious claim that an order providing for their return or destruction was not what the parties contemplated.

## ARGUMENT

### Standard of Review

Defendants concede that the standard of review is whether there has been a clear abuse of discretion by the Magistrate Judge in the management of discovery. See Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004); In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998); Cruden v. Bank of N. Y., 957 F.2d 961, 972 (2d Cir. 1992). A court "abuses its discretion when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision -- though not necessarily the product of a legal error or a clearly erroneous factual finding -- cannot be located within the range of permissible decisions." In re. Fitch, Inc. v. UBS Painewebber, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (citations and internal quotations omitted).

Significantly, defendants do not cite a single case or statute suggesting that Magistrate Judge Francis' Orders are either contrary to law or erroneous. Indeed, defendants' argument rests on the City's internal administrative processes – which defendants inflate and exaggerate – not error of law or erroneous factual findings.

### Audit By the Comptroller

To place the City's alleged concerns in context, at issue are settlements of $2,501, $5,001 and $7,501 – not $7,501,000. It is unimaginable that the Comptroller would need to see a plaintiffs' confidential records (such as their prior arrests or psychological records) in order to approve settlements such as these with a plaintiff who has spent two nights in jail unlawfully.

To begin with, the confidentiality order which governs the use of these records prohibits the City's attorneys from showing the records at issue to the Comptroller, or anyone else not an attorney, or on the staff of an attorney, working on this litigation.

Defendants provide no support whatsoever for the "parade of horribles" advanced by their attorneys. They have cited no instances in which an audit was compromised by an order such as the one entered by Magistrate Judge Francis, nor have they produced affidavits from any City official actually detailing when such audits have taken place or that these kind of records have ever actually been inspected by an auditor in cases involving settlement amounts at issue here. There are no affidavits from any supervising attorneys in the Corporation Counsel's Office detailing exactly how their ability to respond to the Comptroller's inquiries would be "eviscerated" (Defendants' Memorandum at 6), or any time in the past when "evisceration" has taken place.

It is inconceivable that the City's attorneys could not satisfactorily explain to an auditor

why the City settled these cases without having to produce plaintiffs' personal confidential records. Even if they couldn't, that failure on their part is not equivalent to a finding that the Magistrate Judge's decision was contrary to law or clearly erroneous.

### The City's Ability to Defend other RNC Cases

Magistrate Judge Francis' provision for preservation of the records by plaintiffs' counsel adequately addresses the possible eventualities suggested by Defendants Memorandum concerning the use of settling plaintiffs' private records to defend in other RNC cases. None of the vague and speculative needs which defendants posit are supported by anything other than argument. For example, the decision as to whether or not to call a settling plaintiff as a witness will undoubtedly depend on the knowledge he or she has of the events on Fulton Street or 16th Street on August 31, 2004, not on that plaintiff's psychotherapy records, or the credit card records submitted in support of that plaintiff's economic damages claim.

### Waiver

Defendants claim that "plaintiffs waived any confidentiality or privacy of their records." (Defendants Memorandum at 8.) This grossly overbroad statement of the waiver which this Court has ruled upon concerning psychological records – *i.e.*, claiming that plaintiffs have waived *any* confidentiality – flies in the face of the "attorneys'-eyes-only" order. Plaintiffs have never waived all confidentiality of their personal records. Those plaintiffs who have settled their cases, and have thus completely ended their participation in this litigation, simply seek the return or destruction of their personal records.

### Work Product

Defendants can redact notes of the contents of the confidential records at issue. The

4

example from the *Jarick* case – notes made on medical records – is trivial. What real need can the City have for an attorney's notes jotted on the medical records of a plaintiff who has settled his or her case and is no longer in the litigation?

**Contract Principles**

First, not all of the plaintiffs who settled their cases accepted Rule 68 Offers; some accepted ordinary offers to settle on the same terms (that is why the Stipulations and Orders of Dismissal submitted in the *Abdell* and *Adams* cases are of two types – one for those who accepted the Rule 68 Offers, and one for those who simply settled on the same terms after the ten days to accept the Rule 68 Offer had expired).

Second, plaintiffs did not tender the settlement papers to the City until after Magistrate Judge Francis' Memo Endorsed Order concerning the destruction of their personal records had been entered. They did so in reliance on that Order.

Finally, the terms of the Rule 68 Offer and its acceptance have been complied with. The issue of destruction of plaintiffs' personal records is simply not addressed – just as there are many other aspects of this litigation which are not referenced in either the offer or the acceptance. That does not mean that the Court has no power to issue orders concerning the disposal of documents produced during discovery.

Dated: New York, NY
       February 12, 2007

_/s/ M. Spiegel_
Michael L. Spiegel [MS-0856]
*Attorney for Plaintiffs*
111 Broadway, Suite 1305
New York, NY 10006
(212) 587-8558

5