UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL SCHILLER, FRANCESCA FIORENTINI,
ROBERT CURLEY, and NEAL CURLEY,

                                      Plaintiffs,

             -against-                         04 CV 7922 (KMK) (JCF)

The CITY OF NEW YORK, et al

                                      Defendants.

------------------------------------------------------------------------ x

HACER DINLER, ANN MAURER, and ASHLEY
WATERS,

                                      Plaintiffs,

             -against-                         04 CV 7921 (KMK) (JCF)

The CITY OF NEW YORK, et al

                                      Defendants.

------------------------------------------------------------------------ x

TARASIK ABDELL, et al.,

                                      Plaintiffs,

             -against-                         05 CV 8453 (KMK) (JCF)

THE CITY OF NEW YORK, et al.,

                                      Defendants.

------------------------------------------------------------------------ X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR RELIEF PURSUANT TO F.R.C.P. 72**

Defendants respectfully submit this reply memorandum in further support of their Rule 72 appeal of Magistrate Francis's December 7, 2006 order (the "Order") granting in part and denying in part defendants' motion to compel production of certain documents from the War Resisters League ("WRL"), Frida Berrigan, and Ed Hedemann (collectively, "respondents").

Respondents erroneously assert that the subpoenas at issue on this motion to compel, and the ensuing motion practice to compel compliance with those subpoenas, are "part of a campaign of harassment designed to intimidate the WRL and its members." (Respondents' Memorandum of Law in Opposition to Rule 72 Motion ("Resp. Br."), p. 2). Respondents also erroneously assert (as they did before Judge Francis) that this motion is about obtaining membership lists. While respondents would like to make the subpoenas greater in scope in an effort to support their arguments, they cannot. The subpoenas were narrowly tailored and only seek information necessary and central to the defense of the lawsuits brought against defendants. Defendants seek only documents that reflect plans for unlawful conduct. In addition, to the extent those documents discussing unlawful planned activity contain the identities of plaintiffs and other RNC arrestees, defendants are entitled to that information.

As defendants argued in their moving brief, evidence of a particular plaintiff's intent is relevant to the issue of a plaintiff's credibility: if a plaintiff participated in a march either aware of WRL's planned unlawful conduct or having advocated unlawful conduct himself at a WRL meeting, that is evidence that defendants are entitled to obtain to rebut plaintiffs' contentions. In addition, the trier of fact should be able to weigh that evidence in assessing that plaintiff's testimony as to what he either intended or actually did.

Judge Francis recognized the relevance of this information in his Order and restated it when requested by plaintiffs to reconsider his decision regarding Mr. Hedemann's prior arrest

records.[1] On reconsideration, Judge Francis made clear that those arrest records were relevant to Mr. Hedemann's *credibility* about the circumstances of his arrest and what plaintiffs may claim he intended to do at the time he was arrested. (A copy of the reconsideration decision is annexed hereto as Exhibit A). Judge Francis clarified that what he meant by "probable cause" when discussing the relevance of Mr. Hedemann's arrest records in the Order was "whether [Mr. Hedemann's] own testimony about the objective facts surrounding his arrest (i.e., what he was doing at the time of arrest) may be credible." (Id., p. 2). Here, as an example, if an RNC plaintiff arrested at Church/Fulton claims at deposition or trial that he had no intention of engaging in unlawful activity or no idea that WRL contemplated a "die-in," defendants are entitled to rebut that plaintiff's assertions or claims of ignorance. That is precisely why defendants need the names of plaintiffs and arrestees that appear in the documents advocating unlawful conduct – to allow defendants to rebut plaintiffs' assertions and allow a trier of fact to assess whether a particular plaintiff's "own testimony about the objective facts surrounding his arrest . . . may be credible." For the very same reason, defendants are entitled to documents relating to WRL's efforts to obtain a permit for the Church/Fulton march – to allow defendants to rebut, and a trier of fact to assess, a plaintiff's claim that he was unaware of whether there was a permit for the planned march. While recognizing that the documents defendants seek are relevant to a plaintiff's intent and credibility, Judge Francis erred by nonetheless holding that defendants are not entitled to these documents.

Respondents claim that defendants waived this credibility/relevance argument. Incredibly, they state that defendants "do not suggest that when [Judge Francis] wrote [in the Order] that intent was relevant, he was referring to credibility issues, as with Mr. Hedemann's

---

[1] The Order addresses both defendants' subpoenas for WRL documents and plaintiff Ed Hedemann's prior arrest records, which Judge Francis ordered produced (Order, pp. 19-21).

- 3 -

records." (Resp. Br., p. 19). Thus, respondents claim, defendants have waived that argument. (*Id.*) That is completely untrue. As noted above, defendants *did* make the argument, in their moving Rule 72 brief, that the documents sought by subpoena were relevant to intent and credibility:

> Because a particular plaintiff's intent to engage in unlawful conduct is relevant, evidence of that intent is equally relevant. For instance, if a plaintiff participated in the march either aware of WRL's plans for unlawful conduct by virtue of attending a meeting, or having advocated unlawful conduct himself at a WRL meeting, ***that is evidence that the trier of fact should be able to weigh in assessing that plaintiff's testimony about what he either intended or actually did***.

(Defendants' Rule 72 moving brief, pp. 5-6) (emphasis added). Thus, far from waiving the argument, defendants specifically set it out as the centerpiece of their appeal.

Finally, recognizing the weakness of their position, respondents argue that "[t]he First Amendment rights of the entire WRL membership cannot be undermined for the claims of a few plaintiffs who may be WRL members." (Resp. Br., p. 16). Respondents' argument is imprecise and misses the point. Defendants only seek the identities of plaintiffs and of those arrested who were present when unlawful conduct was planned -- not anyone else. Respondents' attempt to cast the issue in terms of the entire WRL membership is thus misplaced, and is a further effort to expand the scope of information that defendants seek just so that respondents can raise the First Amendment as a barrier to disclosure.

For the foregoing reasons, defendants respectfully request that Your Honor reverse Judge Francis' rulings in the Order and order that (1) defendants are entitled to the names of plaintiffs in RNC-related cases (or of non-parties who were arrested at Church/Fulton) if contained in documents in which WRL's plans for unlawful activity were stated, and (2) defendants are entitled to documents reflecting WRL's efforts to secure a permit from the City for the Church/Fulton march.

Dated: New York, New York
   February 9, 2007

          MICHAEL A. CARDOZO
          Corporation Counsel of the City of New York
          Attorney for Defendants
          100 Church Street, Room 3-132
          New York, New York 10007
          (212) 788-1817

         By: _____
          Fred M. Weiler (FW 5864)
          Assistant Corporation Counsel
          Special Federal Litigation Division

Exhibit A

THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

**MEMO ENDORSED**

December 21, 2006

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/06
```

    Re:     Abdell, et al. v. City of New York, et al., 05 Civ. 8453 (KMK)(JCF)

Dear Judge Francis:

    I write to request reconsideration, pursuant to Local Rule 6.3, of one sentence of the portion of Your Honor's December 7, 2006, Memorandum and Order ("Order") which concerns defendants' motion to compel plaintiff Ed Hedemann to provide releases unsealing prior arrest records. The sentence reads as follows: "Furthermore, if Mr. Hedemann's prior arrests involve disorderly conduct, parading without a permit, or similar charges, the records may lead to information that would cast doubt upon Mr. Hedemann's credibility with respect to his contention that the NYPD lacked probable cause to arrest him on August 31, 2004." Order at 19-20. Plaintiffs respectfully request that the Court delete that sentence from the Order for the reasons set forth herein.

    Defendants brought a motion to compel plaintiff Hedemann to produce releases unsealing his prior arrest records, which plaintiff opposed. The Court granted defendants' motion, grounding the decision primarily in the relevance of such records "to the issue of damages for emotional distress." Order at 19 (citing Green v. Baca, 226 F.R.D. 624, 656-657 (C.D.Cal. 2005)). Plaintiffs do not contest that it is within the Court's discretion to order plaintiff to provide the releases for this reason. The next sentence in the Order, however, which is quoted above, is an entirely different rationale for requiring plaintiff to provide the releases.[1]

    Plaintiffs believe that the Court has overlooked controlling decisions on the factors

---

[1] This issue is of significance to any plaintiff, including Mr. Hedemann, who may decide not to provide defendants with the releases. In that event, they would then be potentially subject to a sanction imposed by the Court. Since one element in determining the nature of any sanction would be the relevance of the information which defendants were being deprived of, the grounds for the decision to compel production is important.

1

relevant to the determination of probable cause. Mr. Hedemann's "credibility with respect to his contention that the NYPD lacked probable cause," Order at 19, is not relevant to the probable cause determination. "A warrantless arrest is unlawful absent probable cause." United States v. Perea, 986 F.2d 633, 642-43 (2d Cir. 1993); Papineau v. Ashton, 465 F.3d 46, 60 (2d Cir. 2006). "Whether probable cause exists depends upon the reasonable conclusion to be drawn *from the facts known to the arresting officer at the time of the arrest.* Maryland v. Pringle, 540 U.S. 366, 371 (2003)." Devenpeck v. Alford 543 U.S. 146, 152 (2004) (emphasis added). Devenpeck held that the standard for assessing whether probable cause existed was an objective one, and that the officer's "state of mind *(except for the facts that he knows)* is irrelevant to the existence of probable cause." Id. at 153 (emphasis added).

Likewise, the arrestee's state of mind, or later credibility, are irrelevant to the probable cause determination, unless those facts were somehow known to the arresting officer at the time of the arrest – in which case, it would not be the arrestee's actual credibility which would be at issue, but only the knowledge that the arresting officer had of that credibility. See, e.g., Brinegar v. United States, 338 U.S. 160, 175-76 (1949) ("Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162 (1925)."). "It is axiomatic that hindsight may not be employed in determining whether a prior arrest or search was made upon probable cause." LaFave, W.R., 2 Search and Seizure, A Treatise on the Fourth Amendment, §3.2(d) (3rd ed. 1996).

Plaintiffs respectfully request that the Court reconsider its December 7, 2006, Order to the extent of deleting the sentence quoted above.

Respectfully submitted,

*M. Spiegel*

Michael L. Spiegel
[MS-0856]

MLS:ms

cc: A.C.C. Jeffrey A. Dougherty (by fax)

12/21/06

Application denied. The quoted language refers not to determining probable cause based on Mr. Hedemann's prior arrest record, but to whether his own testimony about the objective facts surrounding his arrest (ie, what he was doing at the time of arrest) may be credible.

SO ORDERED.
James C. Francis IV
USMJ