UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TARASIK ABDELL, et al.,                        05 CV 8453 (KMK)(JCF)

                Plaintiffs,
-versus-

THE CITY OF NEW YORK, et al.

                Defendants.
------------------------------------------------------------x

ALL CONSOLIDATED RNC CASES                     (KMK) (JCF)

------------------------------------------------------------x


**DEFENDANTS' REPLY MEMORANDUM OBJECTING TO THE MAGISTRATE
JUDGE'S ORDER REQUIRING THE DESTRUCTION OF LITIGATION FILES**


                MICHAEL A. CARDOZO
          Corporation Counsel of the City of New York
             Special Federal Litigation Division
              Attorney for Defendants
             100 Church Street, Room 3-126
              New York, New York 10007
                 212-788-8342


                     Of Counsel
                Jeffrey A. Dougherty

February 26, 2007

**ARGUMENT**

Defendants submit this reply memorandum in further support of their objections to the order of Magistrate Judge James C. Francis IV (the Magistrate Judge) requiring the destruction of various records from the Defendants' litigation files (the "Destruction Order").

**The Comptroller's Right to Audit Defendants' Litigation Files**

In their opposition papers, plaintiffs ask the Court, in effect, to ignore the law and to ignore common sense. Defendants have provided specific citations to the New York City Charter that permit the Comptroller of the City of New York to audit the Law Department's litigation files. As set forth in defendants' initial brief, the Charter (which is codified in New York law) provides that the Comptroller shall have the power *"to audit and investigate all matters relating to or affecting the finances of the city."* NYC Charter § 93(b) (emphasis added).

Plaintiffs do not dispute that the Comptroller has such authority – nor do they dispute that that authority reaches the settlement of litigation matters within the ambit of the Law Department. Plaintiffs' curious argument, rather, seems to be that settlements in these particular cases – in plaintiffs' words, "settlements of $2,501, $5,001 and $7,501 – not $7,501,000" – are small enough that the Court can ignore the applicable provisions of New York State law. For this remarkable proposition, which runs directly counter to the quoted provision of the City Charter, plaintiffs cite nothing at all.

Plaintiffs' argument is even less persuasive when one briefly considers its factual underpinnings. The amounts quoted by plaintiffs were amounts offered to certain plaintiffs in these cases (pursuant to FRCP Rule 68) along with simultaneous offers to pay plaintiffs'

1

"reasonable attorney fees." In other words, none of these cases has settled, or will settle, without a payment by the City of "reasonable attorney fees" in addition to the amounts quoted by plaintiffs.

Nor do plaintiffs remind the Court that there are approximately 500 such individual claims currently pending against the City, plus a purported "class action" on behalf of approximately 1800 members. When taken in their entirety, the potential amounts at issue are substantially greater than plaintiffs have suggested. Even crediting, therefore, plaintiffs' remarkable argument – that application of these provisions of New York State law should depend upon the amount of money at stake – plaintiffs' argument must fail.

The Magistrate Judge's decision is contrary to law because it fails to credit these principles of New York State law – indeed, the Magistrate's decision cites no statute, no case law nor any other legal authority whatsoever.

## Defendants Need Their Litigation Files For The Duration Of The RNC Litigation

Plaintiffs do not dispute that defendants may subpoena settling plaintiffs to testify at trial, as is defendants' right under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. See FRCP Rule 45; FRE Rules 601-615 ("Witnesses"). Nor do plaintiffs dispute that they may call – or subpoena – settling plaintiffs to testify at trial. Contrary to plaintiffs' argument, there is nothing either "vague" or "speculative" about the parties' need to call witnesses for trial. Indeed, plaintiffs specifically have reserved *their* right to call settling plaintiffs as witnesses in the RNC actions. See Exh. "1" hereto.

The settling plaintiffs are witnesses with knowledge potentially pertinent to a variety of issues in *all* of the consolidated RNC actions. That knowledge begins with the circumstances of the lawful arrests at the former World Trade Center site and at Union Square on August 31, 2004, which form the basis for several of the RNC actions currently pending before Your Honor (including hundreds of individual claims arising from these two locations alone). Plaintiffs' knowledge also includes the circumstances of detention at Pier 57 and Central Booking (where substantially all RNC plaintiffs were processed) that forms the basis for all RNC plaintiffs' unconstitutional "conditions of confinement" claims.

Similarly, the settling plaintiffs' medical records are probative of all of the RNC plaintiffs' claims that they were exposed to "toxic" and other unhealthy substances and conditions at Pier 57. For example, medical records indicating a settling plaintiff saw a provider after being processed at Pier 57 and neither complained of nor was treated for any alleged "exposure to unhealthy conditions" could be highly probative. Medical and psychiatric records routinely contain admissions made by the patient including admissions regarding the source of the plaintiffs' ailment, complaint or illness. In addition, plaintiffs' medical records may be used by defendants' expert witnesses in preparing their opinions about whether conditions at the Pier had any health effect upon any of the RNC plaintiffs.

Various information in plaintiffs' records will be used by defendants to impeach the testimony of settling plaintiffs who testify for the remaining plaintiffs. Evidence that a settling plaintiff who is called as a trial witness was medicated at the time of the event, was suffering from a psychological disorder, or was abusing drugs and alcohol at that time, could be relevant to

their memory, perception or credibility.[1] Similarly, a settling plaintiff's RAP sheet indicating certain criminal activity, such as fraud or other dishonesty, could be relevant to his or her veracity.

The Magistrate's order to destroy or to return to plaintiffs' counsel these discovery materials – while the consolidated RNC cases are pending -- will seriously impede the defense of these actions. Loss of this information necessarily means that defendants will be unable to evaluate the settling plaintiffs as witnesses; will be unable to use this information in the preparation of expert opinions; and will be unable to prepare for cross-examination of plaintiffs' witnesses without engaging in additional burdensome negotiations with plaintiffs' counsel. On the other hand, should the Court affirm the Magistrate's order, plaintiffs would be in sole possession of all of the discovery information concerning these potential trial witnesses, and have unhindered (as well as exclusive) use of that information.

In short, the procedure contemplated by the Magistrate's order is contrary to the discovery provisions and spirit of the Federal Rules of Civil Procedure and is contrary to defendants' rights to call, to examine and to cross-examine witnesses at trial under the Federal Rules of Evidence. These violations amount to violations of defendants' rights to due process.

### The Magistrate Judge's Order Will Lead to Unnecessary Litigation

Defendants respectfully submit that the Destruction Order imposes on defendants unnecessary, costly and impractical burdens and is likely to lead to unnecessary additional litigation. Plaintiffs' counsel may misplace the returned documents or object to returning them

---

[1] REDACTED

to Defendants. In the event that defendants are unable to get the records back from plaintiffs, they would be forced to obtain the same records again from the third party providers, with all of the additional cost and delay inherent in that process. In addition, third party providers routinely purge their files after a period of time. Accordingly, defendants may be unable to recover the files at all.

## CONCLUSION

For the foregoing reasons, Defendants object to the Magistrate Judge's decision. Defendants respectfully request that the Court reverse the Destruction Order and enter an order that Defendants may retain all documents in their litigation files pending the resolution of all of the consolidated RNC cases.

Dated: New York, New York
       February 26, 2007

                                  Respectfully submitted,

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York
                                  Attorney for Defendants
                                  100 Church Street, Room 3-126
                                  New York, New York 10007
                                  212-788-8342

                By:          /s/
                       Jeffrey A. Dougherty (JD 5224)
                       Special Assistant Corporation Counsel
                       Special Federal Litigation Division

# EXHIBIT 1

THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel:(212)587-8558
Fax:(212)571-7767

January 4, 2007

<u>BY HAND</u>
Jeffrey Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 3-135
New York, New York 10007

      Re:   *Abdell, et al. v. The City of New York, et al.*
              2005 Civ. 8453 (KMK)

Dear Mr. Dougherty:

      Enclosed please find settlement papers, including the Stipulation and Order of Settlement and Discontinuance, Affidavit of No Liens and General Release, for plaintiffs Richard Csontos, Zoe Ginsburg, Kathryn Gordon, Anthony O'Leary, Edwin Reed-Sanchez and Patricia Wieland.

      These plaintiffs do not represent that they will not testify for other plaintiffs in RNC related cases and understand that their private information will not be destroyed until the conclusion of the RNC consolidated litigation.

                                                         Very truly yours,

                                                           Michael L. Spiegel

Enc.