THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

**MEMO ENDORSED**

March 15, 2007

*LEAD CASE*
*04 CIV 7922*
*(KMK)(JCF)*

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/07

*DOCKET IN ALL CASES*

Re: *Abdell, et al. v. The City of New York, et al.*, 05 CV 8453 (KMK)(JCF)
   *Eastwood, et al. v. The City of New York, et al.*, 05 CV 9483 (KMK)(JCF)
   *Adams, et al. v. The City of New York, et al.*, 05 CV 9484 (KMK)(JCF)
   *Aloisio, et al. v. The City of New York, et al.*, 05 CV 9737 (KMK)(JCF)
   *Araneda, et al. v. The City of New York, et al.*, 05 CV 9738 (KMK)(JCF)
   *Alpert, et al. v. The City of New York, et al.*, 05 CV 9740 (KMK)(JCF)
   *Rigger v. The City of New York, et al.*, 05 CV 9882 (KMK)(JCF)
   *Dolak, et al. v. The City of New York, et al.*, 05 CV 9884 (KMK)(JCF)
   *Kahl and Jakubal v. The City of New York, et al.*, 05 CV 9885 (KMK)(JCF)
   *RNC Consolidated Cases* (KMK)(JCF)

Dear Judge Francis:

I write concerning Assistant Corporation Counsel Jeffrey A. Dougherty's March 14, 2007, letter agreeing to make aerial video footage available, and agreeing to provide CJB Monthly Reports for May-October, 2004.

Plaintiffs respectfully request that Your Honor order defendants to pay for the costs of obtaining this discovery, including attorney's fees; to provide the videos and documents cost-free to all plaintiffs' counsel by March 23, 2007; and to permit the re-opening of depositions at defendants' cost in order to allow plaintiffs to question witnesses based upon this newly-obtained information.

Defendants should also be required to provide substantive responses to plaintiffs' Interrogatories Nos. 14 and 15 in the *Abdell* case, which sought information concerning the persons involved in the aerial surveillance; and be required to provide all documents related to the aerial surveillance (the letter written by Commissioner Kelly which was submitted with my March 9, 2007, letter to the Court was obtained by subpoena from FUJI, not from defendants).

It is uncontested that plaintiffs requested all of these materials in January 2006. Initially, defendants simply hid the existence of the aerial videos, making no reference to them in any of

1

their discovery responses to any of the plaintiffs in the RNC cases, and refusing to substantively respond to Interrogatories and Document Requests concerning the existence of such videos. Defendants produced to plaintiffs a list of videos titled "Video Footage of RNC Demonstration Activity" without any indications on it that they were withholding the aerial footage.

When the undersigned made a specific written demand on November 6, 2006, defendants' counsel repeatedly sought to delay the City's response – pleading that the defendants needed more time to obtain and review the materials – and when I finally refused to extend their time to respond any further, Mr. Dougherty wrote to seek more delay, claiming that plaintiffs' request

> is overbroad and unduly burdensome, it calls for information that is not reasonably calculated to lead to the discovery of admissible evidence ... Defendants ... are in the process of determining whether any additional responsive documents exist and, if so, whether those documents are subject to any privileges.

(February 9, 2007, letter from Mr. Dougherty to me, Exhibit B to plaintiffs' February 12, 2007, motion to compel.) After I made a motion to compel on February 12, 2007, Mr. Dougherty wrote to Your Honor on March 8, 2007, stating that "defendants are still investigating whether certain categories of documents sought in plaintiffs' motion to compel even exist.... defendants are currently unable to determine the appropriateness of objections for relevance, privilege, etc." At every step of this litigation, defendants have simply sought to delay producing materials which they were obligated to provide in response to plaintiffs' initial requests.

Now, on March 14, 2007, over a year after they were required to produce the aerial videos and CJB reports – and without *ever* having proffered a substantive explanation for refusing to do so – defendants concede that they must provide the materials. Defendants have plainly sought to avoid and delay producing these materials to this late date, and have succeeded in doing so to plaintiffs' prejudice. For all of the foregoing reasons, plaintiffs request the relief sought in the second and third paragraphs of this letter application.

Respectfully submitted,

*M. Spiegel*

Michael L. Spiegel
[MS-0856]

MLS:ms

cc: A.C.C. Jeffrey A. Dougherty, Esq. (by fax)
RNC Distribution List (by email)

*[Handwritten order:]* 4/30/07 Applications denied, except that: (1) defendants shall provide substantive responses to Interrogatories Nos. 14 and 15, and (2) plaintiffs' request to reopen depositions is denied without prejudice to a showing that reopening specific depositions is warranted by the newly produced aerial photos. SO ORDERED. James C. Francis IV USMJ