THE LAW OFFICES OF

# MICHAEL L. SPIEGEL

111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

# MEMO ENDORSED

March 14, 2007

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY  FILED       │
│ DOC #: _____    │
│ DATE FILED: 6/4/07          │
└─────────────────────────────┘
```

*[handwritten]* LEAD CASE
04 CIV 7922
(KMK) (JCF)

*[handwritten]* Docket in
Both
Cases

Re:    Abdell, et al. v. City of New York, et al., 05 Civ. 8453 (KMK)(JCF)
       Adams, et al. v. City of New York, et al.,05 Civ. 9484 (KMK)(JCF)

Dear Judge Francis:

## Plaintiffs' Application

I write concerning an outstanding discovery dispute. On February 5 and 6, 2007, plaintiffs in these two actions requested, pursuant to F.R.Civ.P. 34, that defendants produce the original videotapes used to record three NYPD DVD's which had been produced to plaintiffs in discovery for inspection and copying. Plaintiffs also requested that the original videocameras used to create the tapes be produced for inspection, and that all of the materials be produced at the forensic facilities of Vidipax, which is located in Long Island City, Queens. Defendants have objected to this request, and plaintiffs now seek an order compelling defendants to comply.

The videotapes at issue were created by the NYPD "TARU" unit and depict the mass arrest incidents at 16th Street and Fulton Street. In the course of discovery, the City has produced to plaintiffs DVD reproductions of those original videotapes. Plaintiffs seek to obtain complete and exact duplicates of the original tapes. To that end, we have retained the services of Vidipax, which is one of the world's leading magnetic media companies. Their website provides information about them, and contains a client list which includes, among others, NASA, The Library of Congress, The Smithsonian Institution, the Metropolitan Museum of Art, and the National Archives. (See http://vidipax.com). They also do work for federal law enforcement agencies and the United States Department of Defense. They are able to reproduce an exact and complete copy of the original tapes without altering the originals. Once a duplicate copy has been made, there is no further need for the original tape. Plaintiffs agree that a representative of the NYPD and/or the Corporation Counsel should be present throughout the duplication process, so that the tapes will not be out of the custody of the City at any time.

1

The process of making an exact duplicate of the original tapes also requires inspection of the original videocameras, since the creation of any particular videotape is not independent of the machine which made it.

During the course of the criminal trials arising from the RNC arrests, at least one incident of improper reproduction of similar videos by someone in law enforcement was widely reported in the media. In that case, the reproduced copy of the videotape cut out sections which were clearly exculpatory. It has never been determined who was responsible for the improper redactions to that videotape.

In addition, it is readily apparent to a lay observer that the quality of the reproductions which have been produced to plaintiffs is abysmal. That may or may not be the condition of the originals, which an inspection and copying will determine.

**The City's Response**

I attach the e-mail correspondence with Mr. Dougherty concerning plaintiffs' request. In the guise of "meet and confer," defendants have posed unnecessary and inappropriate questions concerning plaintiffs' application – and conditioned compliance upon receiving responses which they deem adequate. I spoke to Mr. Dougherty earlier today, and responded to each of the inquiries which he now repeats in his latest e-mails (combined into one 3-page email dated March 14, 2007). The conversation was the meet and confer, and we did not reach a resolution of this dispute. Posing the same questions in writing is an appropriate way to memorialize the discussion, but it is no longer "meeting and conferring," it is merely an effort to delay. None of the questions posed by Mr. Dougherty are grounds for refusing to comply with plaintiffs' request.

With respect to the questions in Mr. Dougherty's March 14, 2007, e-mail, I provide plaintiffs' responses – as delivered to him on the phone – seriatim.

• Defendants do not have the right, as a precondition to producing the materials, to demand a description of "the exact copying procedure," information concerning the particular Vidipax staff person, or "the media or format" of the copy. The only proper concern on the City's part is that the original tapes and videocameras be returned unharmed, and the information concerning the reputation and capabilities of Vidipax are an adequate assurance of that. If institutions such as the National Archives and the Metropolitan Museum of Art entrust materials to this company, then the City can hardly expect more.

• Plaintiffs do not expect the copying process to take more than a day. To some extent, copying time is a function of the length of the videos, which total 3 hours and 46 minutes. Plaintiffs will comply with their obligations under the Federal Rules of Civil Procedure concerning any reports generated as a result of any further analysis which plaintiffs may conduct on the duplicates.

2

• I have been informed that the original camera is required because it is a "best practice" in creating a forensic duplicate of the original videotape.

• Vidipax can bring equipment to another site in order to duplicate the tapes. This is more expensive than having the tapes produced at their facility (which is within New York City). I have informed Mr. Dougherty that I have no objection to conducting the copying at an offsite location, if the City is willing to pay for the additional cost of doing so.

Respectfully submitted,

Michael L. Spiegel
[MS-0856]

MLS:ms

cc:    A.C.C. Jeffrey A. Dougherty. (by fax)

6/4/07

Application granted. Plaintiffs have established a sufficient basis for obtaining the original videotapes, and defendants have not demonstrated either a danger of spoliation or undue burden.

SO ORDERED.

James C. Francis IV

USMJ

3