

**MEMO ENDORSED**

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/07

June 18, 2007

**BY FACSIMILE**

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

LEAD CASE (KMK) (JCF)
04CIV 7922
DOCKET IN
BOTH
CASES

**Re:    Abdell, et al. v. City of New York, et al. 05 CV 8453 (KMK)(JCF)**
**Adams, et al. v. City of New York, et al. 05-CV-9484 (KMK)(JCF)**

Dear Judge Francis:

Defendants write in response to the Court's June 4, 2007 Order granting plaintiffs' request to copy TARU tapes 63, 71, and 86, which are the NYPD's original evidence of plaintiffs' criminal misconduct (the "TARU Tapes"). A copy of the Court's June 4, 2007 Order is attached as Ex. A (the "June 4[th] Order"). More precisely, defendants request that the Court modify the June 4th Order pursuant to Local Rule 6.3 and Fed.R.Civ.P. 26(b) and (c).

First, in the event the TARU Tapes are damaged or altered by plaintiffs copying procedure defendants respectfully request the digitized files TARU prepared of the TARU Tapes be deemed the "original" or the "best evidence" for all purposes, including dispositive motions and trials in the consolidated RNC cases. See Declaration of Louis Vozza dated May 3, 2007 ("Vozza Decl.") at ¶¶12-15.

Second, defendants reiterate that they are unable to identify the exact cameras TARU used to record the evidence that appears on the TARU Tapes. Defendants initially informed the Court of this information in footnote 4 of their May 4, 2007 letter. In substance that footnote indicated -- during the RNC, TARU did not keep records linking precise camera and model numbers to precise pieces of video evidence such as the TARU Tapes. Accordingly, defendants cannot comply with the Court's order as it is written. Therefore, defendants respectfully request that the Court modify the June 4th Order so that defendants are not required to produce the original video cameras that were used to record the TARU Tapes.

James C. Francis IV
June 18, 2007
Page 2 of 2

Third, if during plaintiffs' copying of the TARU Tapes, defendants' TARU representative feels that destructive processes are being applied then plaintiffs shall immediately cease and desist the destructive processes. For example, if plaintiffs pause one of the TARU Tapes at a particular point of interest for an unreasonable amount of time this would lead to loss of information contained in the original media. See Vozza Decl. at ¶ 9. Defendants only request this in order to safeguard their original evidence and will not interfere with plaintiffs' routine copying of the TARU Tapes.

For all of the foregoing reasons defendants respectfully request that the Court modify the June 4th Order so that: (1) if the TARU Tapes are damaged or altered by plaintiffs' copying procedure the digitized files prepared by defendants will be deemed originals for all purposes, including trial and dispositive motions; (2) defendants are not required to produce the original cameras used to record the TARU Tapes; and (3) if during plaintiffs' copying of the TARU Tapes defendants' TARU representative feels destructive processes are being applied then plaintiffs shall immediately cease and desist the destructive processes.

Respectfully submitted,

Jeffrey A. Dougherty

cc:    Michael L. Spiegel, Esq. (by Facsimile)

6/21/07

*Applications denied. I will not presuppose what the appropriate sanction might be in the event of spoliation. To the extent the defendants knew the make and model of the video cameras that might have been used to make the tapes (even if they do not know precisely which was used), they shall produce a list. Finally, there is no basis for inviting disruption of the copying process; plaintiffs bear the risk of spoliation.*

*So ORDERED.*

*James C. Francis IV*