UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HACER DINLER, *et al.*,<br><br>                            Plaintiffs,<br><br>  -v-<br><br>CITY OF NEW YORK, *et al.*,<br><br>                            Defendants. | Case No. 04-CV-7921 (KMK) (JCF)<br><br>ORDER |
| MICHAEL SCHILLER, *et al.*,<br><br>                            Plaintiffs,<br><br>  -v-<br><br>CITY OF NEW YORK, *et al.*,<br><br>                            Defendants. | Case No. 04-CV-7922 (KMK) (JCF) |
| TARASIK ABDELL, *et al.*,<br><br>                            Plaintiffs,<br><br>  -v-<br><br>CITY OF NEW YORK, *et al.*,<br><br>                            Defendants. | Case No. 05-CV-8453 (KMK) (JCF) |

KENNETH M. KARAS, District Judge:

      On December 7, 2006, Magistrate Judge Francis issued a Memorandum & Order (the "Mem. & Order") in the above-captioned cases granting in part and denying in part the City's Motion to Compel the production of certain documents. Pursuant to Federal Rule of Civil Procedure 72, the City timely filed objections to two of the rulings contained in Judge Francis's

Order. For the reasons stated below, the City's Motion for Relief Pursuant to Federal Rule of Civil Procedure 72 is DENIED.

A district court "shall modify or set aside" a magistrate's non-dispositive, pretrial order pursuant to a Rule 72 objection, only if that order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This is a "highly deferential standard of review," *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 0795, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005), permitting reversal only when the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Among other items, the City moved to compel the release of names redacted from certain War Resister's League ("WRL") meeting minutes.[1] In denying the City's Motion with respect to these names, Judge Francis relied on *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958). In *NAACP*, the Supreme Court, "recogniz[ing] the vital relationship between freedom to associate and privacy in one's associations," stated that "compelled disclosure of affiliation with groups engaged in advocacy may constitute . . . a restraint on freedom of association." *Id.* at 462. In order to protect that freedom, the Supreme Court held that, once a party has made a *prima facie* showing that disclosure may have a deterrent effect on the protected freedom of association, the burden shifts to the party seeking the disclosure to show "an interest in obtaining the disclosures . . . which is sufficient to justify the deterrent effect which . . . [the] disclosures may well have on the exercise . . . of [the] constitutionally protected right of association." *Id.* at 462-

---

[1] For the purposes of this Order, familiarity with the facts is assumed. Any omitted material facts are set forth in Judge Francis's Mem. & Order.

2

63. Applying this standard, the Second Circuit has held that the required *prima facie* showing is minimal: "Mindful of the crucial place speech and associational rights occupy under our constitution, we hasten to add that in making out a *prima facie* case of harm the burden is light." *NY State Nat'l Org. for Women v. Terry*, 866 F.2d 1339, 1355 (2d Cir. 1989).

Here, those resisting the subpoena have established that disclosure of the names of WRL members and meeting attendees would have a deterrent effect on the protected right of association. As Judge Francis noted, the Parties have submitted affidavits "describing a long history of government surveillance of the WRL and its members." (Mem. & Order 11.) And current WRL members have expressed a desire to keep private their membership status out of fears of government surveillance or retaliation. (Berrigan Aff. ¶ 19 ("[M]any people are concerned that their WRL work . . . will subject them to investigation or surveillance by the FBI, NYPD, or other government agency.").) The City does not contest these facts, and these uncontested facts are sufficient to meet the "light" *prima facie* burden under *NAACP*.

The City further argues that even if the *prima facie* burden has been met, the City's interest in this discovery is sufficient to overcome any First Amendment concerns. According to the City, this discovery is needed to establish that Plaintiffs intended to engage in unlawful activity and, potentially, to impeach those Plaintiffs and arrestees who deny such illegal intent. (City's Mem. 6-7.) Noting that the City had others means of discovering Plaintiffs' intentions, including deposition testimony and statements already obtained regarding the WRL's plans, Judge Francis held that the City's interest was insufficient to "overcome the associational rights of the WRL and its members." (Mem. & Order 15.) To receive this discovery in the face of the *prima facie* showing of harm, the City must demonstrate a "compelling interest in having

discovery." *Terry*, 886 F.2d at 1355. Here, in light of the other means of discovering the relevant parties' intent, the interest identified by the City is not so compelling that it can be said that Judge Francis's ruling is clearly erroneous or contrary to law.

The City also "object[s] to that portion of the [Mem. &] Order holding that defendants are not entitled to documents relating to WRL's efforts to secure a permit" for its RNC activities. (City's Mem. 8.) The City again claims that it needs this information for impeachment purposes, in the event that a deponent states that he or she did not know that the WRL lacked a permit for a planned march. (*Id.*) Judge Francis found this justification, which the City repeats in this Motion, to be insufficient, and he denied the City's motion to compel production of this information on the grounds that the information was not relevant: "[W]hat is relevant here is not whether the WRL attempted to get a permit for the march, but whether the plaintiffs were aware that no permit was obtained." Here, too, Judge Francis's ruling is not clearly erroneous or contrary to law. As with all rulings concerning the admissibility of evidence before a trial court, Judge Francis had broad discretion in reaching his decision. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997) ("The trial court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference." (citation omitted)). The City has failed to establish that, in his thorough and well-reasoned Opinion, Judge Francis strayed beyond the limits of that discretion in denying its motion to compel.

Accordingly, the City's Motion for Relief Pursuant to Federal Rule of Civil Procedure 72 is DENIED.

SO ORDERED.

Dated:   June 20, 2007
         New York, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE