**MEMO ENDORSED**

Law Office of
**ALAN LEVINE**

99 Hudson Street, 14th Floor
New York, New York 10013

Tel: (212) 739-7506
Fax: (212) 431-4276

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/07
```

August 3, 2007

**BY TELEFAX**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

*DOCKET IN LEAD CASE 04 CIV 7922 (KMK) (JCF) AND ALL RNC CASES*

Re:  *Abdell, et al. v. City of New York, et al.*
     05 Civ. 8453 (KMK)(JCF)

Dear Judge Francis:

I am writing concerning a request we have made to the City that NYPD officers who are scheduled for deposition produce their memo books at the deposition. (My email to the City is annexed as Exhibit A.) Since I have received no response from the City, we seek an order in advance of the depositions scheduled for the week of August 13 that the memo books be produced at those and other NYPD depositions.

You will recall that memo books were among the DANY and NYPD documents discussed as part of the Court's global arrest documents decision in *MacNamara*. Your November 26, 2006 Memorandum and Order rejected the request for the memo books of approximately 360 arresting officers and the officers responsible for processing arrestees at the PASS and MAPC locations. In denying the request, you concluded that plaintiffs had "not demonstrated that memo book entries from several hundred additional officers are sufficiently likely to provide additional relevant evidence to justify the significant burden of production." Memorandum and Order at 16.

By contrast, our request, which simply obliges the City to advise the limited number of officers who are scheduled for depositions to bring their memo books with them to the deposition, is significantly less burdensome than the one you considered in *MacNamara*. On the other hand, the evidence it seeks is particularly relevant to the Fulton Street arrests that are the subject of *Abdell*. As you know, the plaintiffs in the RNC cases have questioned whether or not the "NYPD implemented a policy of mass arrests without probable cause and instructed officers to make false statements in charging instruments regarding the existence of probable cause." *Ibid.* at 40. With regard to the Fulton Street arrests, there is evidence that some of the arresting officers arrived at the arrest scene after the time that they claimed to have made the arrests and,

therefore, could not have seen what they have sworn to in the criminal complaints. The most compelling evidence of that fact will sometimes be in the memo books.

For example, P.O. Dulanto Caban, who was the arresting officer for five persons arrested at Fulton Street, produced an excerpt from her memo book that indicated that she arrived at the site of the arrests at 4:35, which was after the march had been stopped by the police and after the alleged offenses had been committed. (The excerpt is annexed as Exhibit B.) Although she said in her deposition that the memo entry was an error, that entry, and others from officers' memo books concerning these arrests, are an important subject of inquiry at depositions.

Accordingly, we ask that the Court direct that the City produce the memo books of all NYPD officers to be deposed.

Respectfully submitted,

Alan Levine

cc:   Jeffrey Dougherty, Esq.
      All RNC Counsel (By RNC Email Distribution List)

8/8/07

Non-arresting officer witnesses shall bring the relevant memo books to their depositions and defendants shall use their best efforts to produce copies one week in advance of each deposition.

SO ORDERED.
James C. Francis IV
USMJ