UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| TARASIK ABDELL, *et al.*, | 05 Civ. 8453 (KMK)(JCF) |
| COURTNEY LEE ADAMS, *et al.*, | 05 Civ. 9484 (KMK)(JCF) |
| BARBARA ARANEDA, *et al.,* | 05 Civ. 9738 (KMK)(JCF) |
| COREY EASTWOOD, *et al.* | 05 Civ. 9483 (KMK)(JCF) |

                                  Plaintiffs,

    -against-

                                                         **ECF Cases**

THE CITY OF NEW YORK, *et al.*,

                                  Defendants.
------------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS

                                        MICHAEL L. SPIEGEL, Esq.
                                        (MS-0856)
                                        111 Broadway, Suite 1305
                                        New York, New York 10006
                                        (212) 587-8558
                                        *Attorney for Plaintiffs*

August 30, 2004

## INTRODUCTION

The captioned actions arise out of plaintiffs' arrests on August 31, 2004, during the Republican National Convention ("RNC") held in New York City. They are among the many cases which have been consolidated before this Court for discovery ("the Consolidated RNC Cases").

In Abdell v. The City of New York, 05 Civ. 8453 (KMK)(JCF), plaintiffs filed a Second Amended Complaint with defendants' consent on December 20, 2006, and now seek leave to file a Third Amended Complaint. The proposed Abdell Third Amended Complaint is attached as Exhibit A to the Declaration of Michael L. Spiegel in Support of Motions for Leave to File Amended Complaints.[1]

In Adams v. The City of New York, 05 Civ. 9484 (KMK)(JCF), plaintiffs filed a Second Amended Complaint with defendants' consent on September 15, 2006, and now seek leave to file a Third Amended Complaint. The proposed Adams Third Amended Complaint is attached as Exhibit B to the Declaration of Michael L. Spiegel in Support of Motions for Leave to File Amended Complaints.

In Araneda v. The City of New York, 05 Civ. 9738 (KMK)(JCF), and Eastwood v. The City of New York, 05 Civ. 9483 (KMK)(JCF), plaintiffs seek leave to file first Amended Complaints. The proposed Araneda Amended Complaint is attached as Exhibit C, and the proposed Eastwood Amended Complaint is attached as Exhibit D, to the Declaration of Michael L. Spiegel in Support of Motions for Leave to File Amended Complaints.

---

[1] The amended complaints in Adams, Araneda, and Eastwood have the proposed amendments in boldface type. Because the proposed Third Amended Complaint in Abdell is in a different format, this technique of marking the proposed amendments was not feasible; the substance of the proposed amendments in Abdell, however, are the same as in the other three amended complaints.

The amended complaints add: (1) individual defendants responsible for violations of the plaintiffs' civil rights; (2) claims that the City of New York had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged by plaintiffs, to wit, (a) enforcement of an unconstitutional statute, Penal Law section 240.20(5), Disorderly Conduct (obstructing pedestrian traffic); (b) the application of the Disorderly Conduct statute, subsection 5, to sidewalk marches; (c) not issuing summonses to RNC arrestees; (d) not issuing Desk Appearance Tickets to RNC arrestees; (d) the fingerprinting of all RNC arrestees; and (e) making false statements concerning RNC arrestees and the circumstances of their arrests in police documents, to Assistant District Attorneys, in sworn Criminal Court charging instruments, and at criminal trials; (3) a claim that N.Y.C. Admin. Code § 10-110 (Parading Without a Permit) is unconstitutional on its face; (4) a claim that N.Y. Penal Law § 240.20(5) (Disorderly Conduct, obstructing pedestrian traffic) is unconstitutional on its face; (5) claims under 42 U.S.C. § 1983 for individual supervisory liability of named defendants; and (6) requests for injunctive relief (a) requiring defendants to return to plaintiffs or destroy fingerprint and arrest records concerning their RNC arrests and to request all law enforcement agencies that have received that information to destroy it, (b) enjoining defendants from applying New York City Administrative Code section 10.110, Parading Without a Permit, to sidewalk marches, and (c) enjoining defendants from enforcing the New York Penal Law section 240.20, subsection 5, against persons gathered on a public sidewalk without either (i) giving a lawful order to disperse or (ii) having probable cause to believe that such persons intend to substantially obstruct pedestrian traffic.

The proposed amended complaints in each of the captioned actions were served upon

defendants on August 23, 2007. Having received no response to plaintiffs' request that defendants consent to the filing of the amended complaints pursuant to F.R.Civ.P. 15(a), plaintiffs now request leave of the Court to file the proposed amended complaints, Exhibits A-D to the Declaration of Michael L. Spiegel in Support of Motions for Leave to File Amended Complaints.

    Plaintiffs seek to file amended complaints because facts which support the addition of the new defendants have become known through discovery conducted since the previous complaints were filed. Plaintiffs' previous complaints clearly delineated the acts for which plaintiffs are suing and made obvious, through the use of Doe defendants, that plaintiffs expected to identify additional defendants involved in those acts as discovery proceeded. That is what has occurred. Likewise, the factual bases for the new claims of municipal liability and the claims concerning the activities of the NYPD Criminal Justice Burea, Legal Bureau, and Intelligence Division have emerged in discovery, and the Criminal Justice Bureau, Legal Bureau, and Intelligence Division activities have been the subject of extensive motion practice. Finally, defendants have been on notice concerning these claims because the claims which plaintiffs seek to add to their complaints have been previously asserted in other Consolidated RNC Cases.

    The proposed amendments to the complaints are not prejudicial to defendants. In light of the intense litigation across the many Consolidated RNC Cases concerning the issues which are at the foundation of plaintiffs' newly-pleaded claims, and the previous pleading of the claims in other Consolidated RNC Cases, defendants cannot claim surprise. No prejudice can arise from plaintiffs' facial challenges to the constitutionality of New York City Administrative Code section 10.110, Parading Without a Permit, and New York Penal Law section 240.20, subsection

5, Obstructing Pedestrian Traffic.

Finally, because defendants would not consent to the filing of the proposed Third Amended Complaint in Adams v. The City of New York, 05 Civ. 9484 (KMK)(JCF), which sought to add four new plaintiffs who swept up in the same mass arrest, the undersigned has had to file a new action on behalf of those four arrestees. That action, Kennedy, *et al.* v. The City of New York, *et al.*, 07 Civ. 7678 (filed as a related case to Adams), brings claims against all of the defendants named in the proposed amended complaints in Abdell, Adams, Araneda, and Eastwood, and alleges all of the claims which the plaintiffs herein seek to amend into these complaints. The Kennedy complaint is attached as Exhibit E to the Declaration of Michael L. Spiegel in Support of Motions for Leave to File Amended Complaints. Therefore, all of the newly-named defendants, and all of the claims which plaintiffs herein seek to amend into their complaints, will be litigated in Kennedy. For these reasons and as justice requires, plaintiffs respectfully request leave to file the proposed amended complaints.[2]

## ARGUMENT

A.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."

---

[2] Plaintiffs are aware that many other similar motions to file amended complaints are being filed in the Consolidated RNC Cases, including the Motion to File Second Amended Class Action Complaint in MacNamara v. The City of New York, 04 Civ. 9216 (KMK)(JCF), filed August 27, 2007. Plaintiffs herein incorporate by reference the arguments made in the MacNamara Memorandum of Law in Support of Motion to File Second Amended Class Action Complaint, and the exhibits attached to the Declaration of Clare Norins submitted therewith. Plaintiffs herein will not attach the same exhibits to these motions to amend, so as to avoid an unnecessary burden on the Court and the parties by needlessly reproducing the same documents.

> The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, see Conley v. Gibson, 355 U.S. 41, 47-48 (1957), and "mere technicalities" should not prevent cases from being decided on the merits, see Foman v. Davis, 371 U.S. 178 (1962). See also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1471 (2d ed.1990).

Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 283 (2d Cir. 2000). *Accord* McKenna v. Incorporated Village of Northport, 2007 WL 2071603, at *3 (E.D.N.Y. July 13, 2007); Spiegler v. City of New York, 2006 WL 2587990, *2 (S.D.N.Y. Sept. 8, 2006). Leave to amend a complaint falls within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 70 (2d Cir. 2002). Amendments as a general matter are favored in order "to facilitate a proper decision on the merits." Foman, 371 U.S. at 182 (quoting Conley, 355 U.S. at 48).

The decisions have articulated four primary reasons why a court would not otherwise permit an amendment to a complaint under Rule 15. These are undue delay, bad faith, prejudice to the opposing party, and futility of the amendment. *See* Foman, 371 U.S. at 182; Monahan, 214 F.2d at 283. As none of these factors are present in the instant cases, the Court should grant plaintiffs' motions to amend the complaints. *See* Monahan, 214 at 283.

B.     ADDITION OF NEW INDIVIDUAL DEFENDANTS

Plaintiffs seek to add new individual defendants for the reasons stated below. There is no prejudice to defendants, as the identity of these individuals and the role they played in the arrests and detentions during the RNC, and in designing and implementing the policies and practices challenged in plaintiffs' complaints, were at all times known to defendants. Furthermore, the new individual defendants have been deposed, or have been ordered by the Court to appear for

deposition, and have been the subject of motion practice concerning the NYPD Criminal Justice Bureau, Legal Bureau, and Intelligence Division. Given that discovery in this action is massive and on-going, there has been no undue delay or bad faith by plaintiffs in electing to file amended complaints at the close of the statute of limitations rather than making multiple, incremental motions to amend along the way. Finally, there is no undue hardship presented to the new defendants plaintiffs propose to add since they have all either been deposed or noticed for a deposition, are aware of the litigation, and will be represented by the Corporation Counsel of defendant City of New York.

### 1. Intelligence Division Defendant

Plaintiffs seek leave to add David Cohen as a defendant. Cohen is the NYPD Deputy Commissioner for Intelligence. He supervised investigations into planned protest activity at the RNC and gathered intelligence leading up to the RNC. He interpreted that intelligence and selected the portions which would be presented to Police Commissioner Raymond Kelly for the purpose of deciding how the City would be policed during the RNC. He knew that his presentations would form the basis for such police planning. Defendants have represented that Cohen's presentations justified the NYPD's no-summonses and blanket fingerprinting policies for RNC arrestees. Plaintiffs allege that they misrepresented what could be expected to occur during the RNC, and contributed to policies of mass arrest and detention. Cohen is therefore responsible, in whole or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of in plaintiffs' pleadings.

### 2. Legal Bureau Defendants

The amended complaints include allegations that NYPD Legal Bureau officials instructed

police officers to create false accounts of plaintiffs' arrests, causing their extended detention and prosecution. The evidentiary basis for this allegation of systematic perjury was set forth in the plaintiffs' October 30, 2006, motion to compel production of documents (submitted jointly with counsel in <u>MacNamara v. The City of New York</u>, 04 Civ. 9216 (KMK)(JCF), the putative class action), and the January 30, 2007, letter brief reply submitted by the undersigned and counsel for <u>MacNamara</u>. The motion alleged that the crime-fraud exception to the attorney-client privilege applied to defendants' assertion of the privilege to prevent production of Legal Bureau documents and responses to questions at depositions concerning the role of the Legal Bureau. These matters have been further litigated in a Rule 72 motion now pending before Judge Karas.

Stephen Hammerman was Deputy Commissioner for Legal Matters of the New York City Police Department at the time of the RNC; in that capacity he oversaw the operations of the NYPD Legal Bureau. He is therefore ultimately responsible for the actions and/or omissions committed by the Legal Bureau in connection with the RNC.

Thomas Doepfner, Assistant Deputy Commissioner for Legal Matters, coordinated and supervised members of the NYPD Legal Bureau during the RNC, including at the Post Arrest Staging Site at Pier 57 where Legal Bureau attorneys assisted arresting officers with the preparation and falsification of their arrest narratives. Deputy Commissioner Hammerman delegated authority to Doepfner with regard to operations of the Legal Bureau during the RNC.

Deputy Inspector Kerry Sweet was Assistant Deputy Commissioner Doepfner's Executive Officer during the RNC. Sweet prepared legal training materials for the RNC, conducted meetings for members of the NYPD Legal Bureau regarding the duties and functions of the Legal Bureau during the RNC, and had supervisory responsibility for Legal Bureau

attorneys.

Ruby Marin-Jordan, Special Counsel to the New York City Police Department, was also present at Pier 57 during the RNC. Defendants represent that she possesses personal knowledge on the subject of the Legal Bureau's role at Pier 57, and she is scheduled to be deposed. Additionally, defendants have represented that Marin-Jordan, together with Assistant Deputy Commissioner Doepfner, was in charge of NYPD Legal Bureau attorneys at Pier 57, which is where Legal Bureau attorneys assisted arresting officers with the preparation and falsification of their arrest narratives.

### 3. Mass Arrest Processing Plan Defendant

John Colgan was the commanding officer of the NYPD Criminal Justice Bureau during the RNC. He was instrumental in the design and implementation of the Mass Arrest Processing Plan for the RNC, including the use of Pier 57 as a Post Arrest Staging Site. He directly supervised the operation of the Post Arrest Staging Site at Pier 57 during the RNC. The Mass Arrest Processing Plan was responsible for the excessive detention of plaintiffs, as pleaded in their original complaints, and the Post Arrest Staging Site at Pier 57 and the conditions which existed there when plaintiffs were detained are the subject of allegations in plaintiffs' previous complaints.

### 4. Defendant Specific to Arrests in Araneda v. The City of New York

Bruce Smolka was the commanding officer of Patrol Borough Manhattan South during the RNC. He ordered the mass arrests on 35th Street between Fifth and Sixth Avenues on the evening of August 31, 2004, which resulted in the arrests of plaintiffs in Araneda v. The City of New York. This fact was not known to plaintiffs when they filed their original complaint and

9

has only become known through discovery.

C.     ADDITION OF NEW CLAIMS

The proposed complaints add: (1) claims that the City of New York had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged by plaintiffs, to wit, (a) enforcement of an unconstitutional statute, Penal Law section 240.20(5), Disorderly Conduct (obstructing pedestrian traffic); (b) the application of the Disorderly Conduct statute, subsection 5, to sidewalk marches; (c) not issuing summonses to RNC arrestees; (d) not issuing Desk Appearance Tickets to RNC arrestees; (d) the fingerprinting of all RNC arrestees; and (e) making false statements concerning RNC arrestees and the circumstances of their arrests in police documents, to Assistant District Attorneys, in sworn Criminal Court charging instruments, and at criminal trials; (2) a claim that N.Y.C. Admin. Code § 10-110 (Parading Without a Permit) is unconstitutional on its face; (3) a claim that N.Y. Penal Law § 240.20(5) (Disorderly Conduct, Obstructing Pedestrian Traffic) is unconstitutional on its face; (4) claims under 42 U.S.C. § 1983 for individual supervisory liability of named defendants; and (5) a request for injunctive relief (a) requiring defendants to return to plaintiffs or destroy fingerprint and arrest records concerning their RNC arrests and to request all law enforcement agencies that have received that information to destroy it, (b) enjoining defendants from applying New York City Administrative Code section 10.110, Parading Without a Permit, to sidewalk marches, and (c) enjoining defendants from enforcing the New York Penal Law section 240.20, subsection 5, against person gathered on a public sidewalk without either (i) giving a lawful order to disperse or (ii) having probable cause to believe that such persons intend to substantially obstruct pedestrian traffic.

The new claims which plaintiffs seek to add to their complaints allege alternate legal theories for the same conduct which was pleaded in their previous complaints, are claims which appear in other existing complaints in Consolidated RNC Cases, and have been the subject of discovery and motion practice in the Consolidated RNC Cases.  For example, all plaintiffs herein originally pleaded false arrest claims for their arrests under the statutes forbidding parading without a permit and obstructing pedestrian traffic.  Plaintiffs now seek to amend their complaints to allege that those statutes are facially unconstitutional; that the NYPD had policies, practices, customs or usages of enforcing those same statutes (in some previous complaints, plaintiffs had pleaded enforcement of the Parading statute, but not the obstructing subsection of the Disorderly Conduct statute); that the obstructing statute was unconstitutionally applied to sidewalk marches; and to seek injunctive relief with respect to the two statutes.

There is no prejudice to defendants in amending the pleadings to assert challenges to the NYPD's fingerprinting policy during the RNC[3], the alleged system of creating false sworn statements by police officers, the enforcement of N.Y.C. Admin. Code § 10-110 (Parading Without a Permit), the enforcement of N.Y. Penal Law § 240.20(5) (Disorderly Conduct, obstructing pedestrian traffic) and requesting injunctive relief consisting of the destruction and/or expungement of fingerprint and arrest records and requesting that other agencies to which the information was sent expunge the information.

Existing complaints in other Consolidated RNC Cases have included all of the claims plaintiffs seek to add, thus providing notice to defendants that these issues would be part of the

---

[3]Defendants do not contest the existence of certain policies which plaintiffs seek to add to their complaints, to wit, not issuing summonses to any person whose arrest was related to the RNC, and fingerprinting all RNC arrestees.

RNC litigation. *See, e.g.*, 10/7/04 Complaint in <u>Dinler v. City of New York</u>, 04-CV-7921 (KMK)(JCF) at ¶ 72 and p. 22 (challenging blanket fingerprinting policy and seeking injunction ordering the return or expungement of fingerprints)[4]; 11/28/05 First Amended Complaint in <u>Carney v. City of New York</u>, 05-CV-7672 (KMK) (JCF) at ¶¶ 55 & 67 (facial and as-applied challenges to Parading Without a Permit and Disorderly Conduct statutes); 3/15/06 Complaint in <u>Kyne v. Wolfowitz</u>, 06-CV-2041 (KMK) (JCF) at ¶¶ 171, 530, 622 and p. 125 (alleging defendants had a policy/practice of ordering, encouraging and/or facilitating the swearing out of false accusatory instruments; seeking declaration that Parading Without a Permit statute is unconstitutional both facially and as applied). Furthermore, the Complaint in <u>Kennedy, *et al.* v. The City of New York, *et al.*</u>, 07 Civ. 7678, alleges all of the claims – word for word – sought to be amended into the complaints herein. *See* Exhibit E to Declaration of Michael L. Spiegel in Support of Motions for Leave to File Amended Complaints.

Supervisory liability claims against individual defendants, both previously named and newly-named, simply add an alternate basis of liability for individual conduct. In the case of the Criminal Justice Bureau, Legal Bureau, and Intelligence Division defendants, they were clearly supervisors and their individual conduct during the RNC is a basis for liability. In these cases,

---

[4]Similar injunctive relief is frequently requested in cases alleging the wrongful arrest of demonstrators and people in the vicinity of demonstrations. *See, e.g.*, <u>Chang v. U.S.</u>, 217 F.R.D. 262, 264 (D.D.C. 2003) (plaintiffs in four consolidated civil rights actions seek "an order sealing or expunging the arrest records of all individuals arrested in Pershing Park on Sept. 22, 2002"); <u>Carr v. District of Columbia</u>, Civ. A. No. 06-00098 (ESH), Motion for Class Certification [Docket No. 24-1] at p. 4 (seeking injunction "requiring expungement of class members' arrest records and return of fines paid"); <u>Vodak v. City of Chicago</u>, No. 03 C 2463 (Coar, U.S.D.J.), Plaintiffs' Motion for Class Certification [Docket No. 27] at p. 15 ("Plaintiffs also seek injunctive and declaratory relief in the form of the expungement or return of all records regarding their detentions and/or arrests.")

supervisory liability arises out of the same conduct, transactions, and occurrences as do the claims asserted against the original defendants in the previous complaints. Moreover, the quantum of proof necessary to vindicate these claims is less than that necessary for proof of plaintiffs' Monell claims.

> An inquiry into whether there has been a pattern of past abuses or official condonation thereof is only required when a plaintiff has sued a municipality. Where, as in the case at bar, the plaintiff has brought suit against the [supervisory] defendants as individuals . . . plaintiff need only establish that the defendants' acts or omissions were the product of reckless or callous indifference to his constitutional rights and that they, in fact, caused his constitutional deprivations.

Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 567 (1st Cir., 1989) (internal citations omitted). Additionally, damages for individual supervisory liability is the only mechanism by which plaintiff can recover punitive damages for supervisory malfeasance in this case. *See* City of Newport v. Fact Concerts, 453 U.S. 247 (1981) (punitive damages not available against a municipality).

There is no unfair surprise or prejudice to defendants as a result of adding claims for individual supervisory liability. Other RNC actions have long included individual supervisory liability claims for the same conduct, transactions, and occurrences complained of in plaintiffs' pleadings. *See, e.g.*, 12/19/04 Complaint in Dudek v. City of New York, 04-10178 at ¶¶ 159-60; 7/28/05 Complaint in Cohen v. City of New York at ¶¶ 100-101; 11/28/05 First Amended Complaint in Carney v. City of New York, 05-CV-7672 at ¶¶ 60-62. Moreover, plaintiffs' previously pled Monell claims put defendants on notice that plaintiffs would be alleging that a failure to supervise police personnel caused constitutional deprivations.

Finally, no prejudice can be shown by defendants since Rule 15(b) permits pleadings to

13

be amended to conform to the evidence "at any time, even after judgment" and "the court . . . shall [allow amendment of the pleadings] freely when the presentation of the merits of the action will be subserved thereby." Plaintiffs seek the opportunity to add these claims now, which will more clearly define the scope of the litigation as it proceeds. Justice and public policy also require that plaintiffs be permitted to add claims in order to vindicate the purposes 42 U.S.C. § 1983, which recognizes "the need ... to hold responsible public officials exercising their power in a wholly unjustified manner[.]" Poe v. Leonard, 282 F.3d 123, 131 (2d Cir. 2002).

## CONCLUSION

Plaintiffs should be permitted to obtain "a proper decision on the merits" of their claims. Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103 (1957). No undue delay, bad faith, or prejudice to the opposing parties would result from allowing the proposed amendments to the complaints. For the reasons stated above, and because justice so requires, plaintiffs respectfully request that their motions for leave to file amended complaints be granted, together with such further and additional relief as the Court deems appropriate.

Dated:     New York, New York
           August 30, 2007

                                        /s/
                              MICHAEL L. SPIEGEL (MS-0856)
                              111 Broadway, Suite 1305
                              New York, New York 10006
                              (212) 587-8558
                              *Attorney for Plaintiffs*