UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA R. COHEN,<br><br>       Plaintiff,<br> -v-<br><br>CITY OF NEW YORK, ET AL.,<br><br>       Defendants. | Case No. 05-CV-6780 (KMK) (JCF)<br><br>OPINION & ORDER |
| KYLA HANNAH HERSHEY-WILSON,<br><br>       Plaintiff,<br> -v-<br><br>CITY OF NEW YORK, ET AL.,<br><br>       Defendants. | Case No. 05-CV-7026 (KMK) (JCF) |
| TARASIK ABDELL, ET AL.,<br><br>       Plaintiffs,<br> -v-<br><br>CITY OF NEW YORK, ET AL.,<br><br>       Defendants. | Case No. 05-CV-8453 (KMK) (JCF) |

Appearances:

James I. Meyerson, Esq.
New York, New York
*Counsel for Plaintiffs Cohen and Hershey-Wilson*

Alan Levine, Esq.
New York, New York
*Counsel for the Abdell Plaintiffs*

James Mirro, Esq.
Jeffrey A. Dougherty, Esq.
Corporation Counsel for the City of New York
New York, New York
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

Before the Court are the Rule 72 objections filed by six Plaintiffs in the above-captioned cases. These cases are part of a larger group of cases, relating to protests surrounding the 2004 Republican National Convention (the "RNC"), which have been consolidated before this Court and referred to Magistrate Judge Francis for general pretrial purposes. With these motions, Plaintiffs object to three separate orders, issued by Judge Francis, which dismiss Plaintiffs' claims for mental and emotional distress as sanctions for Plaintiffs' refusal to comply with discovery orders compelling the production of certain mental health records. In the alternative, Plaintiffs' request that the Court certify the issue for appeal. This Opinion also addresses Defendants' cross-motion seeking an "order dismissing all of these . . . Plaintiffs' remaining claims as further sanction for their willful refusals to comply with the Court's orders . . . ." (Defs.' Mem. 2.) Because all of these Objections concern the same issues, the Court will address them together. For the reasons stated below, Plaintiffs' objections and request for a certification of appeal are DENIED. Defendants' cross-motion for relief is also DENIED.

I. Background

A. Plaintiff Kyla Hannah Hershey-Wilson

Plaintiff Kyla Hanna Hershey-Wilson ("Hershey-Wilson") has already thoroughly litigated these issues, both before this Court and before Judge Francis. Following a dispute regarding Defendants' interrogatories and document requests, Judge Francis issued an order,

2

dated February 13, 2006, requiring Hershey-Wilson to provide medical and pharmaceutical releases to Defendants. (*See* Mirro Decl., Ex. D.) On February 27, 2006, Hershey-Wilson sought relief from that order, pursuant to Federal Rule of Civil Procedure 72, on the grounds that the records sought were protected by the psychotherapist-patient privilege. On April 20, 2006, the Court heard oral argument on Hershey-Wilson's objections and, by order dated that same day, the Court rejected those objections. On May 2, 2006, Hershey-Wilson filed a Motion for Reconsideration, or in the alternative, for Certification of the Question to the Court of Appeals. By order dated September 20, 2006, the Court denied Hershey-Wilson's Motion for Reconsideration and her request that the issue be certified for appeal.

Although Hershey-Wilson acknowledged that her failure to produce her mental health records could properly result in dismissal of her mental and emotional injury claims, she nonetheless refused to produce those records. (*See* Mirro Decl., Ex. K.) Accordingly, on November 13, 2006, Judge Francis ordered the dismissal of "plaintiff's claims of mental and emotional injury" as "an appropriate sanction pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for violation of a discovery order." Hershey-Wilson now seeks relief from that November 13, 2006 order.[1]

B. Julia Cohen

The discovery dispute between Defendants and Plaintiff Julia Cohen ("Cohen") has

---

[1] Hershey-Wilson's objection is puzzling. She has already fully litigated her objections to Judge Francis's order compelling the production of her mental health records. Thus, the only remaining issue is whether dismissal of her mental injury claims was an appropriate sanction for her willful refusal to comply with her discovery obligations. Yet, she has acknowledged in a letter to Judge Francis that, given her noncompliance, the "appropriate sanction is the dismissal of the[se] claims." (Mirro Decl., Ex. K.) The Court will nevertheless address Judge Francis's dismissal below.

followed a similar path. As Cohen explained in an October 27, 2007 letter to Judge Francis, "Defendants' counsel . . . requested [the production of mental health service records] and Plaintiff . . . declined to produce" them.² The October 27 letter further requested that Judge Francis either "deny[] the Defendants' counsel access to the disputed . . . mental heath services records or, if allowing access to the records, dismiss[] the Plaintiff's emotional injury claim" for Plaintiff's failure to produce the records. In response, on November 6, 2006, Defendants submitted a letter to Judge Francis requesting that he "dismiss this action in its entirety" or, in the alternative, dismiss all of Cohen's emotional injury claims. On November 7, 2006, in a letter from her counsel, Cohen reiterated her unwillingness to comply with any order requiring the production her mental health records. Accordingly, on November 17, 2006, Judge Francis ordered that "Plaintiff's claims based on mental and emotional injury are dismissed."

Although Judge Francis's November 17 order states only that it addresses Defendants' "mo[tion] to dismiss the complaint for failure to provide information requested in discovery," it is necessarily premised on an order compelling the production of the withheld information. As such, and reading Cohen's papers broadly, the Court views Cohen's objection as containing two parts. First, Cohen objects to Judge Francis's implicit order compelling the production of her mental health records. Second, Cohen objects to the dismissal of her mental and emotional injury claims for refusal to produce those records.

C. The Tarasik Abdell Plaintiffs

On September 12, 2006, Defendants moved by letter brief to compel certain Plaintiffs in

---

²Cohen also refused to produce certain records to Judge Francis for in camera review. This was a disappointing position, as Judge Francis offered to review these records to determine their relevance to Cohen's mental damage claims.

the Abdell action to produce information related to their mental health histories. (*See* Abdell Mem., Ex. A.) By letter dated October 23, 2006, Plaintiffs opposed this Motion and noted that four Plaintiffs in the Abdell action – Benjamin Bernard, Michael Joseph, Robert J. Siegel, and Christy Turner (collectively, the "Abdell Plaintiffs") – "would not produce such records, even if the consequence were the dismissal of their claims for emotional distress." (*Id.*, Ex. B.) On November 16, 2006, Judge Francis granted Defendants' Motion to Compel and, because Plaintiffs Bernard, Joseph, Siegel, and Turner had "represented that they will not [comply with the Court's order] . . . their claims for mental and emotional injury [were] dismissed with prejudice." With this Motion, the Abdell Plaintiffs object to Judge Francis's November 16 order. As with Cohen's objection, the Court will view the Abdell Plaintiffs' Motion as objecting to both Judge Francis's order compelling the production of their mental health records and his order dismissing their mental and emotional damages claims.

## II. Discussion

### A. Standard of Review

The Parties do not agree on the standard of review that the Court should apply when addressing these Motions. Plaintiffs argue that, "[b]ecause the sanction imposed by the Magistrate Judge was dispositive of . . . plaintiffs' mental and emotional distress claims, th[e] Court must make a *de novo* determination of the issue" pursuant to Rule 72(b). (Abdell Mem. 2.) Defendants argue that Rule 72(a) controls, as Judge Francis's Orders were not dispositive of a "separate cause of action" but instead merely dismissed "an element of damages." (Def.'s Mem. 12.) It follows, according to Defendants, that the Court should grant Plaintiffs' objections only if Judge Francis's Orders were "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

In fact, the standard of review analysis is more nuanced than any of the Parties acknowledges. As noted, with these Motions, Plaintiffs object to two distinct categories of orders. First, Cohen and the Abdell Plaintiffs object to Judge Francis's Orders compelling the production of their mental health records.[3] Second, all three groups of Plaintiffs object to Judge Francis's orders dismissing their damage claims for failure to produce those records. As addressed below, these two types of orders are subject to different standards of review.

Pursuant to Rule 72(a), nondispositive pretrial orders are reviewed according to the deferential "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a). Discovery matters, such as orders compelling the production of documents, "generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also Adrian v. N.Y. City Transit Auth.*, No. 96 Civ. 6204, 1997 WL 1068713, at *2 (E.D.N.Y. June 13, 1997) (noting that motions to compel are generally nondispositive and objections thereto are governed by Rule 72(a)). Accordingly, to the extent that the instant Motions seek review of Judge Francis's orders compelling the production of mental health records, the Court will apply the deferential standard of review found in Rule 72(a) and will grant relief only if Judge Francis's orders were clearly erroneous or contrary to law.

In contrast, the Court shall review *de novo* any aspect of Judge Francis's orders that dismisses Plaintiffs' mental health-related claims. Rule 72(b) states that when a magistrate judge rules on a "pretrial matter dispositive of a claim or defense of a party," a district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which

---

[3] Because the Court has already addressed Hershey-Wilson's objections to Judge Francis's order compelling the production of her mental health records, Hershey-Wilson cannot join in this aspect of the other Plaintiffs' objections.

specific written objection has been made." Fed. R. Civ. P. 72(b). Contrary to Defendants' assertions, as used in Rule 72(b), the term "claim" is not synonymous with "cause of action." Rather, a "ruling is 'dispositive' [under Rule 72] if it resolves substantive claims for relief rather than mere issues in the litigation." *AMEX, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 92 (S.D.N.Y. 2002). Although the Second Circuit has not directly held that a magistrate judge's dismissal of *damage* claims as a discovery sanction constitutes a "dispositive" ruling, it has indicated that "the imposition of certain sanctions under Rule 37, in some instances, may be considered 'case dispositive,' requiring *de novo* review." *Thomas E. Hoar, Inc.*, 900 F.2d at 525 (citing 7 Moore, Lucas & Sinclair, Jr., *Moore's Federal Practice*, ¶ 72.03, at 72-51 (2d ed. 1989)). Moreover, outside of the context of discovery sanctions, district courts generally apply *de novo* review to magistrate orders that restrict the damages that a party may recover, even where the underlying cause of action remains. *See, e.g., Jowers v. DME Interactive Holdings, Inc.*, No. 00 Civ. 4753, 2006 WL 1408671, at *1, *4 (S.D.N.Y. May 22, 2006) (modifying magistrate judge's damage ruling "after *de novo* review of this aspect of the Report"); *Brady v. Port Auth. of N.Y. and N.J.*, No. 92 Civ. 1679, 1998 WL 724061, at *1 (E.D.N.Y. Oct. 15, 1998) (upholding, after *de novo* review pursuant to Rule 72(b), a magistrate judge's ruling dismissing punitive damage claims). Accordingly, pursuant to Rule 72(b), the Court shall review *de novo* any aspect of Judge Francis's Orders that dismisses Plaintiffs' damages claims.

B. Judge Francis's Orders Requiring the Production of Mental Health Records Were Not Clearly Erroneous or Contrary to Law

As noted, reading their Motions broadly, both Cohen and the Abdell Plaintiffs object to orders issued by Judge Francis requiring the production of their mental health records. Both sets

of Plaintiffs contend that Judge Francis erred in ruling that Plaintiffs had waived the psychotherapist-patient privilege (*see* Abdell Mem. 3-5; Cohen Mem. 6), and Cohen further argues that, even if not privileged, her mental health records need not be produced because they simply are not relevant to the claims at issue (*see* Cohen Mem. 7). The Court rejects both of these bases for relief.

### 1. The Psychotherapist-Patient Privilege

With respect to the waiver issue, Plaintiffs argue that their mental and emotional injury claims describe mere "garden variety" injuries and, as such, do not trigger waiver of the psychotherapist-patient privilege. (*See* Abdell Reply Mem. 5; Cohen Mem. 6.) There is some support for this argument. Although the Second Circuit has yet to address this issue, a number of courts within the Second Circuit have taken the view that "'a party does not put his or her emotional condition in issue by merely seeking incidental, "garden variety," emotional distress damages.'" *Kunstler v. City of N.Y.*, 242 F.R.D. 261, 264 (S.D.N.Y. 2007) (quoting *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 450 (N.D.N.Y. 2000)). Other courts, however, have characterized this narrow view of waiver as the "minority view." *See, e.g., Cuoco v. U.S. Bureau of Prisons*, No. 98 Civ. 9009, 2003 WL 1618530, at *3 (S.D.N.Y. Mar. 27, 2003) ("[A] minority of courts have found that 'garden-variety' claims for emotional distress are insufficient to trigger waiver of the privilege . . . ."). Indeed, the Abdell Plaintiffs acknowledge in their reply brief that "most courts in this district" have adopted the broad view of waiver. (Abdell Reply Mem. 4.)

Given the deferential standard of review applicable to this aspect to Plaintiffs' objections, the Court need not resolve the district court split on this issue. To uphold Judge Francis's

8

Orders, it is sufficient that the Court is not "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotations omitted). Given the Second Circuit's silence on this issue and the fact that a majority of courts in this district have adopted the broad view of waiver applied by Judge Francis in the Orders in question, the Court cannot conclude with "conviction" that Judge Francis's ruling was mistaken. Accordingly, because the Court finds that Judge Francis's ruling regarding waiver of the psychotherapist-patient privilege is a permissible view of the law – including this Court's ruling in the September 20, 2006 Order in Hershey-Wilson – Plaintiffs' Rule 72 objections to Judge Francis's Orders compelling the production of mental health records are denied.

2. Relevance

Cohen further argues that, even if the Court finds that Cohen waived the psychotherapist-patient privilege, the documents sought by Plaintiff need not be produced because they are not sufficiently relevant to the underlying action. (*See* Cohen Mem. 7.) As an initial matter, the Court notes that, for the purposes of discovery, "relevant" information need not be admissible at trial. Rather, pursuant to Rule 26(b)(1), Plaintiffs must produce even potentially inadmissible information if such information is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Degen v. U.S.*, 517 U.S. 820, 825-26 (1996) ("In a civil case . . . a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." (internal quotations omitted)). Moreover, as with all determinations of relevance, in assessing the relevance of the mental health records at issue here, Judge Francis's ruling is entitled to substantial deference. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997) ("The

trial court has broad discretion over the admission of evidence and its evaluation of relevance is entitled to substantial deference." (citation omitted)).

Here, Cohen alleges in her Complaint that she suffered "anxiety, humiliation, embarrassment, mental anguish, emotional distress, and psychological trauma" (Cohen Compl. ¶ 54), while the Abdell Plaintiffs claim that they suffered "emotional distress . . . [,] psychological injury [and] great humiliation" (Abdell Second Am. Compl. ¶¶ 36, 38, 40). As the Court held when addressing this issue in the Hershey-Wilson case, such claims put Plaintiffs' emotional and mental histories in play: "[T]o the extent that somebody is claiming, for example, psychological trauma, . . . [that] opens the door to the possibility that the defendant should be allowed to explore either alternate causes for such psychological trauma and other mental health damages, and also to rebut the claim for the amount of damages that the plaintiff might seek from a jury." (Hershey-Wilson Hr'g Tr. 29, Apr. 20, 2006.) As such, the Court cannot conclude that Judge Francis's Orders mandating the production of Plaintiffs' mental health records were clearly erroneous and contrary to law on the grounds that the records in question were not reasonably calculated to lead to the discovery of admissible evidence.[4] Cohen and the Abdell Plaintiffs' objections to this aspect of Judge Francis's Orders are therefore denied.

### C. Dismissal of Plaintiffs' Mental Injury Claims

Plaintiffs' Motions can also be read as objecting to Judge Francis's orders to the extent that those orders dismiss Plaintiffs' claims for mental and emotional injury for failure to comply with discovery obligations. Although the Court reviews this aspect of Judge Francis's orders *de*

---

[4]This ruling does not mean, of course, that these records would necessarily be admissible at trial. That determination will be made at the time that a party attempts to introduce a particular record and will be subject to the more stringent trial admissibility standard.

10

*novo*, it does so with the recognition that Judge Francis possessed "wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991); *see also Ashkinazi v. Sapir*, No. 02 Civ. 0002, 2005 WL 937597, at *4 (S.D.N.Y. Apr. 20, 2005) ("District courts have broad discretion in imposing discovery sanctions . . . ."). Pursuant to this Rule, where, as here, a party "fails to obey an order to provide or permit discovery" a court may issue an "order striking out pleadings or parts thereof, . . . or dismissing the action or proceeding or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(C).

Prior to the dismissal of their claims, all six Plaintiffs stated, in writing, that they would violate any order compelling the production of their mental health records. Under such circumstances, the sanction of partial dismissal is justified. *See Graham v. Reed*, No. 06 Civ. 2065, 2007 WL 2323506, at *3 (E.D.N.Y. Aug. 10, 2007) (dismissing *pro se* plaintiff's complaint in its entirety for willful failure to comply with discovery obligations); *Rates Tech. Inc. v. Cablevision Sys. Corp.*, No. 05 Civ. 3583, 2007 WL 2230181, at *2 (E.D.N.Y. Aug. 1, 2007) (dismissing plaintiff's case pursuant to Rule 37(b)(2)(C) for refusal to comply with discovery orders); *Egan v. City of N.Y.*, No. 05 Civ. 7840, 2006 WL 2468703, at *4 (S.D.N.Y. Aug. 23, 2006) ("[W]illful or conscious disregard for the discovery process justifies the sanction of dismissal." (citing *Duval*, 951 F.2d at 1365)). Indeed, Plaintiffs appear to concede as much, as their papers focus on Judge Francis's orders compelling discovery, without addressing whether Judge Francis abused his discretion in imposing this limited sanction. Accordingly, the Court finds that Judge Francis acted well within his authority under Rule 37(b)(2) when he dismissed Plaintiffs' claims for mental and emotional injury for failure to comply with their discovery

11

obligations.

### D. Additional Sanctions

Defendants, however, argue that Judge Francis did not go far enough when he ordered the partial dismissal of Plaintiffs' claims. They request that the Court issue an "order dismissing all of these . . . Plaintiffs' remaining claims" (Defs.' Mem. 2), or, in the alternative, "precluding Plaintiffs from offering any evidence on emotional distress at trial in these cases." (Defs.' Mem. 23.) According to Defendants, complete dismissal is appropriate because it "is the least sanction that will have any meaningful impact on the conduct of Plaintiffs in these RNC litigations." (Defs.' Mem. 22.)

For approximately two years, Judge Francis has presided over pretrial matters in the RNC cases and, in that capacity, he has resolved countless discovery disputes. Judge Francis is therefore familiar with the parties and the issues involved in these cases, and it is from this experienced viewpoint that he exercised his broad discretion in imposing discovery sanctions. *See Daval Steel Prods.*, 951 F.2d at 1365 ("A district court has wide discretion in imposing sanctions . . . under Rule 37(b)(2), and will only be reversed if its decision constitutes an abuse of discretion."). While Defendants argue that Judge Francis possessed the authority to dismiss Plaintiffs' complaints in their entirety (*see* Defs.' Mem. 21-22), they fail to establish that the strong sanction imposed by Judge Francis constituted an abuse of discretion – or, indeed, that complete dismissal was even preferable. In Defendants' view, Judge Francis's sanction will not "have any meaningful impact on the conduct of Plaintiffs in these RNC litigations." (Defs.' Mem. 22.) Yet, it is hard to see how such a strong sanction might be ignored. Plaintiffs' damage claims have been severely restricted. This both changes the course of the litigation with respect

to these six Plaintiffs and, by example, deters similar breaches of discovery obligations by Plaintiffs or Defendants. As such, the Court cannot conclude that partial dismissal of Plaintiffs' claims was so lenient a sanction as to constitute abuse of discretion. The Court therefore declines to dismiss Plaintiffs' remaining claims.

Because the Court finds that Judge Francis did not abuse his discretion in dismissing Plaintiffs' mental and emotional injury claims, the Court also declines to augment the sanction imposed by Judge Francis by precluding Plaintiffs from offering certain evidence at trial. Again, while Defendants cite cases indicating that the Court would be permitted to issue such a sanction (Defs. Mem. 23), for the reasons discussed above, they are unable to show that the sanctions issued by Judge Francis were in error. Defendants also argue that preclusion is necessary because "it is essential that defendants know" what evidence will be permitted at trial, so that they may use the discovery process to thoroughly prepare their cases. (*Id.*) But it is not unusual for a party to be unaware, during discovery, as to how a judge might rule on an evidentiary issue that may – or may not – arise at trial, and Defendants have presented no reason why the Court should make an exception here. Judge Francis dismissed Plaintiffs' mental and emotional injury claims. This will presumably impact the Court's decisions as to what evidence is admissible at trial. In the absence of a specific and concrete question of admissibility, however, Defendants are asking the Court to address a hypothetical, which, of course, it cannot and will not do. Thus, the fact that the Parties disagree over the impact of Judge Francis's orders is not reason for the Court to make a declarative ruling on an evidentiary issue that is not yet, and may never be, ripe.

### E. Plaintiffs' Request that the Court Certify this Issue for Appeal

Finally, Plaintiffs request that the Court certify this issue for appeal. The Court has

already addressed this issue with respect to Hershey-Wilson. *See Hershey-Wilson v. City of New York*, 2006 WL 2714709 (S.D.N.Y. Sept. 20, 2006). There, the Court wrote:

> Discovery orders generally are not appealable. *See, e.g., In re W.R. Grace & Co.*, 984 F.2d 587, 589 (2d Cir. 1993) (refusing to issue writ of mandamus on a pre-trial discovery order); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (reaffirming "long-standing view" that interlocutory discovery orders are not appealable, even when a claim of privilege is involved); *Xerox Corp. v. SCM Corp.*, 534 F.2d 1031, 1031-32 (2d Cir. 1976) ("[W]e have repeatedly sought to make clear that in the absence of a certification pursuant to 28 U.S.C. § 1292(b) or of a showing of persistent disregard of the Rules of Civil Procedure, . . . or of a manifest abuse of discretion, . . . on the part of the district court, no jurisdictional basis exists for interlocutory review of pretrial discovery orders . . . ." (quotations and citations omitted)). If the Court believes that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion *and* that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court may certify the question for appeal. 28 U.S.C. § 1292(b) (emphasis added). Nevertheless, the Second Circuit has held that "although [section 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

*Id.* at *2.

As was the case with Hershey-Wilson, permitting Cohen and the Abdell Plaintiffs to appeal this question at this juncture will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Reversal of this Order on appeal would have little, if any, effect on the commencement or the length of the trial. Each Plaintiff's emotional distress claim is but one of several that Plaintiffs make. Therefore, even if a protective order was issued, there will still be extensive discovery related to the remaining claims.

Because the Court finds that appeal of the instant discovery Order will not advance the

ultimate termination of the litigation, it need not address whether there is a controlling question of law or whether there is substantial ground for difference of opinion. Accordingly, Plaintiffs' requests to have this issue certified for appeal are denied.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Rule 72 objections are DENIED. Defendants' cross-motion for relief is DENIED. Plaintiffs' request that the question be certified for appeal is DENIED.

The Clerk of the Court is directed to terminate the following Motions: i) in case number 05-CV-6780, docket number 21; ii) in case number 05-CV-7026, docket number 55; and iii) in case number 05-CV-8453, docket number 49.

SO ORDERED.

Dated:     September 21, 2007
           New York, New York

                                                    KENNETH M. KARAS
                                                    UNITED STATES DISTRICT JUDGE