# EXHIBIT A

MEMO ENDORSED



THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

BY FACSIMILE

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

November 8, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/07

Re: **Abdell, et al, v. City of New York, et al.**, 05 CV 8453 (RJS) (JCF)

Dear Judge Francis:

    I write regarding the above action, which is an RNC case consolidated before Your Honor. Defendants request that pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure that plaintiff Devon Rueckner's ("Plaintiff's") claims for emotional distress be dismissed with prejudice.

    Plaintiff has alleged emotional distress as a result of his arrests and detentions.[1] As Your Honor is aware, in the consolidated RNC cases, those plaintiffs who have alleged emotional distress damages have been compelled to: "(1) *identify all* providers who have provided them psychological or psychiatric counseling or treatment, (2) provide *releases* with respect to records maintained by these *providers*, and (3) provide *releases* for all *pharmacies* that have filled prescription drugs used by plaintiffs in connection with any psychological or emotional conditions."[2] Your Honor has repeatedly dismissed the emotional distress claims of various RNC plaintiffs who refused to comply with the Court's order requiring disclosure of documents,

---

[1] See Second Amended Complaint at ¶¶ 36, 38, and 40. ("As a result of the foregoing [arrest and detentions], plaintiffs . . . suffered . . . emotional distress and psychological injury [and] great humiliation"). Plaintiff's Second Amended Complaint is attached as Ex. A.

[2] See Your Honor's November 16, 2006 Order in Abdell v. City of N.Y. attached as Ex. B. (emphasis added).

Hon. James C. Francis IV
November 8, 2007
Page 2 of 2

releases and information relating to their mental health history.[3] Moreover, Judge Karas has consistently upheld the dismissal of RNC plaintiffs' mental-health related claims based on their failure to provide this type of discovery.[4] Significantly, Judge Karas upheld the dismissals under the *de novo* standard.[5]

Despite his awareness of these orders, Plaintiff has indicated he will not comply with any order compelling them to provide this discovery. In his deposition Plaintiff refused to testify about his psychological treatment.[6] Plaintiff also failed to provide releases relating to this discovery. Therefore, his claims for mental and emotional injuries and damages should be dismissed with prejudice.

For all of the reasons stated above, defendants respectfully request that the Court enter an order dismissing plaintiff Rueckner's claims for mental and emotional injuries and damages with prejudice.

Respectfully submitted,

Jeffrey A. Dougherty

cc: Michael L. Spiegel, Esq.

12/18/07.
Application granted for the reasons set forth in the Cohen and Hershey-Wilson cases. Plaintiff did not submit opposition to this application.
SO ORDERED.
James C. Francis IV
USMJ

---

[3] See Your Honor's April 4, 2007 and November 5, 2007 Orders in Abdell; see also Your Honor's August 24, 2007, Memo Endorsed Order in Adams v. City of N.Y., 05-cv-9484.

[4] See Cohen v. City of N.Y., 05-cv-6780 (KMK) (JCF), 2007 WL 2789272, at *2-6, (S.D.N.Y. Sept. 25, 2007) (affirming dismissal of plaintiffs' emotional distress claims under *de novo* standard based on failure to provide discovery of psychiatric histories); see also Hershey-Wilson v. City of N.Y., 05-cv-7026, 2006 WL 2714709 (S.D.N.Y. Sept. 20, 2006) (same).

[5] See id.

[6] Plaintiff Rueckner's deposition transcript has not been prepared. Defendants will provide the appropriate excerpts to the Court after they receive the transcript.