UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TARASIK ABDELL, *et al.*,

                              Plaintiffs,

    -against-
                                            **05 Civ. 8453 (RJS)(JCF)**

THE CITY OF NEW YORK, *et al.*,
                                            **ECF Case**

                              Defendants.
------------------------------------------------------------------x
COURTNEY LEE ADAMS, *et al.*,

                              Plaintiffs,

    -against-                                    **05 Civ. 9484 (RJS)(JCF)**

THE CITY OF NEW YORK, *et al.*,             **ECF Case**

                              Defendants.
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

                                                  MICHAEL L. SPIEGEL, Esq.
                                                  111 Broadway, Suite 1305
                                                  New York, New York 10006
                                                  (212) 587-8558
                                                  *Attorney for Plaintiffs*

December 27, 2007

## **PROCEDURAL HISTORY AND INTRODUCTION**

The instant motion requests reconsideration of that part of this Court's December 19, 2007, Order which imposed the sanction of dismissal upon certain plaintiffs for failure to provide releases for arrest records.

On October 16, 2007, defendants sought releases from certain plaintiffs for records concerning arrests which did not arise out of the RNC (*see* Exhibit G to defendants' November 1, 2007, motion for sanctions).

On October 26, 2007, plaintiffs responded by letter, providing some releases, and agreeing to obtain releases for many of the other arrests listed in defendants' October 16, 2007, letter. Plaintiffs declined, however, to provide releases for arrests which pre-dated the RNC by more than ten years. Plaintiffs also declined to provide releases for records which were not sealed. (The October 26, 2007, letter is attached as Exhibit K to defendants' November 1, 2007, motion for sanctions.)

Defendants' moved for sanctions by a letter brief dated November 1, 2007. Defendants' application requested that the Court dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 37(b), based upon some plaintiffs' failure to provide releases for arrest records.

By letter brief dated November 12, 2007, plaintiffs responded, arguing that it was an unnecessary burden upon plaintiffs and their counsel to require releases for arrest records which were obtainable without a release from the person arrested. Generally, arrest records are available to litigants – and no release is required to obtain them – when the person arrested has been convicted of the offense. (There are a few jurisdictions which do require releases to obtain records concerning convictions, and plaintiffs have provided releases for them upon request.)

1

Plaintiffs' letter brief stated that it was counsel's "understanding throughout this litigation that Your Honor has exempted records which resulted in convictions from the requirement that a release be provided."

Plaintiffs' November 12, 2007, letter brief also argued that releases should not be required concerning arrests which pre-dated the RNC by more than ten years. The letter brief cited the distinction between answering questions at a deposition concerning arrests older than ten years, and providing releases for records of those same arrests.

By letter brief dated November 30, 2007, defendants replied.

On December 19, 2007, this Court entered an Order (the "Order") disposing of defendants' motion, and to the extent relevant to this Motion for Reconsideration, dismissed with prejudice (a) the false arrest claims of plaintiffs Kathleen Burick, Steven Eckberg, John Theodore Glick, Brian Kavanaugh, Ed Kinane, John M. Miller, Zach Goldstein, and Brian Hurley; and (b) the mental and emotional distress claims of plaintiffs Oren Goldenberg, Roger Hill, Ryan Hottle, Jared Lanctot, Nathanial Parry, Raymond Robinson, and Chris Agnese. In support of the dismissals, the Court said: "These plaintiffs were on notice of their obligations on the basis of prior orders in these and related RNC cases, but they specifically declined to produce the requested releases."

Plaintiffs have searched the record of this litigation, and made inquiries of other plaintiffs' counsel, and have been unable to find any prior order which required execution of releases for arrest records which are not sealed, or for arrests which pre-date the RNC by more than ten years. Defendants did not cite any such order in their motion papers. Because there was no violation of an order of the Court, and because the sanction of dismissal is unduly harsh under

2

the circumstances, plaintiffs seek reconsideration of the dismissals and reinstatement of the claims dismissed by the Court's December 19, 2007, Order.[1] Plaintiffs believe that there may have been some misunderstanding of the position they were arguing in their response to defendants' motion, and there was no clear warning by the Court that arguing that position could result in dismissal of plaintiffs' claims. Plaintiffs urge that the ultimate sanction of dismissal is excessive, given the uncertainty which existed concerning the issues plaintiffs litigated in response to defendants' motion.

## ARGUMENT

A.     SANCTIONS UNDER F.R.CIV.P. RULE 37(b) REQUIRE DISOBEYANCE OF AN ORDER

The Order dismissed the plaintiffs' claims based upon "prior orders in these and related RNC cases." In their moving papers for sanctions under Rule 37(b), defendants did not cite any orders which required the execution of releases for arrest records which were not sealed, nor any orders which specified that releases for records pre-dating the RNC by more than ten years must be provided. Plaintiffs are not aware of any such orders. Because plaintiffs did not fail to comply with any orders, the extreme sanction of dismissal is inappropriate.

As the Second Circuit has stated, "[t]he plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed and we have clearly held that 'dismissal under this subdivision [is] improper in the absence of an order.' Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2nd Cir. 1977)." Salahuddin v. Harris, 782 F.2d 1127, 1131-32

---

[1] In light of the clear import of the Court's December 19, 2007, Order, plaintiffs have begun the process of obtaining the releases sought by defendants relating to the arrest records of the sanctioned plaintiffs.

3

(2d Cir. 1986).

Defendants cited two prior orders in support of their motion for sanctions. The two orders are attached as Exhibits A, B, and C (Exhibit A consists of the cover page and pages 19-20 of the December 7, 2006, Order in Schiller v. City of New York, 04 Civ. 7922; Exhibit B is a December 21, 2006, Memo Endorsed Order denying reconsideration of one sentence of the December 7, 2006, Order; Exhibit C is the July 6, 2007, Order in Bastidas v. The City of New York, 05 Civ. 7670). The two bases for plaintiffs' objections to providing releases – that releases were not necessary for unsealed records or for records of arrests more than ten years prior to the RNC – were not decided in these two prior orders. Indeed, those issues were not addressed by the parties in the litigation resulting in those orders. In short, the two bases for plaintiffs' objections to production of certain arrest releases, in response to defendants' motion for sanctions, have never been raised or decided.

    1.    The December 7, 2006, "Hedemann Order" Did Not Require Production of the Releases at Issue

The first order relied upon by defendants concerned plaintiff Ed Hedemann. That Memorandum and Order, dated December 7, 2006, concerned sealed records of arrests going back ten years prior to the RNC (the pertinent parts of the December 7, 2006, Memorandum and Order are attached as Exhibit A).

On February 7, 2006, plaintiff Hedemann had responded to defendants' discovery requests concerning his prior arrests by listing five arrests (the February 7, 2006, letter is attached as Exhibit D). The list of arrests was introduced by the statement that "plaintiff Hedemann has been arrested on the following occasions (other than the incident complained of herein) within

4

the last ten years," (emphasis added).

On September 13, 2006, defendants requested that the Court compel plaintiff Hedemann to execute NYS CPL § 160.50 releases for prior New York arrests which were sealed. In an October 6, 2006, supplemental submission, defendants expanded their request to include "unsealing releases pertaining to his prior arrests" outside New York State, (attached as Exhibit E). Defendants never objected to plaintiff Hedemann's limitation of his response to the ten-year period pre-dating his RNC arrest.

Throughout defendants' briefing on their motion for the Hedemann releases, they repeatedly referred to "unsealing releases," arguing that the records for which they sought releases were sealed records and that they needed the releases in order to obtain the records. On November 20, 2006, defendants filed a reply brief in which they characterized their motion as one "to compel plaintiff Ed Hedemann to produce unsealing releases pertaining to his prior arrests," (attached as Exhibit F). The November 20, 2006, letter brief concluded, "[a]ccordingly, defendants respectfully request that the Court compel plaintiff to produce unsealing releases relating to prior arrests," (emphasis added). Throughout the briefing by both sides concerning the Hedemann releases, there was no reference whatsoever to records of arrests which were not sealed.

On December 7, 2006, this Court issued its Memorandum and Order deciding the Hedemann motion, which in relevant part is attached as Exhibit A. The Court granted the City's motion for releases to unseal records, stating that "the City's motion to compel Mr. Hedemann to execute releases so that the City may obtain his arrest records is granted," (emphasis added). Plaintiffs understood this to mean that releases must be provided for arrest records which the City

5

was unable to obtain absent releases.

A December 21, 2006, Memo Endorsed Order (denying plaintiffs' motion for reconsideration of one sentence of the December 7, 2006, Memorandum and Order) did not concern the issues now before the Court. (The Memo Endorsed Order is attached as Exhibit B.) Plaintiff's December 21, 2006, motion for reconsideration, however, characterized the December 7, 2006, Memorandum and Order as one "concern[ing] defendants' motion to compel plaintiff Ed Hedemann to provide releases <u>unsealing</u> prior arrest records," (emphasis added) (Exhibit B).

In response to the instant motion for sanctions, plaintiffs sought to litigate the issue of whether releases must be provided for records which were <u>not</u> sealed. Plaintiffs also sought to litigate whether releases for arrest records relating to arrests more than ten years before the RNC must be executed, since there had never been an order requiring such releases, and defendants had not contested that limitation in the Hedemann motion for releases. Plaintiffs reasonably relied upon the fact that previous motion practice had not reached these issues, and merely sought to obtain rulings concerning them. Plaintiffs respectfully request that this Court reconsider the imposition of sanctions for failure to produce the disputed releases up to now, particularly in light of plaintiffs' willingness to produce the releases if so ordered.

    2.    <u>The July 6, 2007, "Bastidas Order" Did Not Require Production of the Releases at Issue and Was not Served Upon Plaintiffs</u>

In defendants' November 1, 2007, motion for sanctions, at footnote 3, they cited ¶ 4 of a July 6, 2007, Order in <u>Bastidas v. City of New York</u>, 05 Civ. 7670, in support of their motion. The referenced paragraph in the <u>Bastidas</u> Order reads in its entirety: "Plaintiff Caspar shall provide a release for records relating to her arrest in 2000 or 2001 in Athens, Georgia," (the

6

Bastidas Order is attached as Exhibit C).

Plaintiffs were not served with the Bastidas Order at the time it was issued. The Bastidas Order concerns an arrest well within the ten-year limitation period plaintiffs herein sought to litigate in the instant motion. There is no indication from the plain terms of the Bastidas Order that it applies to an arrest resulting in a conviction, or whether that issue was ever litigated.[2] The Bastidas Order did not give plaintiffs "notice of their obligations" with respect to arrests pre-dating the RNC by more than ten years,[3] nor with respect to arrests which were not sealed.

B. THE SANCTION OF DISMISSAL SHOULD BE RESERVED FOR WILLFUL AND BAD FAITH FAILURE TO COMPLY

The ultimate sanction of dismissal of a plaintiff's claim should be reserved for contumacious conduct intentionally flouting a clear directive of the Court.

> "Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances." Israel Aircraft, 559 F.2d at 208. The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to "willfulness, bad faith, or any fault" of the deponent. *See* Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958). *See also* National Hockey

---

[2] Counsel in Bastidas, Jeffrey Rothman, Esq., has informed me that Caspar's arrest did *not* result in conviction, so that the issue now before this Court never arose in the litigation of the motion resulting in the July 6, 2007, Bastidas Order.

[3] The only authority cited by defendants relating to the discoverability of records of arrests more than ten years before the RNC was a telephone ruling during a plaintiff's deposition. (*See* Exhibit H to defendants' November 1, 2007, motion for sanctions.) During that deposition, a contract attorney retained by counsel for plaintiffs interposed an objection to questions concerning arrests occurring more than ten years before the RNC. The fact that the Court ruled that the plaintiff should answer questions related to arrests more than ten years before the RNC did not constitute an order to execute releases for records of those arrests. *Compare* F.R.Civ.P. Rule 30(d)(1) and Rule 34(b). Plaintiffs' November 12, 2007, letter opposing defendants' instant motion for sanctions stated that counsel was aware of the distinction, and believed that the order concerning deposition questions did not extend to execution of releases. Plaintiffs' briefing of that issue before this Court was not in violation of the cited telephone ruling.

League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal under Rule 37 justified where there is "'flagrant bad faith'" and counsel displayed "'callous disregard' of their responsibilities"); Cine Forty-Second St. Theatre v. Allied Artists, 602 F.2d 1062, 1066-68 (2d Cir. 1979).

Salahuddin v. Harris, 782 F.2d 1127, 1131-32 (2d Cir. 1986); Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007) (quoting Salahuddin). The "severe sanction [of dismissal] may well be warranted ... when, 'due to willfulness or bad faith,' [litigants] fail to comply with discovery orders after being warned that noncompliance can result in dismissal." Reinhardt v. United States Postal Serv., 150 Fed. Appx. 105, 107 (2d Cir. 2005) (finding a "record of sustained misconduct" after repeated warnings).

Plaintiffs only intended to litigate good-faith legal objections to defendants' demand for arrest releases in two narrow categories. Counsel's conduct was not in conscious disregard of an order of the Court, and counsel was never warned that his litigation strategy would result in the dismissal of his clients' claims. The objections plaintiffs raised had not been the subject of any prior order – indeed, neither issue had ever been raised and argued before this Court. Plaintiff had produced releases for dozens of arrest records as they were requested by defendants, and simply sought a ruling by the Court that they need not provide releases in the two narrow categories. Plaintiffs' counsel was advocating for his clients; there was no willful or bad faith conduct. The plaintiffs whose claims were dismissed respectfully request reconsideration of that part of the Court's December 19, 2007, Order which dismissed their claims, and further request reinstatement of those claims and an opportunity to produce the releases at issue.

Dated:      New York, New York
            December 27, 2007

8

                                      /s/
                         MICHAEL L. SPIEGEL (MS-0856)
                         111 Broadway, Suite 1305
                         New York, New York 10006
                         (212) 587-8558
                         *Attorney for Plaintiffs*