UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TARASIK ABDELL, *et al.*,

                Plaintiffs,

   -against-

                                                **05 Civ. 8453 (RJS)(JCF)**
THE CITY OF NEW YORK, *et al.*,

                                                **ECF Case**

                Defendants.
------------------------------------------------------------------x
COURTNEY LEE ADAMS, *et al.*,

                Plaintiffs,

   -against-                                   **05 Civ. 9484 (RJS)(JCF)**

THE CITY OF NEW YORK, *et al.*,              **ECF Case**

                Defendants.
------------------------------------------------------------------x

**PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE COURT'S DECEMBER 19, 2007 ORDER**

                                                    MICHAEL L. SPIEGEL, ESQ.
                                                    111 Broadway, Suite 1305
                                                    New York, New York 10006
                                                    (212) 587-8558

                                                    ALAN LEVINE, ESQ.
                                                      99 Hudson St., 14th floor
                                                    New York, NY 10013
                                                    (212)739-7506

February 12, 2008

Plaintiffs reply to the following arguments set forth in defendants' January 29, 2008 Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration.

**I.     PLAINTIFFS HAVE MET THE STANDARD FOR RECONSIDERATION UNDER LOCAL CIVIL RULE 6.3**

Local Civil Rule 6.3 requires that the moving party set forth "the matters or controlling decisions which counsel believes the court has overlooked." In this case, plaintiffs believe that the court overlooked the absence of any prior orders directing production of arrest releases for records which were not sealed, or for records pre-dating the RNC by more than ten years. Defendants' do not cite to any decisions of this Court in which those issues were raised or decided.

**II.    PLAINTIFFS HAVE NOT ALTERED THEIR LITIGATION STRATEGY**

Defendants argue that plaintiffs have "changed their litigation strategy" in response to the Court's December 19, 2007 Order. In fact, it is defendants who have made a complete about-face in this litigation. Defendants brought the issue of arrest records releases before this Court in their motion to compel <u>Abdell</u> plaintiff Hedemann to produce releases for *sealed* records. In their motion, defendants did not challenge the explicit ten-year limitation Hedemann had put on his responses to interrogatories about prior arrests. Defendants' application was decided on December 7, 2006 ("the Hedemann Order"). Necessarily, the releases which the Court ordered produced at that time were the releases which defendants had moved the Court to require, *i.e.*, releases for arrests which (a) were sealed, and (b) were within the ten years before the RNC and thereafter.

During the following year of document discovery and depositions, plaintiffs produced releases in accord with the Hedemann Order, and defendants did not seek a ruling from the Court

expanding their right to discovery of arrest records. All plaintiffs explicitly limited their interrogatory responses to arrests which had taken place within the ten years before the RNC. (*See e.g.*, Exhibit H, Objection and Response to Interrogatory 14, to the Declaration of Jeffrey A. Dougherty in support of Defendant's Opposition to Plaintiffs' Motion for Reconsideration, which is a set of discovery responses for seventeen plaintiffs in Adams using the standard language used in all discovery responses for all plaintiffs in Abdell and Adams). The same is true with respect to releases for records which were not sealed. Subsequent to the Hedemann Order, all plaintiffs produced releases for sealed records only.[1]

Defendants were clearly aware of plaintiffs' position regarding releases. All plaintiffs' interrogatory responses explicitly limited disclosure of prior arrests to those within the ten year period. The responses also informed defendants of the ultimate disposition of each arrest, *i.e.*, defendants knew which arrests resulted in convictions, and were therefore not sealed. During the first half of 2007, following the Hedemann Order, all plaintiffs produced releases for only their sealed arrest records within ten years. Consequently, long before the depositions of plaintiffs in July-November, 2007, defendants knew which arrest records were not sealed and knew that

---

[1] Defendants point to three releases concerning convictions which were produced to them. Two of the three releases were inadvertently produced by my office at the same time that plaintiffs were consistently maintaining the position that we need not do so. Inadvertent production of those releases is not evidence that there was an order in place requiring their production.

The third release was for a conviction in Nevada. Initially, plaintiffs did not produce it, believing that the records were not sealed. When defendants informed plaintiffs that the records were sealed under Nevada law, a release was provided (*see* Exhibit H to the January 29, 2008 Declaration of Jeffrey A. Dougherty in support of Defendant's Opposition to Plaintiffs' Motion for Reconsideration). This was the release referenced in footnote 1 of plaintiffs' November 12, 2007 letter brief in opposition to defendants' motion for sanctions (*see* Exhibit M to the January 29, 2008 Declaration of Jeffrey A. Dougherty in support of Defendant's Opposition to Plaintiffs' Motion for Reconsideration).

plaintiffs had not provided releases for them.

Defendants proceeded through the discovery phase of this litigation, and when almost all of plaintiffs' depositions had been completed, notified plaintiffs by e-mail on October 16, 2007 that they were seeking releases for records of arrests which were older than ten years and which were not sealed. Plaintiffs declined to produce the releases in the belief that, as they had maintained from the beginning, ten-year old arrests were unrelated to the claims in the case, and that they were not obliged to produce releases for unsealed arrest records. It was a position in which the defendants had acquiesced for almost two years and which had not been contravened by any order of the Court.

On November 1, 2007 defendants sought sanctions against plaintiffs who had not produced those releases, and on December 19, 2007 the Court issued the order sanctioning the fifteen plaintiffs for failing to produce the releases. Because these plaintiffs never intended to violate an order of this Court requiring the production of the arrest releases, they have executed the releases and are prepared to produce them to defendants forthwith if the Court reinstates their claims. This is not a change in litigation strategy. Rather, it simply reflects the reality that a position plaintiffs had taken has now been explicitly rejected by the Court.

### III.     PLAINTIFFS SHOULD NOT BE REQUIRED TO APPEAR FOR CONTINUED DEPOSITIONS

Plaintiffs will immediately produce the releases at issue if the Court grants this motion. In that event, however, plaintiffs should not also be required to appear for continued depositions. The Court's December 19, 2007 Order directed that plaintiffs who had produced releases "belatedly" should be required to appear for continued depositions. The late releases concerned

arrests within ten years before the RNC which had been sealed; plaintiffs had inadvertently failed to timely produce them, but had not disputed defendants' right to them under prior court orders. As to the arrests covered by those releases, plaintiffs are making themselves available for a continued deposition.

The releases at issue in this motion for reconsideration are very different. For the reasons we set forth in our January 7, 2008 letter to the Court concerning the Hedemann deposition (attached as Exhibit A), we believe defendants have waived their right to any further deposition of those plaintiffs whose releases the defendants failed to request in a timely fashion. Alternatively, plaintiffs request that any further questioning of plaintiffs take place by telephone.

Dated:   New York, New York
         February 12, 2008

/s/
MICHAEL L. SPIEGEL, ESQ.
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558

ALAN LEVINE, ESQ.
99 Hudson St., 14th floor
New York, NY 10013
(212)739-7506