# EXHIBIT A

Law Office of
# ALAN LEVINE

99 Hudson Street, 14th Floor                                                                     Tel: (212) 739-7506
New York, New York 10013                                                                         Fax: (212) 431-4276

January 7, 2008

**BY TELEFAX (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

    Re:    *Abdell, et al. v. The City of New York, et al.*, 05 CV 8453 (RJS)(JCF)

Dear Judge Francis:

    I write in response to the January 4, 2008, letter from Jeffrey Dougherty concerning the deposition of plaintiff Ed Hedemann. The deposition is currently scheduled for this Wednesday, January 9, 2008. Plaintiffs have provided releases for records pertaining to Mr. Hedemann's arrests that are more than ten years old and have agreed to adjourn the January 9 date to a future date when the City has acquired the arrest records. Mr. Dougherty says that defendants "are inclined" to proceed on January 9, but would reserve the right to re-call Mr. Hedemann to inquire about the arrest records. There is no compelling reason that Mr. Hedemann's deposition should proceed in two separate sessions and Mr. Dougherty gives none. Given the inconvenience to Mr. Hedemann if required to appear twice, and given the City's undue delay in requesting releases for the arrest records – more fully explained below – defendants should be required to proceed on January 9 without the right to re-call Mr. Hedemann, or the deposition should be adjourned until a future date.

    Although the Court's December 19, 2007, Order ("the Order") directed that certain plaintiffs' depositions be re-opened, they were in a quite different posture than Mr. Hedemann. The Order directed that plaintiffs who provided releases "late" could be re-called, and plaintiffs have not requested reconsideration of that portion of the Court's Order, because those releases concerned arrests which took place *during the ten years before the RNC*, and the failure to turn over those releases was inadvertent, *i.e.*, plaintiffs had not taken the position that the City was not entitled to them. Mr. Hedemann's releases – concerning arrests *more* than ten years before the RNC – should not entitle the City to re-open his deposition at a later date, given the City's

1

inordinate delay in seeking ten-year old arrest records.[1]

As for the nature of the City's delay:

- On February 7, 2006, in response to interrogatory requests, plaintiff Hedemann listed prior arrests, expressly limiting the listed arrests to those pre-dating the RNC by ten or less years.

- Thereafter, plaintiffs took the same position in response to interrogatories and document requests on behalf of every other *Abdell* plaintiff, also without objection from defendants.

- On September 13, 2006, defendants moved to compel plaintiff Hedemann to provide releases for the arrests he had listed in the February 7, 2006, letter. The Court granted defendants' application on December 7, 2006. At no time during that litigation did the City contest the ten-year limitation asserted by Hedemann and the other 130 *Abdell* plaintiffs.

- Thereafter, in depositions, plaintiffs repeatedly took the position that, although they would answer questions about arrests going back more than ten years, they declined to execute releases for records about those arrests. In no deposition did the City ever call the Court for a ruling on the issue.

Defendants waited until the close of discovery to make an application to the Court for releases concerning the old arrest records, although they were plainly aware of plaintiffs' position since at least February 2006, and failed to bring it to the Court's attention during the litigation on Hedemann's releases in 2006. For all of these reasons, Hedemann's deposition should be conducted in one session, either on January 9 or some future date."

---

[1] Plaintiffs' Motion for Reconsideration of the Court's December 19, 2007, Order ("the Order") did not address the issue of re-opening depositions of plaintiffs who had declined to provide releases because it would have been premature to do so. With regard to releases for arrests older than ten years, the Court sanctioned plaintiffs who had not turned over such releases by dismissing claims. Plaintiffs' Motion for Reconsideration seeks reinstatement of those claims and the opportunity to produce releases. Should the Court grant the Motion for Reconsideration, the question will then arise as to whether plaintiffs who produce such releases can be re-called for continued depositions.

**Since the December 19, 2007 Order concerning the arrest releases, we have collected releases for arrests that pre-date 1994. We continue to believe, however, that given defendants' dilatory pursuit of this issue and the marginal relevance to this litigation of arrests that are now more than 13 years old, defendants have waived the right to re-open depositions to ask questions about these records. If, however, the Court permits such re-opening, then it should order that re-opened depositions proceed by interrogatory questions or by telephone. At the least, those

Respectfully submitted,

Alan Levine

cc:   Jeffrey Dougherty, Esq (By Telefax)
      Michael Spiegel, Esq.. (By Telefax)

---

alternatives should be ordered for those plaintiffs who live outside of New York City.