THE LAW OFFICES OF
## MICHAEL L. SPIEGEL
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006
TEL:(212)587-8558    FAX:(212)571-7767

January 18, 2008

Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

       Re:  <u>Abdell, et al. v. The City of New York, et al.</u>, 05 Civ. 8453 (RJS)(JCF)

Dear Judge Francis:

    I write in response to the January 17, 2008, letter application from Assistant Corporation Counsel Jeffrey A. Dougherty requesting dismissal of the emotional distress damages claims of plaintiff Katherine Poe.  Plaintiff objects to the dismissal of her claim for emotional distress for the reasons set forth in the February 9, 2007, Reply Memorandum in Support of Plaintiffs' Objections, Pursuant to Rule 72, F.R.Civ.P., to Magistrate Judge Francis' Order Dismissing Claims for Mental and Emotional Injury in <u>Abdell v. City of New York</u>, 05 Civ. 8453 (RJS)(JCF), attached as Exhibit A.

    Plaintiff emphasizes that she does not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct; her mental suffering and emotional distress claim covers a period of limited duration, primarily occurring during the time of their arrest and incarceration; and the psychological records at issue post-date the RNC by many months, long after the emotional distress due to defendants' conduct had ended.  Furthermore, the plaintiff will not offer any evidence at trial from a treating mental health provider or an expert.

    The reasoning in <u>Kerman v. The City of New York</u>, 374 F.3d 93, 125 (2d Cir. 2004), leads to the conclusion that a plaintiff need not produce treatment records in the circumstances presented here.  <u>Kerman</u> held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." <u>Kerman</u>, 374 F.3d at 130-31, quoting McCormick, <u>Handbook on the Law of Damages</u>, § 107 at 375-76.  Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" <u>Id</u>. at 125.  In every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not.*  Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the

1

arrest and unrelated to it.

Since the briefing of this issue on the original Rule 72 application in <u>Abdell</u>, wherein plaintiffs relied upon <u>Greenberg v. Smolka</u>, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006), other decisions in this district have come to the same conclusion. In <u>Kunstler v. The City of New York</u>, 242 F.R.D. 261, 2007 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2007) (Sweet, J.), plaintiffs resisted turning over psychological records concerning "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." <u>Id.</u> at *5. That is exactly the kind of emotional injury plaintiffs herein are claiming. The Court, upholding Magistrate Judge Dolinger's Memorandum and Order, held that the defendants

> had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe,* represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)*, as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)*, is compelling.

<u>Id.</u> at *6.

For the foregoing reasons, incorporating by reference the arguments set forth in Exhibit A, plaintiff requests that defendants' application be denied.

Respectfully submitted,<br><br>Michael L. Spiegel

MLS:ms

cc:    Jeffrey Dougherty, Esq.
       Assistant Corporation Counsel