UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TARASIK ABDELL, et al.,

                              Plaintiffs,

    -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------x

05 Civ. 8453 (RJS)(JCF)

ECF Case

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE JANUARY 23, 2008 ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT TO FACIALLY CHALLENGE N.Y. PENAL LAW § 240.20(5)

ALAN LEVINE, Esq.
99 Hudson Street, 14th Floor
New York, New York 10003
(212) 739-7506

MICHAEL L. SPIEGEL, Esq.
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558

*Attorneys for Plaintiffs*

## STATEMENT OF THE CASE

Plaintiffs are persons who, on August 31, 2004, were arrested on a public sidewalk while engaged in a peaceful march to protest events taking place at the Republican National Convention ("RNC"). Among other offenses, they were charged with violating subsection 5 of New York's disorderly conduct statute, Penal Law § 240.20, which makes it a criminal offense to "obstruct" pedestrian traffic. The statute does not require that the obstruction be intentional[*] nor does it require that the police give any warning or dispersal order prior to arresting persons who are allegedly obstructing pedestrian traffic. There is no evidence in this case supporting probable cause to believe that plaintiffs intended to block the sidewalk.

Plaintiffs, who have brought this civil rights action challenging the legality of their arrests, moved to file a Third Amended Complaint on August 30, 2007. The amendments included a facial challenge to § 240.20(5) on the ground that it was unconstitutionally vague. In a decision dated January 23, 2008 addressing the plaintiffs' proposed amendments as well as proposed amended complaints in many of the other related RNC cases, the Court denied the plaintiffs leave to assert their facial challenge to subsection 5.

Because plaintiffs believe that the Court overlooked controlling decisions that support plaintiffs' challenge, particularly the Second Circuit's decision in Papineau v. Parmley, 465 F.3d

---

[*]Subsection 5 does not require that the obstruction be intentional. The only reference to intentional conduct in § 240.20 is in the prefatory language to the subsections describing categories of prohibited conduct: "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . " A statute that allows punishment of conduct that a police officer deems to "recklessly" risk "inconvenience" or "annoyance" effectively "entrusts lawmaking to the moment-to-moment judgment of the policeman on his beat." Kolender v. Lawson, 461 U.S. 352, 359 (1983). A protest march that innocently obstructs pedestrian traffic is not made punishable by the fact that it annoys or offends others. See, e.g., Lewis v. New Orleans, 415 U.S. 130, 134(1974); Terminiello v. Chicago, 331 U.S. 1, 4 (1949)

46 (2d Cir. 2006), they move for reconsideration of the January 23, 2008 decision.

## ARGUMENT

### P.L. 240.20(5) IS UNCONSTITUTIONALLY VAGUE BECAUSE IT REQUIRES NEITHER SPECIFIC INTENT NOR AN ORDER TO DISPERSE PRIOR TO ARREST

In holding that plaintiffs' proposed amendment was futile, the Court relied on two decisions, Cameron v. Johnson, 390 U.S. 611 (1968) and Arbeitman v. District Court of Vermont, 522 F.2d 1031 (2d Cir. 1975), both of which upheld criminal statutes using the word "obstruct" against challenges that the statutes were unconstitutionally vague. Neither decision controls the issue here.

In Cameron, persons who were arrested while picketing in front of a Mississippi county courthouse challenged an ordinance that prohibited "picketing . . . in such a manner as to obstruct . . . ingress or egress" to or from certain buildings. In upholding the ordinance, the Court ruled that "the statute clearly and precisely delineates its reach in words of common understanding." 390 U.S. at 616. The statute provided for no warning or dispersal order, and the issue of whether or not one might be constitutionally required is not discussed in the Court's opinion. On the other hand, the record does make clear that the persons arrested knew that they were picketing in an area in which county officials had previously said picketing was prohibited. In other words, there is evidence in the record that the picketers intentionally engaged in conduct that violated the statute.

In Arbeitman, a Vermont statute nearly identical to New York P.L. § 240.20(5) was challenged by a demonstrator who

> seated himself in the doorway of the Federal Building in
> Montpelier, Vermont, with his back against the entrance door. In

3

> order for people to enter the building, it was necessary for him to be shoved out of the way. . . . Heedless of warning from the State's Attorney, petitioner remained in this position until arrested, although he knew that anyone trying to gain admittance would be required to push him out of the way.

522 F. 2d at 1032. Relying on the Supreme Court's decision in Cameron, the Second Circuit upheld the Vermont statute against the claim that it was unconstitutionally vague. Although the Vermont law, like the Mississippi ordinance, did not, on its face, require that the obstruction be intentional, it was obvious that the demonstrator in Arbeitman deliberately obstructed pedestrian traffic. Moreover, in discussing the propriety of legislation designed to prevent persons from blocking sidewalks, the court noted:

> This significant governmental interest justifies legislation aimed only at physical obstruction, a result of body or objects *intended* to cause public inconvenience.

Ibid. at 1034 (emphasis added).

Since there is evidence that the persons subject to prosecution for "obstruction" in both Cameron and Arbeitman intended to engage in conduct that they knew was prohibited, neither case explicitly addresses the question raised by plaintiffs, namely, whether the constitution requires that persons who do not intentionally engage in obstructive conduct be given some notice, such as a dispersal order, that their conduct is prohibited before being charged with "obstruction" under a state penal law. The Second Circuit answered that question in the affirmative in Papineau v. Parmley, 465 F.3d 46 (2d Cir. 2006). Drawing upon the requirement that a criminal statute provide "fair notice" so as to "enable the ordinary citizen to conform his or her conduct to the law," City of Chicago v. Morales, 527 U.S. 41, 58 (1999), the Court of Appeals reversed convictions under P.L. § 240.20(5). Citing to the fair warning requirement of

Morales, the court held that "absent imminent harm, the troopers could not simply disperse them without giving fair warning." Ibid. at 61. See also, American-Arab Anti-Discrimination Committee v. Dearborn, 418 F.3d 600, (6th Cir. 2005) (ordinance regulating marches unconstitutional because it punishes unknowing violations); City of Seattle v. Webster, 115 Wn.2d 635, 645, 802 P.2d 1333, 1340 (Wash. 1990) (ordinance prohibiting obstruction of pedestrian traffic "is not overbroad since it includes an element of specific intent"); Gault v. Brown, 848 F.2d 544, 559 (5th Cir. 1988)(picketing ordinance prohibiting "obstruction" constitutional when limited to "rendering impassable" or "rendering unreasonably inconvenient or hazardous the free ingress or egress to the struck premises.").

Because subsection 5 permits punishment of plaintiffs' expressive activity without any requirement of specific intent or a warning to disperse prior to arrest, it is unconstitutional. Accordingly, plaintiffs should be permitted to amend their complaint to assert a facial challenge to subsection 5.

Respectfully submitted,

/s/
_____

ALAN LEVINE
99 Hudson Street, 14th Floor
New York, New York 10003
(212) 739-7506

MICHAEL L. SPIEGEL (MS-0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558

Dated:   New York, New York
         February 25, 2008           *Attorneys for Plaintiffs*