UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TARASIK ABDELL, et al.,

                                  Plaintiffs,          05 CV 8453 (RJS) (JCF)

    -against-

THE CITY OF NEW YORK, et al.,

------------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF THE JANUARY 23, 2008 ORDER DENYING
PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT TO ADD A FACIAL
CHALLENGE TO NEW YORK PENAL LAW §240.20(5)**

                                                         MICHAEL A. CARDOZO
                                     *Corporation Counsel of the City of New York*
                                                 Attorney for Defendants
                                        Special Federal Litigation Division
                                           100 Church Street, Room 3-165
                                               New York, New York 10007
                                                        (212) 788-0467

                                                              Of Counsel:
                                                              Raju Sundaran

March 24, 2008

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to the plaintiffs' (hereinafter "Plaintiffs") motion for reconsideration ("Motion for Reconsideration") pursuant to Local Rule 6.3 of the Federal Rules of Civil Procedure of the Court's January 23, 2008 memorandum and order (the "January 23rd Order"). The January 23rd Order properly denied Plaintiffs' motion to amend their complaint to add a facial challenge to New York Penal Law ("NYPL") § 240.20(5). In its January 23rd Order, the Court cited to several controlling cases – both New York State Court of Appeals and United States Supreme Court decisions – all of which upheld the constitutionality of similarly-worded disorderly conduct statutes. The Court concluded that Plaintiffs' proposed facial challenges to subsection 5 of New York's disorderly conduct statute would therefore be futile. In their motion for reconsideration, Plaintiffs have failed to satisfy the standard for reconsideration under Local Rule 6.3 for several reasons.

First, Plaintiffs have recited neither facts nor controlling decisions that were overlooked by the Court. Second, contrary to Plaintiffs' argument, New York's disorderly conduct statute unequivocally incorporates a culpable mental state requirement of either "intent" or "reckless." Third, New York's disorderly conduct statute has been repeatedly upheld as constitutional by New York State's highest court (and the United States Supreme Court).

## LEGAL STANDARD

Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. See Global View Ltd. Venture Capital v. Great Central Basin Exploration, LLC., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (denying reconsideration because movants failed to point to factual matters or controlling law which the district court overlooked). Important judicial policies support this

1

strict legal standard, which "must be narrowly construed and strictly applied to avoid repetitive arguments on issues that have been fully considered by the Court." Hoffenberg v. Hoffman & Pollok, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003) (denying motion for reconsideration).

Pursuant to Local Civil Rule 6.3, "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (denying motion for reconsideration) (emphasis added); Hamilton v. Garlock, Inc., 115 F.Supp.2d 437, 438 (S.D.N.Y. 2000) (denying motion for reconsideration).

Reconsideration should not be granted where, as here, "the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. "Thus, a motion for reconsideration is not simply a vehicle for a party to make repetitive arguments on issues that have been thoroughly considered by the court." Convolve, Inc. v. Compaq Computer Corp., 00-CV-5141 (GBD) (JCF), 2007 WL 415145, *1 (citing Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 391-92 (S.D.N.Y.2000)). A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." In re Initial Pub. Offering Antitrust Litig., 01-CV-2014, 2004 WL 789770, *1 (S.D.N.Y. April 13, 2004).

"These limitations are designed to ensure finality and prevent the rule allowing reconsideration from becoming a vehicle by which a losing party may examine a decision and then plug the gaps of the lost motion with additional matters." Convolve, 00-CV-5141 (GBD) (JCF), 2007 WL 415145, *1.

2

## ARGUMENT

### Plaintiffs Have Not Set Forth Any "Matters Or Controlling Decisions" That "The Court Has Overlooked"

Plaintiffs have failed to set forth any "matters or controlling decisions" that "the court has overlooked." Instead, Plaintiffs' Motion for Reconsideration merely rehashes arguments that the Court already has considered and rejected. Plaintiffs argue that NYPL § 240.20(5) is unconstitutionally vague on its face because "it requires neither specific intent nor an order to disperse prior to arrest." See Plaintiffs' Motion for Reconsideration at *3-5. In its January 23rd Order, the Court directly addressed and rejected these arguments, as well as others raised by other RNC plaintiffs.

Citing Cameron v. Johnson, 390 U.S. 611, 616 (1968), Your Honor held that "[a]s to the first challenge, the Supreme Court has held that use of the term 'obstruct' in a state statute is not unconstitutionally vague." Order at 18. Your Honor also cited Second Circuit authority, Arbeitman v. District Court of Vermont, 522 F.2d 1031, 1033 (2d Cir. 1975), which upheld the Vermont disorderly conduct statute on the same grounds (as well as New York state court authorities that give the statute a limiting construction). Order at 19. In Arbeitman, the Second Circuit held that the term "obstruct" in Vermont's disorderly conduct statute "requires no guessing as to its meaning." 522 F.2d at 1032-33 (citing Cameron, 390 U.S. at 616).[1] According to the Second Circuit, an obstruction that inconveniences or annoys is readily recognizable and "apparent to 'all men of common intelligence.'" Id. (quoting Connally v. General Construction Co., 269 U.S. 385, 391 (1926)).

---

[1] The relevant part of the Vermont statute, 13 V.S.A. § 1026(5), reads as follows: "A person who, with intent to cause public inconvenience, or annoyance or recklessly creating a risk thereof … (5) obstructs vehicular or pedestrian traffic" shall be found to have violated the statute.

3

As to the second challenge, Your Honor held that "while a warning and opportunity to disperse may be constitutionally required where one engages in conduct short of obstructing traffic [as contemplated by subsection 6 of the statute], in this case, the term 'obstruct' [in subsection 5 of the statute] already 'provides sufficient notice of what conduct is prohibited.'" Order at 19 (citing People v. Tichenor, 89 N.Y.2d 769, 775 (1997)). Indeed, in Tichenor, the New York Court of Appeals observed that it has "upheld [its disorderly conduct] statutes against a vagueness challenge many times." Tichenor, 89 N.Y.2d at 774-75 (*citing* People v. Torado, 26 N.Y.2d 325; People v. Thomas, 23 N.Y.2d 659; and People v. Turner, 17 N.Y.2d 829). Similarly, the Court of Appeals has upheld the constitutionality of the predecessor, similarly worded, disorderly conduct statute, § 722. People v. Feiner, 300 N.Y. 391 (1950) aff'd, Feiner v. New York, 340 U.S. 315 (1951).[2] The Court of Appeals did so because it concluded that New York's disorderly conduct statute "provide[s] sufficient notice of what conduct is prohibited; [and] the statute [is not] written in such manner as to permit or encourage arbitrary and discriminatory enforce[ment]." People v. Hardy, 47 N.Y.2d 500, 505 (1979).

---

[2] The United States Supreme Court has long recognized that "a state may properly legislate to prevent persons from blocking sidewalks and obstructing traffic. Coates, 402 U.S. at 614. When "disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, the power of the State to prevent or punish is obvious." Feiner v. New York, 340 U.S. 315 (1951) (affirming conviction of petitioner under New York's breach of peace statute NYPL § 722 – predecessor to New York's current disorderly conduct statute). Controlling travel on public streets is a clear example of governmental responsibility to insure public order. Cox v. Louisiana, 379 U.S. 536, 554 (1965). The civil liberties guaranteed by the Constitution implies "the existence of an organized society maintaining public order without which liberty itself would be lost in the excesses of unrestrained abuses." Cox v. New Hampshire, 312 U.S. 569, 574 (1941). "The rights of free speech and assembly, while fundamental in our democratic society, do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time." Cox v. Louisiana, 379 U.S. at 554. Just as one would not be justified in ignoring the "familiar red light", one would not be justified to insist upon a meeting in the middle of Times Square at rush hour, contrary to traffic regulations, as a means of protest. Id. Government has a duty and responsibility to "keep their streets open and available for movement." Id. at 554-555.

Plaintiffs' assertion that Section 240.20(5) "does not require that the obstruction be intentional" is flatly contradicted by the terms of the statute.[3] See Plaintiffs' Motion for Reconsideration at *2. Plaintiffs raised this same argument in their moving papers and the Court rejected it – and rightly so. The statute explicitly requires that in order for a person to have violated subsection 5 of the statute, he must do so "with intent" or "reckless[ly]". NYPL § 240.20(5). If there were any doubt about it, then "[for] the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation 'we must take the statute as though it read precisely as the highest court of the State has interpreted it.'" Wainwright v. Stone, 414 U.S. 21, 22-23 (1973) (*quoting* Minnesota *ex rel.* Pearson v. Probate Court, 309 U.S. 270, 273 (1940)). Here, in a case already cited by Your Honor, the New York Court of Appeals expressly held that the statute contains that intent requirement and held that it provides fair notice. Tichenor, 89 N.Y.2d at 774-75.

In an effort to distinguish the controlling authorities cited by Your Honor, Plaintiffs make an argument that is inconsistent with their "facial" challenge to the disorderly conduct statute. Plaintiffs' claim that Cameron v. Johnson, 390 U.S. 611 (1968) and Arbeitman v. District Court of Vermont, 522 F.2d 1031 (2d Cir. 1975) are not controlling here because the courts in those cases rejected plaintiffs' facial challenge to the disorderly conduct statutes on the grounds that the persons arrested in those cases had "*intentionally engaged in conduct that violated the statute.*" Plaintiffs' Motion for Reconsideration at *3. That argument makes no sense and does not dictate reconsideration of the decision here for two reasons.

---

[3] Under Plaintiffs' unique statutory interpretation, virtually all Article 240 statutes (Offenses Against Public Order) under NYPL, which preface the requisite culpable mental state before the description of the actual prohibited conduct, would be invalid on their face.

5

First, Plaintiffs essentially argue that the Supreme Court in <u>Cameron</u> upheld a statute that was unconstitutionally vague on its face because it was constitutionally applied to "picketers intentionally engaged in conduct that violated the statute." However, if the challenged statute was unconstitutionally vague because it failed to provide "fair notice" of the illegal conduct, the Supreme Court would not -- and did not -- rely upon plaintiffs' conduct to reject a facial challenge. Rather, the Supreme Court held, as Your Honor did here, that "the statute clearly and precisely delineates its reach in words of common understanding." <u>Cameron</u>, 390 U.S. at 161. Second, Plaintiffs argue "since there is evidence that the persons subject to prosecution for 'obstruction in both Cameron and Arbeitman intended to engage in conduct that they knew was prohibited," those cases are not controlling here. Plaintiffs Motion for Reconsideration at *4. However, that argument presents an "as-applied" challenge to NYPL § 240.20(5). Your Honor, however, has already addressed this issue by referring to the notice required under subsection 6 of New York's disorderly conduct statute and Plaintiffs have amended their complaint to add an "as-applied" challenge to the statute. Thus, the Court should not reconsider its decision on this basis.

Plaintiffs' reliance on <u>Papineau v. Parmley</u>, 465 F.3d 46 (2d Cir. 2006) is also misplaced for two reasons. First, plaintiffs in <u>Papineau</u> did not challenge and the Second Circuit did <u>not</u> question the constitutionality of NYPL § 240.20(5). <u>Id.</u> at 55 ("Our review at this juncture is limited to 'circumstances where the qualified immunity defense may be established as a matter of law.'") Second, consistent with Your Honor's reasoning in denying Plaintiffs' facial challenge to NYPL § 240.20(5), the Second Circuit in <u>Papineau</u> found that where conduct falls short of obstruction or "imminent disorder," notice and opportunity to disperse may be required. <u>Id.</u> at 59-60. Finally, Plaintiffs mischaracterize the Second Circuit's holding in <u>Papineau</u>. Contrary to

Plaintiffs' argument, the Second Circuit held that under NYPL § 240.20(6) – not § 240.20(5) – state troopers could not disperse demonstrators without fair notice. Id. at 60. With respect to § 240.20(5), the Court held that the only question of fact was "whether the protestors, who allege that they merely walked onto the interstate to distribute leaflets explaining their protest, had the intent to obstruct or in fact obstructed traffic in such a manner as to have violated state law." Id. at 59.

The other authorities cited by Plaintiffs in support of their arguments also do not provide an appropriate basis for reconsideration of the Court's decision. In Terminiello v. Chicago, 337 U.S. 1, 3 (1949), the Supreme Court considered an "*as applied*" challenge to an Illinois breach of peace statute. In Lewis v. City of New Orleans, 415 U.S. 130, 131-34 (1974), the Supreme Court held a New Orleans ordinance unconstitutionally overbroad and facially invalid because it punished for *only spoken words*. In the Kolender v. Lawson, 461 U.S. 352, 353-54 (1983), Supreme Court held a California anti-loitering statute to be unconstitutionally vague because it required persons in the streets to provide "*credible and reliable*" identification when requested by a peace officer. In City of Chicago v. Morales, 527 U.S. 41, 51-56 (1999), the Supreme Court held that an anti-gang loitering ordinance[4] was unconstitutionally vague because it improperly authorized arrest on the basis of a person's *status as a "gang member" instead of their conduct and contained no mens rea requirement*. Here, NYPL § 240.20(5) clearly requires an intentional or reckless obstruction of vehicular or pedestrian traffic.

Moreover, in American-Arab Anti-Discrimination Comm. v. City of Dearborn, 418 F.3d 600, 609-10 (6th Cir. 2005), which was cited in Plaintiffs' initial set of briefs and which Your

---

[4] "(a) Whenever a police officer observes a person whom he reasonably believes to be a *criminal street gang member* loitering in any public place with one or more other persons, he shall order all such persons to disperse and remove themselves from the area

7

Honor considered and rejected, the Sixth Circuit *upheld* the constitutionality of the Michigan parading ordinance *and specifically rejected the plaintiff's First and Fourteenth Amendment challenges to the statute on vagueness grounds.* In City of Seattle v. Webster, 115 Wash.2d 635, 637 (Wash. Sup. Ct. 1990), the Supreme Court of the State of Washington specifically *upheld the constitutionality* of Seattle Municipal Code 12A.12.015(B)(1) (pedestrian interference ordinance)[5] against attacks of facial vagueness and overbreadth. The court reasoned that the ordinance "provides adequate notice to persons of common understanding concerning the behavior prohibited and specific intent required." Id. at 644.

In short, Plaintiffs have cited to no authorities that even suggest that the authorities cited by Your Honor are not controlling on the questions presented.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that the Court enter an Order denying Plaintiff's Motion for Reconsideration.

Dated: New York, New York
March 24, 2008

Respectfully submitted,

MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 3-165
New York, New York 10007
(212) 788-0467

By: _____
Raju Sundaran (RS 8011)
Assistant Corporation Counsel

---

[5] The relevant portion of SMC 12A.12.015 reads, in pertinent part, "a person is guilty of pedestrian interference if . . . [that person] intentionally: (1) Obstructs pedestrian or vehicular traffic."

8