UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TARASIK ABDELL, *et al.*,

                                  Plaintiffs,

      -against-

                                                        05 Civ. 8453 (RJS)(JCF)

THE CITY OF NEW YORK, *et al.*,

                                                        ECF Case

                                Defendants.
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE JANUARY 23, 2008 ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT TO FACIALLY CHALLENGE N.Y. PENAL LAW § 240.20(5)

ALAN LEVINE, Esq.
99 Hudson Street, 14th Floor
New York, New York 10003
(212) 739-7506

MICHAEL L. SPIEGEL, Esq.
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558

*Attorneys for Plaintiffs*

Plaintiffs have moved for reconsideration of the Court's January 23, 2008 Order denying plaintiffs' proposed amendment challenging the constitutionality of subsection 5 of New York's disorderly conduct statute, Penal Law §240.20(5). Plaintiffs' amendment asserted that subsection 5 was unconstitutionally vague in that it did not require either specific evidence of intent or an order to disperse before arrest. In their motion for reconsideration, plaintiffs argued that the Court overlooked controlling decisions of law, principally Papineau v. Parmley, 465 F.3d 46 (2d Cir. 2006), a decision that required a warning to protesters before they could be arrested under § 240.20(5).

In their Memorandum of Law In Opposition ("Defs. Mem."), defendants argue that reconsideration should be denied because plaintiffs have not met the standard for reconsideration under Local Rule 6.3. That standard, as defendants correctly note, requires that the motion point to "controlling decisions" that the court has overlooked. Defendants argue that Papineau is not such a decision because it did not present a constitutional challenge to subsection 5. Defs. Mem. at 6. It is not clear what the defendants mean, since the Papineau defendants did challenge the constitutionality of their arrests. In any event, we believe the discussion in Papineau following the heading **"The absence of a dispersal order violated First Amendment rights,"** ibid, at 60 (emphasis in original), amply conveys the court's view about the constitutional requirement of a warning before arrests can be made under § 240.20(5).

Defendants also cite a large number of cases in which the New York courts have purportedly upheld New York's disorderly conduct statute against constitutional challenge. Defs. Mem. at 4. There are two responses. First, all of those cases precede the decisions in Papineau and the Supreme Court's decision in City of Chicago v. Morales, 527 U.S. 41, 58 (1999). Second, perhaps more importantly, not one of the New York cases cited by defendants

considered claims that subsection 5 of the disorderly conduct was unconstitutionally vague.

Finally, defendants, citing People v. Tichenor, 89 N.Y.2d 769, 775 (1997), argue that an intent requirement has been read into subsection 5. Defs. Mem. at 5. In fact, Tichenor read "a culpable mental state," ibid. at 775, only into subsection 3, concerning the use of "abusive or obscene language." Neither Tichenor nor any other case has suggested that subsection 5 does not mean what it says, which is that no warning or dispersal order is required before a person may be charged with obstructing a sidewalk.

Defendants also seek to distinguish the other cases cited by plaintiffs. We think it unnecessary to say more about those cases than we have said in our earlier brief.

                              Respectfully submitted,

                              _____/s/_____

                              ALAN LEVINE
                              99 Hudson Street, 14th Floor
                              New York, New York 10003
                              (212) 739-7506

                              MICHAEL L. SPIEGEL (MS-0856)
                              111 Broadway, Suite 1305
                              New York, New York 10006
                              (212) 587-8558

Dated:     New York, New York
             March 31, 2008          *Attorneys for Plaintiffs*