# EXHIBIT A



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

### SUBMITTED UNDER SEAL: REFERENCES CONFIDENTIAL INFORMATION

January 22, 2008

### BY FACSIMILE (W/O EXHIBITS) AND HAND DELIVERY

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

Re:   **Abdell, et al., v. City of New York, et al.** 05 CV 8453 (RJS) (JCF)

Dear Judge Francis:

The following sets forth the discovery issues in the captioned matter.[1] The legal argument supporting the relief requested herein is set forth in the accompanying letter under my signature.

**I.   Discovery of Plaintiffs' Mental Health Histories.**

> Plaintiffs D'Ornellas, Hernandez, Hunt, McGee, Meisinger, Riverbend, and Scofield Have Not Provided the Required Releases for their Mental Health Treatment so their Emotional Distress Claims Should be Dismissed.

1. D'Ornellas, Susan – plaintiff D'Ornellas has alleged emotional distress damages as a result of her RNC arrest and detention. D'Ornellas indicated she was prescribed mental health medications by one of her general medical providers but

---

[1] Defendants reserve the right to supplement this application after they receive the deposition transcripts for plaintiffs such as Ed Hedemann, who have only recently been deposed.

Hon. James C. Francis IV
January 22, 2008
Page 2 of 10

    failed to provide a release for that provider. Accordingly, her emotional distress claims should be dismissed with prejudice.[2]

2. Hernandez, Kathleen – plaintiff Hernandez has alleged emotional distress damages as a result of her RNC arrest and detention. Hernandez indicated one of her medical providers (Dr. Waneka) prescribed mental health medication yet Hernandez failed to provide a release for Dr. Waneka. Accordingly, her emotional distress claims should be dismissed with prejudice.[3]

3. Hunt, Benjamin -- plaintiff Hunt has alleged emotional distress damages as a result of his RNC arrest and detention. Hunt provided a release for Park Nicollet Health Services but failed to provide a pharmaceutical releases related to his mental health prescriptions. Accordingly, Hunt's emotional distress claims should be dismissed with prejudice.[4]

4. McGee, Ryan – plaintiff McGee has alleged emotional distress damages as a result of his RNC arrest and detention. McGee received mental health treatment and was prescribed mental health medications by a provider identified as "Patibanda, Sugna" in his pharmacy records. McGee has not provided a release for the records of this provider. Accordingly, McGee's emotional distress claims should be dismissed with prejudice.[5]

5. Meisinger, Barbara Ann – plaintiff Meisinger has alleged emotional distress damages as a result of her RNC arrest and detention. Meisinger indicated she utilized pharmacies to obtain mental health medication but failed to provide any pharmacy releases. Accordingly, her emotional distress claims should be dismissed with prejudice.[6]

---

[2] See Second Amended Complaint at ¶¶ 36, 38, and 40. ("As a result of the foregoing [arrest and detentions], plaintiffs . . . suffered . . . emotional distress and psychological injury [and] great humiliation"). Plaintiff's Second Amended Complaint is attached as Ex. A. See also Letter from Michael L. Spiegel dated April 27, 2007 indicating D'Ornellas has failed to provide a release for one of her providers that prescribed mental health prescriptions. A copy of Mr. Spiegel's April 27, 2007 Letter is attached as Ex. B.

[3] See Ex. A; see also Ex. B (indicating Hernandez received mental health treatment from a general medical provider. H). Defendants believe this provider is Dr. Waneka based on pharmacy records plaintiff provided.

[4] See Ex. A; see also Ex. B (indicating Hunt utilized pharmacies to obtain mental health prescriptions).

[5] See Ex. A; see also Ex. B (indicating McGee received mental health treatment); selections of McGee's pharmacy records are attached as Ex. C (indicating a doctor named Patibanda, Sugna prescribed mental health medications).

[6] See Ex. A; see also Ex. B (indicating Meisinger had not yet provided a pharmacy release).

2

Hon. James C. Francis IV
January 22, 2008
Page 3 of 10

6. Riverbend, Deborah – plaintiff Riverbend has alleged emotional distress damages as a result of her RNC arrest and detention. Riverbend testified that she sought mental health treatment and was prescribed Zoloft yet failed to provide medical or pharmaceutical releases related to this treatment. Accordingly, Riverbend's emotional distress claims should be dismissed with prejudice.[7]

7. Scofield Steven – plaintiff Scofield has alleged emotional distress damages as a result of her RNC arrest and detention. Scofield indicated he utilized pharmacies to obtain mental health medication but failed to provide any pharmacy releases. Accordingly, his emotional distress claims should be dismissed with prejudice.[8]

## II. Discovery of Plaintiffs' Non-RNC Arrests.

Plaintiffs Burick, Eckberg, Gamboa, Glick, Kavanagh, Kinane, Miller, Riverbend, and San Marchi Have Not Provided Releases for their Non-RNC Arrests so their Claims Should be Dismissed.

1. Burick, Kathleen – Burick refused to provide releases for her arrest in San Francisco. Because this arrest was demonstration related, Your Honor dismissed Burick's false arrest claim in an Order dated December 19, 2007. The Court did not address the dismissal of Burick's emotional distress claims in that Order. However, because all arrests are also relevant to plaintiff's emotional distress claims, Burick's emotional distress claims should also be dismissed.[9]

2. Eckberg, Steven – Eckberg refused to provide releases related to criminal proceedings levied against him in Vermont. Your Honor dismissed Eckberg's false arrest claim in an Order dated December 19, 2007. The Court did not address the dismissal of Eckberg's emotional distress claims in that Order. However, because all arrests are also relevant to plaintiff's emotional distress claims, Eckberg's emotional distress claims should also be dismissed.[10]

---

[7] See Ex. A. See also Riverbend's June 7, 2007 deposition transcript at pp. 301-302. Selections of Riverbend's deposition transcript are attached as Ex. D.

[8] See Ex. A; see also Ex. B (indicating Scofield had not yet provided a pharmacy release).

[9] See Letter from Michael L. Spiegel dated October 26, 2007 indicating Burick and numerous other plaintiffs "declined to provide releases for their arrests." A copy of Mr. Spiegel's October 26, 2007 Letter is attached as Ex. E. See also Your Honor's December 19, 2007 Order attached as Ex. F.

[10] See Ex. E (indicating Eckberg "decline[s]" to provide a release for his Vermont arrest). See also Ex. F.

3

Hon. James C. Francis IV
January 22, 2008
Page 10 of 10

      6.    grant such further relief as it deems just and proper.

                                       Respectfully submitted,

                                       /s/

                                       Jeffrey A. Dougherty

cc:    Michael L. Spiegel, Esq.