# EXHIBIT B

THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

**SUBMITTED UNDER SEAL: REFERENCES CONFIDENTIAL INFORMATION**

February 29, 2008

**BY HAND**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

   Re: <u>Abdell, et al. v. City of New York, et al.</u>, 05 Civ. 8453 (RJS)(JCF)

Dear Judge Francis:

  I write in response to defendants' January 22, 2008 application to dismiss some plaintiffs' claims in this action, and for other relief, on the grounds of alleged deficiencies in their discovery responses.

  Defendants' motion should be denied in its entirety because defendants refused to meet and confer prior to filing it. On the merits, many applications claiming that documents or releases were not provided should be denied because plaintiffs provided them long ago, before plaintiffs' depositions. In all other cases, with the exception of one plaintiff who has declined to provide a mental health treatment release, they should be denied because the documents and releases have been produced since plaintiffs' depositions.

**Defendants' Motion Should be Denied Because Defendants Refused Plaintiffs' Request to Meet and Confer Regarding Discovery Issues**

  The Court issued an Order on November 26, 2007 requiring the parties to make motions "relating to a party deposition" by January 15, 2008 (later extended to January 22, 2008). On January 4 and January 9, 2008 I proposed to Mr. Dougherty that the parties meet and confer regarding the specific discovery which defendants sought in the <u>Abdell</u> and <u>Adams</u> cases. I received no response to the meet-and-confer proposal.

  On January 10, 2008 I wrote Mr. Dougherty regarding discovery requests that had been listed in transmittal letters defendants had provided with each plaintiff's deposition transcript, requesting more careful description of discovery actually sought but not received:

   I write to follow up on our conversations on January 4, 2008, and January

4. <u>McGee, Ryan</u>: Defendants allege that plaintiff "received mental health treatment and was prescribed mental health medications by a provider identified as 'Patibanda, Sugna' in [her] pharmacy records. McGee has not provided a release for the records of this provider." This is not true. Defendants obtained all records relating to treatment by Dr. Patibanda long before plaintiff's deposition. Dr. Patibanda was employed by another doctor, Dr. Yezdani, who was plaintiff's primary care physician. Any records of plaintiff's treatment by Dr. Patibanda are maintained by Dr. Yezdani, a fact which I personally confirmed with Dr. Yezdani's office. Plaintiff provided a release for Dr. Yezdani, and defendants used that release to subpoena records from Dr. Yezdani on April 5, 2007, seven months before plaintiff's deposition on November 1, 2007.[7] The records obtained by the subpoena to Dr. Yezdani contain all records relating to plaintiff's treatment by Dr. Patibanda.

5. <u>Meisinger, Barbara Ann</u>: Defendants allege that plaintiff "indicated she utilized pharmacies to obtain mental health medication but failed to provide any pharmacy releases." This is not true. Plaintiff produced a copy of her pharmacy records on May 9, 2007, long before her deposition on June 28, 2007.[8] Plaintiff produced redacted pharmacy records, rather than a release, in reliance upon this Court's May 17, 2006 Memorandum and Order in <u>Jarick</u> (see response for plaintiff Hunt, above).

6. <u>Riverbend, Deborah</u>: Plaintiff Riverbend declines to provide releases for any prior mental health treatment she may have received. Plaintiff objects to the dismissal of her claims for emotional distress for the reasons set forth in the February 9, 2007 Reply Memorandum in Support of Plaintiffs' Objections, Pursuant to Rule 72, F.R.Civ.P., to Magistrate Judge Francis' Order Dismissing Claims for Mental and Emotional Injury in <u>Abdell v. City of New York</u>, 05 Civ. 8453 (RJS)(JCF).[9]

Plaintiff emphasizes that she does not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct, and her mental suffering and emotional distress claim covers a period of limited duration, primarily occurring during the time of her arrest and incarceration. Furthermore, the plaintiff will not offer any evidence at trial from a treating mental health provider or an expert.

The reasoning in <u>Kerman v. The City of New York</u>, 374 F.3d 93, 125 (2d Cir. 2004), leads to the conclusion that a plaintiff need not produce treatment records in the circumstances

---

[7]The April 5, 2007 City subpoena directed to Dr. Yezdani for plaintiff McGee's records, with accompanying release, is attached as Exhibit G.

[8]The May 9, 2007 transmittal letter for plaintiff Meisinger's pharmacy records is attached as Exhibit H.

[9]The February 9, 2007 Reply Memorandum on the Rule 72 motion concerning plaintiffs who have declined to provide releases for mental health records is attached as Exhibit I.

5

presented here. Kerman held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." Kerman, 374 F.3d at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" Id. at 125. In every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not*. Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it.

Since the briefing of this issue on the original Rule 72 application in Abdell, wherein plaintiffs relied upon Greenberg v. Smolka, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006), other decisions in this district have come to the same conclusion. In Kunstler v. The City of New York, 242 F.R.D. 261, 2007 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2007) (Sweet, J.), plaintiffs resisted turning over psychological records concerning "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." Id. at *5. That is exactly the kind of emotional injury plaintiff herein is claiming. The Court, upholding Magistrate Judge Dolinger's Memorandum and Order, held that the defendants

> had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe*, represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)*, as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)*, is compelling.

Id. at *6. For the foregoing reasons, incorporating by reference the arguments set forth in Exhibit I, defendants' application to dismiss the emotional distress damages claims of plaintiff Riverbend should be denied.

7. Scofield, Steven: Defendants allege that plaintiff "indicated he utilized pharmacies to obtain mental health medication but failed to provide any pharmacy releases." This is not true. Plaintiff produced a copy of his pharmacy records on May 9, 2007, long before his deposition on November 8, 2007.[10] Plaintiff produced redacted pharmacy records, rather than a release, in reliance upon this Court's May 17, 2006 Memorandum and Order in Jarick (see response for

---

[10] The May 9, 2007 transmittal letter for plaintiff Scofield's pharmacy records is attached as Exhibit H.

6

Conwell, Kantor, Knapp, Nicinski, Palmer and Stephens).

Defendants' application should be denied because there is no requirement that plaintiffs' claims for economic or special damages be supported by any documentary evidence, and it is for the jury to determine the weight to be given to the proof – documentary and otherwise – that plaintiffs do offer.

In the alternative, defendants seek preclusion of any later-produced documentary evidence in support of plaintiffs' claims. Defendants' alternative application is premature.

**Plaintiffs Have Produced All Existing Documents Demanded by Defendants**

1. Ekberg, Steven: Defendants allege that plaintiff Ekberg "failed to produce requested originals of the photographs that were marked as Exhibit G at his deposition and any remaining photographs he took on the date of his arrest that had not been produced before his deposition." Defendants do not dispute that plaintiff Ekberg produced *copies* of the photographs in a timely fashion; they now seek "originals." In response, plaintiff produced glossy color 4X6 copies of the previously produced photographs on February 12, 2008.[16]

2. Gamboa, Steven: Defendants have requested a DVD edited by plaintiff Gamboa that contained footage of RNC protests taken by other persons. Plaintiff Gamboa produced the requested DVD on February 12, 2008.[17]

Respectfully submitted,

Michael L. Spiegel

cc: A.C.C. Jeffrey A. Dougherty (by hand)

---

[16]The February 12, 2008 transmittal letter for plaintiff Ekberg's photos is attached as Exhibit E.

[17]The February 12, 2008 transmittal letter for plaintiff Gamboa's DVD is attached as Exhibit E.

9