```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
TARASIK ABDELL, et al.,              :    05 Civ. 8453 (RJS) (JCF)
                                     :
              Plaintiffs,            :
                                     :
     - against -                     :         MEMORANDUM
                                     :         AND  ORDER
THE CITY OF NEW YORK, et al.,        :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

    This is one of many cases involving claims of civil rights violations arising out of arrests made during the Republican National Convention (the "RNC") in 2004. On August 30, 2007, as the statute of limitations was about to run, the plaintiffs moved for leave to file a Third Amended Complaint. Among other changes, the plaintiffs sought to add a facial constitutional challenge to subsection 5 of New York's disorderly conduct statute, New York Penal Law ("NYPL") § 240.20. I denied leave to amend on the ground that such a claim would be futile. (Memorandum and Order dated January 23, 2008 ("January 23 Order") at 17-20). The plaintiffs have now moved pursuant to Local Rule 6.3 for reconsideration of my January 23 Order with respect to this determination.

    In general, reconsideration will only be granted if "the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader

v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. In addition, the moving party may not use such a motion to "advance new facts, issues or arguments not previously presented to the Court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); see also Bank Leumi Trust Co. of New York v. Istim, Inc., 902 F. Supp. 46, 48 (S.D.N.Y. 1995).

The plaintiffs contend that reconsideration is warranted because NYPL Section 240.20(5) does not require that a person obstruct traffic intentionally, and thus, the statute is unconstitutionally vague. However, while the plaintiffs argued that the statute was unconstitutionally vague in their briefing of the motion to amend, they did so on the grounds that the statute "did not define what is meant by 'obstructing.'" (Reply Memorandum of Law in Support of Motion for Leave to File a Second Amended Class Action Complaint ("MacNamara and Abdell Reply") at 17). To the extent that the plaintiffs' motion for reconsideration attempts to offer a new argument in support of amendment, that argument is foreclosed by Rule 6.3. See Davidson, 172 F. Supp. 2d at 461.

To the extent that the plaintiffs' contention is an extension of their original argument, reconsideration is not warranted because plaintiffs' counsel have not pointed to any controlling law or facts that would serve as the basis for altering my determination. The plaintiffs' rely principally on the Second Circuit's decision in Jones v. Parmley, 465 F.3d 46 (2d Cir. 2006), for the proposition that arrests made pursuant to NYPL Section

2

240.20 without a dispersal order are unconstitutional. But in Jones, the plaintiffs challenged the manner by which the NYPD applied the disorderly conduct statute; the facial constitutionality of the statute was not at issue. Morever, the Jones court expressly noted that New York courts had defined NYPL Section 240.20(5) to require "more than merely inconvenienc[ing] pedestrian or vehicular traffic." Id. at 59 (collecting state court cases). The court also referred to the requirement under Section 240.20 that the arrestee have acted with a mental state greater than negligence. Id. (noting that Section 240.20 requires that the conduct be intentional or reckless and questioning whether protesters "had the intent to obstruct"); see also People v. Tichenor, 89 N.Y.2d 769, 775, 658 N.Y.S.2d 233, 236 (1997) ("[T]he disorderly conduct statute . . . applies to words and conduct reinforced by a culpable mental state.").[1] It was this limiting construction that led the court in Jones to conclude that the protesters were unlikely to have violated Section 240.20(5) and were thus entitled to an order of dispersal before being arrested. The same limiting construction informed my conclusion that the appropriate vehicle for the plaintiffs' objections to Section 240.20 was to challenge the application of the statute during the RNC rather than to mount a facial challenge to Section 240.20

---

[1] While the plaintiffs are correct that Tichenor addressed a constitutional challenge to subsection 3 of Section 240.20, not subsection 5, the "culpable mental state" requirement that the New York Court of Appeals read into the statute applies to all subsections of Section 240.20. See N.Y. Penal Law § 240.20.

3

itself.

    Accordingly, the plaintiffs' motion for reconsideration of my January 23 Order is denied. The plaintiffs have already filed a Third Amended Complaint pursuant to that Order, and therefore no further action is necessary.

SO ORDERED.

                 /s/ James C. Francis IV
                JAMES C. FRANCIS IV
                UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
            June 25, 2008

Copies mailed this date:

Alan Levine, Esq.
99 Hudson Street, 14th Floor
New York, New York 10003

Michael L. Spiegel, Esq.
111 Broadway, Suite 1305
New York, New York 10006

Raju Sundaran, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

---

[2] The plaintiffs have also directed the Court's attention to a recent case from the Southern District of Florida, Miami for Peace, Inc. v. Miami-Dade County, No. 07-21088-CIV (S.D. Fla. June 4, 2008). However, this decision does not represent controlling law as required by Local Rule 6.3. Moreover, the potentially "exceedingly broad" meaning of the words "hinder or impede" in the loitering ordinance challenged there, id., slip op. at 10, contrasts noticeably with the word "obstruct" in Section 240.20 as it has been interpreted by the courts of New York. See Jones, 465 F.3d at 59; People v. Pearl, 66 Misc. 2d 502, 502-03, 321 N.Y.S.2d 986, 987 (1st Dep't 1971) (specifying that "obstructing" means more than a temporary inconvenience).