UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



TARASIK ABDELL, *et al.*,

                    Plaintiffs,

   -v-

CITY OF NEW YORK, *et al.*,

                    Defendants.

No. 05-cv-8453 (RJS)
<u>OPINION AND ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

Between June 23, 2014 and July 1, 2014, the Court held a jury trial as to damages only, at which the jury awarded the four Plaintiffs $40,000 each in compensatory damages, plus $25,000 total in punitive damages. (*See* Doc. No. 372 (Jury Verdict, dated July 1, 2014 ("Verdict Form")).) Now before the Court are the Plaintiffs' attorneys' motions for attorneys' fees pursuant to 42 U.S.C. § 1988. (Doc. Nos. 404 & 411.) For the reasons set forth below, the Court approves the applications for attorneys' fees as modified in this Opinion and Order.

I. BACKGROUND

The Court assumes the parties' familiarity with the background of this case and summarizes only those facts relevant to this Order. Plaintiffs filed this case on September 30, 2005, alleging violations of their constitutional rights in connection with mass arrests at demonstrations relating to the 2004 Republican National Convention, held in New York City, in violation of 42 U.S.C. § 1983. (Doc. No. 1.) After consolidating this case with dozens of related cases (collectively, the "RNC Cases"), on September 30, 2012, the Court granted summary judgment as to liability only on Plaintiffs' false arrest claims. (Doc. No. 309.) On February 14, 2014, the Court entered a stipulation and order of dismissal, dismissing with prejudice all of the Plaintiffs' remaining claims

except the false arrest claim, and dismissing all of Plaintiffs' claims for attorneys' fees and costs through December 9, 2013. (Doc. No. 334.)   On March 12, 2014, after being informed of a settlement involving many of the Plaintiffs in the RNC Cases, the Court dismissed the RNC Cases with the exception of the claims brought by nine plaintiffs, including the four remaining Plaintiffs in this action. (Doc. No. 335.)   Accordingly, all that remained pending in this action after the February 14 and March 12 Orders were (1) the issue of damages as to the four remaining Plaintiffs' false arrest claims, and (2) any claims for attorneys' fees and costs for activity post-dating December 9, 2013.

The Court held a jury trial on damages from June 23, 2014 to July 1, 2014, after which the jury awarded each of the four Plaintiffs $40,000 in compensatory damages, and found Defendant Terrence Monahan liable for $25,000 total in punitive damages. (*See* Verdict Form.)   After the Court denied Defendants' motion to set aside the verdict and for a new trial (Doc. No. 403), Plaintiffs' attorneys filed their motions for attorneys' fees and costs on August 15, 2014 (Doc. Nos. 404 & 411).   As two sets of lawyers prepared for and were present at trial, two briefs in support of attorneys' fees were submitted.  Specifically, the lawyers for Plaintiffs Ekberg, Gale, and Siegel – that is, Norman Best, Alan Levine, Michael Spiegel, Susan Douglas Taylor, and Martin Stolar (the "Original Counsel") – filed one brief (Doc. No. 409 ("Original Counsel Br.")), with supporting declarations, and the lawyers for Plaintiff St. Laurent – the law firm of Harris O'Brien, St. Laurent and Chaudhry LLP (the "Harris O'Brien Counsel") – filed a separate brief (Doc. No. 415), with supporting declarations.  The Original Counsel seek attorneys' fees in the aggregate amount of $532,075 and costs in the amount of $14,107.54, for a total of $546,182.54. (Doc. 427.)  The Harris O'Brien Counsel seek attorneys' fees in the amount of $226,278.75 and costs in the amount of $9,141.97, for a total of $235,600.57. (Doc. No. 426.)  Thus, Plaintiffs' counsel seek a combined $781,783.11 in fees and costs from Defendants.  Defendants argue that the hourly rates proposed by

2

Plaintiffs are too high, and that in addition to lowering these rates and making certain line item adjustments, the Court should impose a reduction of at least 50% of the total fees across the board. (Doc. No. 435 ("Opp'n").)  The motions for costs and attorneys' fees were fully briefed on October 3, 2014, after both sets of Plaintiffs' counsel filed reply briefs.  (Doc. Nos. 426–28.)

## II. Discussion

United States Code Title 42, Section 1988 provides that a Court may award attorneys' fees and costs to a prevailing party in an action under § 1983.  In determining the appropriate amount of attorneys' fees, the Court must start with a calculation of the lodestar, "the number of hours reasonably expended by each attorney multiplied by the appropriate hourly rate for that attorney." *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09-cv-7830 (RJS), 2012 WL 5177491, at *2 (S.D.N.Y. Oct. 19, 2012), *aff'd*, 533 F. App'x 1 (2d Cir. 2013).  "A court may adjust the lodestar, in rare circumstances, when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Berrian v. City of New York*, No. 13-cv-1719 (DLC), 2014 WL 6604641, at *4 (S.D.N.Y. Nov. 21, 2014).  "In determining what fee is reasonable, the court takes account of claimed hours that it views as excessive, redundant, or otherwise unnecessary," and "may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."  *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (internal quotation marks omitted).  The Court "must bear in mind all of the case-specific variables that courts have identified as relevant, including the reasonable hourly rate a paying client would be willing to pay, bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Canada Dry Delaware Valley Bottling Co. v. Hornell Brewing Co.*, No. 11-cv-4308 (PGG), 2013 WL 6171660, at *1 (S.D.N.Y. Nov. 25, 2013) (alterations and internal quotation marks omitted).

"Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Sprint Commc'ns Co. L.P. v. Chong*, No. 13-cv-3846 (RA), 2014 WL 6611484, at *6 (S.D.N.Y. Nov. 21, 2014) (alterations and internal quotation marks omitted). Where the Court determines that a reduction is appropriate because not all hours were "reasonably expended," but the fee petitions are voluminous, an "across-the-board percentage cut in hours can be employed" to reduce the award. *Lumen View Tech., LLC v. Findthebest.com, Inc.*, No. 13-cv-3599 (DLC), 2014 WL 5389215, at *3 (S.D.N.Y. Oct. 23, 2014). In determining a reasonable hourly rate for the lodestar calculation, the Court looks to "hourly rates prevailing in the district for similar services provided by attorneys with comparable skill and experience." *Sprint*, 2014 WL 6611484, at *6; *see also Bank v. Ho Seo*, No. 06-cv-15445 (RLE), 2009 WL 5341672, at *4 (S.D.N.Y. Dec. 16, 2009), *report and recommendation adopted as modified*, No. 06-cv-15445 (LTS), 2010 WL 129681 (S.D.N.Y. Jan. 13, 2010) ("[A] court must multiply the number of hours expended by each attorney involved in each type of work on the case by the hourly rate normally charged for similar work by attorneys of like skill in the area." (internal quotation marks omitted)).

As a threshold matter, there is no doubt here that Plaintiffs are prevailing parties for purposes of § 1988, and thus are entitled to attorneys' fees. Accordingly, the Court looks to the hourly rates proposed and the hours expended by the attorneys to determine how much they should be awarded.

### A. Hourly Rates

The Original Counsel propose hourly rates of $650 for Siegel, Levine, and Stolar, and $375 for Taylor and Best. The Harris O'Brien Counsel propose hourly rates of $600 for Priyha Chaudhry, $625 for Jonathan Harris, $500 for Jim Keneally, $395 for three associates who worked on the case, $500 for Of Counsel attorney Beth Farber, and $100 for one office manager and one

4

paralegal.   "'[C]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time.'" *DeCurtis v. Upward Bound Int'l, Inc.*, No. 09-cv-5378 (RJS), 2011 WL 4549412, at \*8 (S.D.N.Y. Sept. 27, 2011) (quoting *Lanzetta v. Florio's Enters., Inc.*, No. 08-cv-6181 (DC), 2011 WL 3209521, at \*7 (S.D.N.Y. July 27, 2011); *see also Greene v. City of New York*, No. 12-cv-6427 (SAS), 2013 WL 5797121, at \*3 (S.D.N.Y. Oct. 25, 2013) (same).

With respect to the rate proposed for Siegel, Levine, and Stolar, the Original Counsel assert that $650 is reasonable because attorneys' fees in the § 1983 context have been "increasing over time." (*See* Doc. No. 427 ("Original Counsel Reply") at 2).  They cite to a case in which an hourly rate of $650 was approved, *see Long v. The City of New York*, No. 09-cv-6099 (AKH), Doc. No. 39 (S.D.N.Y. Aug. 6, 2010), reference other cases awarding $600 per hour, and attach declarations from other lawyers familiar with their work, attesting to their skill and to the reasonableness of the rate. (*See id.*)  Additionally, Spiegel's declaration indicates that $650 is the rate he customarily charges clients, and that he was asked by his co-counsel to be lead counsel in this case. (*See* Declaration of Michael L. Spiegel, dated August 14, 2014, Doc. No. 418, ¶¶ 23 & 48.)  Having presided over this case for the better part of a decade – including the six days of trial leading to the instant petitions – and reviewed the declarations from third-party attorneys submitted in support of the fee applications, the Court recognizes the skill and experience of Spiegel, Levine, and Stolar. Accordingly, because (1) fee awards in this District have been "increasing over time," *see DeCurtis*, 2011 WL 4549412, at \*8, (2) Spiegel's customary rate to billed clients is $650 per hour, and (3) Spiegel served as lead counsel for the Plaintiffs, the Court finds that $650 is a reasonable hourly rate for Spiegel.  However, in light of the fact that $650 is at the top of the range of rates awarded

5

for § 1983 cases in this District, the Court will reduce the hourly rate for the work performed by Levine and Stolar to $600.

As to Taylor and Best, the Court finds that $375 is a reasonable rate considering the extent of their experience – they have been practicing attorneys for 31 and 28 years, respectively – and skills. Plaintiffs also propose adjusting Best's rate to $100 per hour for the hours he spent editing video, using the rate charged by the video technician retained by Plaintiffs in preparation for trial. However, in so adjusting, Plaintiffs merely cut Best's hours in half and billed half of his hours at $375 and half of his hours at $100, even though this would result in 45.5 additional hours of video editing time being billed at the higher rate.[1]  The apparent justification for retaining a higher rate for a portion of Best's editing time is that the work "inextricably intertwined attorney's work and technical work." (Original Counsel Br. at 12.)  However, Plaintiffs have offered no support for the suggestion that the video editing duties performed by Best involved the "attorney's judgment" they contend it involved, and so the Court reduces Best's rate to $100 for all 224.2 hours he spent editing video. Additionally, because Plaintiffs do not contest Defendants' assertion that Best's role at trial was limited to playing video from his laptop (see Opp'n at 8–9), the Court reduces the hourly rate for the 40.5 hours he billed at trial to $100 as well. Accordingly, an additional 86 of Best's hours – for a total of 264.7 out of his 360.5 hours – will be billed at $100 per hour rather than $375 per hour.

Regarding the Harris O'Brien Counsel, Defendants assert that the proposed rates are too high because Chaudhry and her co-counsel are primarily criminal lawyers, and there is no evidence that they have any experience in litigating § 1983 cases. The Harris O'Brien Counsel assert that this lack of familiarity with § 1983 is irrelevant because the case involved a trial as to damages

---

[1] Defendants' opposition asserts that there are "about" 230 hours in Best's billing that can be attributed to video editing. (Opp'n at 8.)  Upon review, the Court finds 224.2 such hours.

6

only, and did not involve litigating constitutional violations more generally.  However, the damages

issues central to this case were much the same as the liability issues, especially in light of the fact

that Plaintiffs sought punitive damages and thus focused at trial on specific conduct and the parties'

motivations.  Because one of the central factors in determining a reasonable hourly rate is the rate

"normally charged for similar work by attorneys of like skill *in the area*," *see Bank*, 2009 WL

5341672, at *4 (emphasis added), the Harris O'Brien Counsel's lack of experience in litigating §

1983 claims is relevant to the determination of a reasonable rate.  Nonetheless, the Court also

recognizes the experience and skill of the Harris O'Brien Counsel.  Accordingly, the hourly rates

for work done by Harris O'Brien Counsel shall be as follows:  $550 for Chaudhry; $575 for Harris;

$500 for Keneally; $350 for the associates, Charlemagne, Valeinto, and Sakin; $400 for Farber; and

$100 for the office manager[2] and paralegal.

## B.  Hours Expended

Defendants also assert that the hours billed by Plaintiffs' lawyers are unreasonable because

certain entries are vague or contain block billing, and certain entries are duplicative.  Block billing

is "not prohibited in this Circuit as long as the Court can determine the reasonableness of the work

performed," and "billing descriptions that are fairly general, including terms such as 'case

preparation' or 'meeting' may be sufficiently concrete, when viewed in context, to permit the court

to make a judgment about the reasonableness of the total hours claimed."  *Zimmerman v. Portfolio

Recovery Assocs., LLC*, No. 09-cv-4602 (PGG), 2013 WL 6508813, at *11 (S.D.N.Y. Dec. 12,

2013) (alterations omitted).  Having reviewed the billing records submitted by each attorney

involved here, the Court finds that the entries are not unreasonably vague or general.  Indeed, to the

---

[2] Of course, "office managers" are not typically accounted for in awarding attorneys' fees, as they are part of a firm's normal overhead.  However, the office manager here was functioning in the role of a paralegal for her two total billed hours. (*See* Declaration of Priya Chaudhry, dated Aug. 15, 2014, Doc. No. 414, Ex. 1 (hours invoice, reflecting 2 hours billed by Eunice Kim for "purchasing presentation items and presenting the presentation technology"); *cf. Lavin-McEleney v. Marist Coll.*, No. 96-cv-4081, 1999 WL 33500070, at *4 (S.D.N.Y. Sept. 28, 1999).

limited extent there is *any* block billing in the records, it is for temporally short entries combining related tasks, and the Court has little difficulty understanding the entries in context and finding the hours reasonable.  Additionally, the only vague entries are those for "trial preparation" in the period immediately preceding trial, which the Court finds sufficiently concrete in context to adjudge reasonable.

However, with respect to Defendants' request that the Court reduce the hours based on duplication and excessive staffing, the Court finds that some reduction is necessary.  "In assessing the extent of staffing . . . appropriate for a given case, a district court must be accorded ample discretion." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).  "The guiding principle to determine whether redundancy has occurred is the degree of effort reasonably needed to prevail in the litigation." *Union Cent. Life Ins. Co. v. Berger*, No. 10-cv-8408 (PGG), 2013 WL 6571079, at *6 (S.D.N.Y. Dec. 13, 2013) (internal quotation marks omitted).  Here, the Court concludes that the presence of four Original Counsel at trial – not counting Best, whose hourly rate for time spent at trial has been reduced to $100 to account for his non-attorney role (*see supra* Section II.A) – was not necessary to represent the interests of Ekberg, Gale, and Siegel.  Of course, all Original Counsel had a right to attend the trial, but that does not mean that they have a right to be compensated for their time there.  In light of the fact that Spiegel, as lead counsel, conducted the overwhelming majority of the examinations and arguments at trial, the Court finds that no more than two attorneys were necessary.  Accordingly, the Court treats Levine, Stolar, and Taylor as having divided the second-chair duties at trial, and reduces each of their hours to account for that split.  Because Spiegel billed for 46 hours at trial, and Levine, Stolar, and Taylor combined to bill 116.1 trial hours, in order to divide the 46 hours of second chair trial time between the three lawyers splitting those duties, the Court divides the trial hours of each of

8

Levine, Stolar, and Taylor by 2.5.[3]   As lead counsel, Spiegel shall receive 100% of his lodestar amount for trial hours.

Additionally, as to the hours spent preparing for trial, in light of the fact that twelve lawyers worked on this case, it is only natural that there is some duplication of work reflected in the billing records here.   Accordingly, the Court finds that it is necessary to make an across-the-board reduction of non-trial fees in order to "trim the fat" from the fee request.  *Greene*, 2013 WL 5797121, at *6.   The Original Counsel acknowledge this need and the inevitability of some duplication, and propose an across-the-board reduction of 17% from the fees of the Original Counsel, while the Harris O'Brien Counsel assert that no such reduction is necessary.   After carefully reviewing the billing records of all the lawyers involved here, the Court finds that a 25% reduction in the hours of both the Original Counsel and the Harris O'Brien Counsel for the time spent preparing for this litigation would appropriately "trim the fat" from the fee award. Accordingly, the Court reduces all non-trial hours by 25%.[4]

## C. "Limited Success"

Defendants also assert that the attorneys' fees award should be reduced "because of the limited success obtained" at trial.  (Opp'n at 21.)   However, it can hardly be argued that a $185,000 damages award among the four Plaintiffs constitutes "limited" success.   The mere fact that the ultimate damages award was not much higher than the Rule 68 Offer rejected by Plaintiffs is not cause for a reduction in the attorneys' fee award on the basis of "limited success," as "[a]bsent a showing of bad faith, a party's declining settlement offers should not operate to reduce an otherwise appropriate fee award."  *Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992) (alteration and internal quotation marks omitted); *see also Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008)

---

[3] 116.1/46 = 2.52.

[4] However, because there is no duplication reflected in the billing records for time spent editing video, the hours Best spent on video editing will not be reduced by 25%.

9

(declining to reduce fee award based on rejection of Rule 68 offer).   Accordingly, the Court declines to reduce a fee award based on limited success.

*          *          *

Factoring in a division by 2.5 for the hours spent by Levine, Stolar, and Douglas at trial, and a reduction of 25% for the non-trial hours of all counsel and paralegals, the hours and hourly rates for each of the lawyers moving for attorneys' fees are as follows[5]:

| Name | Hours | Rate | Lodestar Amount | Modified Total |
|---|---|---|---|---|
| Michael Spiegel | 483.7 | $650 | $314,405.00 | $243,278.75 |
| Alan Levine | 110.3 | $600 | $66,180.00 | $43,125.00 |
| Martin Stolar | 98.7 | $600 | $59,220.00 | $36,120.00 |
| Susan Douglas Taylor | 252.4 | $375 | $94,650.00 | $65,002.50 |
| Norman Best – attorney work | 95.8 | $375 | $35,925.00 | $26,943.75 |
| Norman Best – video editing | 264.7 | $100 | $26,470.00 | $26,470.00 |
| Priya Chaudhry | 280.5 | $550 | $154,275.00 | $122,031.30 |
| Jonathan Harris | 11.5 | $575 | $6,612.50 | $4,959.38 |
| Jim Keneally | 1.5 | $500 | $750.00 | $562.50 |
| Harris O'Brien associates Charlemagne, Valeinto, and Sakin | 138.5 | $350 | $48,475.00 | $38,784.38 |
| Beth Farber | 0.5 | $400 | $200.00 | $150.00 |
| Harris O'Brien paralegal and office manager | 30.5 | $100 | $3050.00 | $2,287.50 |

---

[5] The "Modified Total" column reflects the reductions of hours, including the division of trial hours of Levine, Stolar, and Taylor by 2.5, and the 25% reduction of all non-trial hours.  Because Chaudhry's billing records for trial days are billed as "trial plus prep," in the interest of not reducing her *trial* time by 25%, the Court assumes that the portion of each of these days devoted specifically to trial is the same as that time for Spiegel.  Additionally, the hours include those spent working on Plaintiffs' reply briefs.  The Harris O'Brien Counsel originally failed to include these hours in their reply brief, but filed a letter to supplement the record on October 29, 2014. (Doc. No. 429.)

The modified aggregate fee award for the Original Counsel is thus $440,940.00, and the modified aggregate fee award for the Harris O'Brien Counsel is $168,775.00. Additionally, the Original Counsel are entitled to $14,107.54 in costs, and the Harris O'Brien Counsel are entitled to $9,141.97 in costs, none of which are objected to by Defendants. Thus, in total, the Court awards $455,047.54 in attorneys' fees and costs to the Original Counsel, and $177,916.97 in attorneys' fees and costs to the Harris O'Brien Counsel.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Defendants shall pay $440,940.00 in attorneys' fees and $14,107.54 in costs to the Original Counsel and $168,775 in attorneys' fees and $9,141.97 in costs to the Harris O'Brien Counsel. The Clerk of the Court is respectfully directed to terminate the motions pending at docket entry numbers 404 and 411 and close this case.

SO ORDERED.

Dated:       March 2, 2015
             New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE